UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RYAN FENTON,

    Plaintiff,

v.

VIRGINIA LEE STORY, *et al.*,

    Defendants.
_____/

Case No. 1:23-cv-1097

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Jeffrey Ryan Fenton of Fenton, Genessee County, Michigan, against 29 defendants located in Florida, Massachusetts, Tennessee, and an unknown location: Virginia Lee Story (South Dartmouth, MA); Michael Weimar Binkley (South Dartmouth, MA); Kathryn Lynn Yarbrough (South Dartmouth, MA); Elaine Beaty Beeler (South Dartmouth, MA); Sara B. McKinney (No address); Mary Elizabeth Maney Ausbrooks (White House, TN); Alexander Sergey Koval (Nashville, TN); Henry Edward Hildebrand III (Nashville, TN); Roy Patrick Marlin (College Grove, TN); Charles M. Walker (TN); Thomas E. Anderson (Brentwood, TN); Samuel Forrest Anderson (TN); Frank Goad Clement Jr. (Nashville, TN); Andy Dwane Bennett (TN); William Neal McBrayer (TN); James Michael Hivner (Bartlett, TN); John Brandon Coke (Nashville, TN); Sandra Jane Leach Garrett (Brentwood, TN); Story Abernathy Campbell Ashworth McGill Walters An Association of Attorneys is a law ("SACAMW") (Franklin, TN); Rothschild & Ausbrooks, PLLC ("R&A") (Nashville, TN); Bank Of America, N.A. ("BOA") (Tampa FL): Spragins, Bartnett, & Cobb, PLCNS ("SBC") (Jackson, TN); BancorpSouth Bank ("BCSB") (Franklin TN); Rubin Lublin TN, PLLC ("RL TN)

(Memphis, TN); State of Tennessee (Nashville, TN); Williamson County Tennessee (Franklin, TN); Tennessee Administrative Office of the Courts (Nashville, TN); Tennessee Court of Appeals Middle Division (Nashville, TN); and, Chancery Court For Williamson County Tennessee (Franklin, TN). *See* Compl. (ECF No. 1). For the reasons set forth below, this action should be dismissed.

## I. Plaintiff's complaint

Plaintiff's "Complaint for tortious conduct & injunctive relief" consists of 144 paragraphs of allegations (*id*. at PageID.1-33) and includes over 2,000 pages of exhibits (ECF Nos. 1-1 through 1-40, PageID.34-2090). Plaintiff's complaint appears to relate to events which occurred in Tennessee which include: incidents involving the marital home; rental income; his wife's secret bankruptcy filing; defaulted mortgages; Chancery Court proceedings in Williamson County, Tennessee; violations of the Tennessee Rules of Professional Conduct; a civil conspiracy between "defendants Story, Binkley, Ausbrooks, Yarbrough, Anderson, Marlin, Clement, the State, the Appellate Court, and the Chancery Court" involving "the lie-riddled fraudulent orders written by Story"; a criminal enterprise involving defendants Story, Binkley, Ausbrooks, Yarbrough, Anderson, Marlin, and the Chancery Court; violations of federal civil rights acts; violations of constitutional rights in the bankruptcy court and Chancery Court; and violations of the Americans with Disabilities Act and the Fair Housing Amendments Act of 1988. Compl. at PageID.1-31.

Plaintiff has alleged 11 counts (which he has mis-numbered) against defendants: Count One ("VIOLATION OF T.C.A. § 66-27-123, NOTICE TO TENANT OF INTENT TO CONVERT RENTAL UNITS TO UNITS FOR SALE"); Count Two ("VIOLATION OF T.C.A. § 39-16-507(A)3 COERCION OR PERSUASION OF WITNESS"); Count Two [sic] ("ABUSE

OF PROCESS"); Count Three ("INTENTIONAL/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"); Count Four ("ACTUAL FRAUD/ CONCEALMENT"); Count Five ("CIVIL CONSPIRACY"); Count Six ("VIOLATION OF 18 U.S. CODE § 1962(C), RICO"); Count Seven ("VIOLATION OF 11 U.S. CODE § 341, MEETINGS OF CRE DITORS AND EQUITY SECURITY HOLDERS"); Count Eight ("LIABILITY PURSUANT TO 42 U.S.C. § 1981, § 1982, § 1983, § 1985, § 1986, AND § 1988"); Count Nine ("VIOLATION OF CONSTITUTIONAL RIGHTS"); and, Count Ten ("VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *ET SEQ.* AND VIOLATION OF FAIR HOUSING AMENDMENTS ACT OF 1988, 42 U.S.C. § 3601 *ET SEQ.*"). Compl. at PageID.1-31.

For his relief, plaintiff seeks "declaratory and/or injunctive relief pursuant to 42 U.S.C. § 1983 and the U.S. Constitution against defendants Blinkey and Tennessee Chancery Court by directing them to abide by the law and Constitution and to vacate and expunge the illegal order(s) of protection issued by them against Plaintiff." *Id*. at PageID.31-32. Plaintiff also seeks compensatory and punitive damages in excess of $1,000,000.00. *Id*. at PageID.32.

