FILED - LN
January 19, 2024 4:52 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /     SCANNED BY: / / 1/22/24

JEFFREY RYAN FENTON,

        PLAINTIFF

V.

VIRGINIA LEE STORY ET AL.,

        DEFENDANTS

CASE NO. 1:23-CV-1097

## OBJECTION TO THIS COURT'S "REPORT AND RECOMMENDATION"

On December 13, 2023, this court filed a REPORT AND RECOMMENDATION (hereinafter "report"), which recommends that the instant case be dismissed. For the reasons below, doing so does not serve the interests of justice and would additionally be a violation of 18 U.S.C. § 4.

### ARGUMENT

The following subsections list the reasons why the instant case cannot lawfully be dismissed.

#### Disputing Elements in the Report

On page 2 of the report is listed some issues in the complaint, but it does not mention the $17,782.08 that Plaintiff lost in his retirement account due to the defendants' malfeasance. At the bottom of page 3 of the report, it states in reference to 28 U.S.C. § 1406, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Having been stung multiple times by courts already, Plaintiff was extra cautious when

filing this suit. He therefore called the court to inquire about venue. He was specifically told by court personnel—at least twice—that he could "file it here." See Exhibit "A," which is a partial transcript of the call Plaintiff had with a court employee on October 11, 2023, *prior* to filing in this court.[1] He was *never* told at any time during this call that the case could be dismissed if he filed it in the "wrong" district or division.

On page 4 of the report, the court points to *First of Michigan Corporation*. While the decision to dismiss or transfer a case is within "the district court's sound discretion," the defendant—not the court—initiated the dismissal with a "motion to dismiss on the basis of improper venue." Here, that has not happened because the defendants have not even been served and—very presumptively—do not yet have knowledge of the case. Also, the dismissal in that case was *reversed*. Still on this page, the court then points to *Johnson*. There, the court opined that it was "obliged to begin by acknowledging a district court's authority under 28 U.S.C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue" (emphasis added). All other cases cited on this page by the court regarding "improper venue," for example, *Day*, *Nation of Islam, Trujillo, Lea* and *Sifuentes*, were *pro se* matters filed by plaintiffs who also moved for fee waivers, and it is noteworthy that none of them were diversity cases. The court is apparently trying to apply the "preliminary screening" process it has decreed under § 1915—the *in forma pauperis* statute—to a plaintiff who has not filed a fee waiver, but instead has paid the filing fee in full, despite not having the funds to do so because he is destitute due to the nefarious and

---

[1] https://www.rico.jefffenton.com/evidence/2023-10-11_usdc-wdm-emily-can-file-in-lansing.mp3

outright criminal actions of the defendants. It is therefore clear that venue is not improper "from the face of the complaint."

At the end of page 4 of the report, it is true that "Plaintiff has no connection to the Western District of Michigan," but once again, he was told by court personnel that he could file in this district and in this division, regardless of any connection to Michigan. Plaintiff specifically told the court where he was located; however, a court employee reaffirmed that the action could be filed in this court. See exhibit "A."

On page 5 of the report, the court concedes that the instant case was filed under diversity jurisdiction but erroneously concludes that "venue is improper in the Western District of Michigan." Plaintiff reiterates what he was told by court personnel, which is shown in exhibit "A"—the audio version of which can be found at the link denoted by footnote 1. The court seems to recognize that Plaintiff was forced out of Tennessee due to misconduct by the defendants and that he was denied due process in Tennessee, but also seems to neglect the severity of the abuse suffered by Plaintiff. "Plaintiff's desire to avoid the state and federal courts in Tennessee" is because he wants to avoid the wrongdoing he experienced there and instead seek justice, which is not at all unreasonable considering what Plaintiff has been through. While it may or may not "establish venue in the Western District of Michigan," it indicates that courts outside Tennessee should hear this matter.

Moreover, directly from the U.S. courts website, "In cases based on diversity of citizenship (when the plaintiff and defendant are residents of different states), <u>the lawsuit may be filed in the</u>

Initials: _/s/_

jurisdiction where the plaintiff or the defendant resides"[2] (emphasis added). *Ferens v. John Deere Co.*, 494 U.S. 516 (1990), a diversity case whereby a plaintiff sued in his home state, also reinforces this statement. Under the JURISDICTION AND VENUE section of the complaint, Plaintiff clearly is bringing his suit pursuant to 28 U.S. Code § 1332.

