FILED - LN
January 19, 2024 4:49 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /____ SCANNED BY: /8 /1/22/24

JEFFREY RYAN FENTON,

    PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

    DEFENDANTS

CASE NO. 1:23-CV-1097

## MOTION FOR 45-DAY EXTENSION TO SERVE PARTIES REGARDING F.R.Civ.P. 4(m), MOTION FOR PREPAYMENT OF SERVICE FEES – SERVICE BY U.S. MARSHALS MOTION FOR ADA[1] ACCOMMODATIONS, REQUEST FOR CLARIFICATION
## EXPEDITED CONSIDERATION REQUESTED

F.R.Civ.P. 4(m) allows up to "90 days after the complaint is filed" to serve the complaint. As a result of needing to immediately respond to the "Report and Recommendation" by this court, dated December 13th, 2023, combined with the fact that I have been denied electronic service and filing to date, and did not receive notice of that action by the court for nearly two weeks with the holiday congestion, I'm respectfully requesting a 45-day extension on my 90-day due date for service, which I believe expired now 8-days ago.

This would provide me roughly 37-days, by which to both file and serve my first amended complaint.

---

[1] https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf (Case 1:23-cv-01097-PLM-RSK, ECF No. 1-30, PageID.1749-1752)

Page **1** of 9

Initials:

I am also requesting that the court issue service through the U.S. Marshals service, with a prepayment of services, not a fee waiver, as explained to follow.

In the event that the court is not willing to allow the prepayment of service and have that issued through the U.S. Marshalls Service, then plaintiff requests that he be allowed to serve the lawsuit by certified mail, and that he be permitted to provide the complaint itself in a normal printed document format, but allowing the extensive appendixes in this case to be served either digitally on a DVD, USB, or Web hosted "cloud" type digital download.

This would save thousands of dollars in printing costs (which plaintiff doesn't have), not to mention the cost of expedited shipping such a large bulk of printed paper.

Plaintiff owns websites, is very tech savvy, and can setup a simple and direct link for the defendants to download a zip file containing all the Court's source PDF files, file stamped by the court for easy reference, which Plaintiff has and will download from Pacer. This would provide at least as much value along with far more convenience and functionality than the printed source documents.

Additionally, if the court would allow Plaintiff ECF filing and service access, which again I am respectfully requesting as an ADA Accommodation. With ECF access I could easily file documents as I complete them, without the need to bring in two weeks' worth of filings at one time, out of concern for being heard before my case is prematurely dismissed. The burden of proof which rests upon me, to prove my claims credible beyond the skepticism of the court, simple due to the identity and bulk of defendants in this case, is far more than is typical for any party to need to carry on their own, especially for a person with disabilities such as mine.

Again, it is not my fault who and how many have committed criminal misconduct against me, and I will prove my every claim hopefully to the satisfaction of the court. If at any time I am not able to, then I hope the court will schedule an opportunity to appear before the court in person and be heard. I can explain what I have experienced far more quickly and easily than I can figure out how to draft pleadings and how to provide such an enormous amount of testimony to simply try to claw my way back to ground-zero, where I can be heard equally and impartially, without dismissing my claims as fictitious, malicious, exaggerated, in bad-faith, or unfounded.

I can and hope to prove everything, but that will require time and patience on the part of the court, or sanctioning the attorneys who clearly violated… lots. Which I am glad to prove.

One serious limitation I have is that I can not effectively multi-task substantial meaningful or challenging tasks or pursuits concurrently. This was how they strategically exploited my disabilities in Tennessee and have denied me justice for so long. By completely ignoring the merits of everything therein but hammering me with a need to write things I didn't know how to, or quicker than I could, while refusing to apply anything to my benefit.

For example, when the court served me the "Report and Recommendation", that totally shut down all work on my "Frist Amended Complaint", so that I could focus every waking moment on responding to the "Report and Recommendation" while trying to articulate more of the crimes committed against me, to hopefully provide the court with a motive to help me rather than dismiss my case. I certainly hope so.

I call this one concept regarding how my mind works, "the house is on fire". Whenever I believe that my proverbial house is on fire, there is an attack against my family, some major

Initials:

consequence if I don't drop everything and defend one front with all that I have, the easiest way for me to describe it, is thinking of a legal attack as a "fire" in my kitchen, which needs to be put out. As long as some part of my house is on fire, nobody will be able to redirect my attention to meet any other demand or deadline. I can't effectively multi-task, so most serious challenges are all or nothing, and if I believe that "my house is on fire" (my life, my family is in danger, etc…), nobody can get me to focus of another task… like say filing taxes, to save their life or mine.

So, I really ask that the court help protect my ability to participate in the court system and litigate my case. While protecting me from needing to defend multiple requests for production or needing to research and learn how to respond to different filings all at once.

Also, because I am so slow, this is all new to me, I have had to learn an insane amount just to be still fighting where I am now today, I ask that I be provided a minimum 30-day notice before anything ever threatens to dismiss my case. 14-days is just enough to panic me, I have to learn how to survive and represent myself in litigation against seasoned members of the court.

As for any concerns that having leniency with me would deny any of them their rights to a speedy trial, I will be glad to meet with the court in person and irrefutably prove they have violated their oaths of office, which now is the cause of this insane litigation for both me and the court. So, to deprive me of a fair chance to defend myself, out of concern for the rights of those who proved they have no care or regard for my rights, is not justice, nor is it fair, of good repute, or honor.

Furthermore, I understand that it will take more patience by the court for me to represent myself by necessity, and that will be a greater burden on whichever court allows me to be heard, so if that requires more leniency than this court has, then I ask that the court have me show cause to

substantiate sanctions against the defendants, and the court force them to hire an attorney for me, greatly alleviating pressure upon both me and the court.

