# 1

# Tenn. R. Sup. Ct. 2.11

Rule 2.11 - Disqualification

**(A)** A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

  **(1)** The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

  **(2)** The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:

    **(a)** a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

    **(b)** acting as a lawyer in the proceeding;

    **(c)** a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

    **(d)** likely to be a material witness in the proceeding.

  **(3)** The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

  **(4)** The judge knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has made contributions or given such support to the judge's campaign that the judge's impartiality might reasonably be questioned.

  **(5)** The judge, while a judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

  **(6)** The judge:

    **(a)** served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

    **(b)** served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy;

    **(c)** was a material witness concerning the matter;

casetext

1

Case 3:24-cv-01282    Document 24-1    Filed 01/19/24    Page 2 of 14 PageID #: 2934

**(d)** previously presided as a judge over the matter in an inferior court; or

**(e)** previously participated in a judicial settlement conference in the matter. Prior participation in a judicial settlement conference does not prohibit the judge from disposing of any uncontested issues in the matter.

**(B)** A judge shall keep informed about the judge's personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse or domestic partner and minor children residing in the judge's household.

**(C)** A judge subject to disqualification under this Rule, other than for bias or prejudice under paragraph (A)(1) or for participation in a judicial settlement conference under paragraph (A)(6)(e), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

**(D)** Upon the making of a motion seeking disqualification, recusal, or a determination of constitutional or statutory incompetence, a judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion.

*Tenn. R. Sup. Ct. 2.11*

***Comment***

*[1] Under this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply. In many jurisdictions, the term "recusal" is used interchangeably with the term "disqualification."*

*[2] A judge is obligated not to hear or decide matters in which disqualification is required, even though a motion to disqualify is not filed.*

*[3] The rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In matters that require immediate action, the judge must disclose on the record the basis for possible disqualification and make reasonable efforts to transfer the matter to another judge as soon as practicable.*

*[4] The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge. If, however, the judge's impartiality might reasonably be questioned under paragraph (A), or the relative is known by the judge to have an interest in the law firm that could be substantially affected by the proceeding under paragraph (A)(2)(c), the judge's disqualification is required.*

*[5] A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.*

*[6] "Economic interest," as set forth in the Terminology section, means ownership of more than a de minimis legal or equitable interest. Except for situations in which a judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:*

*(1) an interest in the individual holdings within a mutual or common investment fund;*

*(2) an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, domestic partner, parent, or child serves as a director, officer, advisor, or other participant;*

*(3) a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or*

*(4) an interest in the issuer of government securities held by the judge.*

*[7] The fact that a lawyer in a proceeding, or a litigant, contributed to the judge's campaign, or supported the judge in his or her election does not of itself disqualify the judge. Absent other facts, campaign contributions within the limits of the "Campaign Contributions Limits Act of 1995," Tennessee Code Annotated Title 2, Chapter 10, Part 3, or similar law should not result in disqualification. However, campaign contributions or support a judicial candidate receives may give rise to disqualification if the judge's impartiality might reasonably be questioned. In determining whether a judge's impartiality might reasonably be questioned for this reason, a judge should consider the following factors among others:*

*(1) The level of support or contributions given, directly or indirectly, by a litigant in relation both to aggregate support (direct and indirect) for the individual judge's campaign and to the total amount spent by all candidates for that judgeship;*

*(2) If the support is monetary, whether any distinction between direct contributions or independent expenditures bears on the disqualification question;*

*(3) The timing of the support or contributions in relation to the case for which disqualification is sought; and*

*(4) If the supporter or contributor is not a litigant, the relationship, if any, between the supporter or contributor and (i) any of the litigants, (ii) the issue before the court, (iii) the judicial candidate or opponent, and (iv) the total support received by the judicial candidate or opponent and the total support received by all candidates for that judgeship.*

*[8] Trial judges sometimes sit by designation on courts of appeal, and vice versa. Such judges should not hear cases over which they presided in a different court, and paragraph A(6)(d) makes that clear. This Rule, however, applies only to judges who have heard the case in "an inferior court," and does not apply to a judge who decided a case on a panel of an appellate court subsequently participating in the rehearing of the case en banc with that same court.*

*[9] There are several bases upon which a judge should determine whether to preside over a case. These include this Rule, Tennessee Constitution Article VI, Section 11 (incompetence) and Tenn. Code Ann. Title 17, Chapter 2 (incompetence, disability and interchange). This Rule requires judges to employ constitutional, statutory and procedural rules to determine motions for issues related to whether the judge should preside over a case. For example, Tenn. Sup. Ct. R. 10B governs the filing and disposition of motions for disqualification or recusal, as well as appeals from the denial of such motions.*

[10] In rare instances, a motion for recusal might seek the recusal of all judges sitting as a multi-judge court (i.e., an intermediate appellate court or the Supreme Court). Paragraph (A) of this Rule provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Also, the specific grounds for disqualification listed in this Rule necessarily apply to individual judges. For both reasons, a motion seeking to recuse all members of a multi-judge court must be treated as an individual motion as to each judge of the court; each judge therefore must rule upon the motion as to the alleged grounds pertaining to that individual judge.

