FILED - LN
January 19, 2024 5:03 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /        SCANNED BY: /s/ 1/22

JEFFREY RYAN FENTON,

   PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

   DEFENDANTS

CASE NO. 1:23-CV-1097

## DECLARATION OF IRREFUTABLE PROOF OF A CRIMINAL CONSPIRACY SPANNING STATE AND FEDERAL COURTS

Plaintiff brings this testimony pursuant to 28 U.S. Code § 1746.

I, Jeffrey Ryan Fenton, declare under oath as follows:

  I.  References in this document to Ms. Fawn Tiffany Fenton are hereinafter "Ms. Fenton", "wife", and/or "ex-wife".

  II.  No matter what any defendant named in this complaint claims, the evidence of the conspiracy against rights and property, under the color of law, office, and official right, by bad actors working in both State and Federal Courts concurrently, can be definitively proven beyond any "reasonable" margin of "error", by applying the F.R.B.P., Title-28, Title-11, and Title-18 law,[1] to the below (1) to (8) facts which are irrefutably encapsulated in the Court Records:

---

[1] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1874-1924

Page **1** of **8**

Initials: _/s/_

(1) The date the **bankruptcy**[2] was filed: **4/26/2019.**

(2) The date the **divorce**[3] was filed: **6/04/2019.**

(3) I was a titled owner[4] of the marital residence as **"tenancy by the entirety**[5]**"**. Named on both the property deed[6] and tax records.[7]

(4) I was **never provided any notice or hearing**[8] by the bankruptcy counsel, the bankruptcy trustee, or by the bankruptcy court, as required in the Federal Rules of Bankruptcy Procedure Rule-7001.[9] As a result, these laws[10] were violated or illegally circumvented: 11 U.S.C. §§ 363[11], 541[12], 542[13], 707[14], 1203[15], 1204[16], 1205[17], 1206[18],

---

[2] https://rico.jefffenton.com/evidence/2019-04-26_fed-bankrupcy-filing-date-3-19-bk-02693.pdf (Case 1:23-cv-01097-PLM-RSK, ECF No. 1-8, PageID.74)

[3] https://rico.jefffenton.com/evidence/2019-06-04_tn-chancery-divorce-filing-date-48419b.pdf (Case 1:23-cv-01097-PLM-RSK, ECF No. 1-17, PageID.651)

[4] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-27, PageID.1416-1430

[5] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-13, PageID.541-542

[6] https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-brentwood-tn-deed.pdf

[7] https://rico.jefffenton.com/evidence/1986-sunnyside-brentwood-tn-2019-property-taxes.pdf

[8] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1881

[9] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1898

[10] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1874-1924

[11] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1903-1906

[12] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1908-1912

[13] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1913

[14] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1914

[15] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1915

[16] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1915

[17] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1915-1916

[18] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1916

Initials: _/s/_

1207[19], 1208[20], 18 U.S.C. §§ 152[21], 153[22], 154[23], 157[24], 158[25], 241[26], 242[27], 373[28], 401[29], 402[30], 1951[31], 28 U.S.C. §§ 1334[32], 1927[33]

(5) The bankruptcy only reaped **$44,079**[34] worth of alleged **"bankruptcy relief"** for Ms. Fenton in the end, as shown on the "Chapter 7 Trustee's Final Account and Distribution Report (TDR)".[35] It probably cost her twice that in combined legal fees for the action. While forfeiting $250,000[36] in cash equity, that we had invested into our marital residence, as of the day of the auction. Plus, another $400,000[37] of appreciation has been lost since.

---

[19] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1916
[20] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1916
[21] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1917
[22] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1918
[23] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1918
[24] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1919-1920
[25] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1920
[26] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1922
[27] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1922
[28] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1921
[29] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1921
[30] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1921
[31] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1923
[32] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1882
[33] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1893
[34] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-13, PageID.569-576 (After subtracting out defendant Story's outstanding fees, because without this scam there would be no need for defendant Story or her exorbitant fees.)
[35] https://rico.jefffenton.com/evidence/2021-01-26_trustees-final-account-and-distribution-report.pdf (Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1883) (BK Case 3:19-bk-02693, Doc 136, Filed 1/26/2021, Page 1 of 8)
[36] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-12, PageID.501-511
[37] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-12, PageID.485

Initials: _[signature]_

(6) 11 U.S.C. § 363(h): "Notwithstanding subsection (f) of this section, **the trustee may sell both the estate's interest**, under subsection (b) or (c) of this section, **and the interest of any co-owner in property** in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or **tenant by the entirety, only if—** (3) **the benefit to the estate** of a sale of such property free of the interests of co-owners **outweighs the detriment, if any, to such co-owners**;" (emphasis added).

