# TRANSCRIPT OF RECORDED PHONE CALL:

**AUDIO: https://rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-phone-call.mp3**

**TRANSCRIPT: https://rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf**

00:00:30 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687

**Administrative Office of the court.**

**FILED - LN**
January 19, 2024 4:49 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: llg / _____ SCANNED BY: 1/22/24

00:00:32 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Hi, this is Jeff Fenton again. Trying to see if John Coke is available yet.**

00:00:38 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687:

**No, he's still on that phone. Do you want to leave him a voicemail?**

00:00:43 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Um—uh—the problem is just time. Tomorrow are you guys—is he working tomorrow?**

00:00:49 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687:

**As far as I know, yeah.**

00:00:51 Jeff F. (Disabled, Broke, Pro Se Litigant):

**OK, I just know with Monday being a holiday, a lot of people will probably take a long weekend, take one day off and have four, but um—**

00:00:59 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687:

**Well, if he is, he hasn't told me about that.**



2/13/2020 Phone Call Transcript: Jeff F. (615) 837-1300 speaking with Attorney John B. Coke (615) 741-2687
Assistant General Counsel to the Tennessee Supreme Court, Administrative Office of the Courts
(Whom I was told was Tennessee's Top "ADA" Official — Promoted on 7/14/2022 to General Counsel)

00:01:01 Jeff F. (Disabled, Broke, Pro Se Litigant):

**OK. Um, and could you just tell me, as far as, I know you said he was the person to talk to, but could you please tell me what uh—title he has or whatever? What—what his actual um—position is?**

00:01:18 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687:

**I think it's Assistant General Counsel but let me just double check.**

00:01:22 Jeff F. (Disabled, Broke, Pro Se Litigant):

**OK. Thank you.**

00:02:01 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687:

**Yeah, Assistant General Counsel.**

00:02:03 Jeff F. (Disabled, Broke, Pro Se Litigant):

**OK. For the AOC, correct?**

00:02:05 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687:

**Uh-huh.**

00:02:08 Jeff F. (Disabled, Broke, Pro Se Litigant):

**OK. All right. Um [inaudible] is there any way you can just put me back on hold again, to see if he gets off that call in the next 10 or 15 minutes? [laughing] I don't have anybody else I can call at this point.**

00:02:20 Tennessee Supreme Court, Administrative Office of the Courts (615) 741-2687:

**Hold-on one moment.**



00:02:22 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Thank you.**

00:03:00 Jeff F. (Disabled, Broke, Pro Se Litigant):

**[ringing while transferring call]**

00:03:20 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**[inaudible] John.**

00:03:17 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Hello, Mr. Coke.**

00:03:20 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**Yes, Sir.**

00:03:21 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Hi, my name is Jeff Fenton. How are you doing today, sir?**

00:03:25 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**Good, good. Sorry, yes, I—I got your message a bit ago and I've just been on a phone conference for the last five minutes.**

00:03:30 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Right, yeah, totally understandable.**

00:03:33 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Are you familiar with my case at all? Have you heard anything about this, other than the message I just left you?**



00:03:41 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**No, no, um—you know, in my capacity—um—with ADA questions, uh—these are typically like administrative type requests, if somebody is blind or somebody is deaf or you know along those lines, that we can provide certain accommodations. Um—if it's like a case specific request, such as you're asking for more time for filing something, um—that you're asking, you're making an argument based on your disability, that would impact the actual case itself, as opposed to just, more access to the court. Uhm, that has to be done via a motion, a motion to the court or something you know, asking for more time based off of—uh—your disability or, you know, uh extension [sic] of time to—or extension—you know, more—more page length, or you know, those type of requests. But I—I'm—I'm not a judge, so I—I don't have authority to go in and [pause] you know, do something with the case.**

00:04:49 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Right—I, yeah.**

00:04:52 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**As for your cases themselves, I—I have no knowledge of that. I can't, you know—um— each county kind of does their own thing in terms of filing. There's not one like [sic] central database that I can log into and pull up court files. So, I don't—I have no access to any Williamson County Trial Court—you know documents.**

00:05:14 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Right, that's crazy huh.**



00:05:16 Jeff F. (Disabled, Broke, Pro Se Litigant):

Um—the—the—the thing is, I'm not really trying to get—um I'm not really trying to, the case itself is not based on the ADA or my disability. Uhm, the—all I'm asking for is more leniency regarding rules and regulations because I'm not an attorney and I don't know this stuff, and I don't have any money—because of what they've done. And I'm just trying to get—for somebody to actually hear the bulk of the case and decide what's fair or not fair, instead of taking everything I own based on technicalities and lies and having high power attorneys that I just can't, you know, defend myself against. And I would think most normal people couldn't, but I'm not even in that fav [laughing] you know, that uh—that—that good of a situation.

00:06:03 Jeff F. (Disabled, Broke, Pro Se Litigant):

So, in my understanding of reading the—you know the—the ADA—um—code that you guys had, that you know procedural flexibility was supposed to be part of that for people that had mental handicaps. It wasn't just—you know—when I had contacted Williamson County's ADA Representative—um—and requested assistance, they told me all they could do is bring a wheelchair from the courthouse to the curb if you had mobility issues and couldn't physically get inside. Other than that, they provided no— uh—anything for ADA, and it's—that's not what the Tennessee law says. You know— and—or the Federal law.

00:06:40 Jeff F. (Disabled, Broke, Pro Se Litigant):

So, I'm trying to, you know, I'm not trying to get people to do a different judgment and give me something entirely different based on my disabilities. I'm just trying to get



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 5 of 32 PageID #: 3231
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

what's fair, with enough flexibility in—in the dadgum system, to where somebody'll hear my side of the story.

00:06:58 Jeff F. (Disabled, Broke, Pro Se Litigant):

So far, they've thrown out everything that I've said. Except for they took a little excerpt from what I said, and twisted it wrong, and used it against me. But the rest of the 250 pages that I've submitted, they've completely ignored. You know, so it's a—that's what the situation is. I mean, I know you're not a judge and I know that—um—all I'm trying to figure out is procedurally, whether or not I'm doing what I need to be doing procedurally and whether or not it's sufficient and how to, you know—uh—you know, for example, they've requested the um—with the—uh—um, the transcripts, that they sent me a notice saying that because of my—the appellate court accepted my appeal and they —and then they send me [sic] a letter saying notice of failure to comply with Rule 24B or C or D—um—notice that—that I haven't turned in my statement of evidence or transcripts, and I—I didn't have any idea about this, you know?

