**FILED- LN**
March 25, 2024 4:07 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod  FILED BY: *2001 3/26*

**JEFFREY RYAN FENTON,**

Plaintiff

v.

**CASE NO. 1:23-cv-1097**

**VIRGINIA LEE STORY et al.,**

Defendants

## EXHIBIT: TENNESSEE RULES OF JUDICIAL AND PROFESSIONAL CONDUCT[1]

I, Jeffrey Ryan Fenton, declare as follows:

1.   My name is Jeffrey Ryan Fenton.

2.   I am the Plaintiff in this federal lawsuit (CASE NO. 1:23-cv-1097).

3.   Please file this exhibit in my case, so that I can reference it throughout my first amended complaint.

4.   Thank you.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed 2/3/2024

**JEFFREY RYAN FENTON**

17195 Silver Parkway, #150
Fenton, MI, 48430-3426
jeff.fenton@live.com
(P) 615.837.1300
(F) 810.255.4438

---

[1]   https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf

# TENNESSEE SUPREME COURT
## RULES OF JUDICIAL AND PROFESSIONAL CONDUCT
## PRINCIPAL RULES VIOLATED:

**SECTION 1 - TERMINOLOGY** .................................................... 1

**SECTION 2 - DEFINITIONS** ...................................................... 2

**JUDGES: RULES OF JUDICIAL CONDUCT** .......................... 4

RULE 1.1: COMPLIANCE WITH THE LAW ................................ 4

RULE 2.1: GIVING PRECEDENCE TO DUTIES OF JUDICIAL OFFICE ... 14

RULE 2.12: SUPERVISORY DUTIES ........................................ 15

RULE 2.15: RESPONDING TO JUDICIAL AND LAYER MISCONDUCT ... 16

RULE 2.2: IMPARTIALITY AND FAIRNESS ............................... 17

RULE 2.3: BIAS, PREJUDICE, AND HARASSMENT ..................... 18

RULE 2.4: EXTERNAL INFLUENCES ON JUDICIAL CONDUCT ......... 19

RULE 2.6: ENSURING THE RIGHT TO BE HEARD ..................... 20

RULE 2.9: EX PARTE COMMUNICATIONS ............................... 21

**LAWYERS: RULES OF PROFESSIONAL CONDUCT** ............... 5

RULE 1.2: SCOPE OF REPRESENTATION ................................ 5

RULE 1.6: CONFIDENTIALITY OF INFORMATION ....................... 8

RULE 3.3: CANDOR TOWARD THE TRIBUNAL ......................... 23

RULE 3.4: FAIRNESS TO OPPOSING PARTY AND COUNSEL ......... 28

RULE 3.5: IMPARTIALITY AND DECORUM OF THE TRIBUNAL ...... 30

RULE 4.1: TRUTHFULNESS IN STATEMENTS TO OTHERS .......... 32

RULE 8.3: REPORTING PROFESSIONAL MISCONDUCT ............... 35

RULE 8.4: MISCONDUCT ..................................................... 36

**RULE 45: AMERICANS WITH DISABILITIES ACT** .............. 37

https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

# Tenn. R. Sup. Ct. 1.0

### Rule 1.0 - TERMINOLOGY

**(a)** "Belief" or "believes" denotes that the person involved actually supposed the fact in question to be true. A person's belief may be inferred from circumstances.

**(b)** "Confirmed in writing," when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent. See paragraph (e) for the definition of "informed consent." If it is not feasible to obtain or transmit the writing at the time the person gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

**(c)** "Firm" or "law firm" denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation, government agency, or other organization.

**(d)** "Fraud" or "fraudulent" denotes an intentionally false or misleading statement of material fact, an intentional omission from a statement of fact of such additional information as would be necessary to make the statements made not materially misleading, and such other conduct by a person intended to deceive a person or tribunal with respect to a material issue in a proceeding or other matter.

**(e)** "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

**(f)** "Knowingly," "known," or "knows" denotes actual awareness of the fact in question. A person's knowledge may be inferred from circumstances.

**(g)** "Partner" denotes a partner in a law firm organized as a partnership or professional limited liability partnership, a shareholder in a law firm organized as a professional corporation, a member in a law firm organized as a professional limited liability company, or a sole practitioner who employs other lawyers or nonlawyers in connection with his or her practice.

**(h)** "Reasonable" or "reasonably," when used in relation to conduct by a lawyer, denotes the conduct of a reasonably prudent and competent lawyer.

**(i)** "Reasonable belief" or "reasonably believes" when used in reference to a lawyer, denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

**(j)** "Reasonably should know," when used in reference to a lawyer, denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question.

**(k)** "Screening" and "screened" denote the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law.

**(l)** "Substantial" or "substantially," when used in reference to degree or extent, denotes a material matter of clear and weighty importance.

# Section 2 - Definitions

Section 2 - Definitions

**Board:** The Board of Professional Responsibility of the Supreme Court of Tennessee.

**Complainant:** A person who alleges misconduct by an attorney, including misconduct by Disciplinary Counsel and attorney members of the Board and members of the district committees.

**Court:** The Supreme Court of Tennessee.

**Declaration under Penalty of Perjury:** A declaration under penalty of perjury meeting the requirements of Tenn. R. Civ. P. 72.

**Disciplinary Counsel:** The Chief Disciplinary Counsel selected by the Court and staff Disciplinary Counsel employed by the Chief Disciplinary Counsel, with the approval of the Board, pursuant to the provisions of this Rule.

**District committees:** Committees of attorneys appointed by the Court pursuant to provisions of this Rule.

**Hearing panels:** Panels of three district committee members selected by the Chair of the Board, or in the absence of the Chair selected by the Vice-Chair of the Board, to hear matters pursuant to provisions of this Rule.

**Panel:** A panel of three members selected by the Chair of the Board, or, in the Chair's absence, the Vice-Chair. At least two of the members of the panel shall be members of the Board, only one of whom may be a non-lawyer; and, one of the members of the panel may be a district committee member from the same disciplinary district as the respondent or petitioning attorney.

**Practice monitor:** An attorney licensed to practice law in the State of Tennessee designated by the Board to supervise an attorney as a condition of public discipline, probation or reinstatement pursuant to the provisions of this Rule.

**Protocol memorandum:** A memorandum prepared by Disciplinary Counsel and provided to the Court pursuant to the provisions of this Rule which addresses the following:

1) The basis for the Petition for Discipline;

2) The proposed disposition;

3) The procedural history;

4) The prior history of discipline; and,

5) The reasons for the proposed discipline, including:

a) application of the ABA Standards for Imposing Lawyer Sanctions;

b) comparative Tennessee discipline in similar cases; and,

c) aggravating and mitigating circumstances of the kind and character set forth in the ABA Standards for Imposing Lawyer Sanctions.

**Retired:** For purposes of this Rule, an attorney is "retired" if the attorney is at least sixty-five years of age and is not actively engaged in the practice of law; or, the attorney is at least fifty years of age, is inactive with the Tennessee Commission on Continuing Legal Education and Specialization, and has not engaged in the practice of law for at least fifteen years.

**RPC:** The Rules of Professional Conduct as adopted by Rule 8 of the Rules of the Tennessee Supreme Court.

**Rule:** Rule 9 of the Rules of the Tennessee Supreme Court.

**Section:** A section of Rule 9 of the Rules of the Tennessee Supreme Court.

**Serious crime:** The term "serious crime" as used in Section 22 of this Rule shall include any felony and any other crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, willful tax evasion, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a "serious crime."

**Serve or service:** The method of serving pleadings or other papers as specified in Section 18 of this Rule or otherwise in the provisions of this Rule.

# Tenn. R. Sup. Ct. 1.1

Rule 1.1 - Compliance with the Law

A judge shall comply with the law, including the Code of Judicial Conduct.

*Tenn. R. Sup. Ct. 1.1*

# Tenn. R. Sup. Ct. 1.2

Rule 1.2 - SCOPE OF REPRESENTATION AND ALLOCATION OF AUTHORITYBETWEEN CLIENT AND LAWYER

**(a)** Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by RPC 1.4, shall consult with the client about the means by which the client's objectives are to be accomplished. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and whether the client will testify.

**(b)** A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social, or moral views or activities.

**(c)** A lawyer may limit the scope of representation if the limitation is reasonable under the circumstances and the client gives informed consent, preferably in writing.

**(d)** A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows or reasonably should know is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning, or application of the law.

