UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RYAN FENTON,

        Plaintiff,

v.

VIRGINIA LEE STORY, *et al.*,

        Defendants.

                               /

Case No. 1:23-cv-1097

Hon. Paul L. Maloney

## ORDER REGARDING SERVICE

### I.    Background

On October 13, 2023, *pro se* plaintiff filed a 33-page complaint against 29 defendants with 2,057 pages of appendices. *See* Compl. (ECF No. 1) and Appendices (ECF Nos. 1-1 through 1-40) (collectively referred to as the "initial pleading"). Plaintiff did not provide the Clerk with summonses to serve the initial pleading.

Plaintiff recognized that he had a problem with venue and filed a pre-emptive "Motion to maintain venue" (ECF No. 7). On December 13, 2023, the undersigned entered a report and recommendation (sometimes referred to as the "R&R") to deny plaintiff's motion and to dismiss the case pursuant to 28 U.S.C. § 1406(a) for lack of venue because the Western District of Michigan is an improper venue for this case and the interest of justice does not require transferring this lawsuit to any other district. The Court adopted the recommendation to deny plaintiff's motion but rejected "the portion of the Report and Recommendation dismissing this

1

lawsuit because the Court presently lacks the authority to raised venue as a concern." Order (Jan. 25, 2024) (ECF No. 31).

In addition to his 2,090-page initial pleading, plaintiff has filed about 2,000 more pages of documents and over 20 CDs, much of which is unrelated to a pending motion.[1] This matter is now before the Court on: plaintiff's combined motion consisting of "Motion for 45-day extension to serve parties regarding F.R.Civ.P. 4(m), Motion for prepayment of service fees - service by U.S. Marshals[,] Motion for ADA accommodations, Request for clarification" (ECF No. 16); plaintiff's Motion for a protective order pursuant to Fed. R. Civ. P. 26(c) (ECF No. 17); and, plaintiff's "Motion for prepayment of service fees" (ECF No. 36).

### II. Plaintiff's Combined Motion (ECF No. 16) and Motion for prepayment of fees (ECF No. 36).

These motions ask the Court to extend the time to serve defendants and related relief. "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). In turn, Fed. R. Civ. P. 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

---

[1] *See, e.g.*, "Declaration of ADA Abuse I witnessed in Chancery Court" (ECF No. 12, PageID.2163-2179); "Declaration of Marsha Ann Fenton regarding son Jeffrey Ryan Fenton and Tennessee legal proceedings" with attachments (ECF No. 18, PageID.2417-2616); "Tennessee Court motions in chronological order" (ECF No. 19, PageID.2617-2716); Transcript of proceedings in Williamson County, Tennessee Chancery Court (ECF No. 22, PageID.2818-2862); Hearing Transcript from proceedings in Williamson County, Tennessee Chancery Court with exhibits including CD (ECF No. 23, PageID.2863-2890); "Declaration of irrefutable proof of a criminal conspiracy spanning state and federal courts" (ECF No. 25, PageID.2948-3326); "Transcript of recorded phone call" with audio CD (ECF No. 26, PageID.3227-3259); "Declaration about Arons & Associates Divorce Planning" (ECF No. 27, PageID.3260-3275); "Declaration about phone call with Trustee John Mclemore F.R.B.P. Rule 7001 & 11 United States Code § 363 (ECF No. 28, PageID.3276-3288); Digital Exhibits audio and video files (ECF Nos. 29 and 30); "Declaration about professional and judicial misconduct during my 8/1/2019 hearing in Chancery Court" in Tennessee (ECF Nos. 33 and 34, PageID.3310-3391); and (CDs) (ECF No. 54-1, PageID.4355-4377).

2

Case 3:24-cv-01282    Document 55    Filed 07/08/24    Page 2 of 7 PageID #: 4379

extend the time for service for an appropriate period.

