4

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2022

## BRIAN PHILIP MANOOKIAN v. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

Direct Appeal from the Chancery Court for Davidson County
No. 20-0833-I    William B. Acree, Senior Judge

No. M2022-00075-SC-R3-BP

SHARON G. LEE, J., dissenting.

While this Court has inherent jurisdiction over attorney disciplinary matters, attorneys must be afforded fair notice and an opportunity to be heard. For the first time, this Court has increased an attorney's discipline through the exercise of the Court's inherent jurisdiction outside of the process outlined in Rule 9 by disbarring Brian Philip Manookian without giving fair notice of its intent. I dissent from the Court's decision to disbar Mr. Manookian and would affirm the hearing panel's finding of a twenty-four-month suspension. Neither the hearing panel nor the trial court erred.

In August 2017, the Board received a report of misconduct about Mr. Manookian. In March 2018, the Board initiated disciplinary proceedings against Mr. Manookian, seeking "such disciplinary action" as the hearing panel deemed appropriate. The Board did not reference disbarment in its petition. Over two years later, a hearing panel found that Mr. Manookian should be suspended from practicing law for twenty-four months. He sought judicial review under Tennessee Supreme Court Rule 9, section 33.1. The Board, admittedly satisfied with the suspension, decided not to seek review unless Mr. Manookian did. Mr. Manookian appealed, but the Board did not. The trial court affirmed the hearing panel's decision, ruling the Board forfeited its right to seek disbarment by failing to file a petition for review under section 33.1.[1] Both parties appealed to this Court, arguing

---

[1] 33.1.(a) *The respondent or petitioning attorney* or the Board *may appeal the judgment of a hearing panel by filing . . . a Petition for Review* in the circuit or chancery court . . . .

(b) . . . The court may affirm the decision of the hearing panel or remand the case for further proceedings. *The court may reverse or modify the decision if the rights of the party*

primarily about whether the trial court could modify the hearing panel's decision when the Board failed to appeal. The Court agreed with the trial court, holding it had no authority to increase the sanction because the Board did not file a petition for review. But then, the Court proceeded to disbar Mr. Manookian without first giving him notice of its intent to increase his punishment through the exercise of its inherent jurisdiction outside the process outlined in Rule 9.

The attorney disciplinary process is governed by Tennessee Supreme Court Rule 9. The Board's disciplinary counsel begins a case by filing a petition for discipline with the Board. After the attorney responds (or fails to answer), the case is referred to a hearing panel. Tenn. Sup. Ct. R. 9, § 15.2. Following a hearing, the panel submits its findings and judgment to the Board. Tenn. Sup. Ct. R. 9, § 15.3. Either party may appeal the hearing panel's decision to a trial court by filing a petition for review. Tenn. Sup. Ct. R. 9, § 33.1(a). A trial court may grant relief only to a party who files for judicial review. Tenn. Sup. Ct. R. 9, § 33.1(b).

The judicial review provision of section 33.1 is clear, and the Board has complied with section 33.1 to obtain judicial review in other cases. *See, e.g., Beier v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 610 S.W.3d 425 (Tenn. 2020); *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Justice*, 577 S.W.3d 908 (Tenn. 2019); *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Barry*, 545 S.W.3d 408 (Tenn. 2018); *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Daniel*, 549 S.W.3d 90 (Tenn. 2018); *Bd. of Pro. Resp. v. Parrish*, 556 S.W.3d 153 (Tenn. 2018); *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Sheppard*, 556 S.W.3d 139 (Tenn. 2018); *Napolitano v. Bd. of Pro. Resp.*, 535 S.W.3d 481 (Tenn. 2017); *Reguli v. Bd. of Pro. Resp.*, 489 S.W.3d 408 (Tenn. 2015); *Hancock v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 447 S.W.3d 844 (Tenn. 2014); *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Mabry*, 458 S.W.3d 900 (Tenn. 2014); *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Cowan*, 388 S.W.3d 264 (Tenn. 2012). The Court cites no cases where the Board argued for disbarment on appeal after not appealing a suspension decision by a hearing panel.

