# 1

THIS INSTRUMENT WAS PREPARED BY  Preston
Mail
Bankers Title & Escrow Corp.
5107 Maryland Way, Ste. 115
Brentwood, TN 37027
P19-10267A-BW

STATE OF TENNESSEE
COUNTY OF Williamson
THE ACTUAL CONSIDERATION OR VALUE, WHICHEVER
IS GREATER, FOR THIS TRANSFER IS $ 324,360.00

SUBSCRIBED AND SWORN TO BEFORE ME, THIS THE 29 DAY
OF October, 2019

MY COMMISSION EXPIRES: 11/3/20
(AFFIX SEAL)

[Notary seal: SAMUEL F. ANDERSON, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY]

# WARRANTY DEED

| ADDRESS NEW OWNER(S) AS FOLLOWS: | SEND TAX BILLS TO: | MAP-PARCEL NUMBERS |
|---|---|---|
| GL Properties, LLC | GL Properties, LLC | 013J-A-035.00-000 |
| 1986 Sunnyside Drive | 101 Creekside Crossing #1700195 | |
| Brentwood, TN 37027 | Brentwood, TN 37027 | |
| (CITY) (STATE) (ZIP) | (CITY) (STATE) (ZIP) | |

FOR AND CONSIDERATION OF THE SUM OF TEN DOLLARS, CASH IN HAND PAID BY THE HEREINAFTER NAMED GRANTEES, AND OTHER GOOD AND VALUABLE CONSIDERATIONS, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, WE, Fawn ■ Fenton

HEREINAFTER CALLED THE GRANTORS, HAVE BARGAINED AND SOLD, AND BY THESE PRESENTS DO TRANSFER AND CONVEY UNTO GL Properties, LLC, a Tennessee limited liability company

HEREINAFTER CALLED THE GRANTEES, THEIR HEIRS AND ASSIGNS, A CERTAIN TRACT OR PARCEL OF LAND IN WILLIAMSON COUNTY, STATE OF TENNESSEE, DESCRIBED AS FOLLOWS, TO-WIT:

Land in Williamson County, Tennessee, being Lot No. 29 on the Plan of Section 3, Sunny Side Estates of record in Plat Book 5, Page 67 as amended in Book 330, Page 144, in the Register's Office for Williamson County, Tennessee, to which Plan reference is hereby made for a more complete description of the property.

Said Lot No. 29 fronts 150.00 feet on the Southwesterly margin of Sunny Side Drive and extends back 433.83 feet on the Northwesterly line and 401.46 feet on the Southeasterly line to a broken line in the rear, measuring 159.22 feet thereon.

Being the same property conveyed to Jeffrey R. Fenton and wife, Fawn ■ Fenton by Warranty deed from Mangel Jerome Terrell and wife, Colette Keyser of record in Book 5313, page 452, Register's Office for Williamson County, Tennessee, dated April 29, 2011 and recorded on May 12, 2011.

Being the same property conveyed to Fawn ■ Fenton by Quitclaim deed from Jeffrey R. Fenton of record in Book 6541, page 771, Register's Office for Williamson County, Tennessee, dated August 18, 2015 and recorded on August 20, 2015.

Being the same property conveyed to Jeffrey R. Fenton and wife, Fawn ■ Fenton by Quitclaim deed from Fawn ■ Fenton of record in Book 7314, page 759, Register's Office for Williamson County, Tennessee, dated August 21, 2015 and recorded on March 13, 2018 and Scriveners Affidavit recorded in Book 7354, Page 915. Fawn ■ Fenton was granted authority to sign this deed and convey this property without husband's signature in Orders dated August 29, 2019, and October 10, 2019, in Case No. 48419B Chancery Court of Williamson County, Tennessee.

---

Case No. 48419B in Chancery Court of Williamson County, Tennessee was entirely "fraud on the court(s) by officers of the court(s)," with fraudulent, forged and falsified government records, at the hands of Attorney Virginia Lee Story, under the oversight of Judge Michael Weimar Binkley.

