UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

    Plaintiff,

v

VIRGINIA LEE STORY, et al.,

    Defendants.

Case No. 1:23-CV-01097

Hon. Paul L. Maloney

**Motion of Defendants Roy Patrick Marlin and McArthur Sanders Real Estate for dismissal under Fed.R.Civ.P. 12(b)(2), (3) and (6) and alternatively, for summary judgment under Fed.R.Civ.P. 56**

---

Defendants Roy Patrick Marlin and McArthur Sanders Real Estate (collectively, "Defendants") move for the entry of an order of dismissal under Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction); 12(b)(3) (improper venue); and 12(b)(6) (failure to state a claim upon which relief may be granted). Alternatively, Defendants seek summary judgment in their favor under Fed.R.Civ.P. 56 because Plaintiff's claims are time-barred, as more fully explained in Defendants' supporting brief filed with this motion.

On September 22, 2024, Defendants complied with LR 7.1(d) by seeking to ascertain, via e-mail, whether Plaintiff would concur in this motion. Plaintiff has not responded to that inquiry.

                              Respectfully submitted,

Dated: September 30, 2024

                              */s/ Sandra J. Densham*
                              Sandra J. Densham (P69397)
                              PLUNKETT COONEY
                              Attorneys for Defendants Marlin and
                              McArthur Sanders Real Estate
                              333 Bridge Street NW, Suite 530
                              Grand Rapids, MI 49504
                              Direct: (616) 752-4627
                              sdensham@plunkettcooney.com

Open.14500.42980.35205035-1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY RYAN FENTON, | Case No. 1:23-CV-01097 |
| Plaintiff, | Hon. Paul L. Maloney |
| v | |
| VIRGINIA LEE STORY, et al., | **Brief in support of motion of Defendants Roy Patrick Marlin and McArthur Sanders Real Estate for dismissal under Fed.R.Civ.P. 12(b)(2), (3), and (6) and alternatively, for summary judgment under Fed.R.Civ.P. 56** |
| Defendants. | |

**I.     Introduction**

On August 21, 2024, *pro se* Plaintiff Jeffrey Fenton filed an amended complaint against 34 defendants, including Defendants Roy Patrick Marlin and McArthur Sanders Real Estate (McArthur Sanders).[1]  (ECF No. 66.)  The complaint consists of 14 counts and 292 numbered paragraphs.  Plaintiff's claims arise out of his dissatisfaction with events in 2019 in Tennessee concerning the dissolution of his marriage, including the sale of his marital home in Tennessee, and actions taken in the U.S. Bankruptcy Court in the Middle District of Tennessee.  (ECF No. 66, PageID.4880.)  Plaintiff alleges at paragraph 11 of his amended complaint that he is seeking "a cure for two fraudulent predatory actions in Tennessee during 2019."  (ECF No. 66, PageID.4879.)

Plaintiff's claims against Mr. Marlin and McArthur Sanders should be dismissed under Fed.R.Civ.P. 12(b)(2) because the Court lacks jurisdiction over these defendants.  In addition, dismissal is required under Fed.R.Civ.P. 12(b)(3) for improper venue.

---

[1] McArthur Sanders is a corporation organized under the laws of Tennessee.  Its legal name is "McArthur Sanders Real Estate, Inc."

Plaintiff includes Mr. Marlin and McArthur Sanders in the claims he asserts in Counts 6-8 and 10-13. However, Plaintiff failed to assert claims of any wrongful actions allegedly taken by Mr. Marlin and McArthur Sanders. Therefore, Mr. Marlin and McArthur Sanders are entitled to a dismissal of Plaintiff's claims under Fed.R.Civ.P. 12(b)(6).

Alternatively, even if Plaintiff's claims were not subject to dismissal under Fed.R.Civ.P. 12(b)(2), (3), and (6), his claims against Mr. Marlin and McArthur Sanders must be dismissed under Fed.R.Civ.P. 56 because they are time-barred by either Michigan's three-year limitations period under MCL 600.5805(2) or Tennessee's one-year limitations period under T.C.A. 28-3-104(a)(1)(A).

