FILED - LN
October 10, 2024 1:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /_____ SCANNED BY /LF /10/11/24

JEFFREY RYAN FENTON,

        PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

        DEFENDANTS

CASE NO. 1:23-CV-01097

## AMENDED[1] MOTION FOR SANCTIONS[2]

Plaintiff brings this motion pursuant to F.R.Civ.P. 11(c)(2) for the following reasons. That rule specifically states: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." F.R.Civ.P. 11(b) states:

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

---

[1] Plaintiff filed a motion substantially similar to this titled MOTION FOR SANCTIONS on October 4, 2024, in ECF 97, PID.5295-5301, of which this document is the amended version replacing the previous motion in its entirety. The original motion overlooked including a certification which complied with a motion concurrently filed by Plaintiff titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY. This motion corrects that oversight.

[2] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

Defendant Story in her affidavit[3] lists provisions in fourteen paragraphs. Of the only four with real significance to this matter, paragraphs eleven through fourteen, three (75 percent) are false as testified to by Plaintiff in his COUNTER-AFFIDAVIT[4] filed in ECF 96-2, PID.5286-5294, on October 4, 2024. As such, defendants Story and Story and Abernathy, PLLP, (hereinafter "SA") and/or their counsel have violated F.R.Civ.P. 11(b)(3) that "factual contentions have evidentiary support." In fact, the evidentiary support shows the exact opposite: that Story's paragraphs 11, 12, and 14 have been proved false in Plaintiff's COUNTER-AFFIDAVIT.[5] One can only presume that the reason for such deceptive and untruthful filings is to take advantage of a disadvantaged plaintiff who has disabilities.[6] Also, filing anything with the court in order "to harass [such a plaintiff], cause unnecessary delay, or needlessly increase the cost of litigation" is a violation of F.R.Civ.P. 11(b)(1).

Several defendants—but Story in particular—have amassed a mountain of lies[7] in this and precipitating actions. Just because a member of the bar "being duly sworn deposes and states" in a filing that certain events are "facts" does not make this so. Nowhere in her "AFFIDAVIT[8]"

---

[3] ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[4] An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

[5] ECF 96-2, PID.5286-5294

[6] ECF 1-38, PID.2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
ECF 32, PID.3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

[7] ECF 22, PID.2818-2862 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-hearing-transcript.pdf
ECF 19-6, PID.2669-2672 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-court-order-with-counsel.pdf
ECF 33, PID.3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 23, PID.2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
ECF 23-4, PID.2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
ECF 19-7, PID.2674-2677 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf
ECF 68, PID.5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

[8] ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

does she sign under penalty of perjury. As it stands, there are no repercussions for her falsely making statements in court documents. This must stop.

Because of the fraud, deception, and deliberate violations of local, state, and federal law, litigation has multiplied. Nobody is taking or has taken remedial action on the part of Plaintiff— neither state defendants[9] nor oversight boards[10] in Tennessee. This inaction has compounded Plaintiff's damages.[11] Accordingly, there has to be substantial compensation. Moreover, fraud and the other acts listed at the beginning of this paragraph are what caused this complaint to be filed in the first place. Indeed, that is the reason for this very action! Plaintiff's workload has also multiplied. He has worked a minimum of six days per week, usually seven, no less than ten hours per day for roughly the last year. He would not have needed to do so if not for the aforesaid nefarious actions of the defendants.

Counsel for defendants Story and SA had not only the ability but also the duty to verify their claims that they "never conducted any activity in Michigan." Plaintiff was wrongly evicted from his home on September 3, 2019.[12] Two letters[13] from Story and SA to Plaintiff are shown on pages A4-5[14] and A4-6[15] in the complaint as being dated *after* September 3, 2019. Defendant Story knew Plaintiff would be "be moving to Michigan."[16] In fact, even with the redaction, the letter on

---

[9] ECF 1-29, PID.1665-1681 | https://rico.jefffenton.com/evidence/2021-01-19_reported-misconduct-sought-help-tnsc-aoc-bpr.pdf

[10] ECF 57-1, PID.4551-4557 | https://rico.jefffenton.com/evidence/2020-12-29_tnsc-bpr-complaint-against-story-binkley-etc.pdf

[11] ECF 1-28, PID.1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf

[12] ECF 19-7, PID.2675

[13] ECF 19-8, PID.2679 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand-for-storage.pdf
ECF 19-8, PID.2680-2681 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred.pdf

[14] See attached exhibit 'A'.

