## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **JEFFREY RYAN FENTON,** | **)** |
| | **)** |
| **Plaintiff,** | **) CASE NO. 3:24-CV-01282** |
| **vs.** | **) JUDGE CAMPBELL** |
| | **)** |
| **VIRGINIA LEE STORY, ET AL.,** | **) JURY TRIAL DEMANDED** |
| | **)** |
| **Defendants.** | **)** |

---

### DEFENDANT HOSTETTLER, NEUHOFF & DAVIS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

---

Pursuant to Fed. R. Civ. P. 12(b)(5), (6), and LR 7.01, Defendant Hostettler, Neuhoff & Davis, LLC ("HND") files the following memorandum in support of its Motion to Dismiss.

### I.    Background Information

This matter arises from two lawsuits filed in Tennessee – a divorce action filed in Williamson County Chancery Court and a bankruptcy filed in the United States Bankruptcy Court for the Middle District of Tennessee. Plaintiff's pleadings are rife with frustration and displeasure with the procedure and outcomes associated with each.[1] For reasons unknown to HND, Plaintiff named HND in an Amended Complaint initially filed in the Western District of Michigan.[2] Due to the improper venue, this matter has since been transferred pursuant to 28 U.S.C. § 1406(a).[3]

In addition to insufficiency of service and failure to state a claim, HND also disputes that it is a proper defendant to this action. Plaintiff filed this case on October 13, 2023 against a

---

[1] *See generally* D.E. 1, 66.
[2] *See* D.E. 66.
[3] *See* D.E. 127.

multitude of Defendants – none of which were HND.[4] In fact, it was not until ten months later, on August 21, 2024, that Plaintiff filed the 103-page Amended Complaint naming HND as a Defendant.[5] Without identifying any specific acts of HND giving rise to Plaintiff's indignation, Plaintiff inexplicably asserts claims against HND for intentional/negligent infliction of emotion distress (count six), fraud/concealment (count seven), civil conspiracy (count eight), violation of 18 U.S. Code § 1962(C), RICO (count ten), violations of 11 U.S. Code (count eleven), violation of civil rights pursuant to 42 U.S. Code § 1983 and § 1985 (count twelve), and violation of constitutional rights (count thirteen).[6] Notably absent from the record is a Motion for Leave to File this Amended Complaint.[7] As such, HND submits that the operative complaint remains the October 13, 2023 Initial Complaint to which HND is not a party.

Out of an abundance of caution, HND asserts that in addition to not being a party to the operative complaint, Plaintiff's claims against HND fail as a matter of law. Specifically, Plaintiff's claims are subject to dismissal under Fed. R. Civ. P. 12(b)(5) and (6). Accordingly, this matter should be dismissed as to HND.

## II.    Legal Standard

### A.    Fed. R. Civ. P. 12(b)(5)

The success of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is determined by the sufficiency of service under Fed. R. Civ. P. 4. An unincorporated association, such as HND, may be served in the manner set forth in Fed. R. Civ. P. 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

---

[4] *See* D.E. 1.
[5] *See* D.E. 66.
[6] *Id.*
[7] *See generally* D.E. 1-66.

authorized by appointment or by law to receive service of process…" Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 4(e)(1) permits service pursuant to the rules of civil procedure of the state in which the district court is located or the state in which service is to be effectuated – Tennessee. "'In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]' including 'uncontroverted affidavits…'" *Reeners v. Jouvence*, 2024 U.S. Dist. LEXIS 47143, *8 (M.D. Tenn. Mar. 18, 2024) (quoting *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 562 (E.D. Mich. 2006)). If service does not comply with the requirements set forth in Fed. R. Civ. P. 4, then dismissal is appropriate. *See Id*.

**B.** **Fed. R. Civ. P. 12(b)(6)**

In considering a motion to dismiss for failure to state a claim, "the court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). However, "'a legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," and "a recitation of the elements of the cause of action is insufficient to state a claim for relief." *HDC, LLC v. City of Ann Arbor,* 675 F.3d 608, 614 (6th Cir. 2012) (citations omitted). "This standard does not require 'detailed factual allegations,' but 'a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient.'" *Id*. (citations omitted).

**C.** **Choice of Law**

The United States District Court for the Western District of Michigan transferred this matter to the Middle District of Tennessee pursuant to 28 U.S.C. § 1406(a). Actions transferred pursuant to § 1406(a) apply the choice-of-law rules of the transferee court as if the action had been commenced in that court. *See GBJ Corp v. Eastern Ohio Paving Co.*, 139 F.3d 1080, 1084-85 (6th Cir. 1998). Here, Tennessee choice-of-law rules apply. For example, Tennessee courts apply

3

Tennessee law on procedural matters. *See Pratt v. Grayhound Lines, Inc.*, 2010 U.S. Dist. LEXIS 16496, *3 (E.D. Tenn. Feb. 24, 2010). Importantly, "a statute of limitations is considered a procedural issue." *Id*. Therefore, because "statutes of limitations are procedural rules[,] the statutes of limitations of the forum state - Tennessee - apply to the claims…" *Elec. Power Bd. of Chattanooga v. Monsanto,* 879 F.2d 1368, 1375 (6th Cir. 1989).

## III. Argument

### A. HND Must Be Dismissed As A Defendant Because HND Is Not A Party To The Operative Complaint.

As stated above, HND denies that the Amended Complaint is properly before the Court. Plaintiff filed the Initial Complaint on October 13, 2023.[8] Plaintiff, without leave, filed an Amended Complaint on August 21, 2024.[9] It was in the Amended Complaint that Plaintiff first named HND as a party.[10] While leave to amend is generally freely given, there are strict procedures in place to govern amendments in federal court. *See* Fed. R. Civ. P. 15.

Fed. R. Civ. P. 15 provides that a party may amend its pleading as follows:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

>> (A) 21 days after serving it, or

>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

---

[8] D.E. 1.
[9] D.E. 66.
[10] *See* D.E. 1, 66.

Here, Plaintiff filed an Amended Complaint without first requesting leave from Court.[11] Without such leave, the Amended Complaint is void, thereby leaving the Initial Complaint as the operative pleading. Because HND is not a party to the Initial Complaint, HND is not a Defendant to this lawsuit and should be dismissed as such.

**B.    HND Has Not Been Properly Served With Process.**

If it is determined that the Amended Complaint is properly before the Court, HND submits that Plaintiff has not complied with Fed. R. Civ. P. 4. As a Tennessee limited liability company, service on HND is governed by Fed. R. Civ. P. 4(h). It provides that an unincorporated association may be served:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(e)(1) permits service by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[11] *See generally* D.E. 1-66.

5

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

After consideration of the foregoing, the Court must then look to the rules of service for the state in which the district court is located or the state where service is made - Tennessee. Tenn. R. Civ. P. 4.04 (3) provides that a limited liability company may be served:

> (3) Upon a partnership or unincorporated association (including a limited liability company) which is named defendant under a common name, by delivering a copy of the summons and of the complaint…to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

Service by mail is permitted so long as "the return receipt mail [is] addressed to an individual specified in the applicable subparagraph" – i.e., a officer or managing agent, or an agent authorized by appointment or by law to receive service. *See* Tenn. R. Civ. P. 4.04 (3), (10).

It is indisputable that Plaintiff issued a copy of the Amended Complaint and summons to HND by certified mail, return receipt requested.[12] However, Plaintiff only addressed the mailing to "Hostettler, Neuhoff & Davis, LLC" and Jody Derrick executed the return receipt.[13] Jody Derrick is not, and has never been, a managing member, a non-managing member, officer, managing or general agent, or other agent authorized to receive service on behalf of HND.[14] In sum, Mr. Derrick cannot accept service on behalf of HND.[15] Instead, HND has a registered agent for service of process in Tennessee, to whom service was not addressed.[16] *See* Tenn. R. Civ. P. 4.04 (3), (10). Therefore, Plaintiff's service by certified mail, addressed to "Hostettler, Neuhoff & Davis, LLC," is insufficient.

---

[12] D.E. 95-1, P. 12-15.
[13] *Id*. at P. 12., Exh. 1 - Decl. of C. Neuhoff ¶ 3.
[14] Decl. of C. Neuhoff ¶ 5.
[15] *Id*.
[16] *Id*. at ¶ 2; D.E. 95-1, P. 12-15.

6

### C.      Plaintiff Fails To State A Viable Claim Against HND.

First, and most importantly, Plaintiff's claims are time barred. Plaintiff asserts intentional/negligent infliction of emotional distress (count six), fraud/concealment (count seven), civil conspiracy (count eight), violation of 18 U.S. Code § 1962(C), RICO (count ten), violations of 11 U.S. Code (count eleven), violation of civil rights pursuant to 42 U.S. Code § 1983 and § 1985 (count twelve), and violation of constitutional rights (count thirteen) against HND. Because this lawsuit was transferred to Tennessee pursuant to 28 U.S.C. § 1406(a), the appropriate statutes of limitation are those of Tennessee.[17] *See Elec. Power Bd. of Chattanooga,* 879 F.2d at 1375 ("[S]tatutes of limitations are procedural rule and thus the statutes of limitations of the forum state--Tennessee--apply to the claims…").

| Claim | TN SOL | Federal SOL |
|---|---|---|
| Intentional/Negligent Infliction of Emotional Distress | 1 year, Tenn. Code Ann. § 28-3-104(a)(1) | |
| Fraud/concealment | 3 years, Tenn. Code Ann. § 28-3-105(1) | |
| Civil Conspiracy | Governed by Underlying Tort | |
| Civil RICO[18] | | 4 years |
| § 1983 and § 1985[19] | 1 year, Tenn. Code Ann. § 28-3-104(a)(1) | |
| Violation of Constitutional Rights[20] | 1 year, Tenn. Code Ann. § 28-3-104(a)(1) | |

---

[17] *Id.*

[18] Civil RICO claims are not subject to a statutorily defined statute of limitations. The Supreme Court holds that civil RICO claims are subject to a four-year statute of limitations that begins with a plaintiff knew or should have known of the injury. *See Elam v. Aurora Servs. Loan*, 2018 U.S. Dist. LEXIS 185673, *1 (W.D. Tenn. June 18, 2018) (citing *Agency Holding Corp. v. Malley-Duff & Assocs., Inc*., 483 U.S. 143, 156 (1987)).

[19] *See Beaver St. Invs., LLC v. Summit Cnty.,* 65 F.4th 822, 826 (6th Cir. 2023) ("The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts."); *see also Brown v. George*, 2023 U.S. App. LEXIS 33191, *6 (6th Cir. Dec. 14, 2023) ("Actions under §§ 1983 and 1985 must be filed within the applicable limitations period for personal-injury tort actions in the state where the cause of action originated…).

[20] Claims arising from violations of constitutional rights are governed by the same statute of limitations as §§ 1983 and 1985 claims. *See Erwin v. Neal*, 494 F.2d 1351, 1352 (6th Cir. 1974)

7

First, according to the Amended Complaint, these claims arise from "two fraudulent predatory actions in Tennessee during 2019…"[21] Four years later, on October 13, 2023, Plaintiff filed the Initial Complaint.[22] For Plaintiff's intentional/negligent infliction of emotional distress claim, Plaintiff alleges that "[t]he date emotional distress was first inflicted began on or about June 16, 2019…"[23] Despite Plaintiff's allegation of continued infliction of emotional distress, Plaintiff first became aware of the "cause of action" in or around June 2019.[24] Therefore, Plaintiff's claim for intentional/negligent infliction of emotional distress is barred by Tennessee's one-year statute of limitations.[25]

Second, Plaintiff's fraud/concealment claim has expired pursuant to Tennessee's three-year statute of limitations.[26] Plaintiff alleges that "[a]s a direct and proximate result of the Count 7 Defendants committing fraud, Plaintiff has been injured in his business/employment in the amount of $1,400 monthly beginning September 2019…"[27] All other relevant allegations also occurred in 2019.[28] Because Plaintiff filed suit in October of 2023, four years after the cause of action arose, this claim is also time barred.

Third, Plaintiff asserts that "[a]s a direct and proximate result of the Count 10 Defendants' racketeering activities and violations of 18 U.S. Code § 1962(c), Plaintiff has been injured in his business/employment in the amount of $1,400 monthly beginning September 2019…"[29] The four-

---

(holding that constitutional violations are subject to the same statute of limitations as the civil rights statutes, 42 U.S.C. §§ 1983 and 1985).

[21] *See* D.E. 66 at ¶ 11.

[22] D.E. 1.

[23] D.E. 66 at ¶ 159.

[24] *Id.*

[25] *See* Tenn. Code Ann. § 28-3-104(a)(1).

[26] *See* Tenn. Code Ann. § 28-3-105(1).

[27] D.E. 66 at ¶ 193.

[28] *Id.* at ¶¶ 175-194; *see generally* D.E. 66.

[29] *Id.* at ¶ 217.

8

year statute of limitations for civil RICO claims begins "when a plaintiff knew or should have known of his injury." *Rotella v. Wood*, 528 U.S. 549, 554 (2000). "[D]iscovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Guy v. Mercantile Bank Mort. Co.*, 711 Fed. Appx. 250, 253 (6th Cir. 2017). Based upon Plaintiff's allegations, the four-year period expired in September 2023.[30] Therefore, Plaintiff's civil RICO claim has expired.

Fourth, claims for violations of constitutional rights and violations of 42 U.S.C. §§ 1983 and 1985 are subject to a one-year statute of limitations in Tennessee.[31] In general, the statute of limitations period for a constitutional claim begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984). In looking at the Amended Complaint, the relevant acts complained of began in 2019.[32] Therefore, as set forth by the Plaintiff himself, he knew (or should have known) of his claims by at least the end of 2019. These claims are now time barred.[33]

Lastly, it is well settled that civil conspiracy itself is not a cause of action. *See Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 887 (W.D. Tenn. 1999)*.* It instead "requires an underlying predicate tort allegedly committed pursuant to the conspiracy." *Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010) (quoting *Watson's Carpet & Floor Covering, Inc. v. McCormick*, 247 S.W.3d 169, 180 (Tenn. Ct. App. 2007)). If the underlying tort fails, the conspiracy claim also fails. *See Levy v. Franks*, 159 S.W.3d 66, 82 (Tenn. Ct. App. 2004). Based

---

[30] D.E. 66 at ¶¶ 209-218.
[31] *See* Tenn. Code Ann. § 28-3-104(a)(1).
[32] *See generally* D.E. 66.
[33] *See* D.E. 66 at ¶¶ 232-271.

on the foregoing, HND submits that the Plaintiff's underlying tort claims are time barred. As such, Plaintiff's conspiracy claim also fails as a matter of law and should be dismissed.

### D. Plaintiff Fails To Plead Fraud/Concealment With The Requisite Particularity.

Count seven of the Amended Complaint asserts a claim of fraud and concealment against all Defendants. However, Plaintiff's claim against HND is woefully deficient. To establish a viable claim for fraud in Tennessee, the Plaintiff "must allege facts showing that: 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation." *Great Am. Opportunities, Inc. v. Cherry Bros., LLC*, 2019 U.S. Dist. LEXIS 24358, at *16-17 (M.D. Tenn. Feb. 14, 2019) (citing *Walker v. Sunrise Pontiac-GMC Truck, Inc*., 249 S.W.3d 301, 311 (Tenn. 2008)); *see also Dell'Aquila v. LaPierre,* 491 F. Supp. 3d 320, 326 (M.D. Tenn. 2020).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In sum, a plaintiff cannot "base claims of fraud on speculation and conclusory allegations." *Smith v. GM LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (citations omitted). Therefore, "[s]o long as a [plaintiff] pleads sufficient detail—in terms of time, place, and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud—to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." *United States ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Cir. 2008). This "particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants

against spurious charges of immoral and fraudulent behavior." *United States ex rel. Prather v. Brookdale Senior Living Cmtys. Inc.,* 838 F.3d 750, 771 (6th Cir. 2016) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)).

Plaintiff fails to allege any specific act or false representation of HND.[34] Instead, Plaintiff's allegations only identify the purported wrongdoings and misrepresentations of other Defendants.[35] In a futile attempt to overcome this deficiency, Plaintiff asserts a bare legal conclusion that "[a]s a direct and proximate result of the Count 7 Defendants committing fraud, Plaintiff has been injured…"[36] This allegation does not identify the time, place, or content of any false representations or acts of concealment made by HND, and it fails to establish any fraudulent intent of HND beyond Plaintiff's bare legal conclusion. This is fatal to Plaintiff's claim. Consequently, based on Plaintiff's deficient and conclusory allegations, Plaintiff's fraud claim fails to comply with the requisite particularity standard set forth in Rule 9(b) and should be dismissed.

### E.    Plaintiff's Claim For Intentional/Negligent Infliction of Emotional Distress Fails As A Matter of Law.

Count six contains Plaintiff's claim for "Intentional/Negligent Infliction of Emotional Distress" against "all defendants."[37] However, Plaintiff's claim is bare as to allegations of actions attributable to HND.[38] Instead, Plaintiff vaguely references acts of "defendants" as grounds for this cause of action. Specifically, Plaintiff alleges:

> 157. Plaintiff had advised **defendants** and others at one time or another that the original offenders in the Chancery Court and in the bankruptcy court had violated rules of professional conduct, rules of civil procedure, due process, and civil and criminal law, yet none of them lifted a toxic finger to do anything corrective.

---

[34] *See generally* D.E. 66; *see also* D.E. 66 at ¶¶ 175-194.
[35] *Id*.
[36] *Id*. at ¶ 193.
[37] *Id*. at ¶¶ 153-174.
[38] *See generally id*.

158. Thus far, Plaintiff has had to spend more than 10,000 painstaking hours on matters related to litigation underlying this matter because of the **defendants'** actions. The **defendants** have intentionally inflicted - it not at least negligently inflicted – emotional and financial distress upon Plaintiff as a result of their tortious acts during the creation of the fraudulent order to sell the home and the unconstitutional order of protection against him, and he has suffered a great deal.

160. Plaintiff has been under constant oppression by the **defendants.**

161. The **defendants** acted with malice or reckless indifference and committed extreme and outrageous acts, such as fraud to the highest degree. Specifically, they:

- lied repeatedly on and off the record (See Appendix 2)

- violated rules of procedure, judicial cannons, rules of professional conduct, civil and criminal law, and/ or the constitution (See Appendix 3 and Count Thirteen)

- knew Plaintiff would be driven well into extreme poverty and be forced to be put on SNAP/food stamps 174 and state medical assistance because of their actions, and/or

- failed to intercede, report bad actors for wrongdoing, and/or perform their duties to assist litigants with disabilities

162. Yet **defendants** proceeded with wrongly seizing and selling the home anyway, or allowed it to happen, or did nothing remedial afterward. Those **defendants** versed in law who did the most appalling acts-Story and Binkley-must have known they were violating several laws, but even if they were ignorant of existing relevant law, they were made aware of their transgressions via the filings Plaintiff submitted into the record, one of which he submitted on August 29, 2019.

164. Regarding rescheduling of the matters supposed to be heard on August 29, 2019, to a hearing on October 21, 2019-which is after Plaintiff was forced to move out of state 573 miles away by the **defendants** - defendants Story and Binkley had originally conceded Plaintiff's attendance at the hearing by phone 176 since this was the only feasible way for him to attend as a pro se litigant because he could no longer afford representation. Thereafter, Plaintiff was denied his constitutional right to defend himself and his property at the hearing because defendants Story and Binkley rescinded Plaintiff's means of attending by phone, which is a clear violation of due process. They effectively created the situation that required participation by phone and then blocked it afterwards. Such action shows a total disregard of Plaintiff's right to due process and inflicted emotional distress upon him.

173. As a direct and proximate result of the **<u>defendants'</u>** actions described in this count and throughout this complaint, Plaintiff has been negatively impacted with regard to standard of living, financial reserve, emotional distress, time expenditure, and mental/physical well-being.

(emphasis added).

In Tennessee, a viable claim for negligent infliction of emotional distress "must: 1) satisfy the five elements of ordinary negligence: duty, breach of duty, and the in-fact and proximate causation of an injury; 2) establish a 'serious' or 'severe' emotional injury; and 3) support this injury allegation with 'expert medical or scientific proof.'" *Gooch v. I.B.G. Servs*., Inc., 2024 U.S. Dist. LEXIS 140760, *23 (W.D. Tenn. June 28, 2024) (citing *Marla H. v. Knox Cnty*., 361 S.W.3d 518, 529 (Tenn. Ct. App. 2011)). To establish an intentional infliction of emotional distress claim, a plaintiff must show "that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Adkins v. Pilot Flying J*, 2023 U.S. Dist. LEXIS 113375, *10 (E.D. Tenn. June 30, 2023) (citing *Fisher v. Nissan N. Am., Inc.,* 951 F.3d 409, 423 (6th Cir. 2020)).

Based upon a plain reading of the Amended Complaint, it is evident that Plaintiff has alleged no facts that satisfy the elements of a negligent or intentional infliction of emotional distress claim. Plaintiff does not allege that HND owed a duty to Plaintiff and does not establish that he suffered a serious or severe emotional injury.[39] A conclusory allegation that Plaintiff suffered "emotional distress" is insufficient.[40] Moreover, Plaintiff does not identify any specific conduct of HND to warrant liability.[41] Accordingly, this claim should be dismissed.

---

[39] D.E. 66 at ¶¶ 153-174.
[40] *Id*.
[41] *Id*.

13

**F.    Plaintiff Has Not Asserted A Civil RICO Claim Capable Of Withstanding A Rule 12(b)(6) Motion To Dismiss.**

Pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." To state a claim for civil RICO, Plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Pineda Transp., LLC v. FleetOne Factoring, LLC*, 2018 U.S. Dist. LEXIS 78215, *13 (M.D. Tenn. May 9, 2018) (citing *Orlowski v. Bates,* 146 F.Supp.3d 908, 928 (W.D. Tenn. 2015)). An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). A "properly pled RICO claim must cogently allege activity that would show ongoing, coordinated behavior among the defendants in order to constitute an association-in-fact." *Shields v. Unumprovident Corp.*, 415 Fed. Appx. 686, 691 (6th Cir. 2011) (quoting *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993)).

"A pattern of racketeering activity" is defined as "at least two acts of racketeering activity" over a ten-year period and "requires allegations showing at least two predicate acts of racketeering activity that are related and that amount to or pose a threat of continued activity." *Howse v. Metro. Gov't of Nashville,* 2019 U.S. Dist. LEXIS 251894, *14 (M.D. Tenn. Mar. 4, 2019) (citing *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 795 (6th Cir. 2012)); *see also* 18 U.S.C. § 1961(5). "A RICO plaintiff must also do more than merely recite a list of predicate acts because

14

'there is something to a RICO pattern beyond the number of predicate acts involved.'" *Id*. at *14

(quoting *H.J. Inc. v. Nw. Bell Tel. Co*., 492 U.S. 229, 238 (1989)). "Additionally, where the alleged

RICO conduct is directed at a single victim or objective, 'the purported racketeering activity does

not bear the markings of the long-term criminal conduct about which Congress was concerned

when it enacted RICO.'" *Id*. at *14 (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 725-

26 (6th Cir. 2006)).

Here, Plaintiff makes the following vague and conclusory allegations - none of which

identify any act or wrongdoing specific to HND:

> 211. The Chancery Court is an enterprise engaged in and whose activities affect interstate commerce. The Count 10 Defendants are associated with the enterprise.

> 212. The Count 10 Defendants agreed to and did conduct and participate in the affairs of the enterprise through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff. Specifically, they are responsible for the following racketeering activities:

> • 18 U.S. Code§ 1341 (when they used the U.S. mail to conduct and perpetuate their fraudulent activity, with various letters being sent across state lines, thereby constituting a pattern of racketeering activity by itself; see Appendix 4- 5 to 4-14 for evidence of U.S. mail usage for such purposes)
> …
> • 18 U.S. Code§ 1951 (and T.C.A. § 39-14-12) (when they performed acts that affected interstate commerce via extortion of the home-Plaintiff was indirectly threatened with incarceration if he failed to sign the auction listing agreement for the home-and fraudulently transferred "ownership" of it and/or conspired to do so through the enterprise; see Appendix 4-1 to 4-4 for evidence of negative effects on interstate commerce)

> • 18 U.S. Code§ 1957 (when they engaged in or enabled monetary tranSAtions [sic] related to the home, which was derived from unlawful activity, including altering the auction listing after Plaintiff signed it, coercing Plaintiff to sign it, and falsifying other records)

> • fraud connected with a case under title 11 (when Plaintiff was never given official notice of the filing, the Chancery Court assumed jurisdiction of at least a portion of the bankruptcy estate in violation of 28 U.S. Code §

15

1334, and schedules/ documents were filed that contained fraudulent entries in violation of F.R.B.P. 9011(b)(3) and 18 U.S. Code§ 1519)

…

214.    Pursuant to and in furtherance of their fraudulent scheme, the Count 10 Defendants committed multiple related acts of racketeering as shown in paragraph 212.

215. The acts set forth in this count constitute a pattern of racketeering activity pursuant to 18 U.S. Code§ 1961(5).

216. The Count 10 Defendants have directly and indirectly conducted and participated in the enterprise's affairs through the pattern of racketeering activity described above, in violation of 18 U.S. Code§ 1962(c).

217. As a direct and proximate result of the Count 10 Defendants' racketeering activities and violations of 18 U.S. Code § 1962(c), Plaintiff has been injured in his business/employment in the amount of $1,400 monthly beginning September 2019…[42]

Plaintiff's laundry-list of allegations and purported predicate acts are wholly insufficient to establish a civil claim under the RICO statute. Plaintiff has not properly alleged the existence of an enterprise and has not identified a pattern of racketeering activity.[43] Plaintiff only vaguely states that "they" engaged in mail fraud; interference with commerce, robbery, or extortion; monetary transactions in property derived from specific unlawful activity; and fraud associated with the bankruptcy case (which does not qualify as a racketeering activity).[44] These conclusory allegations do not identify the time, place, or content of the purported fraudulent scheme and activity in which HND engaged – a requirement when alleging a RICO violation based on mail fraud. *See Dell'Aquila*, 491 F.Supp. 3d at 332 (quoting *Heinrich v. Waiting Angels Adoption Svcs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012)).[45] Plaintiff further fails to include any facts to suggest that the behavior of the Count 11 Defendants is "'coordinated in such a way that they function as a

---

[42] *See* D.E. 66, 211 – 217.
[43] D.E. 66 at ¶¶ 209-218.
[44] D.E. 66, 211 – 217; *see also* 18 U.S.C. 1961.
[45] *Id*.

continuing unit."' *Shields*, 415 Fed. Appx. at 691 (quoting *Begala v. PNC Bank, Ohio*, 214 F.3d 776, 781 (6th Cir. 2000). It follows that Plaintiff fails to state a plausible claim under the RICO statute and this claim should be dismissed.

### G. Plaintiff's §§ 1983 and 1985 Claims Must Be Dismissed As Both Lack Merit.

Plaintiff alleges that Defendants Beeler, Binkley, Coke, Garrett, Hivner, T. Anderson, S. Anderson, Marlin, MSRE, HND, BT&EC, Hildebrand, and the State Defendants violated the civil rights of Plaintiff.[46] Specifically, Plaintiff asserts that due to their actions, these Defendants are liable pursuant to 42 U.S. Code § 1983 and § 1985. This count fails as a matter of law.

First, "the Fourteenth Amendment restricts only the actions of a 'State,' and 42 U.S.C. § 1983 grants a remedy only against those who act 'under color of' a state law, custom, or the like." *MacKey v. Rising*, 106 F.4th 552, 555 (6th Cir. 2024). "As a statutory matter, § 1983 allows plaintiffs to sue a defendant who 'subjects' them 'to the deprivation' of their 'rights' if the defendant acts 'under color of any statute, ordinance, regulation, custom, or usage, of any State[.]'" *Id*. (quoting 42 U.S.C. § 1983). "Yet this text likewise does not reach a *private* defendant's actions." *Id*. at 558. It is indisputable that HND is a private defendant. Therefore, § 1983 is inapplicable to HND and any claim arising therefrom must be dismissed.

Second, to establish a conspiracy pursuant to § 1985(3), a plaintiff must show "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). "The plaintiff must also show the

---

[46] *Id*. at ¶¶ 232 – 246.

17

conspiracy was motivated by racial, or other class based animus." *Id*. And, these "conspiracy claims must be pled with some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

The Amended Complaint is completely devoid of any allegations demonstrating that HND acted in tandem with some scheme to deprive Plaintiff of the equal protection of the laws.[47] Instead, the only allegation specific to HND states that Plaintiff emailed HND on September 20, 2019.[48] In no way does this lone allegation suffice to withstand a 12(b)(6) motion to dismiss. The remaining vague and conclusory allegations regarding "the defendants" also fail to identify the requisite who, what, when, and where level of specificity necessary to properly plead a conspiracy claim.[49] Lastly, the Plaintiff, who must show that the conspiracy was motivated by class based animus, seemingly alleges that the conspiracy was based upon disability.[50] This is unfortunate because § 1985(3) "does not cover claims based on disability-based discrimination or animus." *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000). Accordingly, Plaintiff's claims must be dismissed.

**H.     HND Is Not Liable To Plaintiff For Alleged Violations Of 11 U.S. Code.**

Plaintiff asserts a claim against several Defendants for violations of 11 U.S. Code.[51] Specifically, Plaintiff asserts that "[p]arts of 11 U.S. Code § 363 were either not invoked or circumvented" and that 11 U.S. Code §§ 362, 541, 543(c), 707(b)(4)(C), and 1205 (b)(4)(C) were violated.[52] First, the only mention of HND in Plaintiff's Count 11 is that HND and others sold the

---

[47] *Id*.
[48] *Id*. at ¶ 240.
[49] *Id*. at ¶¶ 232 – 246.
[50] *Id*.
[51] *Id*. at ¶¶ 219-231.
[52] *Id*.

marital home.[53] Plaintiff does not allege that HND specifically violated any of the alleged code provisions. Second, Plaintiff fails to identify any authority permitting a civil cause of action for alleged violations of the aforementioned bankruptcy code provisions. *See Mason v. Suntrust Mortg., Inc.*, 2016 U.S. Dist. LEXIS 189708, *13 (M.D. Tenn. May 6, 2016) (acknowledging "authority which stands for the proposition that the automatic stay provision does not create a private cause of action outside the bankruptcy court…") (internal citations omitted). For these reasons, Plaintiff cannot state a claim for violations of 11 U.S. Code against HND.

## I.     HND Is Not Liable For Violations Of Constitutional Rights.

Count thirteen of the Amended Complaint asserts "violation[s] of constitutional rights" against several Defendants – one being HND.[54] However, notably absent from Plaintiff's claim are any allegations that HND actually violated his constitutional rights.[55]

"In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops*, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Frazier v. Michigan*, 41 Ded. Appx. 762, 764 (6th Cir. 2002). Moreover, "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Id*. (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

Here, Plaintiff has included nothing more than conclusory allegations that the "Defendants" violated his constitutional rights. None of these allegations are specific to HND and

---

[53] *Id.*
[54] *Id*. at ¶¶ 247-271.
[55] *Id.*

therefore, do not contain the degree of specificity required for such a claim. For these reasons, Plaintiff's Amended Complaint does not state a proper claim for violations of his constitutional rights and should be dismissed.

### J. Plaintiff's Conspiracy Claim Fails Against HND As Plaintiff Fails To Plead A Viable Predicate Tort.

In Count eight, Plaintiff asserts a claim of civil conspiracy against "all defendants."[56] Again, this claim fails to include any specific allegations as to HND.[57] Rather, the only allegations that reference "all defendants" are:

> 197. Plaintiff had repeatedly told **<u>defendants</u>** that he was being discriminated against not just because of his intellection disabilities, but also because Local Rule 11.01 prevented him from objecting to the lie-riddled fraudulent orders written by defendant Story…

> 199.    Plaintiff was residing at and owned the marital home during the divorce and bankruptcy litigation. The **<u>defendants</u>** knew this and worked methodically and deliberately to remove Plaintiff from the home and sell it right out from under him. As such, the **<u>defendants</u>** have not only conspired to deprive Plaintiff of his real property, which had fully vested in it his retirement account and other plaintiff funds, but they also interfered with the business relationship of Plaintiff and his tenants thereby stopping his rental income from them. The **<u>defendants</u>** have thus caused serious economic harm to Plaintiff.

(emphasis added).

In Tennessee, the elements of a civil conspiracy claim are "(1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) resulting injury." *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 2020 U.S. Dist. LEXIS 183176, * 21 (M.D. Tenn. Oct. 2, 2020) (citing *B&L Mgmt. Grp., LLC v. Adair*, 2019 U.S. Dist. LEXIS 127657, * 30 (W.D. Tenn. July 31, 2019)). Conspiracy also "requires an underlying

---

[56] *Id*. at ¶¶ 195-200.
[57] *See generally id.*

predicate tort allegedly committed pursuant to the conspiracy." *Sake TN, LLC v. Cain*, 2022 U.S. Dist. LEXIS 30599, *21-22 (Feb. 22, 2022) (quoting *Pagliara v. Moses*, 605 S.W.3d 619, 627 (Tenn. Ct. App. 2020). "Conspiracy is only actionable if the underlying tort is actionable, [], so there can be 'no liability under a theory of civil conspiracy unless there is underlying wrongful conduct." *Id*. (internal citations omitted).

Plaintiff has not pled an actionable tort upon which this civil conspiracy claim can be based. All of Plaintiff's claims, whether by improper pleading or statutes of limitations, fail as a matter of law. Moreover, there are no allegations specific to HND that give rise to a cause of action. Therefore, Plaintiff's civil conspiracy claim against HND should be dismissed.

## IV. Conclusion

Based on the foregoing, and all defenses asserted by the Defendants which are adopted by HND and incorporated herein by reference, HND respectfully requests that Plaintiff's claims against it be dismissed with prejudice.

/s/ Benjamin E. Goldammer
BENJAMIN E. GOLDAMMER (#026328)
DANICA G. SUEDEKUM (#036031)
Kay Griffin Evans, PLLC
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
615-742-4800
ben.goldammer@kaygriffin.com
dgrosko@kaygriffin.com
*Attorneys for HND*

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically via the Court's ECF system. Notice of this filing will be sent to all parties listed below by US Mail, and the Court's electronic filing system for those registered, on this the 29th day of October, 2024.

Jeffrey Ryan Fenton
17195 Silver Parkway #150
Fenton, MI 48430

Brian Joseph Gallagher
Lennon Miller PLC
151 S Rose St., Ste. 900
Kalamazoo, MI 49007

Peako Andrea Jenkins
TN Attorney General's Office
PO Box 20207
Nashville, TN 37202
*Attorneys for Michael Weimar Binkley, Elaine Beaty Beeler, Frank Goad Clement, Jr., Andy Dwane Bennett, William Neal McBrayer, James Michael Hivner, John Brandon Coke, Sandra Jane Leach Garrett, State of Tennessee, Williamson County Tennessee, Tennessee Administrative Office of the Courts, Tennessee Court of Appeals Middle Division, Chancery Court for Williamson County Tennessee, Williamson County Sheriff's Office, Supreme Court of Tennessee and Board of Professional Responsibility of the Supreme Court of Tennessee*

Valerie Henning Mock
Wilson Elser Moskowitz Edelman & Dicker, LLP
17197 N. Laurel Park Drive, Ste. 201
Livonia, MI 48152
*Attorney for Virginia Lee Story, Story and Abernathy, PLLC*

Ryan D. Cobb
U.S. Attorney
The Law Bldg.
330 Ionia Ave., NW
Grand Rapids, MI 49501
*Attorney for Charles M. Walker*

Sandra J. Densham
Plunkett Cooney
333 Bridge St., NW, Ste. 530
Grand Rapids, MI 49504
*Attorney for Roy Patrick Marlin and McArthur Sanders Real Estate*

Bret Chaness
Rubin Lublin, LLC
3145 Avalon Ridge Place, St. 100
Peachtree Corners, GA 30071
*Attorney for Rubin Lublin TN, PLLC*

22

Michael L. Gutierrez
Tyler A. Burk
Butzel Long PC
300 Ottawa Ave., NW, Ste. 620
Grand Rapids, MI 49503
*Attorneys for Cadence Bank, N.A.*

Dawn Nicole Williams
Dykema Gossett PLLC
Capitol View Bldg.
201 Townsend St., Ste. 900
Lansing, MI 48933

Laura C. Baucus
Dykema Gossett PLLC
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
*Attorneys for Bank of America N.A. and Bank
of America Corporation*

Thomas E. Anderson
1187 Old Hickory Blvd., Ste. 125
Brentwood, TN 37027

Kathryn Lynn Yarbrough
1707 Stoney Hill Ln.
Spring Hill, TN 37174

Mary Elizabeth Maney Ausbrooks
120 Meadows Rd.
White House, TN 37188

Alexander Sergey Koval
5928 Stone Brook Dr.
Brentwood, TN 37027

Henry E. Hildebrand, III
217 Lauderdale Rd.
Nashville, TN 37205

Samuel Forrest Anderson
4509 Beacon Dr.
Nashville, TN 37215

Rothschild & Ausbrooks, PLLC
c/o RA: Mary Beth Ausbrooks
110 Glancy St., Ste. 109
Goodlettsville, TN 37072

Spragins, Barnett & Cobb, PLC
c/o RA: Alan Rheney
312 E. Lafayette St.
Jackson, TN 38301

Bankers Title & Escrow Corporation
c/o RA: R L Moore
3310 West End Ave., Ste. 540
Nashville, TN 37203

/s/ Benjamin E. Goldammer

23