## II. Discussion

Venue in a civil case is determined by 28 U.S.C. § 1391(b), which provides that:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Congress has instructed district courts to dismiss, or in the interest of justice to transfer, a case filed in the wrong district. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

3

justice, transfer such case to any district or division in which it could have been brought."). The decision of whether to dismiss or transfer a lawsuit based on improper venue is within the district court's sound discretion. *First of Michigan Corporation v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

> Here, the Court should sua sponte dismiss this lawsuit for improper venue.
>
> While courts generally refrain from sua sponte dismissing an action for improper venue, such dismissal is properly within the court's discretion in certain circumstances. *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (affirming district court's sua sponte dismissal without prejudice pursuant to § 1406(a) when proper venue was located in the Northern District of Oklahoma and case was filed in the Eastern District of Oklahoma in lieu of transferring action); *Davis v. Reagan*, No. 88-6419, 1989 WL 40200 at *1 (6th Cir. 1989) (affirming sua sponte pre-service dismissal on grounds of improper venue in case filed in Tennessee, where proper venue was in the Western District of Pennsylvania); *Day v. City of Galveston*, 480 F. App'x 119, 121 (3d Cir. 2012) (sua sponte dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is no indication that transferring instead of dismissing might be in the interests of justice); *Nation of Islam v. Penn. Dep't of Corr.*, No. 12-82, 2012 WL 529546 at *2 (W.D. Pa. Feb. 1, 2012) (report and recommendation that case be sua sponte transferred from the Western District of Pennsylvania to the Middle District of Pennsylvania on grounds of improper venue), *adopted in* 2012 WL 529238 (W.D. Pa. Feb. 17, 2012). Decisions, including those cited above, reflect that sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction. *Id*. Courts also have held that an action may be dismissed under 28 U.S.C. § 1915 when improper venue is "obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Lea v. Warren Cnty.*, No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017) (affirming district court's sua sponte dismissal for improper venue).

*Sifuentes v. Adobe*, No. 23-10128, 2023 WL 424716 at *1 (E.D. Mich. Jan. 26, 2023).

Improper venue is obvious from the face of the complaint. Plaintiff's complaint does not contain any allegations establishing venue in the United States District Court for the Western District of Michigan. None of the alleged "events or omissions giving rise to the claim" occurred in the Western District of Michigan. Plaintiff has no connection to the Western District

of Michigan; he resides in Genessee County Michigan, which is located in the United States District Court of the Eastern District of Michigan. *See* 28 U.S.C. § 102(a)(1). Finally, none of the defendants have a connection to the Western District of Michigan. As alleged in the complaint, defendants are located in Florida, Massachusetts, Tennessee, and an unknown location.

Plaintiff anticipated objections to venue, having filed an ex parte "Motion to maintain venue" (ECF No. 7) in which he states in pertinent part that, "Plaintiff is a resident of Michigan and has filed the complaint pursuant to diversity of citizenship, 28 U.S.C § 1332." Motion at PageID.2098. Assuming that plaintiff is a resident of Fenton, Michigan for purposes of diversity jurisdiction pursuant to § 1332[1], venue is improper in the Western District of Michigan. As discussed, none of "the events or omissions giving rise to the claim" occurred in the Western District (or in the State of Michigan). Plaintiff admits that he could have filed this lawsuit in Tennessee, but he relocated to Fenton, Michigan (located in the Easter District of Michigan) and wants to file the lawsuit in the Western District of Michigan, explaining that "[i]t was never his plan to move out of Tennessee, but since he was essentially forced out of that state by the defendants and into Michigan, he has – at this point in time – relocated to Michigan" and that "[h]e has been denied due process and has never been able to present his case in the Tennessee court system, which includes some of the federal courts in that state." Motion at PageID.2097-2098. Plaintiff's desire to avoid the state and federal courts in Tennessee does not establish venue in the Western District of Michigan.

Finally, there is no basis for the Court to transfer this lawsuit to any other federal district court. While some of the alleged incidents appear to have occurred in Williamson County,

---

[1] 28 U.S.C. § 1332 provides in pertinent part, "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States[.]"

Tennessee (which is located in the United States District Court for the Middle District of Tennessee, 28 U.S.C. § 123(b)(1)), it is unclear from the complaint as to whether this would be an appropriate venue for plaintiff's claims against the 29 defendants. As discussed, some defendants are allegedly residents of specific cities in Tennessee, some defendants are allegedly residents of "Tennessee" (which is divided into three federal districts, *see* 28 U.S.C. § 123), and the other defendants are allegedly residents of Florida and Massachusetts. Based on plaintiff's allegations, including the number of defendants, the claims in this lawsuit, and the possible federal judicial districts where the defendants reside, the interest of justice will not be served by transferring this lawsuit to any one of the multiple federal judicial districts in which plaintiff could have filed this lawsuit.

For all of these reasons, this lawsuit should be dismissed for lack of venue because the Western District of Michigan is an improper venue for this case and the interest of justice does not require transferring this lawsuit to any other district. *See* 28 U.S.C. § 1406(a).

### III. RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's motion to maintain venue (ECF No. 7) be **DENIED** and that this lawsuit be **DISMISSED**.

Dated: December 13, 2023  /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).