Finally, on page 6 of the report is a no-win conclusion for Plaintiff: "[T]he interest of justice will not be served by transferring this lawsuit to any one of the multiple federal judicial districts in which plaintiff could have filed this lawsuit." This is essentially saying that the case cannot be heard in any U.S. court in the "interest of justice." The "interest of justice" in Plaintiff's legal proceedings has been ignored for more than four years, which is precisely why he is trying to bring this case in a court that he perceives to be fair and just. Plaintiff specifically filed in this court because he has not received justice in the courts in Tennessee. He has been pleasant and cooperative with court staff and is trying to follow the rules of procedure and, in particular, trying to do what he is instructed to do by court personnel.

### Dismissal of This Case Could Impact Viability in Another Court

Plaintiff was cognizant of the statute of limitations when he called the court on October 11, 2023. His concern that filing in the "wrong district" could severely and negatively impact his lawsuit was clearly stated during this conversation. He was sure to ask the court about the effective date of filing if filed in *this* court. See exhibit "A." If this court dismisses the action rather than transfers it to another district, then Plaintiff will likely be irreparably damaged because the defendants—or

---

[2] www.uscourts.gov/statistics-reports/covering-civil-cases-journalists-guide

Page 4 of 6

Initials: _____

Case 3:24-cv-01282    Document 14    Filed 01/19/24    Page 4 of 6 PageID #: 2184

another court—will then argue that the expiration of the statute of limitations warrants dismissal. Plaintiff should not be negatively impacted due to the misinformation he was given during the aforementioned call.

### Dismissal of This Case Would Violate 18 U.S.C. § 4

Plaintiff has alleged not only criminal wrongdoing, but *felonious* wrongdoing in matters precipitating this action—all of which he can prove. Some of the known criminal actions include, but are not limited to:

- T.C.A. § 39-14-112 Extortion
- T.C.A. § 39-14-114 Forgery
- T.C.A. § 39-15-510 Offense of Abuse of Elderly or Vulnerable Adult
- T.C.A. § 39-16-403 Official Oppression
- T.C.A. § 39-16-504 Destruction of and Tampering With Governmental Records
- T.C.A. § 39-17-309 Civil Rights Intimidation
- 18 U.S. Code § 157 - Bankruptcy fraud
- 18 U.S. Code § 241 - Conspiracy against rights
- 18 U.S. Code § 1341 - Frauds and swindles
- 18 U.S. Code § 1503 - Influencing or injuring officer or juror generally
- 18 U.S. Code § 1519 - Destruction, alteration, or falsification of records in Federal investigations and bankruptcy
- 18 U.S. Code § 1951 - Interference with commerce by threats or violence
- 18 U.S. Code § 1957 - Engaging in monetary transactions in property derived from specified unlawful activity

Since Plaintiff has now revealed to this court the felonies above committed by certain defendants, any ruling by this court that fails to recognize and/or address them but instead tries to conceal them with a dispositive ruling will thus be a violation of 18 U.S.C. § 4. Case law is crystal clear on the subject. Not only must a person know a felony has been committed, but s/he must take affirmative

Page 5 of 6

Initials: _____

Case 3:24-cv-01282    Document 14    Filed 01/19/24    Page 5 of 6 PageID #: 2185

"steps to conceal the crime."[3] By ruling against Plaintiff while completely ignoring the fact that judges in courts in Tennessee and other actors committed felonies, this court will be taking those "steps to conceal the crime[s]." Evidence of the crimes is unmistakable, and Plaintiff has sworn to them in the accompanying declaration.

## CONCLUSION

In order for justice to be served, Plaintiff needs to be allowed to litigate this case in *some neutral* United States court, which would be the only way he could be made whole from the damages inflicted by the defendants. Continuing to block him from justice is neither fair nor constitutional. Plaintiff requests that this court either reject the report issued on December 13, 2023, or transfer the matter to another U.S. district court where it can be fully litigated.

January 9, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
JEFF.FENTON@LIVE.COM
(P) 615.837.1300
(F) 810.255.4438

---

[3] *U.S. v. Caraballo-Rodriguez*, 480 F.3d 62 (1st Cir. 2007); *U.S. v. Cefalu*, 85 F.3d 964 (2d Cir. 1996); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988); *United States v. Olson*, 856 F.3d 1216 (9th Cir. 2017); *United States v. Baez*, 732 F.2d 780, 782 (10th Cir. 1984)

Page 6 of 6

Initials:

Case 3:24-cv-01282   Document 14   Filed 01/19/24   Page 6 of 6 PageID #: 2186