The defendant's have illegally deprived my freedom interest, my liberty interest, my pursuit of happiness, and my ability to even earn a living, entirely by fraudulent "default" judgments after they wrongfully evicted me from my home and knowingly dislocated me from my home of 25-years, to move 600 miles away for emergency replacement shelter, which they clearly knew before the first court order. I was never notified or provide a way to be heard or participate, while they ignored hundreds of pages of sworn testimony on file.

That is not only a violation of profession conduct to take action which renders a litigant unable to participate in litigation which they have been lawfully summonsed to participate in, but that is also a criminal Class D felony in the State of Tennessee. While they did this on only my second hearing, after which they terminated all litigation, and ignored hundreds of pages of my sworn testimony and evidence on file in the Chancery Court on 8/29/2019, the very first day which I was ever "allowed" to file anything *pro se*.

A contested divorce in Williamson County Tennessee I was told takes between 1 year and 1 and a half years on average. I only got two 30-minute hearings, the second of which they provided me just a 5-day notice to a forced eviction without even allowing me to take my bed. Without any criminal charges or good faith cause other than trying to keep my stuff.

That sounds offensive, but they even went to a federal judge to get a federal court order, to literally supersede the State of Tennessee's $10,000 personal property exemption, which I had


Page 5 of 9

Initials:

Case 3:24-cv-01282  Document 16  Filed 01/19/24  Page 5 of 9 PageID #: 2262

correctly filed, where the State of Tennessee allows residents to exempt $10,000 worth of their personal property from being taken in any judgment.

I'm not exaggerating[2], I'm not lying, they have intentionally harmed me far more than can be of financial benefit to literally any party in my case. Like I said, they literally wanted to pull up a dumpster, they had already had it appraised as only worth $3,000[3], they just wanted to hurt me and punish me for trying to stick up for my rights and demand they treat me like a human being.

When the truth all comes out, it is so savage and unnecessarily abusive. I mean ugly. Yet that is what they did, and what they continue to do to this day. I have no control over that.

The benefit for the court should I be allowed to file via ECF, is that most of my documents are far easier to navigate as the digital source files, some with electronic tables of contents, bookmarking, cross-linking, optical character recognition for easy file searches. The flat image format used by the court after scanning my paper files, takes away many of the convenience of digital files, especially in regards to navigation, searching, and working with the files.

This would significantly benefit the court, as well as the defendants, while being a benefit to Plaintiff both in the usefulness of the court's files, as well as in providing me with a far more robust means of actively participating in the court system, immediately receiving notice when the court or one of the defendants files something, because from that point on, every minute is critical for me to have any chance at keeping up with my needing to reply and respond quickly, lest my lawsuit be dismissed completely irrelevant of the merits and justice, due to my inability to keep up

---

[2] https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand-for-storage.pdf
[3] https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred.pdf

Page **6** of **9**

Initials:

Case 3:24-cv-01282   Document 16   Filed 01/19/24   Page 6 of 9 PageID #: 2263

with filing demands, and timelines. While due to my disabilities, time itself is my greatest challenge in every area of my life.

Responding to the emergency request to dismiss my case, has fully consumed 12-16 hours per day over the past approximately 20 days, preventing me from being able to finish my "First Amended Complaint" which was my plan, to fix the known defects in my complaint, prior to service.

## PREPAYMENT OF SERVICE FEES

Plaintiff was only able to pay the filing fee in this court by borrowing the money. He has several disabilities and has been essentially working 24/7 on this case. Due to the wrongful actions of the defendants, Plaintiff has not earned one dollar over the last two tax years, does not have any financial reserve, and cannot afford service of process fees. However, Plaintiff is **not** seeking a waiver of those fees. He is seeking ***prepayment*** of them, with reimbursement to the court pending a favorable outcome. See, for example, *James v. City of N.Y.*, 15 Civ. 1161 (E.D.N.Y. Mar. 20, 2015) whereby the court prepaid the fees for the plaintiffs "on the condition that should they receive any monetary settlement or award equal to or greater than the $400.00 filing fee, that fee must be paid to the Court within fifteen days of the receipt of the settlement award." This way, funds applied in this matter will then be available to another needy *pro se* litigant at some point in the future.

Plaintiff is specifically requesting for the court to execute service of his lawsuit to the defendants in his complaint through the U.S. Marshalls Service.

In hopes of this request being granted, Plaintiff is providing the court with a proposed order to easily execute, along with the summonses needed for service.

There are significant improvements in Plaintiff's "First Amended Complaint", fixing most if not all of the problems with the initial complaint filed. Plaintiff is eager for the court to see the improvements, but since this is the only "amended complaint" which Plaintiff is guaranteed by the court rules, he needs at least a solid week to finish it, for the guaranteed benefit of all involved.

Plaintiff has removed one of the parties from the original complaint, as well as obtained addresses for all parties, which are believed to be correct.

This is being mentioned in case the court approves this motion and executes service before Plaintiff can get his "First Amended Complaint" filed. Plaintiff has prepared summonses and will be providing them to the court on the morning of Tuesday January 2, 2024, when the court reopens.

The information on the summonses is the most updated, correct, and complete information to date, and should control over the original complaint for contacting the parties and issuing service, until Plaintiff is able to file his "First Amended Complaint", where the parties and contact information have been updated and are believed to be correct.

The reason for the expedited consideration is that F.R.Civ.P. 4(m) allows up to "90 days after the complaint is filed" to serve the complaint. If the motion is not allowed, Plaintiff will likely need approximately 7 days to serve the defendants since there are many.

January 19th, 2024

*signature*

**JEFFREY RYAN FENTON, PRO SE**

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
JEFF.FENTON@LIVE.COM
(P) 615.837.1300
(F) 810.255.4438