[11] In courts not of record, such as general sessions and municipal courts, a written notation on the judgment, warrant, citation or other pleading before the court is sufficient to meet the requirements in paragraph (D) that the judge file a "written order" and, if denying the motion, that "the judge shall state in writing the grounds upon which he or she denies the motion." In those courts, no separate order regarding the motion need be filed by the judge. Rule 2.12



# 28 U.S.C. § 455

Section 455 - Disqualification of justice, judge, or magistrate judge

==(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.==
(b) He shall also disqualify himself in the following circumstances:

==(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;==

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.
(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

    (i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

    (ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

    (iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

    (iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

*28 U.S.C. § 455*

June 25, 1948, ch. 646, 62 Stat. 908; Pub. L. 93-512, §1, Dec. 5, 1974, 88 Stat. 1609; Pub. L. 95-598, title II, §214(a), (b), Nov. 6, 1978, 92 Stat. 2661; Pub. L. 100-702, title X, §1007, Nov. 19, 1988, 102 Stat. 4667; Pub. L. 101-650, title III, §321, Dec. 1, 1990, 104 Stat. 5117.

> *HISTORICAL AND REVISION NOTES* Based on title 28, U.S.C., 1940 ed., §24 (Mar. 3, 1911, ch. 231, §20, 36 Stat. 1090). Section 24 of title 28, U.S.C., 1940 ed., applied only to district judges. The revised section is made applicable to all justices and judges of the United States. The phrase "in which he has a substantial interest" was substituted for "concerned in interest in any suit." The provision of section 24 of title 28, U.S.C., 1940 ed., as to giving notice of disqualification to the "senior circuit judge," and words "and thereupon such proceedings shall be had as are provided in sections 17 and 18 of this title," were omitted as unnecessary and covered by section 291 et seq. of this title relating to designation and assignment of judges. Such provision is not made by statute in case of disqualification or incapacity, for other cause. See sections 140, 143, and 144 of this title. If a judge or clerk of court is remiss in failing to notify the chief judge of the district or circuit, the judicial council of the circuit has ample power under section 332 of this title to apply a remedy. Relationship to a party's attorney is

included in the revised section as a basis of disqualification in conformity with the views of judges cognizant of the grave possibility of undesirable consequences resulting from a less inclusive rule. Changes were made in phraseology.

**EDITORIAL NOTES**

**AMENDMENTS** **1988**-Subsec. (f). Pub. L. 100-702 added subsec. (f). **1978**- Pub. L. 95-598 struck out references to referees in bankruptcy in section catchline and in subsecs. (a) and (e). **1974**- Pub. L. 93-512 substituted "Disqualification of justice, judge, magistrate, or referee in bankruptcy" for "Interest of justice or judge" in section catchline, reorganized structure of provisions, and expanded applicability to include magistrates and referees in bankruptcy and grounds for which disqualification may be based, and inserted provisions relating to waiver of disqualification.

**STATUTORY NOTES AND RELATED SUBSIDIARIES**

**CHANGE OF NAME** Words "magistrate judge" substituted for "magistrate" in section catchline and wherever appearing in subsecs. (a), (e), and (f) pursuant to section 321 of Pub. L. 101-650 set out as a note under section 631 of this title.

**EFFECTIVE DATE OF 1978 AMENDMENT** Amendment by Pub. L. 95-598 effective Oct. 1, 1979, see section 402(c) of Pub. L. 95-598 set out as an Effective Date note preceding section 101 of Title 11, Bankruptcy. For procedures relating to Bankruptcy matters during transition period see note preceding section 151 of this title.

**EFFECTIVE DATE OF 1974 AMENDMENT** Pub. L. 93-512, §3, Dec. 5, 1974, 88 Stat. 1610, provided that: "This Act [amending this section] shall not apply to the trial of any proceeding commenced prior to the date of this Act [Dec. 5, 1974], nor to appellate review of any proceeding which was fully submitted to the reviewing court prior to the date of this Act."



Case 3:24-cv-01282 Document 24-1 Filed 01/19/24 Page 8 of 14 PageID #: 2940

# Tenn. R. Sup. Ct. 8.4

Rule 8.4 - MISCONDUCT

==It is professional misconduct for a lawyer to:==

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;
==(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;==
==(d) engage in conduct that is prejudicial to the administration of justice;==
(e) state or imply an ability to influence a tribunal or a governmental agency or official on grounds unrelated to the merits of, or the procedures governing, the matter under consideration;
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or
(g) knowingly fail to comply with a final court order entered in a proceeding in which the lawyer is a party, unless the lawyer is unable to comply with the order or is seeking in good faith to determine the validity, scope, meaning, or application of the law upon which the order is based.

Tenn. R. Sup. Ct. 8.4

*Comment*

[1] Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another, as when they request or instruct an agent to do so on the lawyer's behalf. Paragraph (a), however, does not prohibit a lawyer from advising a client concerning action the client is legally entitled to take.

[2] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. Although under certain circumstances a single offense reflecting adversely on a lawyer's fitness to practice - such as a minor assault - may not be sufficiently serious to warrant discipline, a pattern of repeated offenses, even ones that are of minor significance when considered separately, can indicate indifference to legal obligation.

[3] A lawyer who, in the course of representing a client, knowingly manifests, by words or conduct, bias or prejudice based on race, sex, religion, national origin, disability, age, sexual orientation, or socio-economic status violates paragraph (d) when such actions are prejudicial to the administration of justice. Legitimate advocacy respecting the foregoing factors does not violate paragraph (d).

casetext

[4] *A lawyer may refuse to comply with an obligation imposed by law upon a good faith belief that no valid obligation exists. The provisions of RPC 1.2(d) concerning a good faith challenge to the validity, scope, meaning, or application of the law apply to challenges of legal regulation of the practice of law.*

[5] *Paragraph (c) prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Such conduct reflects adversely on the lawyer's fitness to practice law. In some circumstances, however, prosecutors are authorized by law to use, or to direct investigative agents to use, investigative techniques that might be regarded as deceitful. This Rule does not prohibit such conduct.*

[6] *The lawful secret or surreptitious recording of a conversation or the actions of another for the purpose of obtaining or preserving evidence does not, by itself, constitute conduct involving deceit or dishonesty. See RPC 4.4.*

[7] *Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of lawyers. The same is true of abuse of positions of private trust such as trustee, executor, administrator, guardian, agent and officer, director, or manager of a corporation or other organization.*

[8] *Paragraph (f) precludes a lawyer from assisting a judge or judicial officer in conduct that is a violation of the rules of judicial conduct. A lawyer cannot, for example, make a gift, bequest, favor, or loan to a judge, or a member of the judge's family who resides in the judge's household, unless the judge would be permitted to accept, or acquiesce in the acceptance of such a gift, favor, bequest, or loan in accordance with RJC 3.13 of the Code of Judicial Conduct.*

[9] *In both their professional and personal activities, lawyers have special obligations to demonstrate respect for the law and legal institutions. Normally, a lawyer who knowingly fails to obey a court order demonstrates disrespect for the law that is prejudicial to the administration of justice. Failure to comply with a court order is not a disciplinary offense, however, when it does not evidence disrespect for the law either because the lawyer is unable to comply with the order or the lawyer is seeking in good faith to determine the validity, scope, meaning, or application of the law upon which the order is based.*

DEFINITIONAL CROSS-REFERENCES "Fraud" See RPC 1.0(d) "Knowingly" See RPC 1.0(f) "Tribunal" See RPC 1.0(m)


casetext

# Tenn. R. Sup. Ct. 3.5

Rule 3.5 - Impartiality and Decorum of The Tribunal

A lawyer shall not:

**(a)** seek to influence a judge, juror, prospective juror, or other official by means prohibited by law;

**(b)** communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;

**(c)** communicate with a juror or prospective juror after discharge of the jury if:

   **(1)** the communication is prohibited by law or court order;

   **(2)** the juror has made known to the lawyer a desire not to communicate; or

   **(3)** the communication involves misrepresentation, coercion, duress, or harassment;

**(d)** conduct a vexatious or harassing investigation of a juror or prospective juror; or

**(e)** engage in conduct intended to disrupt a tribunal.

Tenn. R. Sup. Ct. 3.5

*Comment*

*[1] Many forms of improper influence upon a tribunal are proscribed by criminal law. Others are specified in the Tennessee Code of Judicial Conduct, with which an advocate should be familiar. A lawyer is required to avoid contributing to a violation of such provisions. For example, a lawyer shall not give or lend anything of value to a judge, judicial officer, or employee of a tribunal, except as permitted by RJC 3.13 of the Code of Judicial Conduct. A lawyer, however, may make a contribution to the campaign fund of a candidate for judicial office in conformity with RJC 4.4 of the Code of Judicial Conduct.*

*[2] During a proceeding a lawyer may not communicate ex parte with persons serving in an official capacity in the proceeding, such as judges, masters or jurors, unless authorized to do so by law or court order. Unless such a communication is otherwise prohibited by law or court order, paragraph (b) of this Rule would not prohibit a lawyer from communicating with a judge on the merits of the cause in writing if the lawyer promptly delivers a copy of the writing to opposing counsel and to parties who are not represented by counsel because that would not be an ex parte communication.*

*[3] Paragraph (b) also does not prohibit a lawyer from communicating with a judge in an ex parte hearing to establish the absence of a conflict of interest under RPC 1.7(c). In such proceedings, the lawyer is of course bound by the duty of candor in RPC 3.3(a)(3).*

*[4] A lawyer may on occasion want to communicate with a juror or prospective juror after the jury has been discharged. The lawyer may do so unless the communication is prohibited by law or a court order entered in the case or by a federal court rule, but must respect the desire of the juror not to talk with the lawyer. The lawyer may not engage in improper conduct during the communication. As the Court stated in State v. Thomas, 813 S.W. 2d 395 (Tenn. 1991): "After the trial, communication by a lawyer with jurors is permitted so long as he [or she] refrains from asking questions or making comments that tend to harass or embarrass the juror or to influence actions of the juror in future cases. Were a lawyer to be prohibited from communicating after trial with a juror, he [or she] could*

casetext

1

not ascertain if the verdict might be subject to legal challenge, in which event the invalidity of a verdict might go undetected." Id. (quoting Tenn. Sup. Ct. R. 8, EC 7-291 ). The Court went on to state in Thomas that "Rule 8 therefore allows post-trial interviews by Counsel with jurors on these matters without the prior approval of the trial court." Id. at 396. Although the Court's analysis in Thomas was based on an earlier version of Rule 8 (i.e., the Code of Professional Responsibility), the foregoing principles quoted from Thomas remain valid in the context of RPC 3.5.

[4a] A communication with, or an investigation of, the spouse, child, parent, or sibling of a juror or prospective juror will be deemed a communication with or an investigation of the juror or prospective juror.

[5] The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge, but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review, and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

[6] The duty to refrain from disruptive conduct applies to any proceeding of a tribunal, including a deposition. See RPC 1.0(m).

DEFINITIONAL CROSS-REFERENCES "Known" See RPC 1.0(f) "Tribunal" See RPC 1.0(m)



# Tenn. R. Sup. Ct. 3.4

Rule 3.4 - Fairness to Opposing Party and Counsel

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; or

(b) falsify evidence, counsel or assist a witness to offer false or misleading testimony; or

(c) knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; or

(d) in pretrial procedure, make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party; or

(e) in trial,

   (1) allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence; or

   (2) assert personal knowledge of facts in issue except when testifying as a witness; or

   (3) state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

   (1) the person is a relative or an employee or other agent of a client; and

   (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information; or

(g) request or assist any person to take action that will render the person unavailable to appear as a witness by way of deposition or at trial; or

(h) offer an inducement to a witness that is prohibited by law; or pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent on the content of his or her testimony or the outcome of the case. A lawyer may advance, guarantee, or acquiesce in the payment of:

   (1) expenses reasonably incurred by a witness in attending or testifying;

   (2) reasonable compensation to a witness for that witness's loss of time in attending or testifying; or

   (3) a reasonable fee for the professional services of an expert witness.

Tenn. R. Sup. Ct. 3.4

**Comment**

casetext

[1] The procedure of the adversary system contemplates that the evidence in a case is to be marshaled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.

[2] Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed, or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for the purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Paragraph (a) applies to evidentiary material generally, including computerized information. Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter or destroy material characteristics of the evidence. In such a case, applicable law may require the lawyer to turn the evidence over to the police or other prosecuting authority, depending on the circumstances.

[3] Although paragraph (f) broadly prohibits lawyers from taking extrajudicial action to impede informal fact-gathering, it does permit the lawyer to request that the lawyer's client, and relatives, employees, or agents of the client, refrain from voluntarily giving information to another party. This principle follows because such relatives and employees will normally identify their interests with those of the client. See also RPC 4.2.

[4] With regard to paragraph (h), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

DEFINITIONAL CROSS-REFERENCES "Knowingly" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonable" and "reasonably" See RPC 1.0(h) "Reasonably believes" See RPC 1.0(i) "Tribunal" See RPC 1.0(m)

 casetext

2