    a. The bankruptcy code measures what is a "benefit to the [bankruptcy] estate", in how much **unsecured debt** a sale could pay off, above and beyond the mortgage notes on that property.

    b. The mortgage notes are secured by the property interest, they can stand alone and balance each other out, and need not be involved in the bankruptcy at all. The only reason to compel a forced sale of the property (in this circumstance), would be to leverage the debtor's equity in property to pay off **other unsecured debts**, after the mortgages on the property were completely satisfied.

    c. The forced sale of the marital residence was of absolutely **"no benefit to the bankruptcy estate."** The home auctioned for exactly the amounts owed on the two mortgages, while this came of absolutely no surprise to the defendants, it was by design. The sale proceeds did not pay off one dollar of unsecured debts, nor put a dollar in either my pocket or my ex-wife's (as far as I know).

**Adversary Proceeding in Federal District or Bankrupcy Court**

The Trustee was <u>required</u> to provide Plaintiff and his two tenants/roommates with <u>notices</u> & <u>hearings</u> in <u>federal court</u>. Plaintiff had the following valid property interests: legal title, ownership, controlling, possession/enjoyment/use, beneficial, equitable, exclusion, investment, income, future. Plaintiff's tenants had secure one-year leasehold interests.

**Rule 7001. Scope of Rules of Part VII**

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8),[1] (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

**§ 363. Use, sale, or lease of property** — skipped

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, trustee may not sell or lease personally identifiable information to any person unless—

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. **(skipped)**

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; **(failed)**

(2) such entity consents; **(failed)**

(g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if— **(failed)**

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and **(failed)**

Initials: _[signature]_

Case 3:24-cv-01282    Document 25    Filed 01/19/24    Page 5 of 8 PageID #: 2952

d. Even if Ms. Fenton and I had another $100k-$200k of equity in the property, it would have been almost impossible for the forced sale to **"outweigh the detriment"** to me.

> ➢ I needed this property to survive[38] and not be rendered destitute and homeless. (Roommate/tenant rents were temporarily my only stream of income, due to circumstances unforeseen, beyond my control.)
> ➢ This property was the totality of my retirement investments, even those predating this marriage.
> ➢ This property was a million-dollar retirement investment, which would easily realize that potential and likely be paid off within the next ten to fifteen years.
> ➢ This property was the only realistic means I had to be able to comfortably retire by age seventy.
> ➢ This property was the only realistic means I had to rebuild my financial independence while enjoying a comparable standard of living, to that enjoyed during our marriage, as well as that which I had built myself and enjoyed prior to the marriage.
> ➢ As long as I could obtain the funds to pay the mortgages on time and keep them current, there is no lawful and ethical justification by which to deprive me of my opportunity and right to do so.

---

[38] https://rico.jefffenton.com/evidence/2019-03-26_fenton-sunnyside-roommate-lease-merriman.pdf
https://rico.jefffenton.com/evidence/2019-04-09_fenton-sunnyside-roommate-lease-garcia.pdf

Page **6** of **8**

Initials: _/s/_

(7) The chancery court usurped—or the bankruptcy court abdicated—jurisdiction[39] over the marital home, in violation of 28 U.S. Code § 1334(e)(1),[40] which states: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

(8) It is unreasonable that the bankruptcy court would have waited for any action in chancery court to deprive me of my property interests and rights.

  a. There was no action filed in the chancery court at the creation of the bankruptcy estate. The bankruptcy court was required to immediately notify all parties with a legitimate property interest in the marital residence and provide hearings in federal court, to determine their property interests, and whether or not the marital residence could remain in the bankruptcy estate or needed to be removed as a "burdensome asset", prior to the 341 meeting of the creditors.

  b. The bankruptcy was filed 39-days before any action was filed in the chancery court, and 97-days before I first stood before judge Binkley in the chancery court. It is wholly unreasonable that the bankruptcy court awaited any

---

[39] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1882 (See e.g., In re Palmer, 78 B.R. 402, 405-06 (Bankr. E.D.N.Y. 1987))

[40] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1882

Initials: _____

predetermined deprivation of property in the chancery court, rather than proceeding in proper form in the bankruptcy court, in compliance with bankruptcy rules and federal laws.

III.     Since the bankruptcy court had exclusive jurisdiction[41], even if the time and care was taken for equal and due process in the chancery court (which it was not), the bankruptcy judge and trustee would have known the action was improper and without lawful jurisdiction. They should have performed due diligence.

### DECLARATION

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

Executed on January 18, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
JEFF.FENTON@LIVE.COM
(P) 615.837.1300
(F) 810.255.4438

---

[41] Case 1:23-cv-01097-PLM-RSK, ECF No. 1-34, PageID.1882

Page 8 of 8

Initials: ____

Case 3:24-cv-01282   Document 25   Filed 01/19/24   Page 8 of 8 PageID #: 2955