00:07:58 Jeff F. (Disabled, Broke, Pro Se Litigant):

So, I mean, I—I understand that I had marked that I was going to supply—um—uh—the transcripts, but my understanding was, from who I had talked to previously that—I didn't ask specifically about the statement of transcripts. That was just like a checkbox on the form, um—but I thought that I was waiting to hear from them, in order to submit my brief. So—and then I would have 30-days to submit my brief. I didn't know anything about this other technicality in the meantime, and I also thought that everybody already had the transcript of evidence because the first time [at the 8/1/2019 hearing



with emergency replacement counsel, who only had 3-days to prepare] it was the other party's attorney that brought uh—the court reporter and then I just—um ponied-up with her in order to get a copy for myself also.

00:08:42 Jeff F. (Disabled, Broke, Pro Se Litigant):

And the second time [at the 8/29/2019 PRO SE hearing, when I could no longer afford counsel] in—in the trial the Judge himself [Judge Michael W. Binkley], since I was represented PRO SE, went and got a reporter [laughing], brought her into court and then again I—I paid my part to get a copy, so I thought everybody [laughing] had a copy of the transcript. So, I just don't understand these technicalities.

00:08:59 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

➢ Yeah—yeah it—it, well, it—it's not really a technicality. These are there's [sic] very specific appellate rules, that—and this is kind of *why people go to law school* and that's why it's called the *practice*—it's *complex stuff*.

00:09:12 Jeff F. (Disabled, Broke, Pro Se Litigant):

Right.

00:09:14 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

➢ I'm an attorney, I practiced for a few years, and I had to make a very detailed little checklist every time I took a case on appeal, because if you do one thing wrong it—it jeopardizes the whole case.

00:09:26 Jeff F. (Disabled, Broke, Pro Se Litigant):

Right, but there should be—



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 7 of 32 PageID #: 3233
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:09:27 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

> That's—that's—what I—what I can do is, there's a legal helpline that is staffed by attorneys, that you leave a message and then they typically call you back.

00:09:40 Jeff F. (Disabled, Broke, Pro Se Litigant):

> I've tried to contact all the legal help resources that I could find, Tennessee and Federally, and they basically all said that they don't help with divorce type cases and so—and then when I was even—I even went to legal workshops when I was living in the house and they were like, we don't help people with $400,000 houses. Well, the house is gone now. And you know it was—I didn't get a penny from it. And they auctioned it off and it just barely paid the mortgages and now it's, you know, for sale for twice as much with $20,000 of improvements. It's on the market for $600,000 by some other investor. And I was kicked out without a penny.

00:10:14 Jeff F. (Disabled, Broke, Pro Se Litigant):

> Without, you know, again, a penny of alimony or anything. My wife makes 6 figures, you know—I mean everything is a—you know? And she was the, you know, the provider in the family, and that was an agreed thing. And I mean, basically they've screwed me out of everything that I even had before I even met her, you know? And it's just a—I mean, it's insane. I mean I could—you put this on, you know, a news network and—and people would say this is insane, it's—it's common sense. It's not, you know, all a matter of code here. I mean, there should be some way for a person to get a fair trial, regardless of whether or not they got $100,000 to pay Virginia Story or not.



00:10:49 Jeff F. (Disabled, Broke, Pro Se Litigant):

  ➢ **Especially when they have mental disabilities—especially when they have mental disabilities that they've provided substantial documentation for, which—which again the Court has acknowledged but refused to assist with.**

00:11:00 Jeff F. (Disabled, Broke, Pro Se Litigant):

  ➢ **I mean, that's a complete violation of the American with Disabilities Act. Huh?**

00:11:05 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

  ➢ **There, there, there's gray area there.[1] The American Disabilities Act is not—um—you don't get, like if you're disabled, you don't get an attorney. Those type of things that it doesn't provide legal assistance with your case.**

00:11:13 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

  **It—it—it's about accommodations—um—for again—for something like let's say if you have PTSD that you can request that the court take more breaks during—the, you know hearing, something like that, to let you—a—collect yourself, stuff like that. But when it gets into really case specific, that—that's where the line draws, and that's where it's the judge—and you argue—and you know you—it. [sic]**

00:11:50 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

  **I—I understand where you're coming from. I get these calls often. I'm—I hate having to**

---

[1] This was my biggest disagreement with Mr. Coke. I understood **"gray area"** to mean "what Tennessee can get away with", by comparing itself with the shortfalls of our surrounding States. I believe our focus should instead be upon **"WHAT TENNESSEE CAN DO!"** Not being afraid to LEAD THE PACK! I believe the eyes of our State Government and Courts should be steadfast upon the Constitution of the United States of America, the United States Supreme Court, and the Holy Bible. Along with the Constitution of the State of Tennessee, **those alone should be our benchmarks!**



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 9 of 32 PageID #: 3235
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

tell people that there—there's nothing that we can do. It's a civil case. There's no—you
don't have a right to counsel in a civil case—um, even if you're—

00:12:06 Jeff F. (Disabled, Broke, Pro Se Litigant):

Even if I'm charged, charged as a STALKER and put a False Order of Protection against
me when I've never been arrested once in my life. There was never one single Domestic
Dispute call. There was next—my wife is a certified handgun instructor with, you know,
5000 rounds of ammo under her bed and assault weapons and, you know, as a certified
handgun instructor, was never afraid of anybody a day in her life, you know. And its—
just was used to—you know—basically cage me and to silence me while they took every
damn thing I had; you know? I mean all of that is—

00:12:40 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

I understand. I—I—I—I understand.

00:12:45 Jeff F. (Disabled, Broke, Pro Se Litigant):

That's, I mean—the—the—that's beyond, I mean in my opinion, you know [sic] the—the
Order of Protection and then—and then—the—you know, taking away the home and
everything like that, is beyond the scope of just a divorce. They brought those as separate
actions, you know, to just—to totally incapacitate me before my divorce. Huh?

00:13:02 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

Your—your ways to get relief from that would be, and it—it sounds like you're attempting
to do, but you would—you would appeal the Trial Court's decisions on those issues.



00:13:11 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Right, but then I'm getting—then I'm getting—they're trying to throw it out on basic technicalities again.**

00:13:17 Jeff F. (Disabled, Broke, Pro Se Litigant):

**And in my understanding of even the—the Tennessee Policies and Procedures, uh—to comply with the—you know—Federal Americans with Disabilities Act, was— you know, included procedural flexibility. And—you know—NOT—you know, making the law inaccessible to people simply due to technicalities. I mean, I understand that—um—**

00:13:42 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**To ask, I mean what—what accomo—like [sic] you would—you would first have to come up—what accommodation are you looking for? You're looking what for? Somebody to help explain what the rules are? That would be an interpretation of what the rule, you—that— that's legal advice, [sic] that's what a lawyer does, and that's what the ADA cannot do.**

00:13:59 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Right—the—so how is somebody supposed to—I mean—you know, I've been forced out of my home, forced away from all provision the Court ordered that.**

00:14:14 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

➢ **You mentioned—you mentioned going to the—you know the news media. You could try to go that way. You can talk to your—**



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 11 of 32 PageID #: 3237
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:14:18 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ **Right. I thought about that, but the problem I'm concerned with, with that, is the damn Order of Protection. You know where they put in there, I can't talk to anybody. I can't do this; I can't do that. I mean, they basically bound everything that I had. They said I couldn't talk to the creditors, it's like—my name was on the deed for that house. How could she default on the mortgage for five months ahead of time without me ever being notified that the sum of every—every asset I ever had in my life—that was deposited into that house—just because the mortgage was in her name, I was never even notified that she had defaulted on that or that she had filed for bankruptcy.**

00:14:49 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ **I even had sent her emails asking her if it was still current and she refused to respond to them. Then they pushed it into a Court [Williamson County Chancery] and—and the Court [Judge Binkley & Attorney Story] immediately ordered the house to be auctioned because it was behind five months. That I had no idea about. It—with no notification whatsoever! You know I mean—that just seems like—*I can't imagine a world where that's legal!***

00:15:17 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**So, and again your—your avenue of a—addressing that would be either challenging it in the courts or filing a—you know—some type of malicious prosecution, those types— you know a civil case against her—again, but that's—that's just going to put you back in court. So—**

00:15:37 Jeff F. (Disabled, Broke, Pro Se Litigant):

**And that's also gonna put me against Virginia Story again, where I have no technical**



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 12 of 32 PageID #: 3238
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**expertise on law and all I'm looking for is fairness and even the Chancellor himself on Court**

**Record, and I even have an audio recording, told me that "Fair is something that people go**

**to in the South."[2,3,4,5,6] [laughing] You know, it's just like, fairness is not to be found.**

---

[2] **BACKGROUND:** During my **8/29/2019** Pro Se Hearing in Williamson County Chancery Court, where Judge Binkley and Attorney Story outrageously tag-teamed me, while their claims and actions in that hearing lacked continuity with both the Transcripts of Evidence and Court Order from the prior hearing on **8/1/2019**, when I had borrowed money to hire Counsel, **for the SOLE purpose** of trying to SAVE MY HOME; the sum of my LIFE's SAVINGS and RETIREMENT INVESTMENTS, **all lost in that first hearing.** Without speaking of our marriage or beginning discovery!

Without care or concern for IF or HOW I could obtain replacement shelter, income, satisfactory provision, necessary health care and maintenance medications, to simply SURVIVE the cruel, discriminatory, and highly biased rulings of that Court, **as verbatim demanded by my abusive opposing Counsel, Attorney Virginia Lee Story. An undisclosed close family friend of BOTH presiding Judge Michael W. Binkley, and Clerk & Master Elaine Beaty Beeler.** Who had literally been close family friends, with each other, **some in excess of FORTY-YEARS!**

This was a commonsense **conflict of interest** of unspeakable proportions, as the **TWO TRANSCRIPTS OF EVIDENCE CLEARLY PROVE WHEN COMPARED.** Which is why I believe that the **8/29/2019** ABUSIVE PRO SE **"TRANSCRIPT OF EVIDENCE"** was **NOT** recorded as such but was instead **BURIED** by Chancery Court amongst HUNDREDS of pages of my TECHNICAL RECORDS **(Rv4, Pages: 495-523). EVEN THOUGH CHANCELLOR MICHAEL W. BINKLEY PROCURED THE COURT REPORTER HIMSELF!** No part of this shows ANY act of equality, impartiality, fairness, or "good faith"!

[3] **CLERK GUIDELINES:** This was in violation of the **"Guidelines for Tennessee Court Clerks Who Assist Self-Represented Persons (Approved by the Tennessee State Court Clerks Association and endorsed by the Tennessee Supreme Court)".** I went far beyond any attempt that Attorney Story did, to substantiate **"reasonable efforts"**, while the Chancery Court collusively worked against me from every side! They repeatedly **leveraged technicalities, withheld procedural information, lied to me, and falsified Court Records** to prevent me from participating, in stark contrast to the Federal Rules of Civil Procedure, basic integrity, as well as Commonly Accepted Federal Case Laws.

[4] **FRCP & CASE LAW:** "Following the simple guide of rule 8(f) [now rule 8(e)] that **all pleadings shall be so construed as to do substantial justice"**... **"The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."** The court also cited Rule 8(f) [now rule 8(e)] FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson, 355 U.S. 41 at 48 (1957)*

[5] Pro se pleadings are to be considered **without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.** *Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233.*

[6] **QUOTE CORRECTION:** After I asked Judge Binkley **how in the world his Order was "FAIR"**, as compared to the grace that was given to my ex-wife? **Buried in WILCO #48419B, Technical Record Volume-4, Page-516, Line-6, Judge Michael W. Binkley told me, "Fair is something you do in the fall."** *(Which about sums it all up!)*



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 13 of 32 PageID #: 3239
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:16:01 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

No—it—its—its—no—it—it—it—there—there's just—there's only so much and its Tennessee Case Law, United States Supreme Court Case Law, about how much leeway you give to a self-represented litigant. I mean, you can help them to a certain extent, but everybody has to. You know, if—if you are going to be self-represented—and I know it's difficult because you can't afford an attorney—in a civil case that—that's just how it is. They don't—you know the State of Tennessee and the United States, they don't provide money unless you can claim your indigent and you can try to go to one of the legal aid societies, but they typically don't get Involved in—like you said—domestic matters, so you—you have to self-teach yourself. You've gotta go—go online. Read the law.

00:16:48 Jeff F. (Disabled, Broke, Pro Se Litigant):

Right—and—right.

00:16:49 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

[inaudible] the law. That's—and that's all I can tell you here.

00:16:52 Jeff F. (Disabled, Broke, Pro Se Litigant):

I've done a ton of that too—and that—you know 24/7 consumed my life for a year and a half. And—and but now I'm in a situation where I have to work a minimum wage job just so I can eat. I can't. I have to commute 3 hours a day to get to that shitty job when I used to have a home in Brentwood and was surrounded by all kinds of opportunity and was driven out of there and it's like, how can I do? I can't do both. I can do one or the other, I can't do both, you know? And it's—so—am I just screwed out of everything



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 14 of 32 PageID #: 3240
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

and—and because of the fact that they've got bigger guns and—and you know, and her attorney lives across the street from the courthouse and—and—a—you know their friends, and she has a lot of—of—political influence in Williamson County. And—uh—you know, and it's just, again, the Court has never HEARD one word.

00:17:42 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

If the Judge has acted improperly [inaudible] you can file motions against the judge. Again, there—there's processes there, but you have to do it, you know. There, like I said, there's legal helplines that you can do—use and then—there's resources online, but it—it—it—you know. You can try to scrape some money together or see if there's any pro bono—you know—attorneys that—you can—

00:18:07 Jeff F. (Disabled, Broke, Pro Se Litigant):

I—I borrowed $10,000[7] from my mom just before the house was gone. And I mean it was—you know—I had one attorney that—that didn't do anything for me except for promise me that she'd have something the next day, the next day, the next day, and It got down to two days before the trial and I hired two other attorneys finally—at the last minute and borrowed more money for my mom. And you know, they only had a couple days to prepare, went to Court and everything was in Virginia Story's Court and—uh—and lost everything. So, (I) owe my mother another $10,000, plus lost everything I ever had, and my mom doesn't have much money. I mean, I'm living in her basement right now. It's a 725 square foot house[8] [laughing] and—a—you know I used

---

[7] CORRECTION: $9,500.

[8] CORRECTION: Mom's home is a tiny 748 Sq.Ft.



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 15 of 32 PageID #: 3241
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

to have a <u>2,500 square foot house in Brentwood</u>, and you know, it's just—it's—it's complete—it—you know—it just is insane that anybody would look at the situation and—and deem this fair, you know? So, I—I'm just trying to find out how—I understand that, you know, people that have money and get better attorneys and blah, blah, blah.

00:19:11 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ **My—my only question is <u>how is anybody that doesn't have those resources supposed</u> to be—you know—to get a fair trial? They're supposed to be—you're not supposed to be able to be <u>denied your property</u>, <u>your freedom</u>, you know different things—uh— without, you know—being HEARD. And without having an opportunity to do that. <u>And I've been denied every opportunity to do that</u>. Um—even though some of those words have been used against me in judgments, you know. And it's just a—it's just a—I've got the power to do it, and good luck buddy, if you're going to try to do otherwise. You know? And let somebody else deal with it.**

00:19:45 Jeff F. (Disabled, Broke, Pro Se Litigant):

**And uh, that—that doesn't seem legal to me, in any—in any arena, you know? And it's just—again, I'm not trying to get somebody to say, "Oh well, you're retarded I'll give you—you know, an extra $1,000,000 to take care of you 'cause you're retarded."**

00:20:04 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ **No, I'm just trying to say—you know, can you hear my side? Will you hear my side of the case? Before—you know—I mean, they've already taken away everything I had. I really would have liked him to hear it before they did that, but they didn't. Um—and I'm just trying to say, can someone use commonsense? <u>Can someone use the spirit of</u>**



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 16 of 32 PageID #: 3242
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**the law instead of the letter of the law and understand what the law was created for, which was to help and protect people and use the goddamn law for what it was made for, and HEAR my case? You know, that's all I'm trying to do.**

00:20:38 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

➢ **Well, like I said, I—I there, there is nothing I can do to help you in that regard. I'm sorry about that and I feel bad, but that just—**

00:20:45 Jeff F. (Disabled, Broke, Pro Se Litigant):

**And there's nothing that you're aware of—it—that's available that—**

00:20:51 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**All I know of is—you know the 1-844-Health-4TN. You know the hotline. Um—the various legal aid societies throughout Nashville or throughout Tennessee. Um— because again this is a civil case, that you know—you're not getting—uh—you're not going to—you don't have a right to a lawyer in civil cases.**

00:21:14 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ **So, can I ask you a question about with the—um—with the uh—with, you know, judging that I'm a—a STALKER, quote-unquote, because I sent her a couple emails that she didn't like, asking whether or not the house was in default. [laughing] And she wouldn't even answer them. But um—Is that not a criminal charge is that not, you know, and again, putting an ORDER OF PROTECTION against me, which via—which—which takes away my civil liberties, as a United—as an American Citizen, my First and Second Amendment Rights, is that not a—a criminal thing? I mean, those things seem like they should require—**



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 17 of 32 PageID #: 3243
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:21:52 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

➤ **I can't—you know, I—I'm—I'm an attorney, but I've—I've practiced in different areas,**
**that you know—and if I tried to give you an opinion right now on that, that would**
**constitute legal advice. And because I work for the State of Tennessee in this current**
**position,[9],[10],[11],[12],[13],[14] I am prohibited from giving legal advice. If I gave you advice and**
**you said I talked to John Coke—**

---

[9]  Although I was repeatedly referred by the Court of Appeals, the Governor's Office, the Clerk of the Tennessee Supreme Court, the Administrative Office of the Courts, to SPEAK with **Attorney John Brandon Coke, the Assistant General Counsel to the Tennessee Supreme Court, Administrative Offices of the Courts, because I was told that he was the TOP ADA OFFICIAL in the State of Tennessee.** Since I required ADA ASSISTANCE and ACCOMMODATIONS by which to ATTEMPT to obtain a FAIR TRIAL, telling him repeatedly that the **TRIAL COURT REFUSED TO EVEN HEAR ME,** while they **forcefully TOOK MY HOME** and **ALL MY PROVISION, without DUE PROCESS OF LAW,** while **INHUMANELY** making it so that **I COULD NOT EVEN WORK TO SURVIVE FOR YEARS INTO THE FUTURE,** all based upon FRAUD. Providing him with IRREFUTABLE EVIDENCE of Judicial Misconduct in Court!

[10]  **The bottom line was that his "JOB" was NOT to help the PEOPLE of Tennessee with DISABILITIES!** Instead, in my understanding, his "JOB" was to protect the State of Tennessee from a massive lawsuit for egregious professional negligence against ADA persons, while doing his best to ensure that ALL DISABLED PEOPLE ARE DISCRIMINATED AGAINST EQUALLY! ('In-as-much-as you did it to one of the least of these My brothers, you did it to Me.' Matt 25:40)

[11]  **I really LIKED Mr. Coke. He was ONLY PERSON within the Tennessee Court System that I ever felt SHOT-STRAIGHT with me!** But I HATED the POLICIES that he was employed under and the lack of personal investment in ensuring that people with disabilities were at the very least **TREATED HUMANELY**. There needs to be policies which DEMAND any division of the Court aware that a disabled litigant was NOT treated FAIRLY, be REQUIRED to immediately contact the TBI and open a Special Criminal Investigation in that case, against the Judge & Counsel involved. Allowing the Disabled Litigant to be IMPARTIALLY HEARD by a HIGHER COURT!

[12]  **Attorney John B. Coke's SALARY is paid by the TAX DOLLARS of disabled Tennesseans, yet he DOES NOT WORK TO ASSIST those DISABLED TENNESSEANS who pay his SALARY.** Once again Tennessean's TAX DOLLARS are being used to employ the PEOPLE WHO HARM THEM, THEN REFUSE TO HELP, **WHILE WE ARE TOLD TO LEARN THE LAW OURSELVES, taking YEARS off OUR LIVES — so WHY do WE EMPLOY JUDGES?**

To hopefully (IF WE ARE LUCKY), obtain the relief that we were legally DUE to start! To protect ourselves from the horrific JUDICIAL CORRUPTION which has plagued Middle Tennessee for DECADES, while we even pay for Williamson County's **PRIVATE LEGAL COUNSEL** to protect our **"PUBLIC SERVANTS"** from needing to **ANSWER to the PEOPLE!**

[13]  **When our "PUBLIC SERVANTS" have in fact COMMITTED CRIMES AGAINST THE PEOPLE,** that same PRIVATE COUNSEL **(paid by our TAX DOLLARS),** will DEFEND our "Public Servants" in Williamson County's OWN "FRIENDLY COURT", one of, if not the most CORRUPT within the State of Tennessee, **while the PEOPLE must spend tens-of-thousands to hundreds-of-thousands of dollars in "disposable income" in hopes of merely being treated with the "INALIENABLE HUMAN RIGHTS" which every person in this WORLD is BORN WITH!**



Case 3:24-cv-01282     Document 26     Filed 01/19/24     Page 18 of 32 PageID #: 3244
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:22:09 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Right.**

00:22:11 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**And he said this is total BS, you know, and it wasn't, then you could potentially come after me for legal malpractice 'cause—you know, the second I give you advice, we've established a—a—an attorney-client relationship, so I can't do that. So again that's— what—I—I really can't, you know.**

00:22:29 Jeff F. (Disabled, Broke, Pro Se Litigant):

**That's just nuts too, I mean it—**

00:22:29 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**[inaudible]**

00:22:30 Jeff F. (Disabled, Broke, Pro Se Litigant):

**I understand what you're saying, I'm not trying to—**

00:22:34 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**There's the legal helpline. There's legal aid society's, ah pro bono. You know, try to reach out—see if there's attorneys out there that'd be willing to take a pro bono, those type of—you know, that—that's going to be your best bet right now.**

---

[14] **That SYSTEM ALONE is a BETRAYAL of EVERY OATH OF OFFICE of EVERY MEMBER OF TENNESSEE COURTS and GOVERNMENT**, from the lowest secretary to the Governor and the Chief Justice of the Tennessee Supreme Court! Who turn their heads every day, knowing that **CRIMES are Being Committed Against the PEOPLE**, either with their participation or passivity. *(That includes Civil Rights and basic Humanitarian Abuses, State and Federal Constitutional Violations, a Multitude of Felonies, by Tennessee's Government Itself, against the PEOPLE!) Including a Failure to Intervene or Report Misconduct, Falsifying Government Records, Official Misconduct, Official Oppression, Conspiracy/Deprivation of Rights "Under Color of Law", etc.*



2/13/2020 Phone Call Transcript: Jeff F. (615) 837-1300 speaking with Attorney John B. Coke (615) 741-2687
Assistant General Counsel to the Tennessee Supreme Court, Administrative Office of the Courts
(Whom I was told was Tennessee's Top "ADA" Official — Promoted on 7/14/2022 to General Counsel)

00:22:50 Jeff F. (Disabled, Broke, Pro Se Litigant):

>   Humph. It just seems nuts to me. Yeah—I hear—I just—it just seems nuts to me that
>   there's not—I understand like—like—what—

00:22:57 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

>   ➢ I don't think most—I don't think most people realize how awful a civil lawsuit can be.
>   Uhm, until they've been inside one. Ah—so I—I understand, and I don't think most
>   people realize the distinction between civil and criminal trial and that—you know
>   they—what can happen in the civil trial—you know you can—you can be destroyed
>   basically.

00:23:18 Jeff F. (Disabled, Broke, Pro Se Litigant):

>   ➢ You can have everything taken away in a day, before the judge goes and has tea, and
>   nobody's HEARD a thing you said. [laughing loudly] You know, and it's like—it—it—and
>   if you want to fight back, good luck. But now you have nothing left to do it with. You
>   know? So, I mean, it's just—it's—it's just insane to me.

00:23:33 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

>   ➢ I understand.

00:23:35 Jeff F. (Disabled, Broke, Pro Se Litigant):

>   That—that—that—that anybody is granted that kind of leverage—or even with, for
>   example, the Order of Protection. They keep watering down—you know—what terms
>   like STALKING and HARASSMENT mean? To the point where you could accuse anybody
>   of that. But they have not changed in any way, shape or form, the penalty system for
>   us. So, they try to justify an Order of Protection because you sent a couple of emails



2/13/2020 Phone Call Transcript: Jeff F. (615) 837-1300 speaking with Attorney John B. Coke (615) 741-2687
Assistant General Counsel to the Tennessee Supreme Court, Administrative Office of the Courts
(Whom I was told was Tennessee's Top "ADA" Official — Promoted on 7/14/2022 to General Counsel)

**(that weren't violent or threatening in any way, shape, or form), but just weren't wanted by the other party—asking about whether or not their greatest asset in the WORLD is even at risk. You know? And that weren't even mean. And to take that—and to—you know, gag somebody to where they can't even reach out to the media or the Channel 4-I team and say, "Hey, look over here! This is—there's some horrible shit going on here!" And you can't even do it. I mean, basically you're tied-up, you're gagged, and let them rape you! I mean—there's just—it—**

00:24:25 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ **The Sheriff's Department led me off [laughing] my property with their hands on their guns, when I had never done anything wrong or broke a single rule in my life[15] and wouldn't even allow me to take anything with me, except my toiletries, and my clothes. Whatever I could fit into one vehicle. [laughing] While my ex had—you know—nearly a year with me helping her move her stuff out. You know—I mean, it's just INSANE!**

00:24:50 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ **I—I just can't believe—you know—if I was a female and this happened in Williamson County—it—there—there—th—there's no way in hell they would have ever allowed**

---

[15] **CORRECTION:** I misspoke. I have done things "wrong" and broken "rules" in my life. Yet I have never been arrested or charged with any crime. I have no history of violence or domestic disputes. I hadn't even received a single traffic citation during my **25-YEARS** as a hard-working, tax paying, peaceful Tennessee resident! I NEVER laid a finger on my ex-wife in anger, nor have I ever threatened to! She TOLD ME that she wanted to REMAIN FRIENDS after our divorce, until the day that Attorney Virginia Lee Story MALICIOUSLY AMBUSHED ME! **There** is **NOT** a **State Court** in our **NATION** that has the **LAWFUL AUTHORITY** and **JURISDICTION** to deprive me of my **HOME**, my only stream of **INCOME**, literally forcing me out onto the **STREETS— HOMELESS**, dislocating me **600-MILES** away to **SURVIVE**, followed by **FRAUDULENT DEFAULT JUDGMENTS**, **DESTROYING** my **EMPLOYABILITY** for **6-YEARS**, to keep a **NOOSE AROUND MY NECK**, purely to **EXTORT MY SILENCE**, without **Notice**, **Motion** or **HEARING!** (TCA § 39-16-507(a)(3)(b), RPC 3.4(g), 42 USC §§ 12202, 12203, 1985, 18 USC §§ 241, 242, 1951, 1341.)



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 21 of 32 PageID #: 3247
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

2/13/2020 Phone Call Transcript: Jeff F. (615) 837-1300 speaking with Attorney John B. Coke (615) 741-2687
Assistant General Counsel to the Tennessee Supreme Court, Administrative Office of the Courts
(Whom I was told was Tennessee's Top "ADA" Official — Promoted on 7/14/2022 to General Counsel)

**this to happen. You know, and it's just—it's sexist, it's biased, it's discriminatory, you know, and even in regards to the ADA, it's discriminatory that much more there. The JUDGE tells me [Judge Michael W. Binkley] that in response to my ADA—uh—you know—assertation and request. [sic] You know, he tells me, [sic] "We all have hardships, Mr Fenton, that we have to deal with every day, every single person in this courtroom that got up today had to deal with something"—you know, and it's—"I can't make excuses for that."[16,17,18,19,20] [sic]**

---

[16] **CORRECTION:** I slightly misquoted Judge Binkley, please see the Transcript excerpts below for his exact words.

[17] My **"Transcript of Evidence"** from my (abusive, pro se) **8/29/2019 Hearing in Williamson County Chancery Court**, was BURIED by the Chancery Court, amongst Hundreds of Pages of my Technical Records. Yet it is still on Record in Docket **#48419B** and can be found in **Volume-4 of my Technical Records, at Pages 495-523.**

[18] **Technical Record, Volume-4, Page 508:**

·5· · · · · · · · **MR. FENTON:**· **I can't be out that quick,**
10· ·**(I'm)** ·**willing to do things as quick as possible, but I**
11· ·**cannot possibly move out without a two-week's time to**
12· ·**do it.· And I need to have some time where I know that**
13· ·**there is not going to be anymore litigation for a**
14· ·**while because I can't -- with the ADHD** -- and one of
15· ·the things I provided you is something from my
16· ·psychiatrist on the different disorders I have, **but I**
17· ·**cannot physically do -- be a lawyer, play a lawyer,**
18· ·**and packing at the same time.**· For example, that's –

[19] **Technical Record, Volume-4, Page 508:**

19· · · · · · · · **THE COURT:**· Sir, I respect that.· **But we**
20· ·**all have burdens.**
22· · · · · · · · **THE COURT:**· Let me talk.· **We all have**
23· ·**burdens.· Everybody in this room has things going on**
24· ·**in their lives to one extent or another, just like you**
25· ·**do.**

[20] **Technical Record, Volume-4, Page 509:**

·1· · · · · · · · **MR. FENTON:**· Right.
·2· · · · · · · · **THE COURT:**· **I can't make excuses for**
·3· ·**that.**· Listen to what I'm saying.· **I don't want you**
·4· ·**and I to get crossways with each other.**·                    **[YET ANOTHER THREAT]**



2/13/2020 Phone Call Transcript: Jeff F. (615) 837-1300 speaking with Attorney John B. Coke (615) 741-2687
Assistant General Counsel to the Tennessee Supreme Court, Administrative Office of the Courts
(Whom I was told was Tennessee's Top "ADA" Official — Promoted on 7/14/2022 to General Counsel)

00:25:29 Jeff F. (Disabled, Broke, Pro Se Litigant):

I mean that just—that—that seems like—I wouldn't want that on YouTube if I was him. [laughing] You know? I mean, that just seems like—that—that's a whole lot of political uh—negative attention that Tennessee wouldn't want. You know? It just seems nuts to me that everybody is OK with that! And—you know, even in regards to—like the Transcripts that I sent to him. Nobody will even tell me if that's an OK copy or not, or if I have to have it, you know, signed, stamped—something different, you know, before I spend another $40 to overnight it to him. You know? It's just—it's just insane to me that—that—that there's not public outcry about this.

00:26:07 Jeff F. (Disabled, Broke, Pro Se Litigant):

➢ And I mean, the only reason I can think is 'cause like you said, people don't understand until they're inside that situation, how horribly screwed it is! You know? And it's just, I can't imagine that—you know? The people, if they had a real understanding of what was going on and the power that these judges have in civil cases and how little their AMERICAN RIGHTS really mean at all, um—that they'd—that they'd go for that. You know? It's just—I—I just don't get it. I just don't.

00:26:39 Jeff F. (Disabled, Broke, Pro Se Litigant):

I'm trying to find some way in the system, where this is supposed to be OK or fair, or how I'm supposed to—you know, get whatever help or consideration I need either for being—I've got an order of indigency from—you know—the State, as far as the fact that I got no money. So, you know, I'm allowed to file appeal, but they're going to throw it out on 100 different technicalities, because I don't know all those. And it's not that I



PAGE **23** OF **30**

haven't spent—you know—days on end researching stuff. I mean—I've stayed awake three days straight trying to do—get stuff done before I [laughing] showed up at court and—a you know? They don't care. They don't even look at it. You know? So, it's just—

00:27:17 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

Un-huh.

00:27:18 Jeff F. (Disabled, Broke, Pro Se Litigant):

I—I just don't know what else to do. You know? I mean—if it wasn't for the Order of Protection, I would have reached out to the media a long—long—long—long time ago. You know? And you know—there's all kinds of things that—you know—my ex and what her company were involved with—you know—

that's all they want to do is shut me up, and—and ship me out, and leave me with nothing. You know? And it's like—there's a lot of different—you know—Nashville's a Good ol' Boys Town. Everybody knows that. You know, government contracts, all this and that. 27:32 - 27:43 has been silenced to protect the interests of other parties.

00:27:55 Jeff F. (Disabled, Broke, Pro Se Litigant):

You know, it's like there's a lot of stuff that I have been privy to the information about but—it—it—that's all they want to do is keep me gagged. That's the threat that I am. It's not my guns. It's not this or that or anything else, but we'll shut down all the rest of your RIGHTS too, at the same time with an Order of Protection. Just because you can't



get[21] one [sic] because somebody might tell the TRUTH about you [laughing]. You know? It's just a—it's just a [sic] it just blows my mind that there's no resource to equalize the playing field and to help anyone. Whether it's because of poverty, or whether it's because of mental incapacity, or whether it's because—they can't—you know—do 10 things at one time. And—you know—can't concentrate or—you know— blah—blah—blah—that—that—that makes this OK, or that makes it to where—you know—that's just tough.

00:28:46 Jeff F. (Disabled, Broke, Pro Se Litigant):

And I mean, I'm a pretty smart fella for the most part. It—you know—what happens to the people that don't even—aren't even—as able as I am? You know? And it's like—and I already lost everything—so it just a—It all seems UNCONSTITUTIONAL to me. I mean—it seems UNCONSTITUTIONAL ON THE GRANDEST SCALE. You know? I just can't—you know? I just can't—It just doesn't make any sense to me!

00:29:09 Jeff F. (Disabled, Broke, Pro Se Litigant):

It just doesn't—I just don't see anyway—and I understand you can't say anything and I—I understand it—it even bothers me that my own attorneys that I've had, you know, for short periods—you know where one told me—you know—went on an hour long conversation about how she was sorry and how she would be an advocate for me for the rest of my life and all this horseshit. And I called her the next day to ask a simple ah—question about anything and she won't even reply again after that. You know? And it's like—because she doesn't want to establish an attorney-client relationship again.

---

[21] **GRAMMATICAL CORRECTION:** "Just because if you don't get one (Order of Protection) then somebody might tell the TRUTH about the CRIMES committed by the Court and Counsel."



2/13/2020 Phone Call Transcript: Jeff F. (615) 837-1300 speaking with Attorney John B. Coke (615) 741-2687
Assistant General Counsel to the Tennessee Supreme Court, Administrative Office of the Courts
(Whom I was told was Tennessee's Top "ADA" Official — Promoted on 7/14/2022 to General Counsel)

**And it's like, you know, it's like nobody can just tell me the truth about, you know—it—
It just seems nuts to me that somebody can't even tell me about a stupid technicality
or deadline or whether you know—whether something that's supposed to be filed on
a holiday, it gets extended till the next day after the holiday. Or whether you're
screwed, you didn't get it filed by the holiday. You know? And it's just because of that
little technicality, somebody can't even say— you know—what the common procedure
is—or you know—acceptable practices [sic] without even being specific to my case.**

00:30:12 Jeff F. (Disabled, Broke, Pro Se Litigant):

**It just seems nuts to me that—you know—that any of that would then obligate them
to be my attorney or something. So, they may open themselves up the more liability
and therefore can't tell you a damn thing. And then you go and contact the Clerk's
Office or even—you know—the ADA Representative for them and they—you know,
[inaudible] most of them can't—ah—aren't attorneys and can't give any legal advice,
and legal advice somehow comes right down to even what—what set of transcripts is
OK? What is required on the transcripts? That seems procedural to me, that doesn't
seem like that's legal advice. But for some reason everything that has any ramifications
on anything is legal advice, so—but—**

00:30:58 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**[inaudible] Again, I'm—you know I'm sorry, I'm sorry I can't help you but, that—um—**

00:31:04 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Yeah. It's just there's—**



Case 3:24-cv-01282   Document 26   Filed 01/19/24   Page 26 of 32 PageID #: 3252
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf   Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:31:05 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**That's just where we are.**

00:31:07 Jeff F. (Disabled, Broke, Pro Se Litigant):

**There's just nothing else you could recommend other than the 800 helpline and the— the Channel 4 I-team and hope I don't go to jail for talking to the people, [laughing] right?**

00:31:16 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**And pro bono. See if you can find a pro bono listing on the Tennessee Bar Association website, Nashville Bar Association website.**

00:31:25 Jeff F. (Disabled, Broke, Pro Se Litigant):

**So how—how would I find something pro bono? I'm sorry.**

00:31:28 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**I think they have pro bono—ah—information on [extremely long pause]**

00:31:49 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Are you still there? [Mr. Coke's dog's barking – Jeff laughs] I didn't lose, you, did I?**

00:32:10 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**No—no—I'm looking for—It looks like it would be on the Tennessee Bar Association's, the TBA website—TBA.org. Just kinda gotta dig around on there—and It's uh—there should be a—something on there. And then the HELP4TN website also has listings of how to find attorneys.**



Case 3:24-cv-01282   Document 26   Filed 01/19/24   Page 27 of 32 PageID #: 3253
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf   Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:32:44 Jeff F. (Disabled, Broke, Pro Se Litigant):

> **Right. But I mean, finding an attorney and finding an attorney that wants to work for free is two totally different things. I mean, what—what is their motivation, to do any? [sic]**

00:32:53 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

> **[inaudible] Again—I—I—you know—there's—you've just gotta dig in and look around, there—there's—there's some resources out there, for it again.**

00:33:02 Jeff F. (Disabled, Broke, Pro Se Litigant):

> **Is there—is there a motivation for somebody to do pro bono work?**

00:33:07 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

> **Sir, I mean I—I can't get ah—**

00:33:09 Jeff F. (Disabled, Broke, Pro Se Litigant):

> **No, I'm not asking you, but I'm not trying to say—I'm just saying—**

00:33:12 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

> **[inaudible] I don't know. I mean—I—I—I—I—I—I—I don't know. I don't know. You know ah—they do it—sometimes they get CLE hours for it, um—other people do it just to be good citizens. So—I mean, that's about all I can say. [laughs]**

00:33:26 Jeff F. (Disabled, Broke, Pro Se Litigant):

> **Ok. Ok. I just—Ok. I just didn't know if there was some—you know, something in it for them, that you know—made it worth—you know something other than just having a kind heart. You know? If—if—if—it—if there somehow were—**



Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 28 of 32 PageID #: 3254
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

00:33:36 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**They get sometimes—but continue—continuing legal education hours and then they**

**just do it because they're trying to give back.**

00:33:43 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Ok. All right. And you say sometimes on the TBA website you can find information**

**about who's willing to do pro bono stuff.**

00:33:52 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**Yes—yeah—pro bono—yeah.**

00:33:54 Jeff F. (Disabled, Broke, Pro Se Litigant):

**OK.**

00:33:55 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**Look up pro bono, Tennessee, and there—there'll be resources out there.**

## JOHN COKE NAMED GENERAL COUNSEL OF THE ADMINISTRATIVE OFFICE OF THE COURTS

July 14, 2022

The Tennessee Administrative Office of the Courts has named Attorney John Coke general counsel. Coke has served as assistant general counsel since 2016 and took on the new role effective July 1.

"Over the past six years, John has provided trusted and valuable legal advice on a variety of issues ranging from legislative fiscal impact statements to contracts to compliance as well as working directly with judges on leases, designations, disability access and the civil pattern jury instructions," said AOC Director Michelle J. Long. "John has provided leadership on key projects impacting the AOC and the judiciary. I am pleased to have him join our executive leadership team as general counsel."

The AOC general counsel heads the legal service and judicial development team, oversees administrative functions and judicial conferences, and supports trial and appellate judges across the state.





Case 3:24-cv-01282   Document 26   Filed 01/19/24   Page 29 of 32 PageID #: 3255
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf   Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

2/13/2020 Phone Call Transcript: Jeff F. (615) 837-1300 speaking with Attorney John B. Coke (615) 741-2687
Assistant General Counsel to the Tennessee Supreme Court, Administrative Office of the Courts
(Whom I was told was Tennessee's Top "ADA" Official — Promoted on 7/14/2022 to General Counsel)

00:33:58 Jeff F. (Disabled, Broke, Pro Se Litigant):

**OK, well, I thank you for your time and I thank you for your frankness.[22,23] And I—I wish there was a—something more but I uh—I still uh—I appreciate—uh—I appreciate you speaking with me and being honest and wish you a great weekend.[24,25,26]**

00:34:13 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Thank you, Sir.**

00:34:15 Attorney John B. Coke, Assistant General Counsel to the Tennessee Supreme Court (AOC):

**Thank you.**

00:34:16 Jeff F. (Disabled, Broke, Pro Se Litigant):

**Alright, bye-bye.**

---

[22] Of all the people I spoke with throughout the Tennessee Court System, **Attorney John B. Coke was my favorite.** I really liked him for his honesty, his frankness, not being pretentious or trying to redirect me to another party.

[23] The part that I've struggled with the most, is that Attorney John B. Coke is the **Assistant General Counsel** to the **Tennessee Supreme Court, Administrative Office of the Court,** AND he KNOWS how dangerous Civil Court can be. That people can basically have their entire lives destroyed almost instantaneously. **Yet the Tennessee Administrative Office of the Court has time and again failed or refused to add the most remedial common sense ethical barriers, and protections for Tennessee residents.**

[24] Simple transparency, audio/video recordings of every court session or hearing. Timely, proactive, reachable, and responsive accountability systems, **which can help rescue any Tennessee resident from literally having their lives unjustly destroyed in mere moments.** BEFORE the richest to the poorest PERSON suffers an irreplaceable loss. When a large portion of such protective measures **would cost almost NOTHING!**

[25] While it is simply COMMON SENSE not to allow Tennessee residents to unknowingly enter a Courtroom they believe submits to the "Rule of Law", recognizes and respects their State, Federal, HUMAN, and Constitutional RIGHTS. That the Court operates in compliance with the FRCP, the Judicial Canons, and the Rules of Professional Conduct. To shockingly find the proceedings devoid of any legal, lawful, or equitable justification whatsoever!

[26] Only to learn months later that the opposing **Counsel and the Judge** who Presided over the case, refused or failed to disclose that they are both **close family friends** with each other, and have been for decades. **Automatically adding credibility to their testimony over your own,** especially when the disparity between the two parties is significant. By the limitations of mere **HUMANITY** (which anyone who says they are above, is a liar). **The KNOWN and TRUSTED PARTY will ALWAYS have an advantage over the UNKNOWN PARTY,** of unknown character, unknown honesty, unknown mental capacity, unknown integrity, and unknown commitment to any principals of justice. **There is NO WAY to EQUALIZE this NATURAL DISPARITY of BIAS, except to remove it from the equation entirely!**



www.linkedin.com/in/john-coke-b884a156 (LinkedIn)

Top Skills
Civil Litigation
Legal Research
Personal Injury

Languages
English

# John Coke

General Counsel at the Administrative Office of the Courts
Nashville, Tennessee, United States

## Experience

Tennessee Supreme Court/Administrative Office of the Courts
General Counsel
July 2022 - Present (6 months)
Nashville, Tennessee, United States

Tennessee Supreme Court / Administrative Office of the Courts
Assistant General Counsel
September 2016 - July 2022 (5 years 11 months)
Nashville Area, TN

Attorney
Staff Attorney for Judge Joe P. Binkley, Jr.
July 2014 - September 2016 (2 years 3 months)
Nashville, TN

Howell & Fisher, PLLC
Attorney
August 2012 - July 2014 (2 years)

Judge Joe P. Binkley, Jr.
Legal Clerk
August 2010 - July 2012 (2 years)

Senator Pat Roberts
Legislative Aide
January 2005 - August 2006 (1 year 8 months)

Senator Ben Nighthorse Campbell
Legislative Aide
August 2001 - December 2004 (3 years 5 months)

## Education

Samford University, Cumberland School of Law

Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 31 of 32 PageID #: 3257
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)



Doctor of Law (JD), Law · (2007 - 2010)

University of Colorado at Boulder
Bachelor of Science (BS), Political Science and Government · (1996 - 2000)

Case 3:24-cv-01282    Document 26    Filed 01/19/24    Page 32 of 32 PageID #: 3258
https://www.rico.jefffenton.com/evidence/2020-02-13_tnsc-aoc-ada-gc-john-coke-transcript.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)