*Tenn. R. Sup. Ct. 1.2*

***Comment***

***Allocation of Authority Between Client and Lawyer***

*[1] Paragraph (a) confers upon the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations. The decisions specified in paragraph (a), such as whether to settle a civil matter, also must be made by the client. See RPC 1.4(a)(1) for the lawyer's duty to communicate with the client about such decisions. With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client as required by RPC 1.4(a)(2) and may take such action as is impliedly authorized to carry out the representation.*

*[2] On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives. Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal, and tactical matters. Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected. Because of the varied nature of the matters about which a lawyer and client might disagree and because the actions in question may implicate the interests of a tribunal or other persons, this Rule does not prescribe how such disagreements are to be resolved. Other law, however, may be applicable and should be consulted by the lawyer. The lawyer should also consult with the client and seek a mutually acceptable resolution of the disagreement. If such efforts are unavailing and the lawyer has a fundamental disagreement with the client, the lawyer may withdraw from the representation, subject to the approval of the tribunal, when required. See RPC 1.16(b)(4). Conversely, the client may resolve the disagreement by discharging the lawyer. See RPC 1.16(a)(3).*

[3] At the outset of a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation. Absent a material change in circumstances and subject to RPC 1.4, a lawyer may rely on such an advance authorization. The client may, however, revoke such authority at any time.

[4] In a case in which the client appears to have diminished capacity, the lawyer's duty to abide by the client's decisions is to be guided by reference to RPC 1.14.

**Independence From Client's Views or Activities**

[5] Legal representation should not be denied to people who are unable to afford legal services, or whose cause is controversial or the subject of popular disapproval. By the same token, representing a client does not constitute approval of the client's views or activities.

**Agreements Limiting the Scope of the Representation**

[6] The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client. When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance coverage. A limited representation may be appropriate because the client has limited objectives for the representation. In addition, the terms upon which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives. Such limitations may exclude actions that the client thinks are too costly or that the lawyer regards as repugnant or imprudent.

[7] Although this Rule affords the lawyer and client substantial latitude to limit the representation, the limitation must be reasonable under the circumstances. If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief telephone consultation. Such a limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely. Although an agreement for a limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. See RPC 1.1.

[8] All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law. See, e.g., RPCs 1.1, 1.8, and 5.6.

**Criminal, Fraudulent, and Prohibited Transactions**

[9] Paragraph (d) prohibits a lawyer from counseling or assisting a client to engage in conduct that the lawyer knows or reasonably should know is criminal or fraudulent. This prohibition, however, does not preclude the lawyer from giving an honest opinion about the actual consequences that appear likely to result from a client's conduct. Nor does the fact that a client uses advice in a course of action that is criminal or fraudulent of itself make a lawyer a party to the course of action. There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity.

[10] When the client's course of action has already begun and is continuing, the lawyer's responsibility is especially delicate. In some situations the lawyer may be permitted or required by Rule 1.6 to reveal the client's wrongdoing. See RPC 1.6(b)(1) and (c)(1). In any case, however, the lawyer is required to avoid assisting the client, for example, by drafting or delivering documents that the lawyer knows are fraudulent or by suggesting how the wrongdoing might be concealed. A lawyer may not continue assisting a client in conduct that the lawyer originally supposed was legally proper but then discovers is criminal or fraudulent. The lawyer must, therefore, withdraw from the

*representation of the client in the matter. See RPC 1.16(a). In some cases, withdrawal alone might be insufficient. It may be necessary for the lawyer to give notice of the fact of withdrawal and to disaffirm any opinion, document, affirmation or the like. See RPC 4.1.*

*[11] Where the client is a fiduciary, the lawyer may be charged with special obligations in dealings with a beneficiary.*

*[12] Paragraph (d) applies whether or not the defrauded party is a party to the transaction. Hence, a lawyer must not participate in a transaction to effectuate criminal or fraudulent avoidance of tax liability. Paragraph (d) does not preclude undertaking a criminal defense incident to a general retainer for legal services to a lawful enterprise. The last clause of paragraph (d) recognizes that determining the validity or interpretation of a statute or regulation may require a course of action involving disobedience of the statute or regulation or of the interpretation placed upon it by governmental authorities.*

*[13] If a lawyer comes to know or reasonably should know that a client expects assistance not permitted by the Rules of Professional Conduct or other law, or if the lawyer intends to act contrary to the client's instructions, the lawyer must consult with the client regarding the limitations on the lawyer's conduct. See RPC 1.4(a)(5).*

*DEFINITIONAL CROSS-REFERENCES "Fraudulent" See RPC 1.0(d) "Informed consent" See RPC 1.0(e) "Knows" See RPC 1.0(f) "Reasonable" See RPC 1.0(h) "Reasonably should know" See RPC 1.0(j) "Writing" See RPC 1.0(n)*

# Tenn. R. Sup. Ct. 1.6

### Rule 1.6 - CONFIDENTIALITY OF INFORMATION

**(a)** A lawyer shall not reveal information relating to the representation of a client unless:
  **(1)** the client gives informed consent;

  **(2)** the disclosure is impliedly authorized in order to carry out the representation; or

  **(3)** the disclosure is permitted by paragraph (b) or required by paragraph (c).

**(b)** A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
  **(1)** to prevent the client or another person from committing a crime, including a crime that is reasonably certain to result in substantial injury to the financial interest or property of another, unless disclosure is prohibited or restricted by RPC 3.3;

  **(2)** to prevent the client from committing a fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services, unless disclosure is prohibited or restricted by RPC 3.3;

  **(3)** to prevent, mitigate, or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a fraud in furtherance of which the client has used the lawyer's services, unless disclosure is prohibited or restricted by RPC 3.3;

  **(4)** to secure legal advice about the lawyer's compliance with these Rules; or

  **(5)** to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

  **(6)** to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.

**(c)** A lawyer shall reveal information relating to the representation of a client to the extent the lawyer reasonably believes disclosure is necessary:
  **(1)** to prevent reasonably certain death or substantial bodily harm;

  **(2)** to comply with an order of a tribunal requiring disclosure, but only if ordered to do so by the tribunal after the lawyer has asserted on behalf of the client all non-frivolous claims that the information sought by the tribunal is protected against disclosure by the attorney-client privilege or other applicable law; or

**(3)** to comply with RPC 3.3, 4.1, or other law.

**(d)** A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

*Tenn. R. Sup. Ct. 1.6*

**Comment**

*[1] This Rule governs the disclosure by a lawyer of information relating to the representation of a client during the lawyer's representation of the client. See RPC 1.18 for the lawyer's duties with respect to information provided to the lawyer by a prospective client, RPC 1.9(c) for the lawyer's duty not to reveal information relating to the lawyer's prior representation of a former client and RPCs 1.8(b) and 1.9(c) for the lawyer's duties with respect to the use of such information to the disadvantage of clients and former clients.*

*[2] A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation. See RPC 1.0(e) for the definition of informed consent. This contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is upheld.*

*[3] The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work-product doctrine, and the rule of confidentiality established in professional ethics. The attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also Scope.*

*[3a] The requirement of maintaining confidentiality of information relating to representation applies to government lawyers who may disagree with the policy goals that their representation is designed to advance.*

*[3b] Information made confidential by this Rule does not include what a lawyer learns about the law, legal institutions such as courts and administrative agencies, and similar public matters in the course of representing clients. For example, during legal research of an issue while representing a client, a lawyer may discover a particularly important precedent, devise a novel legal approach, or learn the preferable way to frame an argument before a particular judge that is useful both in the immediate matter and in other representation. Such information is part of the general fund of information available to the lawyer.*

*[4] Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person. A disclosure of information in a way that cannot reasonably be linked to the client does not reveal information relating to the representation of a client in*

*violation of this Rule. For example, a lawyer's use of hypotheticals to discuss issues relating to the representation is permissible so long as there is no reasonable likelihood that the listener will be able to ascertain the identity of the client or the situation involved.*

*[4a] Unless there is a reasonable likelihood of adverse effect to the client, this Rule does not prohibit a lawyer from disclosing information relating to representation of a client for purposes of providing professional assistance to other lawyers, whether informally, as in educational conversations among lawyers, or more formally, as in continuing-legal-education lectures. Thus, a lawyer may generally confer with another lawyer (whether or not in the same firm) concerning an issue in which the disclosing lawyer has gained experience through representing a client in order to assist the other lawyer in representing that lawyer's own clients.*

### Authorized Disclosure

*[5] Except to the extent that the client's instructions or special circumstances limit that authority, a lawyer is impliedly authorized to make disclosures about a client when appropriate in carrying out the representation. In some situations, for example, a lawyer may be impliedly authorized to admit a fact that cannot properly be disputed or to make a disclosure that facilitates a satisfactory conclusion to a matter. Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers.*

### Disclosure Adverse to Client

*[6] Although the public interest is usually best served by a strict rule requiring lawyers to preserve the confidentiality of information relating to the representation of their clients, the confidentiality rule is subject to limited exceptions. For example, paragraph (b)(1) permits the lawyer to reveal information to the extent necessary to enable affected persons or appropriate authorities to prevent the client from committing a crime.*

*[7] Paragraph (b)(2) is another limited exception to the rule of confidentiality that permits disclosure to the extent necessary to prevent the client from perpetrating a fraud, as defined in RPC 1.0(d), but only if the fraud is reasonably certain to result in substantial injury to the financial or property interests of another and the client has used or is using the lawyer's services in furtherance of the fraud. Such a serious abuse of the client-lawyer relationship by the client forfeits the protection of this Rule. The client can, of course, prevent such disclosure by refraining from the wrongful conduct. Although paragraphs (b)(1) and (b)(2) do not require the lawyer to reveal the client's misconduct, the lawyer may not counsel or assist the client in conduct the lawyer knows is criminal or fraudulent. See RPC 1.2(d). See RPC 1.16 with respect to the lawyer's obligation or right to withdraw from the representation of the client in such circumstances, and RPC 1.13(c), which permits the lawyer, where the client is an organization, to reveal information relating to the representation in limited circumstances. In addition, where the client is an organization, the lawyer may be in doubt whether contemplated conduct will actually be carried out by the organization's constituents. Where necessary to guide conduct in connection with this Rule, the lawyer may make inquiry within the organization as indicated in RPC 1.13(b). RPC 3.3, rather than paragraphs (b)(1) and (b)(2) of this Rule, governs disclosure of a client's intention to commit perjury or other crimes in connection with an adjudicative proceeding.*

*[8] Paragraph (b)(3) addresses the situation in which a crime in furtherance of which a client has used a lawyer's services has been consummated. Although the client no longer has the option of preventing disclosure by refraining from the wrongful conduct, there will be situations in which the loss suffered by the affected person can be prevented, rectified or mitigated. In such situations, the lawyer may disclose information relating to the*

*representation to the extent necessary to enable the affected persons to prevent or mitigate reasonably certain losses or to attempt to recoup their losses. Paragraph (b)(3) does not apply when a person who has committed a crime or fraud thereafter employs a lawyer for representation concerning that offense.*

*[9] A lawyer's confidentiality obligations do not preclude a lawyer from securing confidential legal advice about the lawyer's personal responsibility to comply with these Rules. In most situations, disclosing information to secure such advice will be impliedly authorized for the lawyer to carry out the representation. Even when the disclosure is not impliedly authorized, paragraph (b)(4) permits such disclosure because of the importance of a lawyer's compliance with the Rules of Professional Conduct. For the protection of the client, such disclosures may be made only if they will be protected by the attorney-client privilege.*

*[10] Where a legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim brought by the lawyer involving the conduct or representation of a former client, such as when in-house counsel brings suit to redress his or her discharge from an organizational employer in retaliation for abiding by, or refusing to violate, a clear expression of public policy in the Rules of Professional Conduct. See also RPC 1.16, Comment [4]. Such a charge can arise in a civil, criminal, disciplinary, or other proceeding and can be based on a wrong allegedly committed by the lawyer against the client or on a wrong alleged by a third person, for example, a person claiming to have been defrauded by the lawyer and client acting together. The lawyer's right to respond arises when an assertion of such complicity has been made. Paragraph (b)(5) does not require the lawyer to await the commencement of an action or proceeding that charges such complicity, so that the defense may be established by responding directly to a third party who has made such an assertion. The right to defend also applies, of course, where a proceeding has been commenced. Where practicable and not prejudicial to the lawyer's ability to establish the defense, the lawyer should advise the client of the third party's assertion and request that the client respond appropriately.*

*[11] A lawyer entitled to a fee is permitted by paragraph (b)(5) to prove the services rendered in a proceeding to collect it. This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary.*

*[12] Other law may require that a lawyer disclose information about a client. Whether such a law supersedes RPC 1.6 is a question of law beyond the scope of these Rules. When disclosure of information relating to the representation appears to be required by other law, the lawyer must discuss the matter with the client to the extent required by RPC 1.4. If, however, the other law supersedes this Rule and requires disclosure, paragraph (c)(3) requires the lawyer to make such disclosures as are necessary to comply with the law.*

***Detection of Conflicts of Interest***

*[13] Paragraph (b)(6) recognizes that lawyers in different firms may need to disclose limited information to each other to detect and resolve conflicts of interest, such as when a lawyer is considering an association with another firm, two or more firms are considering a merger, or a lawyer is considering the purchase of a law practice. See RPC 1.17, Comment [7]. Under these circumstances, lawyers and law firms are permitted to disclose limited information, but only once substantive discussions regarding the new relationship have occurred. Any such disclosure should ordinarily include no more than the identity of the persons and entities involved in a matter, a brief summary of the general issues involved, and information about whether the matter has terminated. Even this limited information, however, should be disclosed only to the extent reasonably necessary to detect and resolve conflicts of interest that might arise from the possible new relationship. Moreover, the disclosure of any information is prohibited if it would compromise the attorney-client privilege or otherwise prejudice the client (e.g., the fact that a*

*corporate client is seeking advice on a corporate takeover that has not been publicly announced; that a person has consulted a lawyer about the possibility of divorce before the person's intentions are known to the person's spouse; or that a person has consulted a lawyer about a criminal investigation that has not led to a public charge). Under those circumstances, paragraph (a) prohibits disclosure unless the client or former client gives informed consent. A lawyer's fiduciary duty to the lawyer's firm may also govern a lawyer's conduct when exploring an association with another firm and is beyond the scope of these Rules.*

*[14] Any information disclosed pursuant to paragraph (b)(6) may be used or further disclosed only to the extent necessary to detect and resolve conflicts of interest. Paragraph (b)(6) does not restrict the use of information acquired by means of independent of any disclosure pursuant to paragraph (b)(6). Paragraph (b)(6) also does not affect the disclosure of information within a law firm when the disclosure is otherwise authorized, see Comment [5], such as when a lawyer in a firm discloses information to another lawyer in the same firm to detect and resolve conflicts of interest that could arise in connection with undertaking a new representation.*

*[15] Paragraph (b) permits disclosure only to the extent the lawyer reasonably believes the disclosure is necessary to accomplish one of the purposes specified. Where practicable, the lawyer should first seek to persuade the client to take suitable action to obviate the need for disclosure. In any case, a disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose. If the disclosure will be made in connection with a proceeding of a tribunal, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.*

*[16] Paragraph (b) permits but does not require the disclosure of information relating to a client's representation to accomplish the purposes specified in paragraphs (b)(1) through (b)(5). In exercising the discretion conferred by this Rule, the lawyer may consider such factors as the nature of the lawyer's relationship with the client and with those who might be injured by the client, the lawyer's own involvement in the transaction, and any other factors that may extenuate the conduct in question. A lawyer's decision not to disclose as permitted by paragraph (b) does not violate this Rule. Disclosure may be required, however, by other Rules. Some Rules require disclosure only if such disclosure would be permitted by paragraph (b). See, e.g., RPCs 8.1 and 8.3. RPC 3.3, on the other hand, requires disclosure in some circumstances regardless of whether such disclosure is permitted by this Rule. See RPC 3.3(h) and (i). Also, in some circumstances, RPCs 4.1(b) and (c) require disclosure of the lawyer's withdrawal from the representation of a client and disaffirmation of written materials prepared for the client.*

**Disclosure Otherwise Required or Authorized**

*[17a] Paragraph (c)(1) recognizes the overriding value of life and physical integrity and requires disclosure reasonably necessary to prevent reasonably certain death or substantial bodily harm. Substantial bodily harm includes life-threatening and debilitating illnesses and the consequences of child sexual abuse. Such harm is reasonably certain to occur if such injuries will be suffered imminently or if there is a present and substantial threat that a person will suffer such injuries at a later date if the lawyer fails to take action necessary to eliminate the threat. Thus, a lawyer who knows that a client has accidentally discharged toxic waste into a town's water supply must reveal this information to the authorities if there is a present and substantial risk that a person who drinks the water will contract a life-threatening or debilitating disease and the lawyer's disclosure is necessary to eliminate the threat or reduce the number of victims.*

*[17b] A lawyer might be called as a witness to give testimony concerning a client or might be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. Absent informed consent of the client to do*

*otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law. In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by RPC 1.4. Unless review is sought, however, paragraph (c)(2) permits the lawyer to comply with the court's order.*

### Acting Competently to Preserve Confidentiality

*[18] Paragraph (d) requires a lawyer to act competently to safeguard information relating to the representation of a client against unauthorized access by third parties and against inadvertent or unauthorized disclosure by the lawyer or other persons who are participating in the representation of the client or who are subject to the lawyer's supervision. See RPCs 1.1, 5.1, and 5.3. The unauthorized access to, or the inadvertent or unauthorized disclosure of information relating to the representation of a client does not constitute a violation of paragraph(d) if the lawyer has made reasonable efforts to prevent the access or disclosure. Factors to be considered in determining the reasonableness of the lawyer's efforts include, but are not limited to, the sensitivity of the information, the likelihood of disclosure if additional safeguards are not employed, the cost of employing additional safeguards, the difficulty of implementing the safeguards, and the extent to which the safeguards adversely affect the lawyer's ability to represent clients (e.g., by making a device or important piece of software excessively difficult to use). A client may require the lawyer to implement special security measures not required by this Rule or may give informed consent to forgo security measures that would otherwise be required by this Rule. Whether a lawyer may be required to take additional steps to safeguard a client's information in order to comply with other law, such as state and federal laws that govern data privacy or that impose notification requirements upon the loss of, or unauthorized access to, electronic information, is beyond the scope of these Rules. For a lawyer's duties when sharing information with nonlawyers outside the lawyer's own firm, see RPC 5.3, Comments [3]-[4].*

*[19] When transmitting a communication that includes information relating to the representation of a client, the lawyer must take reasonable precautions to prevent the information from coming into the hands of unintended recipients. This duty, however, does not require that the lawyer use special security measures if the method of communication affords a reasonable expectation of privacy. Special circumstances, however, may warrant special precautions. Factors to be considered in determining the reasonableness of the lawyer's expectation of confidentiality include the sensitivity of the information and the extent to which the privacy of the communication is protected by law or by a confidentiality agreement. A client may require the lawyer to implement special security measures not required by this Rule or may give informed consent to the use of a means of communication that would otherwise be prohibited by this Rule. Whether a lawyer may be required to take additional steps in order to comply with other law, such as state and federal laws that govern data privacy, is beyond the scope of these Rules.*

### Former Client

*[20] The duty of confidentiality continues after the client-lawyer relationship has terminated. See RPC 1.9(c). See RPC 1.9(c) for the prohibition against using such information to the disadvantage of the former client.*

*DEFINITIONAL CROSS-REFERENCES "Fraud" See RPC 1.0(d) "Informed consent" See RPC 1.0(e) "Reasonably" See RPC 1.0(h) "Reasonably Believes" See RPC 1.0(i) "Substantial" See RPC 1.0(l) "Tribunal" See RPC 1.0(m)*

# Tenn. R. Sup. Ct. 2.1

Rule 2.1 - Giving Precedence to the Duties of Judicial Office

The duties of judicial office, as prescribed by law, shall take precedence over a judge's personal and extrajudicial activities.

*Tenn. R. Sup. Ct. 2.1*

**Comment**

*[1] To ensure that judges are available to fulfill their judicial duties, judges must conduct their personal and extrajudicial activities to minimize the risk of conflicts that would result in frequent disqualification. See Canon 3.*

*[2] Although it is not a duty of judicial office unless prescribed by law, judges are encouraged to participate in activities that promote public understanding of and confidence in the justice system.*

*[3] With respect to time devoted to personal and extrajudicial activities, this Rule must be construed in a reasonable manner. Family obligations, illnesses, emergencies, and permissible extrajudicial activities may require a judge's immediate attention. Attending to those obligations and situations, temporary in nature, is not prohibited by this Rule.*

https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf
Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

# Tenn. R. Sup. Ct. 2.12

Rule 2.12 - Supervisory Duties

**(A)** A judge shall require court staff, court officials, and others subject to the judge's direction and control to act in a manner consistent with the judge's obligations under this Code.

**(B)** A judge with supervisory authority for the performance of other judges shall take reasonable measures to ensure that those judges properly discharge their judicial responsibilities, including the prompt disposition of matters before them.

*Tenn. R. Sup. Ct. 2.12*

*Comment*

*[1] A judge is responsible for his or her own conduct and for the conduct of others, such as staff, when those persons are acting at the judge's direction or control. A judge may not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when such conduct would violate the Code if undertaken by the judge.*

*[2] Public confidence in the judicial system depends upon timely justice. To promote the efficient administration of justice, a judge with supervisory authority must take the steps needed to ensure that judges under his or her supervision administer their workloads promptly. For further guidance on supervisory duties, see Tennessee Code Annotated section 16-2-509(b) (duties of the presiding judge) and other applicable laws, such as Metropolitan Nashville Charter § 14.09A.*

# Tenn. R. Sup. Ct. 2.15

Rule 2.15 - Responding to Judicial and Lawyer Misconduct

**(A)** A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects shall inform the appropriate authority.

**(B)** A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.

**(C)** A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action.

**(D)** A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action.

*Tenn. R. Sup. Ct. 2.15*

*Comment*

*[1] Taking action to address known misconduct is a judge's obligation. Paragraphs (A) and (B) impose an obligation on the judge to report to the appropriate disciplinary authority the known misconduct of another judge or a lawyer that raises a substantial question regarding the honesty, trustworthiness, or fitness of that judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession undermines a judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary must vigorously endeavor to prevent.*

*[2] A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, but receives information indicating a substantial likelihood of such misconduct, is required to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.*

# Tenn. R. Sup. Ct. 2.2

Rule 2.2 - Impartiality and Fairness

A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.

*Tenn. R. Sup. Ct. 2.2*

**Comment**

*[1] To ensure impartiality and fairness to all parties, a judge must be objective and open-minded.*

*[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.*

*[3] When applying and interpreting the law, a judge sometimes may make good-faith errors of fact or law. Errors of this kind do not violate this Rule.*

*[4] It is not a violation of this Rule for a judge to make reasonable accommodations to ensure self-represented litigants the opportunity to have their matters fairly heard.*

# Tenn. R. Sup. Ct. 2.3

Rule 2.3 - Bias, Prejudice, and Harassment

**(A)** A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.

**(B)** A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.

**(C)** A judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice, or engaging in harassment, based upon attributes including but not limited to race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, against parties, witnesses, lawyers, or others.

**(D)** The restrictions of paragraphs (B) and (C) do not preclude judges or lawyers from making legitimate reference to the listed factors, or similar factors, when they are relevant to an issue in a proceeding.

*Tenn. R. Sup. Ct. 2.3*

***Comment***

*[1] A judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute.*

*[2] Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey to parties and lawyers in the proceeding, jurors, the media, and others an appearance of bias or prejudice. A judge must avoid conduct that may reasonably be perceived as prejudiced or biased.*

*[3] Harassment, as referred to in paragraphs (B) and (C), is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation.*

*[4] Sexual harassment includes but is not limited to sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome.*

# Tenn. R. Sup. Ct. 2.4

Rule 2.4 - External Influences on Judicial Conduct

**(A)** A judge shall not be swayed by partisan interests, public clamor or fear of criticism.
**(B)** A judge shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment.
**(C)** A judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge.

*Tenn. R. Sup. Ct. 2.4*

*Comment*

*[1] An independent judiciary requires that judges decide cases according to the law and facts, without regard to whether particular laws or litigants are popular or unpopular with the public, the media, government officials, or the judge's friends or family. Confidence in the judiciary is eroded if judicial decision making is perceived to be subject to inappropriate outside influences.*

# Tenn. R. Sup. Ct. 2.6

Rule 2.6 - Ensuring the Right to Be Heard

**(A)** A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.
**(B)** A judge may encourage settlement of disputed matters in a proceeding but shall not act in a manner that coerces any party into settlement. A judge who participates in a judicial settlement conference shall not preside over the trial or any other contested issue in that matter.

*Tenn. R. Sup. Ct. 2.6*

**Comment**

*[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed.*

*[2] If a judge participates in the settlement of disputes, he or she should be careful that efforts to further settlement do not undermine any party's right to be heard according to law. Among the factors that a judge should consider when deciding upon an appropriate settlement practice for a case are (1) whether the parties have requested or voluntarily consented to a certain level of participation by the judge in settlement discussions, (2) whether the parties and their counsel are relatively sophisticated in legal matters, (3) whether the case will be tried by the judge or a jury, (4) whether the parties participate with their counsel in settlement discussions, (5) whether any parties are unrepresented by counsel, and (6) whether the matter is civil or criminal.*

*[3] Information obtained by a judge during a judicial settlement conference is not subject to the safeguards of the rules of evidence and procedure and may place the trial judge in an untenable position as to the motions for new trial; judgment notwithstanding the verdict; additurs and remittiturs; credibility determinations; or other issues in which the judge may not be able to ignore facts that he or she learned during the settlement proceeding. Therefore, it is not appropriate for the same judge to participate in a judicial settlement conference and, if such proceeding does not result in the resolution of the matter, to subsequently preside over the trial of the same matter or participate in any other contested issue in that matter. See also RJC 2.11(A)(6).*

*[4] A judicial settlement conference, as discussed in this Rule, is a mediation conducted by a judicial officer as defined in Tenn. Sup. Ct. Rule 31. A judicial settlement conference does not include scheduling conferences or other pretrial conferences. See, e.g., Tenn. R. Civ. P. 16 and Tenn. R. Crim. P. 17.1.*

# Tenn. R. Sup. Ct. 2.9

Rule 2.9 - Ex Parte Communications

**(A)** A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter, except as follows:

**(1)** When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:

**(a)** the judge reasonably believes that no party will gain procedural, substantive, or tactical advantage as a result of the ex parte communication; and

**(b)** the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.

**(2)** A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge, if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties a reasonable opportunity to respond to the advice received.

**(3)** A judge may consult with court staff and court officials whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility personally to decide the matter.

**(4)** [Intentionally omitted]

**(5)** A judge may initiate, permit, or consider any ex parte communication when expressly authorized by law to do so.

**(B)** If a judge receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond.

**(C)** A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed.

**(D)** A judge shall make reasonable efforts, including providing appropriate supervision, to ensure that this Rule is not violated by court staff, court officials, and others subject to the judge's direction and control.

*Tenn. R. Sup. Ct. 2.9*

**Comment**

*[1] To the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge.*

*A judge may also direct judicial staff, without invoking the notice and disclosure provisions of this Rule, to screen written ex parte communications and to take appropriate action consistent with this Rule.*

*[2] Whenever the presence of a party or notice to a party is required by this Rule, it is the party's lawyer, or if the party is unrepresented, the party, who is to be present or to whom notice is to be given.*

*[3] The proscription against communications concerning a proceeding includes communications with lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted by this Rule.*

*[4] A judge may initiate, permit, or consider ex parte communications authorized by law. When serving on a therapeutic or problem-solving court, including but not limited to a mental health court, a drug recovery court, a veteran's court, or a behavioral health recovery oriented compliance docket, judges may assume a more interactive role with parties, treatment providers, probation officers, social workers, and others. However, if this ex parte communication becomes an issue at a subsequent adjudicatory proceeding in which the judge is presiding, the judge shall either (1) disqualify himself or herself if the judge gained personal knowledge of disputed facts under RJC 2.11(A)(1) or the judge's impartiality might reasonably be questioned under RJC 2.11(A) or (2) make disclosure of such communications subject to the waiver provisions of RJC 2.11(C).*

*[5] A judge may consult with other judges on pending matters, but must avoid ex parte discussions of a case with judges who have previously been disqualified from hearing the matter, and with judges who have appellate jurisdiction over the matter.*

*[6] The prohibition against a judge investigating the facts in a matter extends to information available in all mediums, including electronic.*

*[7] A judge may consult ethics advisory committees, outside counsel, or legal experts concerning the judge's compliance with this Code. Such consultations are not subject to the restrictions of paragraph (A)(2).*

# Tenn. R. Sup. Ct. 3.3

Rule 3.3 - Candor Toward the Tribunal

**(a)** A lawyer shall not knowingly:

  **(1)** make a false statement of fact or law to a tribunal; or

  **(2)** fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

  **(3)** in an ex parte proceeding, fail to inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

**(b)** A lawyer shall not offer evidence the lawyer knows to be false, except that a lawyer who represents a defendant in a criminal proceeding, and who has been denied permission to withdraw from the defendant's representation after compliance with paragraph (f), may allow the client to testify by way of an undirected narrative or take such other action as is necessary to honor the defendant's constitutional rights in connection with the proceeding.

**(c)** A lawyer shall not affirm the validity of, or otherwise use, any evidence the lawyer knows to be false.

**(d)** A lawyer may refuse to offer or use evidence, other than the testimony of a client who is a defendant in a criminal matter, that the lawyer reasonably believes is false, misleading, fraudulent or illegally obtained.

**(e)** If a lawyer knows that the lawyer's client intends to perpetrate a fraud upon the tribunal or otherwise commit an offense against the administration of justice in connection with the proceeding, including improper conduct toward a juror or a member of the jury pool, or comes to know, prior to the conclusion of the proceeding, that the client has, during the course of the lawyer's representation, perpetrated such a crime or fraud, the lawyer shall advise the client to refrain from, or to disclose or otherwise rectify, the crime or fraud and shall discuss with the client the consequences of the client's failure to do so.

**(f)** If a lawyer, after discussion with the client as required by paragraph (e), knows that the client still intends to perpetrate the crime or fraud, or refuses or is unable to disclose or otherwise rectify the crime or fraud, the lawyer shall seek permission of the tribunal to withdraw from the representation of the client and shall inform the tribunal, without further disclosure of information protected by RPC 1.6, that the lawyer's request to withdraw is required by the Rules of Professional Conduct.

**(g)** A lawyer who, prior to conclusion of the proceeding, comes to know that the lawyer has offered false tangible or documentary evidence shall withdraw or disaffirm such evidence without further disclosure of information protected by RPC 1.6.

**(h)** A lawyer who, prior to the conclusion of the proceeding, comes to know that a person other than the client has perpetrated a fraud upon the tribunal or otherwise committed an offense against the administration of justice in connection with the proceeding, and in which the lawyer's client was not implicated, shall promptly report the improper conduct to the

tribunal, even if so doing requires the disclosure of information otherwise protected by RPC 1.6.

**(i)** A lawyer who, prior to conclusion of the proceeding, comes to know of improper conduct by or toward a juror or a member of the jury pool shall report the improper conduct to the tribunal, even if so doing requires the disclosure of information otherwise protected by RPC 1.6.

**(j)** If, in response to a lawyer's request to withdraw from the representation of the client or the lawyer's report of a perjury, fraud, or offense against the administration of justice by a person other than the lawyer's client, a tribunal requests additional information that the lawyer can only provide by disclosing information protected by RPC 1.6 or 1.9(c), the lawyer shall comply with the request, but only if finally ordered to do so by the tribunal after the lawyer has asserted on behalf of the client all non-frivolous claims that the information sought by the tribunal is protected by the attorney-client privilege.

*Tenn. R. Sup. Ct. 3.3*

*Comment*

*[1] This Rule governs the conduct of a lawyer who is representing a client in connection with the proceedings of a tribunal, such as a court or an administrative agency acting in an adjudicative capacity. It applies not only when the lawyer appears before the tribunal, but also when the lawyer participates in activities conducted pursuant to the tribunal's authority, such as pre-trial discovery in a civil matter.*

*[2] The advocate's task is to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate's duty to refrain from assisting a client to perpetrate a fraud upon the tribunal. However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value.*

*Representations by a Lawyer*

*[3] An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer. Compare RPC 3.1. However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in RPC 1.2(d) not to counsel a client to commit, or assist the client in committing a fraud, applies in litigation. Regarding compliance with RPC 1.2(d), see the Comment to that Rule and also Comments [1] and [7] to RPC 8.4.*

*Misleading Legal Argument*

*[4] Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(2), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.*

*Ex Parte Proceedings*

*[5] Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in an ex parte proceeding, such as an application for a temporary restraining order or one conducted pursuant to RPC 1.7(c), there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. As provided in paragraph (a)(3), the lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.*

**Refusing to Offer or Use False Evidence**

*[6] When evidence that a lawyer knows to be false is provided by a person who is not the client, the lawyer must refuse to offer it regardless of the client's wishes. The lawyer must similarly refuse to offer a client's testimony that the lawyer knows to be false, except that paragraph (b) permits the lawyer to allow a criminal defendant to testify by way of narrative if the lawyer's request to withdraw, as required by paragraph (f), is denied. Paragraph (c) precludes a lawyer from affirming the validity of, or otherwise using, any evidence the lawyer knows to be false, including the narrative testimony of a criminal defendant.*

*[7] As provided in paragraph (d), a lawyer has authority to refuse to offer or use testimony or other proof that the lawyer believes is untrustworthy. Offering such proof may reflect adversely on the lawyer's ability to discriminate in the quality of evidence and thus impair the lawyer's effectiveness as an advocate. Because of the special protections historically provided criminal defendants, however, this Rule does not permit a lawyer to refuse to offer or use the testimony of such a client because the lawyer reasonably believes the testimony to be false. Unless the lawyer knows the testimony will be false, the lawyer must honor the client's decision to testify.*

**Wrongdoing in Adjudicative Proceedings by Clients and Others**

*[8] A lawyer who is representing a client in an adjudicative proceeding and comes to know prior to the completion of the proceeding that the client has perpetrated a fraud or committed perjury or another offense against the administration of justice, or intends to do so before the end of the proceeding, is in a difficult position in which the lawyer must strike a professionally responsible balance between the lawyer's duties of loyalty and confidentiality owed to the client and the equally important duty of the lawyer to avoid assisting the client with the consummation of the fraud or perjury. In all such cases, paragraph (e) requires the lawyer to advise the client to desist from or to rectify the crime or fraud and inform the client of the consequences of a failure to do so. The hard questions come in those rare cases in which the client refuses to reveal the misconduct and prohibits the lawyer from doing so.*

*[9] Paragraph (f) sets forth the lawyer's responsibilities in situations in which the lawyer's client is implicated in the misconduct. In these situations, the Rules do not permit the lawyer to report the client's offense. Confidentiality under RPC 1.6 prevails over the lawyer's duty of candor to the tribunal. Only if the client is implicated in misconduct by or toward a juror or a member of the jury pool does the lawyer's duty of candor to the tribunal prevail over confidentiality. See paragraph (i).*

*[10] Although the lawyer may not reveal the client's misconduct, the lawyer must not voluntarily continue to represent the client, for to do so without disclosure of the misconduct would assist the client to consummate the offense. The Rule, therefore, requires the lawyer to seek permission of the tribunal to withdraw from the representation of the client. To increase the likelihood that the tribunal will permit the lawyer to withdraw, the lawyer is also required to inform the tribunal that the request for permission to withdraw is required by the Rules of Professional Conduct. This statement also serves to advise the tribunal that something is amiss without providing*

the tribunal with any of the information related to the representation that is protected by RPC 1.6. These Rules, therefore, are intended to preserve confidentiality while requiring the lawyer to act so as not to assist the client with the consummation of the fraud. This reflects a judgment that the legal system will be best served by rules that encourage clients to confide in their lawyers, who in turn will advise them to rectify the fraud. Many, if not most, clients will abide by their lawyer's advice, particularly if the lawyer spells out the consequences of failing to do so. At the same time, our legal system and profession cannot permit lawyers to assist clients who refuse to follow their advice and insist on consummating an ongoing fraud.

[11] Once the lawyer has made a request for permission to withdraw, the tribunal may grant or deny the request to withdraw without further inquiry or may seek more information from the lawyer about the reasons for the lawyer's request. If the judge seeks more information, the lawyer must resist disclosure of information protected by RPC 1.6, but only to the extent that the lawyer may do so in compliance with RPC 3.1. If the lawyer cannot make a non-frivolous argument that the information sought by the tribunal is protected by the attorney-client privilege, the lawyer must respond truthfully to the inquiry. If, however, there is a non-frivolous argument that the information sought is privileged, paragraph (h) requires the lawyer to invoke the privilege. Whether to seek an interlocutory appeal from an adverse decision with respect to the claim of privilege is governed by RPCs 1.2 and 3.1.

[12] If a lawyer is required to seek permission from a tribunal to withdraw from the representation of a client in either a civil or criminal proceeding because the client has refused to rectify a perjury or fraud, it is ultimately the responsibility of the tribunal to determine whether the lawyer will be permitted to withdraw from the representation. In a criminal proceeding, however, a decision to permit the lawyer's withdrawal may implicate the constitutional rights of the accused and may even have the effect of precluding further prosecution of the client. Notwithstanding this possibility, the lawyer must seek permission to withdraw, leaving it to the prosecutor to object to the request and to the tribunal to ultimately determine whether withdrawal is permitted. If permission to withdraw is not granted, the lawyer must continue to represent the client, but cannot assist the client in consummating the fraud or perjury by directly or indirectly using the perjured testimony or false evidence during the current or any subsequent stage of the proceeding. A defense lawyer who complies with these rules acts professionally without regard to the effect of the lawyer's compliance on the outcome of the proceeding.

**False Documentary or Tangible Evidence**

[13] If a lawyer comes to know that tangible items or documents that the lawyer has previously offered into evidence have been altered or falsified, paragraph (g) requires that the lawyer withdraw or disaffirm the evidence, but does not otherwise permit disclosure of information protected by RPC 1.6. Because disaffirmance, like withdrawal, can be accomplished without disclosure of information protected by RPC 1.6, it is required when necessary for the lawyer to avoid assisting a fraud on the tribunal.

**Crimes or Frauds by Persons Other than the Client**

[14] Paragraph (h) applies if the lawyer comes to know that a person other than the client has engaged in misconduct in connection with the proceeding. Upon learning prior to the completion of the proceeding that such misconduct has occurred, the lawyer is required by paragraph (e) to promptly reveal the offense to the tribunal. The client's interest in protecting the wrongdoer is not sufficiently important as to override the lawyer's duty of candor to the court and to take affirmative steps to prevent the administration of justice from being tainted by perjury, fraud, or other improper conduct.

**Misconduct By or Toward Jurors or Members of Jury Pool**

Case 3:24-cv-01282    Document 41    Filed 03/25/24    Page 28 of 39 PageID #: 3597
https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

*[15] Because jury tampering undermines the institutional mechanism that our adversary system of justice uses to determine the truth or falsity of testimony or evidence, paragraph (i) requires a lawyer who learns prior to the completion of the proceeding that there has been misconduct by or directed toward a juror or prospective juror must reveal the misconduct and the identity of the perpetrator to the tribunal, even if so doing requires disclosure of information protected by RPC 1.6. Paragraph (i) does not require that the lawyer seek permission to withdraw from the further representation of the client in the proceeding, but in cases in which the client is implicated in the jury tampering, the lawyer's continued representation of the client may violate RPC 1.7. RPC 1.16(a)(1) would then require the lawyer to seek permission to withdraw from the case.*

**Crime or Fraud Discovered After Conclusion of Proceeding**

*[16] In cases in which the lawyer learns of the client's misconduct after the termination of the proceeding in which the misconduct occurred, the lawyer is prohibited from reporting the client's misconduct to the tribunal. Even though the lawyer may have innocently assisted the client to perpetrate the offense, the lawyer should treat this information as the lawyer would treat information with respect to any past crime a client might have committed. The client's offense will be deemed completed as of the conclusion of the proceeding. An offense that occurs at an earlier stage in the proceeding will be deemed an ongoing offense until the final stage of the proceeding is completed. A proceeding has concluded within the meaning of this Rule when a final judgment in the proceeding has been affirmed on appeal or the time for an appeal has passed.*

**Constitutional Requirements**

*[17] These Rules apply to defense counsel in criminal cases, as well as in other instances. However, the definition of the lawyer's ethical duty in such a situation may be qualified by constitutional provisions for due process and the right to counsel in criminal cases. The obligation of the advocate under these Rules is subordinate to any such constitutional requirement.*

*DEFINITIONAL CROSS-REFERENCES "Fraud" and "fraudulent" See RPC 1.0(d) "Knowingly," "known," and "knows" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonably believes" See RPC 1.0(i)"Tribunal" See RPC 1.0(m)*

# Tenn. R. Sup. Ct. 3.4

### Rule 3.4 - Fairness to Opposing Party and Counsel

A lawyer shall not:

**(a)** unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; or

**(b)** falsify evidence, counsel or assist a witness to offer false or misleading testimony; or

**(c)** knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; or

**(d)** in pretrial procedure, make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party; or

**(e)** in trial,

  **(1)** allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence; or

  **(2)** assert personal knowledge of facts in issue except when testifying as a witness; or

  **(3)** state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

**(f)** request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

  **(1)** the person is a relative or an employee or other agent of a client; and

  **(2)** the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information; or

**(g)** request or assist any person to take action that will render the person unavailable to appear as a witness by way of deposition or at trial; or

**(h)** offer an inducement to a witness that is prohibited by law; or pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent on the content of his or her testimony or the outcome of the case. A lawyer may advance, guarantee, or acquiesce in the payment of:

  **(1)** expenses reasonably incurred by a witness in attending or testifying;

  **(2)** reasonable compensation to a witness for that witness's loss of time in attending or testifying; or

  **(3)** a reasonable fee for the professional services of an expert witness.

*Tenn. R. Sup. Ct. 3.4*

**Comment**

[1] The procedure of the adversary system contemplates that the evidence in a case is to be marshaled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.

[2] Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed, or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for the purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Paragraph (a) applies to evidentiary material generally, including computerized information. Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter or destroy material characteristics of the evidence. In such a case, applicable law may require the lawyer to turn the evidence over to the police or other prosecuting authority, depending on the circumstances.

[3] Although paragraph (f) broadly prohibits lawyers from taking extrajudicial action to impede informal fact-gathering, it does permit the lawyer to request that the lawyer's client, and relatives, employees, or agents of the client, refrain from voluntarily giving information to another party. This principle follows because such relatives and employees will normally identify their interests with those of the client. See also RPC 4.2.

[4] With regard to paragraph (h), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

DEFINITIONAL CROSS-REFERENCES "Knowingly" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonable" and "reasonably" See RPC 1.0(h) "Reasonably believes" See RPC 1.0(i) "Tribunal" See RPC 1.0(m)

# Tenn. R. Sup. Ct. 3.5

Rule 3.5 - Impartiality and Decorum of The Tribunal

A lawyer shall not:

**(a)** seek to influence a judge, juror, prospective juror, or other official by means prohibited by law;

**(b)** communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;

**(c)** communicate with a juror or prospective juror after discharge of the jury if:

  **(1)** the communication is prohibited by law or court order;

  **(2)** the juror has made known to the lawyer a desire not to communicate; or

  **(3)** the communication involves misrepresentation, coercion, duress, or harassment;

**(d)** conduct a vexatious or harassing investigation of a juror or prospective juror; or

**(e)** engage in conduct intended to disrupt a tribunal.

*Tenn. R. Sup. Ct. 3.5*

*Comment*

*[1] Many forms of improper influence upon a tribunal are proscribed by criminal law. Others are specified in the Tennessee Code of Judicial Conduct, with which an advocate should be familiar. A lawyer is required to avoid contributing to a violation of such provisions. For example, a lawyer shall not give or lend anything of value to a judge, judicial officer, or employee of a tribunal, except as permitted by RJC 3.13 of the Code of Judicial Conduct. A lawyer, however, may make a contribution to the campaign fund of a candidate for judicial office in conformity with RJC 4.4 of the Code of Judicial Conduct.*

*[2] During a proceeding a lawyer may not communicate ex parte with persons serving in an official capacity in the proceeding, such as judges, masters or jurors, unless authorized to do so by law or court order. Unless such a communication is otherwise prohibited by law or court order, paragraph (b) of this Rule would not prohibit a lawyer from communicating with a judge on the merits of the cause in writing if the lawyer promptly delivers a copy of the writing to opposing counsel and to parties who are not represented by counsel because that would not be an ex parte communication.*

*[3] Paragraph (b) also does not prohibit a lawyer from communicating with a judge in an ex parte hearing to establish the absence of a conflict of interest under RPC 1.7(c). In such proceedings, the lawyer is of course bound by the duty of candor in RPC 3.3(a)(3).*

*[4] A lawyer may on occasion want to communicate with a juror or prospective juror after the jury has been discharged. The lawyer may do so unless the communication is prohibited by law or a court order entered in the case or by a federal court rule, but must respect the desire of the juror not to talk with the lawyer. The lawyer may not engage in improper conduct during the communication. As the Court stated in State v. Thomas. 813 S.W. 2d. 395 (Tenn. 1991): "After the trial, communication by a lawyer with jurors is permitted so long as he [or she] refrains from asking questions or making comments that tend to harass or embarrass the juror or to influence actions of the juror in future cases. Were a lawyer to be prohibited from communicating after trial with a juror, he [or she] could*

not ascertain if the verdict might be subject to legal challenge, in which event the invalidity of a verdict might go undetected." Id. (quoting Tenn. Sup. Ct. R. 8, EC 7-291 ). The Court went on to state in Thomas that "Rule 8 therefore allows post-trial interviews by Counsel with jurors on these matters without the prior approval of the trial court." Id. at 396. Although the Court's analysis in Thomas was based on an earlier version of Rule 8 (i.e., the Code of Professional Responsibility), the foregoing principles quoted from Thomas remain valid in the context of RPC 3.5.

[4a] A communication with, or an investigation of, the spouse, child, parent, or sibling of a juror or prospective juror will be deemed a communication with or an investigation of the juror or prospective juror.

[5] The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge, but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review, and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

[6] The duty to refrain from disruptive conduct applies to any proceeding of a tribunal, including a deposition. See RPC 1.0(m).

DEFINITIONAL CROSS-REFERENCES "Known" See RPC 1.0(f) "Tribunal" See RPC 1.0(m)

# Tenn. R. Sup. Ct. 4.1

Rule 4.1 - Truthfulness in Statements to Others

**(a)** In the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person.

**(b)** If, in the course of representing a client in a nonadjudicative matter, a lawyer knows that the client intends to perpetrate a crime or fraud, the lawyer shall promptly advise the client to refrain from doing so and shall discuss with the client the consequences of the client's conduct. If after such discussion, the lawyer knows that the client still intends to engage in the wrongful conduct, the lawyer shall:

  **(1)** withdraw from the representation of the client in the matter; and

  **(2)** give notice of the withdrawal to any person who the lawyer knows is aware of the lawyer's representation of the client in the matter and whose financial or property interests are likely to be injured by the client's criminal or fraudulent conduct. The lawyer shall also give notice to any such person of the lawyer's disaffirmance of any written statements, opinions, or other material prepared by the lawyer on behalf of the client and which the lawyer reasonably believes may be used by the client in furtherance of the crime or fraud.

**(c)** If a lawyer who is representing or has represented a client in a nonadjudicative matter comes to know, prior to the conclusion of the matter, that the client has, during the course of the lawyer's representation of the client, perpetrated a crime or fraud, the lawyer shall promptly advise the client to rectify the crime or fraud and discuss with the client the consequences of the client's failure to do so. If the client refuses or is unable to rectify the crime or fraud, the lawyer shall:

  **(1)** if currently representing the client in the matter, withdraw from the representation and give notice of the withdrawal to any person whom the lawyer knows is aware of the lawyer's representation of the client in the matter and whose financial or property interests are likely to be injured by the client's criminal or fraudulent conduct; and

  **(2)** give notice to any such person of the lawyer's disaffirmance of any written statements, opinions, or other material prepared by the lawyer on behalf of the client and that the lawyer reasonably believes may be used by the client in furtherance of the crime or fraud.

*Tenn. R. Sup. Ct. 4.1*

*Comment*

*Misrepresentation*

*[1] A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts or law. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by*

*partially true but misleading statements or omissions that are the equivalent of affirmative false statements.* For dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client, see RPC 8.4.

**Statements of Fact**

[2] This Rule refers to statements of fact. Whether a particular statement should be regarded as one of fact can depend on the circumstances. Under generally accepted conventions in negotiation, certain types of statements ordinarily are not taken as statements of material fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are ordinarily in this category, as is the existence of an undisclosed principal except where nondisclosure of the principal would constitute fraud. Lawyers should be mindful of their obligations under applicable law to avoid criminal and tortious misrepresentation.

**Crime or Fraud by Client**

[3] Paragraphs (b) and (c) provide guidance for lawyers who discover that a client intends to or is engaging in criminal or fraudulent conduct, and in some cases may even have used the lawyer's services to assist them commit the crime or fraud. To avoid assisting the client with the crime or fraud, the lawyer must advise the client to refrain from or to rectify the consequences of the criminal or fraudulent act. If the client refuses or is unable to do so, the lawyer must withdraw from the representation of the client in the matter. Additionally, this Rule mandates limited disclosures - notice of withdrawal or disaffirmance of written work product - in circumstances in which such disclosure is necessary for the lawyer to prevent the client from using the lawyer's services in furtherance of the crime or fraud. To this limited extent, then, this Rule overrides the lawyer's duties in RPCs 1.6, 1.8(b), and 1.9(c) prohibiting disclosure or use to the disadvantage of the client of information relating to the representation. Other than the disclosure mandated by this Rule, however, the lawyer must not reveal information relating to the representation unless permitted to do so by RPC 1.6.

[4] If a lawyer learns that a client intends to commit a crime or fraud under circumstances in which the lawyer will not assist the offense by remaining silent, paragraph (b) requires remonstration with the client against the crime or fraud and requires withdrawal if the client does not desist from the course of conduct in question. Although the lawyer is not required to reveal the client's intended or ongoing fraud, the lawyer is required to communicate the fact that he or she has withdrawn from the representation of the client to any person who the lawyer reasonably believes knows of the lawyer's involvement in the matter and whose financial or property interests are likely to be damaged by the client's intended or ongoing misconduct. This communication is necessary to fully distance the lawyer from the client's misconduct. If the client's intended conduct is a crime, full disclosure of the crime is permitted by RPC 1.6(b), but such disclosure is not required by paragraph (b) of this Rule.

[5] In some cases, a lawyer will learn about a client's crime or fraud after he or she has innocently prepared and submitted statements, opinions, or other materials to third parties who will be adversely affected if the client persists with his or her misconduct. If the lawyer was misled by the client, some of these statements, opinions or materials may be false or misleading. Even though accurate, they may be necessary for the accomplishment of the client's crime or fraud. This presents the lawyer with a dilemma. Without the consent of the client, the lawyer may not correct the statements, opinions, or materials. That would violate the prohibition against revealing information related to the representation of the client. Yet to do nothing would allow the client to use the lawyer's work in the client's ongoing effort to consummate the fraud. To resolve this dilemma, paragraphs (b) and (c) do not require disclosure of the crime or fraud but only require that the lawyer effectively disengage from the crime or fraud by giving notice to affected persons of the lawyer's disaffirmance of the lawyer's work product that the lawyer reasonably believes may be used by the client in furtherance of the crime or fraud. See RPC 1.6(b)(1) and (2) for the

circumstances in which the lawyer is permitted to reveal information for the purposes of preventing the client's crime or fraud, and RPC 1.6(b)(3) for the circumstances in which a lawyer may reveal a client's crime or fraud for the purpose of preventing, rectifying or mitigating its consequences. See RPC 1.6(c)(1) for the circumstances in which the lawyer is required to reveal information for the purpose of preventing reasonably certain death or substantial bodily harm.

[6] This Rule does not apply if the lawyer learns of the client's crime or fraud after the lawyer's representation in the matter is concluded. In such circumstances, the lawyer must comply with RPCs 1.6, 1.8(b), and 1.9(c) and may not make any disclosures concerning the client's crime or fraud, unless permitted or required to do so by those Rules. See, e.g., RPC 1.6(b)(3) (permitting disclosure to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services); RPC 1.6(b)(4) (permitting disclosures to secure legal advice about compliance with these Rules); RPC 1.6(b)(5) (permitting disclosures to establish a defense to an allegation of misconduct); and RPC 1.6(c)(1) (requiring disclosure to prevent reasonably certain death or substantial bodily harm.

DEFINITIONAL CROSS-REFERENCES "Fraud" and fraudulent" See RPC 1.0(d) "Knowingly" and "knows" See RPC 1.0(f) "Material" See RPC 1.0(o) "Reasonably believes" See RPC 1.0(i)

# Tenn. R. Sup. Ct. 8.3

Rule 8.3 - REPORTING PROFESSIONAL MISCONDUCT

**(a)** A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, shall inform the Disciplinary Counsel of the Board of Professional Responsibility.

**(b)** A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the Disciplinary Counsel of the Board of Judicial Conduct.

**(c)** This Rule does not require disclosure of information otherwise protected by RPC 1.6 or information gained by a lawyer or judge while serving as a member of a lawyer assistance program approved by the Supreme Court of Tennessee or by the Board of Professional Responsibility.

*Tenn. R. Sup. Ct. 8.3*

**Comment**

*[1] Self-regulation of the legal profession requires that members of the profession initiate disciplinary investigation when they know of a violation of the Rules of Professional Conduct. Lawyers have a similar obligation with respect to judicial misconduct. An apparently isolated violation may indicate a pattern of misconduct that only a disciplinary investigation can uncover. Reporting a violation is especially important where the victim is unlikely to discover the offense.*

*[2] A report about misconduct is not required where it would involve violation of RPC 1.6. However, a lawyer should encourage a client to consent to disclosure where prosecution would not substantially prejudice the client's interests.*

*[3] If a lawyer were obliged to report every violation of the Rules, the failure to report any violation would itself be a professional offense. Such a requirement existed in many jurisdictions but proved to be unenforceable. This Rule limits the reporting obligation to those offenses that a self-regulating profession must vigorously endeavor to prevent. A measure of judgment is, therefore, required in complying with the provisions of this Rule. The term "substantial" refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware. Similar considerations apply to the reporting of judicial misconduct.*

*[4] The duty to report professional misconduct does not apply to a lawyer retained to represent a lawyer whose professional conduct is in question. Such a situation is governed by the Rules applicable to the client-lawyer relationship.*

*[5] Information about a lawyer's or judge's misconduct or fitness may be received by a lawyer or judge in the course of that lawyer's or judge's participation in an approved lawyers or judges assistance program. In that circumstance, providing for an exception to the reporting requirements of paragraphs (a) and (b) of this Rule encourages lawyers and judges to seek treatment through such a program. Conversely, without such an exception, lawyers and judges may hesitate to seek assistance from these programs, which may then result in additional harm to their professional careers and additional injury to the welfare of clients and the public. The extent to which information received by a*

# Tenn. R. Sup. Ct. 8.4

### Rule 8.4 - MISCONDUCT

It is professional misconduct for a lawyer to:

**(a)** violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

**(b)** commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

**(c)** engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

**(d)** engage in conduct that is prejudicial to the administration of justice;

**(e)** state or imply an ability to influence a tribunal or a governmental agency or official on grounds unrelated to the merits of, or the procedures governing, the matter under consideration;

**(f)** knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or

**(g)** knowingly fail to comply with a final court order entered in a proceeding in which the lawyer is a party, unless the lawyer is unable to comply with the order or is seeking in good faith to determine the validity, scope, meaning, or application of the law upon which the order is based.

*Tenn. R. Sup. Ct. 8.4*

**Comment**

*[1] Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another, as when they request or instruct an agent to do so on the lawyer's behalf. Paragraph (a), however, does not prohibit a lawyer from advising a client concerning action the client is legally entitled to take.*

*[2] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. Although under certain circumstances a single offense reflecting adversely on a lawyer's fitness to practice - such as a minor assault - may not be sufficiently serious to warrant discipline, a pattern of repeated offenses, even ones that are of minor significance when considered separately, can indicate indifference to legal obligation.*

*[3] A lawyer who, in the course of representing a client, knowingly manifests, by words or conduct, bias or prejudice based on race, sex, religion, national origin, disability, age, sexual orientation, or socio-economic status violates paragraph (d) when such actions are prejudicial to the administration of justice. Legitimate advocacy respecting the foregoing factors does not violate paragraph (d).*

# Tenn. R. Sup. Ct. 45

### Rule 45 - Americans with Disabilities Act

The administrative director of the courts is authorized to establish any policies and procedures that may be necessary to assist courts with compliance with the Americans with Disabilities Act, 42 U.S.C. 12131 et. seq. The Supreme Court shall approve any such policies and procedures prior to implementation. Participants in the judicial system shall comply with any policies and procedures that may be implemented. This rule shall apply to all courts in this state, including without limitation, municipal courts, general sessions courts, juvenile courts, circuit courts, chancery courts, criminal courts, and the respective appellate courts.

*Tenn. R. Sup. Ct. 45*

*__Commentary:__*

*Policies and procedures that are implemented pursuant to this rule will be available by contacting the administrative office of the courts or accessing the website at www.tncourts.gov.*