As discussed, plaintiff did not provide the Court with summonses when he filed this lawsuit. The 90-day period under Fed. R. Civ. P. 4(m) expired on January 11, 2024. Eight days later, plaintiff submitted 32 summonses (ECF No. 16-1, PageID.2267-2330).[2]

Plaintiff asks for an extension of time to serve defendants because he had to immediately respond to the R&R, he was "denied electronic service and filing," and he "did not receive notice of that action by the court [the R&R] for nearly two weeks with the holiday congestion". *See* Combined Motion at PageID.2258. Viewing this case in its entirety, the Court finds good cause for extending the period of service. It is conceivable that plaintiff's ability to serve defendants was delayed while the R&R was pending from December 13, 2023 through January 25, 2024. Accordingly, the Court will allow plaintiff 45 days from the entry of this order to complete service.

Next, plaintiff wants the U.S. Marshals Service (USMS) to serve 32 summonses with his 2,090-page initial pleading. Plaintiff points out that service will involve paying "thousands of dollars in printing costs" for his appendices and that he cannot afford this expense. *See* Combined Motion at PageID.2259. Plaintiff wants the Court to order the USMS to serve his initial pleading and forward him the money for copies and service. In this regard, plaintiff proposes to have the Court "pre-pay" the costs of service, *i.e.*, the Court will pay for the copies of the complaint (1,056 pages), copies of the appendices (66,880 pages), and the other expenses associated with service. Then, plaintiff will reimburse the Court "pending a favorable outcome." *See* Motion for prepayment at PageID.3394.

---

[2] As discussed, the complaint only names 29 defendants.

Fed. R. Civ. P. 4(c)(3) authorizes the Court to order service by the USMS in certain circumstances,

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Here, the Court is not required to order the USMS to serve the defendants because plaintiff is not proceeding *in forma pauperis*. Plaintiff is a private litigant who paid the filing fee to institute this lawsuit.[3]

In exercising its discretionary authority under Fed. R. Civ. P. 4(c)(3), the Court considers whether there is a sufficient reason to burden the USMS with serving plaintiff's initial pleading. The purpose of this rule "is to reduce the burden on the United States Marshal Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." Advisory Committee Notes for Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981). "[T]he plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service" and "court orders directing service by marshal should not be issued unless they really are necessary." *Id*. "In short, the aim is to encourage use of methods that do not involve marshals." *Id*.

Here, the Court finds no reason to burden the USMS with the task of serving his initial pleading (almost 68,000 pages) on 32 defendants spread across four states: Georgia (one

---

[3] While plaintiff claims that he is indigent, he did not apply for *in forma pauperis* status. The record indicates that plaintiff was aware that a *pro se* litigant could avoid the Court's sua sponte screening of his or her complaint by paying the filing fee rather than applying for *in forma pauperis* status under 28 U.S.C. § 1915. Here, plaintiff cited § 1915(e) in his objections to the R&R. *See* Order (ECF No. 31, PageID.3292) ("The Magistrate Judge explained that, for lawsuits filed in the wrong venue, the district court exercises its discretion when deciding whether to transfer or to dismiss the action. Plaintiff asserts that the authority cited by the Magistrate Judge involved lawsuits subject to the screening under 28 U.S.C. § 1915(e), which does not apply because he paid the full filing fee.").

4

defendant) (PageID.2279-2280); Mississippi (one defendant) (PageID.2301-2302), North Carolina (one defendant) (PageID.2303-2304); and, Tennessee (29 defendants) (PageID.2267-2278, 2281-2300, 2305-2330)[4]. In addition, there are inconsistencies between plaintiff's summonses and his complaint. Plaintiff submitted 32 summonses, but only listed 29 defendants in his complaint. Compl. at PageID.2-4. Next, there is an inconsistency in the location of the defendants. The complaint does not refer to any defendants residing in Georgia, Mississippi, or North Carolina, and, while the complaint refers to defendants residing in Florida and Massachusetts, there are no summonses to be served in these states. *See* Compl. at PageID.2-4. The USMS should not be burdened with reconciling the parties identified in the complaint with the parties identified in the summonses, or locating the actual addresses of the defendants. Finally, plaintiff's proposed "prepayment" scheme is not authorized by statute and makes the Court bear the cost for copying about 68,000 pages of paper for service without any guarantee of reimbursement. For all of these reasons, plaintiff's motion for USMS service and his proposed "prepayment plan" will be denied.

As an alternative, plaintiff proposes serving the initial pleading himself by mail, sending defendants a printed 33-page complaint with "the extensive appendixes in this case to be served either digitally on a DVD, USB, or Web hosted 'cloud' type digital download." Motion at PageID.2259. Plaintiff's alternative is not an option. Plaintiff cannot serve the complaint himself. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint") (emphasis added). *See Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) ("Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service

---

[4] The defendants being sued in Tennessee include five governmental units: the State of Tennessee; the Tennessee Administrative Office of the Courts; the Tennessee Court of Appeals Middle Division; Williamson County Tennessee; and, the Chancery Court for Williamson County Tennessee. *See* Compl. at PageID.3-4.

5

on a defendant."). Furthermore, plaintiff cites no authority for serving defendants with a printed copy of the complaint with instructions to view 2,057 pages of digital appendices.

Finally, plaintiff renews his request for "ECF filing and service access" by characterizing his request as an ADA accommodation. *See* Motion (ECF No. 16, PageID.2259). In denying plaintiff's first request, this Court concluded that allowing plaintiff "the privilege of electronic filing is not warranted" and that "allowing plaintiff to engage in electronic filing will not promote the efficient operation of the Court or secure the just, speedy and inexpensive determination of this lawsuit." Order (ECF No. 9, PageID.2107). The Court's denial of electronic filing privileges is supported by plaintiff's actions in this case, in which feels compelled to flood the Court with documents and CDs before a single defendant has been served. For these reasons,

**IT IS ORDERED** that plaintiff's combined motion (ECF No. 16) is **GRANTED to the extent that plaintiff requests a 45-day extension to serve defendants** and **DENIED in all other respects**.

**IT IS FURTHER ORDERED** that plaintiff shall serve defendants by no later than **August 22, 2024**. Plaintiff is advised that any defendant which is not properly served by that date will be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that plaintiff's motion for prepayment of service fees (ECF No. 36) is **DENIED**.

### III. Plaintiff's Motion for a protective order pursuant to Fed. R. Civ. P. 26(c) (ECF No. 17)

In this motion, plaintiff points out that defendant "Binkley", presumably Michael Weimar Binkley of South Dartmouth, Massachusetts (*see* Compl. at PageID.3) or Michael Weimar Binkley of Franklin, Tennessee (*see* Summons at PageID.2275), "previously issued an order of

protection against Plaintiff – and then later extended it" contrary to due process and Tennessee law. Motion for protective order at PageID.17. It appears that this defendant is Judge Michael Weimar Binkley of the Williamson County Chancery Court in Franklin, Tennessee. *See* Declaration (ECF No. 12, PageID.2163-2164). Plaintiff is concerned that "defendant Binkley or other defendants may try to issue additional protective orders or restraining orders against Plaintiff to gain leverage in this matter as they did in the matters in the Tennessee state courts." *Id*. Plaintiff also refers to concerns about "[s]ome defendants" who "were part of a secret bankruptcy filed by a third party that impacted Plaintiff." *Id*. For his relief under Fed. R. Civ. P. 26(c), plaintiff wants this Court "to enjoin defendants from issuing protective or restraining orders against him until this matter is fully litigated, including at the appellate level, if necessary," as well as enjoining unnamed defendants "from filing frivolous matters against him and to restrict their litigious activities to the instant matter until its conclusion." *Id*. at PageID.17.

"Under Federal Rule of Civil Procedure 26(c)(1), a district court may grant a protective order preventing the production of discovery to protect a party or entity from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 235 (6th Cir. 2016). Here, plaintiff's motion for a protective order has nothing to do with discovery. Accordingly,

**IT IS ORDERED** that plaintiff's motion for a protective order (ECF No. 17) is **DENIED**.

Dated: July 8, 2024  /s/ Ray Kent
RAY KENT
United States Magistrate Judge

7

Case 3:24-cv-01282   Document 55   Filed 07/08/24   Page 7 of 7 PageID #: 4384