After the hearing panel's decision was issued, the Board had two choices: accept the decision or appeal to the trial court. The Board chose not to appeal, explaining to the trial court that the Board "did not vote to appeal this matter *unless it was raised by Mr. Manookian. We were satisfied with the two-year decision by the hearing panel.*" (Emphasis added). Counsel later added the "Board is not satisfied with the matter except to the extent

---

*filing the Petition for Review have been prejudiced* because the hearing panel's findings, inferences, conclusions or decisions are: . . . (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion . . . .

Tenn. Sup. Ct. R. 9, § 33.1(a), (b) (emphasis added).

- 2 -

that the Board has to parse its resources, and *they made an election early on that there was not enough error in that case to spend the time necessary to appeal it.*" (Emphasis added). Mr. Manookian petitioned for review on August 21, 2020; the parties' deadline for filing petitions for review in the trial court was September 28, 2020. The Board had thirty-eight days after Mr. Manookian filed his petition to file its own petition but did not do so. The Board complains about the unfairness of "midnight filings" by attorneys, but Mr. Manookian's filing was not last minute.

In its briefing in this Court, the Board offered no excuses for its failure to file a petition for review. Instead, the Board argued that the language of Rule 9, section 33.1 was ambiguous about whether each party had to file a petition for review to obtain relief in the trial court. The Board *never* argued or even suggested that its decision not to appeal was (in the words of this Court) because of "a heap of disciplinary complaints" that required the Board's time, the Board's resources were "limited," or the Board was precluded from doing so because of "this Court's mandate to wind up the disciplinary proceedings expeditiously." This last suggestion stemmed from a previous order of this Court (in a separate case involving the Board's petition to temporarily suspend Mr. Manookian's license) directing the parties, among other things, to "proceed with all due speed toward ultimate resolution of the currently pending petitions for discipline." Certainly, this Court's order did not prevent or discourage the parties from pursuing their appellate remedies under Rule 9. In truth, a petition for review by the Board would not have taxed its resources or delayed the case because Mr. Manookian had already appealed—the work for the Board would have been essentially the same. Although, had the Board followed through with its decision to appeal if Mr. Manookian did, review by the trial court and this Court would have been much simpler—with no dispute about whether the trial court or this Court could disbar an attorney when the Board did not appeal a suspension decision by the hearing panel.

Without question, this Court has inherent authority over attorney disciplinary matters. Its authority, however, is not unlimited. Attorneys in disciplinary matters are "entitled to procedural due process, including notice and an opportunity to be heard." *Moncier v. Bd. of Pro. Resp.*, 406 S.W.3d 139, 156 (Tenn. 2013) (citing *In re Ruffalo*, 390 U.S. 544, 550 (1968)). "[A]ttorneys are entitled to procedural due process and have an interest in avoiding suspension of their law licenses by which they earn their livelihood." *Walwyn v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 481 S.W.3d 151, 170 (Tenn. 2015) (citing *Moncier*, 406 S.W.3d at 156).

The issue is not *if* the Court has the authority to act but *how* it should exercise its authority. Because in this case the Board did not seek judicial review, the Court has created a workaround—a new procedure outside of Rule 9—to disbar Mr. Manookian. In *no other*

*case* has the Court disbarred an attorney under these circumstances. It is not disputed that the Board argued for disbarment before the hearing panel, the trial court, and this Court. Nor can it be disputed that the Board told the trial court that it did not appeal the twenty-four-month suspension because it was satisfied with the discipline. That is really beside the point. What matters is that this Court did not give notice of its intent to increase the suspension of Mr. Manookian to disbarment under its inherent authority.

No provision in Rule 9 directly applies here, but Rule 9, section 15.4 provides some guidance. Under section 15.4, when a hearing panel decides an attorney should be sanctioned and there is no appeal, the Board files a Notice of Submission with this Court. Tenn. Sup. Ct. R. 9, § 15.4(b). After reviewing the recommended discipline, if the Court finds the punishment inadequate or excessive, then it has to issue an order notifying the parties that it proposes to increase or decrease the punishment. Tenn. Sup. Ct. R. 9, § 15.4(c). If the Court intends to consider increasing the punishment, the respondent attorney is given an opportunity to brief the issue and request oral argument. *Id.* After following this process, the Court can modify the hearing panel's decision. *Id.*

Here, the Court could have affirmed the trial court because the Board failed to seek review of the hearing panel's two-year suspension or given notice of the Court's intent to increase punishment and allow the parties an opportunity to brief the issue similar to section 15.4 cases. *See, e.g., In re Hickman,* 673 S.W.3d 188 (Tenn. 2023); *In re Crabtree,* 656 S.W.3d 94 (Tenn. 2022); *In re Sitton,* 618 S.W.3d 288 (Tenn. 2021); *In re Walwyn,* 531 S.W.3d 131 (Tenn. 2017); *In re Vogel,* 482 S.W.3d 520 (Tenn. 2016) (under similar provision in pre-January 1, 2014 version of Rule 9).

Notice of this Court's intent to increase punishment should come from the Court—not from assertions by the Board. The Board's brief raised three issues—all based on the trial court's error in not imposing disbarment. The Board's fifty-six-page brief devoted just over one page to the Board's novel argument that this Court should impose disbarment based solely on its inherent jurisdiction. The Board's arguments, premised primarily on the trial court's error regarding suspension, gave Mr. Manookian no notice that for the first time, this Court would disbar an attorney through the exercise of the Court's inherent jurisdiction outside the procedure of Rule 9. The Board cited four disciplinary cases referencing the Court's inherent jurisdiction, but in none of these cases had the party or parties seeking relief failed to petition for relief from the trial court. Likewise, the Court cites only general authority for its inherent jurisdiction—which is not in dispute.

The Court responds to this dissent in a ten-paragraph footnote. As before, I decline the Court's invitation to debate in a footnote. *See Cotten v. Wilson,* 576 S.W.3d 626, 654 (Tenn. 2019) (Lee, J., dissenting); *Borne v. Celadon Trucking Servs., Inc.,* 532 S.W.3d 274,

Case 3:24-cv-01282    Document 58-4    Filed 07/12/24    Page 5 of 6 PageID #: 4715
https://rico.jefffenton.com/evidence/2024-02-16_tnsc-manookian-disbarment-opinion-justice-lee.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

319 (Tenn. 2017) (Lee, J., concurring in part and dissenting in part). The Court mounts a strong defense of the Board—attempting to justify the Board's failure to file a petition for review and arguing for disbarment more strongly than the Board. The Court even quotes testimony from a hearing panel decision involving a separate disciplinary complaint against Mr. Manookian (which, problematically, may come before this Court on appeal) entered almost a year *after* the hearing panel's decision in this case to show "how many serious complaints against Mr. Manookian the BPR was juggling." But a party is not exempt from the requirements of Rule 9, section 33.1 because of workload. And the Board, to its credit, does not offer this excuse. Neither should the Court.

There is no dispute that Mr. Manookian violated disciplinary rules and should be sanctioned. There is simply a difference of opinion as to whether the Court should have given Mr. Manookian notice of its intent to increase his sanction through the exercise of the Court's inherent jurisdiction outside of the procedure of Rule 9. By disagreeing with a legal argument made by the Board, this dissent does not "gratuitously swipe[]" at the Board. This Court should treat the Board the same as any other party—no better, no worse.

In sum, no matter how offensive the Court deems Mr. Manookian's conduct, the Court in its haste to disbar Mr. Manookian should rule in a respectful, unbiased, and even-handed manner and not dispense with notice and an opportunity to be heard.

_____
SHARON G. LEE, JUSTICE