This was illegal and constitutes **real estate deed fraud**: The chancery court unlawfully usurped—or the bankruptcy court unlawfully abdicated—jurisdiction over the marital home, in violation of 28 U.S. Code § 1334(e)(1), which states: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

Binkley and Story executed this RICO conspiracy against rights and property to **rob husband** of his highly desirable **Brentwood marital residence** without equal or due process of law. The case was **"fixed"** before the divorce was filed, at least **97-days** before husband's first "hearing". The fraudulent bankruptcy was filed by wife's counsel, in collusion with Story, **39-days** before any action was filed in the state courts, giving the **federal courts** both *original* and *exclusive* jurisdiction.

The state courts were specifically **prohibited** from exercising jurisdiction over their marital residence, because it was a part of a "federal bankruptcy estate". That property was also "core" to the bankruptcy, and was in fact one of the primary reasons that Ms. Fenton's counsel filed the fraudulent bankruptcy action.

TO HAVE AND TO HOLD the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said GRANTEES, their heirs and assigns forever; and we do covenant with the said GRANTEES that we are lawfully seized and possessed of said land in fee simple, have a good right to convey it and the same is unencumbered, unless otherwise herein set out; and we do further covenant and bind ourselves, our heirs and representatives, to warrant and forever defend the title to the said land to the said GRANTEES, their heirs and assigns, against the lawful claims of all persons whomsoever. Wherever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

Witness my hand this the **29th day of October, 2019.**


Fawn Fenton

The Bankruptcy Court could not compel the sale of the marital residence, because the "**benefit to the [bankruptcy] estate**" **could** **not** "**outweigh the detriment**" to husband, as REQUIRED in 11 U.S.C. § 363(h)(3) "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners". (Chancery liquidated it for the amount of the mortgages plus auction fees & closing costs.)

STATE OF TENNESSEE
COUNTY OF WILLIAMSON

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, the within named Fawn Fenton the bargainor, with whom I am personally acquainted or proved to me on the basis of satisfactory evidence to be the within named bargainor, and who acknowledged that she executed the within instrument for the purposes therein contained.

Witness my hand and official seal this the **29th day of October, 2019.**

My Commission expires: 11/3/20

Notary Public

Husband was lawfully in possession of the property and had two lawful tenants/roommates, with **federally protected leasehold property interests**, which under the circumstances could **not** be lawfully severed. Per bankruptcy **Rule #7001**, the bankruptcy **Trustee** was required to provide Mr. Fenton and his two lawful tenants/roommates with "**adversarial proceedings**" (or notice by which they could initiate such) including **notices** and **hearings** in **federal bankruptcy** or **district court** (which never happened), specifically not in state court, since the marital residence was "**core**" to the bankruptcy action and predated any fillings in state courts. The federal courts were **required** to determine each party's lawful property interests before any property could be taken or sold in conjunction with the bankruptcy, while they were also required by the bankruptcy code to provide each of their interests with "**adequate protection**"; **all** which were **illegally circumvented** by a conspiracy with Story/Binkley, to unlawfully exercise jurisdiction and force the auction, before discovery even began, through the Chancery Court.

Binkley and Story **liquidated** the property for exactly what was owed on the mortgages plus auctioning fees & closing costs. According to bankruptcy guidelines and definitions, the forced auction was of absolutely ZERO "**benefit to the [bankruptcy] estate**", because it failed to produce ANY proceeds toward paying Ms. Fenton's **unsecure debts**. While rendering Mr. Fenton **instantly homeless**, terminating his only stream of income in that moment (tenant rents), due to the misconduct by the courts and counsel, **leaving him no shelter or means to simply survive.**

Mr. and Ms. Fenton lost **$250,000 they had invested** into their beautiful **Brentwood** home, the sum total of **both** their life's savings and premarital retirement investments, the moment the **illegally** court ordered **auction** by **Binkley & Story** closed.



BK: 7790 PG: 959-960
19045384
2 PGS:AL-DEED
625604
10/30/2019 - 09:50 AM
BATCH 625604
MORTGAGE TAX 0.00
TRANSFER TAX 1200.13
RECORDING FEE 10.00
DP FEE 2.00
REGISTER'S FEE 1.00
TOTAL AMOUNT 1213.13
STATE OF TENNESSEE, WILLIAMSON COUNTY
SHERRY ANDERSON

All other matters are reserved pending further Orders of this Court.

ENTERED on this 29th day of August, 2019.

_____
MICHAEL W. BINKLEY, JUDGE

APPROVED FOR ENTRY:

Michael W. Binkley
Circuit Court Judge/Chancellor
21st Judicial District, Division III

_____
VIRGINIA LEE STORY; BPR #11700
Attorney for Plaintiff/Wife
136 Fourth Avenue South
Franklin, TN 37064
(615) 790-1778
virginia@tnlaw.org

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent courtesy copy to Mr. Jeffrey Fenton, Defendant Pro Se, at 1986 Sunnyside Drive, Brentwood, TN 37027 on this 29th day of August, 2019.

_____
VIRGINIA LEE STORY

## CLERK'S CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent courtesy copy to Mr. Jeffrey Fenton, Defendant Pro Se, at 1986 Sunnyside Drive, Brentwood, TN 37027, and to Virginia Lee Story, Attorney for Wife, at their respective addresses, on this 29 day of August, 2019.

_____
CLERK

BK: 7790 PG: 956-958
19045383
3 PGS:AL-ORDER
625604
10/30/2019 - 09:50 AM
BATCH          625604
MORTGAGE TAX     0.00
TRANSFER TAX     0.00
RECORDING FEE   15.00
DP FEE           2.00
REGISTER'S FEE   0.00
TOTAL AMOUNT    17.00
STATE OF TENNESSEE, WILLIAMSON COUNTY
SHERRY ANDERSON
REGISTER OF DEEDS

3

# Fenton 19-02693: sale motion complaint

**Seliber, Megan (USTP)** <Megan.Seliber@usdoj.gov>
To: Jeff Fenton
Tue 3/15/2022 6:08 PM

📎 fenton 319-02693 deed.pdf
247 KB

> This email is from the **USTP Trial Attorney in Nashville** who was **Assigned to Research my BANKRUPTCY FRAUD COMPLAINT** by Region 8 Acting United States Trustee, **Paul A. Randolph, who is over Tennessee and Kentucky**. Mr. Randolph is who I contacted to **REPORT BANKRUPTCY FRAUD** and **to seek information to help me understand what VIOLATIONS were made by whom.**

Mr. Fenton,

==I further investigated your complaint that you were not given notice of the motion to sell 1986 Sunnyside Drive as a co-owner in bankruptcy court. I confirmed that you did not receive notice.== ~~Because Judge Binkley gave your ex-wife the power to close the sale in family court, it does not appear that any objection in bankruptcy court would have been availing even if you had been given notice.~~ For your records, I've attached the warranty deed and the family court order that was recorded.

Although you are welcome to seek bankruptcy counsel to investigate the matter further, ~~I believe that because the family court had dual jurisdiction over the property,~~ ==you will need to seek any further remedy in state court.== ~~As the property has already been sold to a third-party purchaser, it is also unclear if any remedies would be available~~.

This concludes my investigation into your complaint.

Best,



**Megan Seliber**
Trial Attorney, Office of the United States Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 695-4060

> Ms. Seliber ACTS like she is HELPING ME, but she really isn't. She does confirm that the Bankruptcy Court failed to provide me NOTICE about my Ex-wife's Secret Bankruptcy and the THREAT to MY HOME, but then she lies to me, provides me with misinformation, and plays the blame game, between Federal and State Courts being responsible for my damages.

RECEIVED BY
Judge Chambers
Date 8-29-19 ✓

R.v3 (381-383)

2019 AUG 29 PM 2:34

FILED FOR ENTRY 8-29-19

IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

FAWN ▮▮▮ FENTON,  )
    Plaintiff/Wife,  )
                           )
vs.                         )    No. 48419B
                         )
JEFFREY RYAN FENTON,  )
    Defendant/Husband.  )

## ORDER FROM AUGUST 29, 2019 HEARING

### EX PARTE ORDER OF PROTECTION EXTENDED PENDING FINAL HEARING, RESETTING MOTION FOR VIOLATION OF ORDER OF PROTECTION, WAIVING MEDIATION AND SETTING FINAL HEARING, ORDER TO VACATE AND ORDER ALLOWING WIFE TO SIGN ALL NECESSARY CONTRACTS TO COMPLETE THE SALE OF THE MARITAL HOME AND CLOSING

This matter came on to be heard on the 29th day of August, 2019 before the Honorable Michael W. Binkley, Judge holding Court for the Chancery Court of Williamson County, Tennessee, upon Wife's Motion for Violation of Ex Parte Order of Protection and for Date Certain for Walk Through of House and Motion for Scheduling Order. It appearing to the Court based upon arguments of counsel, statements of **Husband representing himself Pro Se,** and the record as a whole that the following shall be the Order of this Court.

    ✗ **FYI... my opposing counsel (Virginia Story) WROTE this "Order". This does NOT match "the record as a whole". Please compare the 8/1 & 8/29 Transcripts!**

It is therefore **ORDERED, ADJUDGED and DECREED** that the Husband was again advised of the risks of proceeding **Pro Se** and that he is required to comply with the rules just as an attorney is required. Husband acknowledged that he understood and **wishes to proceed Pro Se.**

    ✗ **No Choice! Court Deprived Husband of ALL HIS Assets & Income! Deemed "uncollectible" once house was gone!**

The Motion for Violation of the Order of Protection will be continued pending further Orders of the Court as Husband had filed a very lengthy response on the morning of the hearing being August 29, 2019. **The Motion for Violation of the Order of Protection will be reset with the Final Hearing in this cause** set for October 21, 2019 at 9:00 a.m. The Motion for Scheduling Order and to Waive Mediation in this cause is appropriate and the same is granted.

    ✗ **The "OP" meant NOTHING but LEVERAGE! ALL they wanted was MY HOUSE and ME OUT of it!**
    ✗ **The alleged "Order of Protection" was just used (and still is) for EXTORTION, to BIND and SILENCE me!**
    ✗ **I understood the term "the Final Hearing in this cause" to be referring to the issues WE had DISCUSSED to date, the results of our Auction & "OP".**

    ✗ **AT NO TIME did I understand this to involve the END of our DIVORCE, as we hadn't even BEGUN DISCOVERY yet, which I spent over an hour on the phone with my last counsel to learn how to navigate myself. (Call is recorded as proof!) PLUS Attorney Story had granted my Counsel an EXTENTION (which I have evidence of) on filing the "Divorce Answer and Counter Complaint", so that she could focus on her primary agenda, which was TAKING MY HOUSE!**

> SO much HORRIBLE FAITH, dishonesty, deceit, bullying, legal trickery, discrimination, bias, all GAMES with NO regard for JUSTICE, that ALL PLEADINGS must do SUBSTANTIAL JUSTICE, with NO RESPECT for ANY RULE OF LAW or my LIFE!

The Ex Parte Order of Protection shall remain in full force pending further hearing in this cause set for October 21, 2019 at 9:00 a.m. The form "Order Extending Ex Parte/Temporary Order of Protection" shall be executed and forwarded to the appropriate authorities.

Husband signed the listing agreement for the martial home with the Auctioneer,
❌ FORCED TO SIGN BY JUDGE BINKLEY, UNDER THE THREAT OF INCARCERATION, without even READING IT!
Mr. Tommy Anderson, on August 29, 2019. Wife shall be allowed to sign any further contracts
❌ Afterwards I NOTIFIED everyone, that I was FORCED to SIGN under DURESS. I Canceled the Listing: NULL & VOID!
to effectuate the sale and closings of the property located at 1986 Sunnyside Drive, Franklin, TN
❌ YET Mr. Tommy Anderson said he was AUCTIONING MY HOME regardless! To do whatever I want! Unethical and illegal!
37069. Husband shall vacate the martial home on or before September 3, 2019 at 12:00 noon. The
JUST FIVE-DAYS NOTICE!
Williamson County Sheriff's Office shall have a deputy on standby to ensure that Mr. Fenton is
❌ Actually 4-DEPUTIES with their hands on their GUNS, like I was a dangerous FELON! (NEVER arrested in my LIFE!)
vacated and that he only takes with him his personal clothing, his jewelry and effects such as his toiletries and medication. Mr. Fenton shall not remove any further furnishings or personal property. Husband is admonished that he is under a Restraining Order pursuant to the Statutory Injunction entered upon the filing of the Complaint for Divorce as of June 4, 2019. Mr. Fenton filed a Notice with the Court to allow him to file pleadings Pro Se and in the pleadings filed with
❌ This is FALSIFYING COURT RECORDS, a FELONY in TN! I EMAILED Attorney Story the TRUTH the Night Before!
the Court he acknowledged that he had sold a TV gifted to his Wife from her brother for $1,000
❌ To CORRECT her "misunderstanding", in hopes of avoiding MORE theatrical FRAUD UPON THE COURT, to DISRUPT!
and that he had sold a commercial dehumidifier which was at the marital residence for $2,500.
❌ SHE smiled at me, LIED ANYWAY, to enrage the Judge, then WROTE THE FRAUD directly into the COURT RECORDS!
These amounts will be accounted for at the Final Hearing and any other property sold will also be
❌ The next day, I saw the Court Order, I called the Court to try to correct. Emailed Ms. Story, then she LIED to me AGAIN!
addressed at the Final Hearing. No further property will be removed by Mr. Fenton and he shall
❌ FRAUD UPON THE COURT BY OFFICER(S) OF THE COURT - Binkley signed the INCORRECT/FALSIFIED Order!
tag all items that he would like the Court to consider to be awarded to him. Any items that he does
❌ PURELY to FURTHER ABUSE me, "under color of law". That's when I lost ALL Respect for Ms. Story and her CRIMES!
not wish to retain shall be sold at auction or Wife may retain. Pursuant to the Court Order, Wife
❌ ACTUALLY, according to the 8/1 Court Order,
has tagged the items that she would request to be awarded when she conducted the walk through
❌ This was supposed to be completed by 8/11/2019, but WASN'T until 8/23/2019. Costing me a loss of thousands of dollars!
pursuant to the Court Order from the August 1, 2019. (Order entered by Court on August 14,
❌ Because the Court had evicted my TENANTS, I had no money to MOVE, so the Court allowed me to SELL what was MINE.
2019.) The auction will take place pursuant to said Order of August 14, 2019 which is to be 45
❌ But my Counsel strongly urged that I NOT SELL ANYTHING until AFTER the "10-Day Walk-through." Since it was done
days from August 1, 2019 with all proceeds to be deposited into the Clerk's office.
❌ So LATE, I had no TIME to SELL anything that was MINE, to fund my MOVE. When I returned, much had been STOLEN!
"Court Orders" (and LAWS in general) were only WEAPONS they used against ME. Ms. Story showed NO CARE for either.

2

All other matters are reserved pending further Orders of this Court.

ENTERED on this 29th day of August 2019.

_____
MICHAEL W. BINKLEY, JUDGE

Michael W. Binkley
Circuit Court Judge/Chancellor
21st Judicial District, Division III

**APPROVED FOR ENTRY:**

_____
**VIRGINIA LEE STORY; BPR #11700**
Attorney for Plaintiff/Wife
136 Fourth Avenue South
Franklin, TN 37064
(615) 790-1778
virginia@tnlaw.org

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent courtesy copy to Mr. Jeffrey Fenton, Defendant Pro Se, at 1986 Sunnyside Drive, Brentwood, TN 37027 on this 29th day of August, 2019.

_____
VIRGINIA LEE STORY

## CLERK'S CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent courtesy copy to Mr. Jeffrey Fenton, Defendant Pro Se, at 1986 Sunnyside Drive, Brentwood, TN 37027, and to Virginia Lee Story, Attorney for Wife, at their respective addresses, on this 29 day of August, 2019.

_____
CLERK

**FRAUD UPON THE COURT (BY OFFICERS OF THE COURT)**

OFFICIAL OPPRESSION (TCA § 39-16-403), COERCION & RETALIATION (42 USC § 12202 & 12203, TCA § 39-16-507) INTERFERENCE WITH COMMERCE BY EXTORTION (18 USC § 1951 (A)(B)(2)) FRAUDS (18 USC § 1341, 1957), U.S. CONST. AMEND. XIV, 18 USC § 153, 154, 156, 241, 242, 249...

# LOCAL RULES OF PRACTICE
## TWENTY-FIRST JUDICIAL DISTRICT
### HICKMAN, LEWIS, PERRY AND WILLIAMSON COUNTIES

## RULES OF THE CIRCUIT AND CHANCERY COURTS
## FOR THE TWENTY-FIRST JUDICIAL DISTRICT

**Adopted Effective September 1, 2004**
**As Amended Through September 1, 2017**
**And Further Amended March 1, 2019**

### INTRODUCTION

**JUDGES.** The 21st Judicial District embraces Hickman, Lewis, Perry, and Williamson Counties. All Judges of the 21st Judicial District have full civil and criminal jurisdiction therein and are assigned areas of responsibility by the Presiding Judge.

**CLERKS.** Each county within the District has a Circuit Court Clerk and a Clerk and Master with powers and duties prescribed by statute for such offices generally. The Clerk and Master is also clerk of the Probate Division of the Chancery Court.

> PRO SE Parties are NOT Allowed to Participate in this "Proposed Order" / "Agreed Order" / "Alternate Proposed Order" Process, in the 21st Judicial District in Tennessee (though allowed in other Tennessee Judicial Districts). Which means that your highly skilled opposing counsel, who already has a tremendous advantage over most Pro Se litigants, **literally gets to WRITE THE COURT ORDERS AGAINST YOU!** (With little IF any Accountability or Supervision!) This is DISCRIMINATION against PRO SE and financially disadvantaged people as a matter of **COURT POLICY!** By the Court's own "LOCAL RULES OF PRACTICE"! **This is completely inappropriate, fosters misconduct, and must be changed for the Court to ever claim to honestly be impartial!**

### Rule 11. Orders and Judgments

#### Section 11.01 Preparation and Submission

Unless the court directs otherwise, attorneys for prevailing parties will prepare proposed orders for entry by the court and shall file such proposed orders not more than seven (7) days following the day on which the ruling is made by the court. If the proposed order submitted reflects that it has been approved for entry by counsel for all parties, then the court will take action promptly to enter such proposed order, or, at the court's discretion, enter the court's own order with respect to the ruling. If the proposed order does not reflect that it has been approved for entry by counsel for all parties, then the court will take no action to enter such proposed order for seven (7) days after receipt of the proposed order to afford counsel for the opposing party to submit an alternative proposed order. If the opposing party submits an alternative proposed order, the court shall undertake promptly to enter either the original proposed order, the alternative proposed order, or the court's own order with respect to the ruling. All of the time periods in this section may, for good cause, be extended by the court.

A party's approval for entry of a proposed order, which does not by its express terms state that it is an agreed order, shall not be construed as anything other than the party's agreement that the proposed order accurately reflects the court's ruling on the particular matter and shall not be construed to imply that party's agreement with or consent to the ruling set out in the proposed order.

[Adopted Effective September 1, 2004; Amended Effective September 1, 2010; Further Amended December 1, 2014].

https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf      Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

# Jeff Fenton

**From:** Seliber, Megan (USTP) <Megan.Seliber@usdoj.gov>
**Sent:** Tuesday, March 15, 2022 6:08 PM
**To:** Jeff Fenton
**Subject:** Fenton 19-02693: sale motion complaint
**Attachments:** fenton 319-02693 deed.pdf

> IF the BANKRUPTCY COURT had OBEYED the FRBP, then the Bankruptcy Trustee would have been FORCED by the Federal Bankruptcy Court or the Federal District Court to REMOVE the Marital Residence from my Ex-wife's "BANKRUPTCY ESTATE" as a "BURDENSOME ASSET" long before I ever even MET Judge Binkley! BOTH my INTERESTS and my TENANT'S LEASEHOLD INTERESTS were PROTECTED under Federal Bankruptcy Laws!

Mr. Fenton,

I further investigated your complaint that you were not given notice of the motion to sell 1986 Sunnyside Drive as a co-owner in bankruptcy court. I confirmed that you did not receive notice. ~~Because Judge Binkley gave your ex-wife the power to close the sale in family court, it does not appear that any objection in bankruptcy court would have been availing even if you had been given notice.~~ For your records, I've attached the warranty deed and the family court order that was recorded.

Although you are welcome to seek bankruptcy counsel to investigate the matter further, ~~I believe that because the family court had dual jurisdiction over the property, you will need to seek any further remedy in state court. As the property has already been sold to a third-party purchaser, it is also unclear if any remedies would be available~~.

This concludes my investigation into your complaint.

Best,



**Megan Seliber**
Trial Attorney, Office of the United States Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 695-4060

> The State Court DID NOT have DUAL JURISDICTION, that is a LIE! The Federal Court always has ORIGINAL JURISDICTION, and usually EXCLUSIVE JURISDICTION over all property, where it sits, as it sits, upon the day the BANKRUPTCY IS FILED!
>
> The State Court is actually SPECIFICIALLY FORBIDDEN from taking Jurisdiction over the property because of the circumstances, and the Bankruptcy having been filed **39-DAYS** before the DIVORCE!
>
> REMEDIES are ALWAYS available for RACKETEERING and FRAUD, especially with as many bad-actors, in a **Conspiracy to intentionally CIRCUMVENT the FRBP and FEDERAL BANKRUPTCY LAWS** via CRIMES UNDER COLOR OF LAW, without EQUAL or DUE PROCESS, in a Corrupt State Court!

---

**The CRIMINAL EVIDENCE of CONPIRACY AGAINST RIGHTS (AND PROPERTY) UNDER COLOR OF LAW, FRAUD UPON BOTH COURTS, HOBBS ACT EXTORTION, and a BUNCH OF FEDERAL BANKRUPTCY CRIMES is ALL in the TIME-LINE:**

DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when DIVORCE was FILED on 6/04/2019: **39-DAYS**

DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when I was SERVED DIVORCE PAPERS 6/15/2019: **50-DAYS**

DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when fraudulent "Order of Protection Ex Parte was Served on 6/20/2019: **55-DAYS**

DAYS between when BANKRUPTCY was FILED on 4/26/2029 and when I had my FIRST HEARING in CHANCERY COURT on 8/1/2019: **97-DAYS** (The Bankruptcy Attorney HAD TO KNOW this far in ADVANCE, that Judge Binkley would "PLAY BALL"!)
Otherwise the Bankruptcy Attorney would have gotten CAUGHT filing a FRAUDULENT BANKRUPTY PETITION, as would the TRUSTEE. The Bankruptcy Attorney would have been responsible for all losses, faced serious sanctions, and removal from office! She HAD TO KNOW that Judge Binkley would illegally FORCE THE AUCTION OF MY HOME, **on my VERY FIRST DAY in Court**, before she could WAIT for 97-DAYS for what she was REQUIRED to do within the first 14-DAYS of FILING the FRAUDULENT BANKRUPTCY!

DAYS between when BANKRUPTCY WAS FILED on 4/26/2019 and when I was FORCEFULLY EVICTED from my home on 9/3/2019: **130-DAYS**