## II. Plaintiff's claims

Plaintiff asserts the following claims:

| Count | Titled As | Asserted Against Defendants |
|---|---|---|
| Count 1 | "VIOLATION OF T.C.A. § 66-27-123, NOTICE TO TENANT OF INTENT TO CONVERT RENTAL UNITS TO UNITS FOR SALE" | Story; Binkley; Story and Abernathy, PLLP; and the Chancery Court (ECF No. 66, Page ID.4926-4927) |
| Count 2 | "VIOLATION OF T.C.A. § 39-16-507, COERCION OR PERSUASION OF WITNESS" | Story; Yarbrough; Story and Abernathy; Binkley; Beeler; County of Williamson; and the Chancery Court (ECF No. 66, PageID.4927-4929) |
| Count 3 | "VIOLATION OF T.C.A. §39-15-510, OFFENSE OF ABUSE OF ELDERLY OR VULNERABLE ADULT" | Story; Binkley; Yarbrough; Beeler; Clement; Hivner; Coke; Bennett; McBrayer; Story and Abernathy; Board of Professional Responsibility; and the "State Defendants" (ECF No. 66, PageID.4929-4930) |

| Count | Titled As | Asserted Against Defendants |
|---|---|---|
| Count 4 | "VIOLATION OF T.C.A. §36-4-101, GROUNDS FOR DIVORCE FROM BONDS OF MATRIMONY" | Story; Yarbrough; Story and Abernathy; the Chancery Court; and Binkley<br><br>(ECF No. 66, PageID.4930-4931) |
| Count 5 | "ABUSE OF PROCESS" | Story; Yarbrough; and Story and Abernathy<br><br>(ECF No. 66, PageID.4932-4933) |
| Count 6 | "INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS" | "all defendants"<br><br>(ECF No. 66, PageID.4933-4940) |
| Count 7 | "FRAUD/CONCEALMENT" | "all defendants" except Spragins, Bartnett, & Cobb PLC; and Rubin Lublin TN, PLLC<br><br>(ECF No. 66, PageID.4940-4946) |
| Count 8 | "CIVIL CONSPIRACY" | "all defendants"<br><br>(ECF No. 66, PageID.4946-4947) |
| Count 9 | "VIOLATION OF 18 U.S. CODE § 1962(B), RICO | Story<br><br>(ECF No. 66, Page ID.4947-4949) |
| Count 10 | "VIOLATION OF 18 U.S. CODE § 1962(C), RICO | Story; Binkley; Ausbrooks; Story and Abernathy; Beeler; Yarbrough; Thomas Earl Eugene Anderson; Hostettler, Neuhoff & Davis; Marlin; McArthur Sanders Real Estate; and the Chancery Court<br><br>(ECF No. 66, PageID.4949-4952) |
| Count 11 | "VIOLATIONS OF 11 U.S. CODE" | Koval; Walker; Ausbrooks; Marlin, Thomas Earl Eugene Anderson; McArthur Sanders Real Estate; Hostettler, Neuhoff & |

| Count | Titled As | Asserted Against Defendants |
|---|---|---|
| | | Davis; Story; Binkley; and the Chancery Court<br><br>(ECF No. 66, PageID.4952-4955) |
| Count 12 | "VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S. CODE § 1983 AND § 1985" | Beeler; Binkley; Coke; Garrett; Hivner; Thomas Earl Eugene Anderson; Samuel Forrest Anderson; Marlin; McArthur Sanders Real Estate; Hostettler, Neuhoff & Davis; Bankers Title & Escrow Corporation; Hildebrand; and "the State Defendants except for the State"<br><br>(ECF No. 66, PageID.4956-4962) |
| Count 13 | "VIOLATION OF CONSTITUTIONAL RIGHTS" | Ausbrooks; Beeler; Binkley; Coke; Koval; Garrett; Hivner; Thomas Earl Eugene Anderson; Samuel Forrest Anderson; Marlin; McArthur Sanders Real Estate; Hostettler, Neuhoff & Davis; Bankers Title & Escrow Corporation; Hildebrand; Clement; Bennett; McBrayer; Walker; Story; Yarbrough; and "the State Defendants"<br><br>(ECF No. 66, PageID.4962-4968) |
| Count 14 | "DISCRIMINATION/VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S. CODE, § 12101 *ET SEQ.*" | Binkley; Beeler; Walker; Clement; Bennett; McBrayer; Coke; and "the State Defendants"<br><br>(ECF No. 66, PageID.4968-4971) |

Plaintiff lists Mr. Marlin and McArthur Sanders in the claims he asserts in Counts 6-8 and 10-13, as follows:

**Count 6:** Plaintiff asserts a claim of "intentional/negligent infliction of emotional distress" against all defendants. He alleges the emotional distress was "first inflicted" "on or about June 16, 2019." (ECF No. 66, PageID.4934.) Plaintiff failed to assert **any actions** of Mr. Marlin or McArthur Sanders to support this claim, nor does he even specifically mention Mr. Marlin or McArthur Sanders in his Count 6 claim.

**Count 7:** Plaintiff asserts a claim of "Fraud/Concealment" against all defendants except Spragins, Bartnett, & Cobb PLC; and Rubin Lublin TN, PLLC. Plaintiff alleges the actions supporting this claim arose in June – September 2019. Plaintiff failed to assert **any actions** of Mr. Marlin or McArthur Sanders to support this claim, nor does he even specifically mention Mr. Marlin or McArthur Sanders in his Count 7 claim. (ECF No. 66, PageID.4940-4946.)

**Count 8:** Plaintiff asserts a "civil conspiracy" claim against all defendants arising from the sale in 2019 of his former marital home. Plaintiff appears to base his Count 8 claim on a Tennessee state court rule regarding (1) the duty of a prevailing party to prepare proposed orders and (2) the sale price of Plaintiff's former marital home. (ECF No. 66, PageID.4946-4947.) Like the allegations in Counts 6 and 7, Plaintiff failed to assert **any actions** of Mr. Marlin or McArthur Sanders to support this claim, nor does he even specifically mention Mr. Marlin or McArthur Sanders in his Count 8 claim.

**Count 10:** Plaintiff asserts a RICO (Racketeering Influenced and Corrupt Organizations Act) claim under 18 USC 1962(c) against Defendants Story; Binkley; Ausbrooks; Story and Abernathy; Beeler; Yarbrough; Thomas Earl Eugene Anderson; Hostettler, Neuhoff & Davis; Marlin; McArthur Sanders; and the Chancery Court. In support of his Count 10 claim Plaintiff alleges:

5

- The "Count 10 Defendants" "sent various letters" across state lines, "thereby constituting a pattern of racketeering activity." (ECF No. 66, PageID.4950.) Plaintiff relies on Appendix 4-5 to 4-14 of his amended complaint (ECF No. 66-10, PageID.4998-5007) to support this allegation (ECF No. 66, PageID.4950.) The referenced pages of Plaintiff's Appendix 4 are (a) Letters dated September 16, 2019 and September 26, 2019 from Attorney Virginia Lee Story to Plaintiff and (b) an Order of Protection entered against Plaintiff on October 21, 2019, by the Williamson County Chancery Court, Tennessee;

- "defendants Story and Binkley corruptly obstructed, influenced, and/or impeded the due administration of justice" by "issuing orders of protection against Plaintiff (ECF No. 66, PageID.4950);

- The "Count 10 Defendants" "indirectly threatened" Plaintiff with incarceration if he "failed to sign the auction listing agreement" for his former marital home. (ECF No. 66, PageID.4950.) Plaintiff relies on Appendix 4-1 to 4-4 (ECF No. 66, PageID.4994-4997) to support this allegation. The referenced pages of Plaintiff's Appendix 4 are Plaintiff's 2019 credit card statements; Plaintiff's 2017 tax receipt for "child sponsorship support"; and a 1098 tax form issued in 2017 to Plaintiff's ex-wife Fawn Fenton.

- The "Count 10 Defendants" "alter[ed] the auction listing" for Plaintiff's former home and "coerc[ed] Plaintiff to sign it (ECF No. 66, PageID.4950-51); and

- Plaintiff was not given "official notice" of a bankruptcy filing and "schedules/documents were filed that contained fraudulent entries." (ECF No. 66, PageID.4951.)

Plaintiff failed to even mention Mr. Marlin or McArthur Sanders in support of his Count 10 claim, except for paragraph 218 – the last paragraph of Count 10 - in which he baldly states, with no factual support, that Mr. Marlin and McArthur Sanders are liable to him for compensatory damages arising from the sale of Plaintiff's former marital home.

**Count 11:** Plaintiff asserts that defendants Koval; Walker; Ausbrooks; Marlin; Thomas Earl Eugene Anderson; McArthur Sanders; Hostettler, Neuhoff & Davis; Story; Binkley; and the Chancery Court violated the Bankruptcy Code. However, he failed to assert any wrongful actions of Mr. Marlin and McArthur Sanders in support of this claim. Instead, he alleges that Defendant Ausbrooks "never properly listed" Plaintiff on documents filed with the Bankruptcy Court, resulting in Plaintiff not receiving notice "about the 341 meetings or the home being in jeopardy of being sold." (ECF No. 66, PageID.4953.) He also alleges that Defendant Ausbrooks did not properly investigate "circumstances that gave rise" to the Bankruptcy petition and that Defendants Binkley and the Chancery Court improperly asserted jurisdiction over his former home. (ECF No. 66, PageID.4954.)

**Count 12:** Plaintiff asserts a violation of 42 USC 1983 and 42 USC 1985 by Defendants Beeler, Binkley; Coke; Garrett, Hivner; Thomas Earl Eugene Anderson; Marlin; McArthur Sanders; Hostettler, Neuhoff & Davis; Bankers Title & Escrow Corporation; Hildebrand; "and the State Defendants except for the State." (ECF No. 66, PageID.4956-4962.) He asserts that Defendant Binkley made statements in 2019 during a bankruptcy proceeding that interfered with Plaintiff's ability to attempt to retain his former marital home. (ECF No. 66, PageID.4956-4958.) He also alleges that Defendants Story; Yarbrough; Story and Abernathy; and Binkley "worked in concert" to deprive Plaintiff of his civil rights, including "intimidat[ing] and coerc[ing] Plaintiff into signing the auction listing agreement for his

7

home." (ECF No. 66, PageID.4959.) He alleges that several defendants, including Mr. Marlin and McArthur Sanders "sold" his home, "despite Plaintiff informing them that it was being done fraudulently and without jurisdiction of the Chancery Court, thus violating unreasonable seizure and due process." (ECF No. 66, PageID.4957.)

**Count 13:** Plaintiff asserts additional violations of his civil rights by Defendants Ausbrooks; Beeler; Binkley; Coke; Koval; Garrett; Hivner; Thomas Earl Eugene Anderson; Samuel Forrest Anderson; Marlin; McArthur Sanders; Hostettler, Neuhoff & Davis; Bankers Title & Escrow Corporation; Hildebrand; Clement; Bennet; McBrayer; Walker, Story; Yarbrough; and "the State Defendants." (ECF No. 66, PageID.4962-4963.) His Count 13 claim arises from actions he alleges Defendants Ausbrooks; Clement; Hivner; Koval; Hildebrand; Garrett; Binkley; Story; and Yarbrough took in 2019 regarding Plaintiff's former marital home. (ECF No. 66, PageID.4963-4967.)

### III. Standard of review

#### A. Fed.R.Civ.P. 12(b)(6)

To survive a motion to dismiss, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 570; 127 S.Ct. 1955; 167 L.Ed2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679; 129 S.Ct. 1937; 173 L.Ed2d 868 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678, (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the non-movant and accept all well-pleaded factual allegations in the complaint as true. *Thompson v. Bank of America,* 773 F.3d 741, 750 (6th Cir. 2014). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *McClellan v. County of Chippewa*, 634 F.Supp.3d 404 (WD Mich 2022).

**B.      Fed.R.Civ.P. 56**

A court properly grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jordan v. Howard,* 987 F.3d 537 (6th Cir. 2021). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248; 106 S.Ct. 2505; 91 L.Ed.2d 202 (1986).

When deciding a motion for summary judgment under Fed.R.Civ.P. 56, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Burgess v. Fischer,* 735 F.3d 462, 471 (6th Cir. 2013).

The moving party has the initial burden of showing there is no genuine issue of material fact. *Jakubowski v. Christ Hospital, Inc.,* 627 F.3d 195, 200 (6th Cir. 2010). If the moving party has met its burden, the burden then "shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson,* 477 U.S. at 248). To meet this burden, the nonmoving party "cannot rest solely on

the allegations made in [his] pleadings." Fed.R.Civ.P. 56(c); *Skousen v. Brighton High School,* 305 F.3d 520, 527 (6th Cir. 2002).

A motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989); see also *Newell Rubbermaid, Inc. v. Raymond Corp.,* 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson,* 477 U.S. at 252); see also *LaQuinta Corp. v. Heartland Properties LLC,* 603 F.3d 327, 335 (6th Cir. 2010).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. * * * As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no '"genuine issue for trial."'" * * * "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."
> [*Scott v. Harris,* 550 U.S. 372, 380; 127 S.Ct. 1769; 167 L.Ed.2d 686 (2007)] [ellipses and italics in original; citations omitted]

"There is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Burgess,* 735 F.3d at 471 (quoting *Matsushita Elec Indus., Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

The function of the court is not "'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Moran v. Al Basit LLC,* 788 F.3d 201, 204 (6th Cir. 2015), quoting *Anderson,* 477 U.S. 242 at 249). "The relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Little*

*Caesar Enterprises, Inc. v. OPPCO, LLC,* 219 F.3d 547, 551 (6th Cir. 2000), quoting *Anderson v. Liberty Lobby,* 477 U.S. at 251-252.

   IV.   **Legal analysis**

   A.   **The claims against Defendants Marlin and McArthur Sanders should be dismissed under Fed.R.Civ.P. 12(b)(2) because the Court lacks personal jurisdiction over them**

A plaintiff bears the burden of establishing the existence of personal jurisdiction over a defendant. *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 449 (6th Cir. 2012); *Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). Unless the Court conducts an evidentiary hearing, a plaintiff need make only a prima facie showing of jurisdiction to survive a 12(b)(2) motion. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). Nevertheless, to make this showing, a plaintiff must establish with reasonable particularity, sufficient contacts between the defendant and the forum state. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002).

The Court is not to weigh disputed facts, but it is to consider the pleadings in the light most favorable to the plaintiff, as well as the defendant's undisputed factual assertions. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). The plaintiff may not rest on his pleadings to respond to affidavits of a moving party, but must set forth specific facts, by affidavit and otherwise, demonstrating that the court has jurisdiction. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

   1.   **The Court lacks jurisdiction over Defendants Marlin and McArthur Sanders**

In diversity cases, a federal court has personal jurisdiction where it is both authorized by the laws of the forum state and permitted by the Due Process Clause of the Fourteenth

Amendment. *Reynolds v. Int'l Amateur Athletic Federation,* 23 F.3d 1110, 1115 (6th Cir. 1994).

Under Michigan law, the issue of whether personal jurisdiction may be exercised over an individual is governed by Michigan's long-arm statute, MCL 600.705, which provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representation arising out of any act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
>
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MCL 600.705.

The issue of whether personal jurisdiction may be exercised over a corporation is governed by Michigan's long-arm statute applicable to corporations, MCL 600.711, which provides:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
>
> (1) Incorporation under the laws of this state.
>
> (2) Consent, to the extent authorized by the consent and subject to the limitations provided in . . . .[MCL 600.745]
>
> (3) The carrying on of a continuous and systematic part of its general business within the state.

MCL 600.711.

A corporation's affiliations with a forum state may be deemed "continuous and systematic" when the corporation's actions "render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919; 131 S.Ct. 2846; 180 L.Ed2d 796 (2011).

Plaintiff alleges that Mr. Marlin resides and is domiciled in College Park, Tennessee. He alleges that McArthur Sanders is a real estate brokerage firm located in Franklin, Tennessee. (ECF No. 66, Page ID. 4874.) He does not allege that any of the factors listed above in either MCL 600.705 or MCL 600.711 apply to Mr. Marlin or McArthur Sanders; that is, he does not allege that any of the events he describes in his amended complaint have any relationship to Michigan. In fact, as discussed above, Plaintiff alleges that all of the events upon which he bases his claims occurred in Tennessee.

Because Plaintiff has failed to assert any claim that either Mr. Marlin or McArthur Sanders had any contact with Michigan or more specifically, with the Western District of Michigan, there is no need to analyze whether the exercise of personal jurisdiction would be consistent with the requirements of the Due Process Clause of the Fourteenth Amendment

13

to the United States Constitution, as would otherwise be required under *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 889 (6th Cir. 2002). Accordingly, because the Court may not exercise personal jurisdiction over either Mr. Marlin or McArthur, Plaintiff's claims against them should be dismissed.

> **B. The claims against Defendants Marlin and McArthur Sanders should be dismissed under Fed.R.Civ.P. 12(b)(3) because venue is improper**

Venue in a civil case is governed by 28 USC 1391(b), which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 USC 1391(b).

Plaintiff has not alleged that any of the defendants reside in the Western District of Michigan. And as discussed above, there is nothing connecting Plaintiff's claims with the Western District of Michigan because Plaintiff's claims all arise all from events that occurred in Tennessee. Last, as set forth in Section A above, neither Mr. Marlin nor McArthur Sanders are subject to the Court's jurisdiction in the Western District of Michigan.

When a case has been filed in the wrong venue, the Court "shall dismiss" the case, unless, "in the interest of justice" a transfer to another district is warranted. 28 USC 1406(a). A district court does not abuse its discretion if it *sua sponte* dismisses a suit for improper

venue, so long at the court "gives the parties an opportunity to be heard." *Emrit v. Jules,* Case No. 23-1722, 2024 WL 533340 (6th Cir. 2024).

As discussed more fully below, Plaintiff's claims against Mr. Marlin and McArthur Sanders should be dismissed under Fed.R.Civ.P. 12(b)(6), because Plaintiff has utterly failed to assert any claim against them. And even if Plaintiff had actually asserted any claim against Mr. Marlin or McArthur Sanders, that claim would be time barred under either Michigan's three-year limitations period or Tennessee's one-year limitations period. Accordingly, transferring the claims against Mr. Marlin or McArthur Sanders, rather than dismissing the claims at this time, would not be in the "interests of justice."

### C. The claims against Defendants Marlin and McArthur Sanders should be dismissed under Fed.R.Civ.P. 12(b)(6) because Plaintiff has not alleged facts sufficient to support any claim against them

Plaintiff is likely to claim that as an unrepresented party, the Court should overlook the deficiencies in his pleadings. See, e.g., Plaintiff's "Notice, Declaration, and Motion Regarding the Naming and Address of Defendant Bank of America in this Lawsuit," ECF No. 90, Page ID.5148, paragraph 7, citing *Haines v. Kerner,* 404 U.S. 519; 92 S.Ct. 594; 30 L.Ed.2d 652 (1972). However, "*Haines* does not stand for the proposition that *pro se* litigants are not required to comply with the Federal Rules or do not otherwise need to prove the merits of their positions, only that their pleadings should be construed liberally." *Sueing v Blanchard,* Case No. 90-CV-10224, 2008 WL 2604976, (ED Mich 2008), citing *Haines v. Kerner.*

As set forth above, Plaintiff has failed to assert facts sufficient to support any claim against Mr. Marlin or McArthur Sanders:

**Count 6:** Plaintiff asserts a claim of "intentional/negligent infliction of emotional distress" against all defendants. Plaintiff did not identify any actions of Mr. Marlin or McArthur Sanders in support of this claim.

**Count 7:** Plaintiff asserts a claim of "Fraud/Concealment" against all defendants except Spragins, Bartnett, & Cobb PLC; and Rubin Lublin TN, PLLC. Like Plaintiff's Count 6 claim, Plaintiff did not identify any actions of Mr. Marlin or McArthur Sanders in support of this claim.

**Count 8:** Plaintiff asserts a "civil conspiracy" claim against all defendants arising from the sale of his former marital home. Like Plaintiff's Count 6 and Count 7 claims, Plaintiff did not identify any actions of Mr. Marlin or McArthur Sanders in support of this claim.

**Count 10:** Plaintiff asserts a RICO claim against numerous defendants, including Mr. Marlin and McArthur Sanders. However, he did not assert any allegation of wrongdoing against Mr. Marlin or McArthur Sanders. He only mentions Mr. Marlin and McArthur Sanders in the last paragraph of his Count 10 claim in which he alleges, with no supporting facts whatsoever, that all defendants named in this count are liable to him for compensatory damages.

**Count 11:** Plaintiff asserts that numerous defendants, including Mr. Marlin and McArthur Sanders, violated the Bankruptcy Code. However, he failed to actually identify any specific action taken either by Mr. Marlin or McArthur Sanders that would support this claim.

**Count 12:** Plaintiff asserts that numerous defendants violated 42 USC 1983 and 42 USC 1985 regarding (1) events occurring during a 2019 bankruptcy proceeding and (2) events in 2019 related to the sale of his former residence. As to Mr. Marlin and McArthur

Sanders, he asserts that they "sold" his home, despite Plaintiff informing them that they lacked the authority to do so. However, Plaintiff has not identified any wrongful actions by either Mr. Marlin or McArthur Sanders arising from either the bankruptcy proceeding or from the sale of his home.

**Count 13:** Like the allegations in Count 12, Plaintiff asserts that numerous defendants violated his civil rights regarding (1) events occurring during a 2019 bankruptcy proceeding and (2) events in 2019 related to the sale of his former residence. But Plaintiff failed to identify any action whatsoever taken by either Mr. Marlin or McArthur Sanders in support of this claim. And like the allegations in Count 10, he only mentions Mr. Marlin and McArthur Sanders in the last paragraph of his Count 13 claim in which he alleges, with no supporting facts whatsoever, that all defendants named in Count 13 are liable to him for compensatory damages.

Plaintiff's amended complaint does not comply with Fed.R.Civ.P. 8, which mandates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But despite the staggering length of the amended complaint, it does not contain any allegation of any wrongful act by either Mr. Marlin or McArthur Sanders. Therefore, the Court should dismiss Plaintiff's claims against Mr. Marlin and McArthur Sanders under Fed.R.Civ.P. 12(b)(6).

### D. Plaintiff's claims against Defendants Marlin and McArthur Sanders are time-barred

The limitations period under Michigan law for bringing a claim for injuries to persons or property is three years from the date the plaintiff "knew or should have known of the injury which forms the basis of [his] claims." *Peterson v. Ostrander,* Case No. 1:16-CV-104; 2017 WL 3927531 (WD Mich. January 4, 2017); MCL 600.5805(2). The limitations period

17
Case 3:24-cv-01282   Document 92   Filed 09/30/24   Page 18 of 20 PageID #: 5208

under Tennessee law for bringing a claim for injuries to persons or property is one year from the date the cause of action accrued. *Cobb v. Tennessee Valley Authority,* 595 Fed.Appx. 458, 459 (6th Cir. 2014); TCA 28-3-104(a)(1).

Plaintiff does not allege that any actions that form the basis of his lawsuit occurred in Michigan. Rather, the myriad of conclusory statements Plaintiff relies on to support his claims relate to events that occurred in Tennessee, all of which occurred as a result of personal protection orders obtained by his former wife in Tennessee; events relating to court actions in Tennessee; and the sale of Plaintiff's former marital home in Tennessee. And all of those events occurred in 2019. For example, Plaintiff alleges:

- He has "suffered prejudice" as a result of actions taken "in the Chancery Court for Williamson County Tennessee –and in the United States Bankruptcy Court Middle District of Tennessee." (ECF No. 66, PageID.4873.)
- "[T]he genesis of this complaint came colored as a domestic divorce action . . . bundled along with a . . . bankruptcy filing." (ECF No. 66, PageID.4875.) Plaintiff's footnotes 4 and 5 to this allegation refer to a divorce action filed on June 4, 2019 by his former wife, Fawn Fenton, in the Chancery Court for Williamson County Tennessee (see ECF No. 1-17, PageID.644 and 647) and bankruptcy documents Fawn Fenton filed on April 26, 2019 in the Middle District of Tennessee. (ECF No. 19-2, PageID.2632-2646).
- The allegations in his complaint arose from "two fraudulent predatory actions in Tennessee during 2019." (ECF No. 66, PageID.4879).
- The basis for Plaintiff's Count 6 emotional distress claim arose "on or about June 16, 2019." (ECF No. 66, PageID.4934).

18

- The basis for Plaintiff's Count 7 "Fraud/Concealment" claim arose in June – September 2019. (ECF No. 66, Page ID.4940-4945.)
- The basis for Plaintiff's Count 8 civil conspiracy claim arose from the sale of his former marital home in 2019.

Plaintiff filed this action on October 13, 2023 (ECF No. 1), at least four years after his claims accrued. Therefore, regardless of whether the limitations period in this action is governed by Michigan's three-year limitations period or Tennessee's one-year limitations period, Plaintiff's claims are time-barred.

**V.     Conclusion**

For the reasons set forth above, Defendants Roy Patrick Marlin and McArthur Sanders Real Estate respectfully move the Court for the entry of an order dismissing Plaintiff's claims against them, under either Fed.R.Civ.P. 12(b)(2), (3), or (6), or alternatively under Fed.R.Civ.P. 56.

Respectfully submitted,

Dated: September 30, 2024

*/s/ Sandra J. Densham*
Sandra J. Densham (P69397)
PLUNKETT COONEY
Attorneys for Defendants Marlin and
McArthur Sanders Real Estate
333 Bridge Street NW, Suite 530
Grand Rapids, MI  49504
Direct: (616) 752-4627
sdensham@plunkettcooney.com

Open.14500.42980.35205338-1