[15] See attached exhibit 'B'.

[16] ECF 23, PID.2887 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand.pdf

page A4-5[17] shows it being clearly addressed to Marsha Fenton who Story knew lived in Michigan.[18]

Moreover, 84 percent of the litigation in which defendants Story and SA were involved occurred while Plaintiff was living in Michigan as pointed out in his COUNTER-AFFIDAVIT.[19]



Rather than following the Rules of Professional Conduct, counsel decided to rubber-stamp defendant Story's and SA's lies. This is not how lawyers are supposed to operate. When clients do not behave lawfully or ethically, counsel is supposed to decline or terminate representation. Counsel and defendants Story and SA—in just one affidavit—have already violated rules 1.2(c), 1.16(a), and 3.3(a)(1) of the Rules of Professional Conduct, possibly others.[20]

---

[17] See attached exhibit 'A'.

[18] ECF 23, PID.2867 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred-now.pdf

[19] ECF 96-2, PID.5286-5294 | An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

[20] https://www.courts.michigan.gov/498ad6/siteassets/rules-instructions-administrative-orders/rules-of-professional-conduct/michigan-rules-of-professional-conduct.pdf

Because of the magnitude of work defendants have created for Plaintiff, he has no choice but to ask the court to sanction them a minimum of $100,000 to cover legal expenses that he will undoubtedly incur hiring an attorney—or, more likely, a team of attorneys—which he will need in order to counter the frivolous and false filings by defendants and to continue to untangle the mess defendants have created and continue to create. The purpose of the law is not to protect organized crime. It is to protect citizens *from* organized crime. Lastly, members of the bar cannot get a "free pass" to testify falsely while creating extra work for the opposing party.

## CONCLUSION

Without disincentivizing defendants, specifically Story and SA, individually or through counsel, from unceasingly filing falsified documents, they will continue to file such untruthful documents with the court, thereby causing the plaintiff—with disabilities—to redirect his already limited resources towards deflecting false allegations and thus cause him not to be able to properly prosecute this case on its merits or to meet all deadlines imposed by rule, law, or the court. As such Plaintiff seeks $100,000 in sanctions or, in the alternative, that defendants Story and SA and/or their counsel pay attorney fees that Plaintiff will incur since he will otherwise need to hire counsel in order to fight not only the defendants but their frivolous filings as well.

## CERTIFICATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2024

_____
JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I filed the foregoing papers in person in the United States District Court for the Western District of Michigan, in Lansing Michigan, while also serving a copy of the documents by first class mail to the defendants or their counsel as listed below.

USDC WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI    48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

FENTON v. STORY et al.     Page 1 of 3     Case 1:23-cv-01097-PLM-RSK
Case 3:24-cv-01282   Document 99   Filed 10/10/24   Page 7 of 9 PageID #: 5334
https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN 37204-3140

KATHRYN LYNN YARBROUGH
408 PREAKNESS DR
THOMPSONS STATION, TN 37179-5238

ALEXANDER SERGEY KOVAL
281 PARAGON MILLS RD
NASHVILLE, TN 37211-4034

HENRY EDWARD HILDEBRAND III
217 LAUDERDALE RD
NASHVILLE, TN 37205-1821

CHARLES M. WALKER
1925B WARFIELD DR
NASHVILLE, TN 37215-3422

THOMAS E. ANDERSON
215 GLENSTONE CIR
BRENTWOOD, TN 37027-3916

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf