IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFFREY RYAN FENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:24-cv-01282 |
| | ) | JUDGE CAMPBELL |
| VIRGINIA LEE STORY, et al., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendants. | ) | |

**EXPEDITED CONSIDERATION AND EMERGENCY HEARING REQUESTED**

**<u>DEFENDANT HONORABLE CHARLES WALKER'S MOTION TO DISMISS</u>**

Defendant, the Honorable Charles Walker (Judge Walker), by and through the United States Attorney for the Middle District of Tennessee and the undersigned Assistant United States Attorney, files this Motion to Dismiss, while also requesting expedited consideration and an emergency hearing.

This case was originally filed in the Western District of Michigan in October 2023, but was transferred to the Middle District of Tennessee on October 25, 2024. (*See* ECF Nos. 127, 131.) Although Judge Walker previously filed a Motion to Dismiss (*see* ECF Nos. 126, 128, 130), this filing supersedes it. The transfer to this District presents novel issues for Judge Walker, a United States bankruptcy judge for the Middle District of Tennessee. Judge Walker along with the standing Chapter 13 trustee and several attorneys who routinely practice in bankruptcy court are co-defendants, and that could create potential conflicts or other issues that may impact Judge Walker's ability to perform his duties. Because the bankruptcy court is a unit of the District Court, the expedited relief is necessary to ensure no interference with Judge Walker's ability to carry forth his judicial functions.

*Pro se* Plaintiff Jeffrey Fenton (Plaintiff) is suing dozens of defendants including real estate agents and companies, banks, lawyers, court officials, law enforcement, local government entities, and others he asserts were involved in depriving him of his Brentwood, Tennessee home following his divorce and his ex-wife's federal bankruptcy petition. Judge Walker presided over the ex-wife's bankruptcy case, but Plaintiff was not a party to that bankruptcy. Plaintiff's lengthy complaint has few allegations relating to Judge Walker. It appears that Plaintiff is arguing that his ex-wife's attorneys wrongfully omitted him from being listed as an owner of the house in the bankruptcy filings, that he was not notified about the bankruptcy case, and that the bankruptcy court therefore should not have allowed the house to be sold in a state court-sanctioned real estate sale.

The Court should dismiss Plaintiff's claims against Judge Walker for numerous reasons. First, Judge Walker has absolute judicial immunity from suit. Plaintiff's claims pertain to actions Judge Walker took in his capacity as a federal bankruptcy judge, and there are no allegations that Judge Walker acted outside that capacity or in the complete absence of jurisdiction. The Court therefore should dismiss the claims with prejudice under Fed. R. Civ. P. 12(b)(6). Second, even if judicial immunity did not bar the claims, Plaintiff has failed to plead any viable claim against Judge Walker under Rules 8 and (12)(b)(6). His minimal allegations relating to Judge Walker are difficult to understand; he has not provided fair notice of what his claims are and has not made plausible factual allegations against Judge Walker sufficient to support any viable claim. Third, there is a threshold procedural defect that justifies dismissal. Plaintiff has failed to complete service of process on Judge Walker in his official capacity as federal bankruptcy judge, so the claims should be dismissed under Rules 12(b)(5) and 4(i).

For the reasons discussed more fully in the accompanying memorandum, Judge Walker's motion to dismiss should be granted.

>
> Respectfully submitted,
>
> THOMAS J. JAWORSKI
> Acting United States Attorney
> Middle District of Tennessee
>
> s/ Anica C. Jones
> ANICA C. JONES, B.P.R. # 025325
> Assistant United States Attorney
> 719 Church Street, Suite 3300
> Nashville, TN 37203
> Telephone: (615) 736-5151
> Email: anica.jones@usdoj.gov
> *Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was sent by First Class, United States mail, postage prepaid, to the following:

| | |
|---|---|
| Jeffrey Ryan Fenton<br>17195 Silver Parkway #150<br>Fenton, MI 48430 | Valerie Henning Mock<br>Wilson Elser Moskowitz Edelman & Dicker LLP (Livonia)<br>17197 N Laurel Park Drive, Ste. 201<br>Livonia, MI 48152 |
| Brian Joseph Gallagher<br>Lennon Miller PLC<br>151 S Rose Street, Ste. 900<br>Kalamazoo, MI 49007 | Peako Andrea Jenkins<br>Tennessee Attorney General's Office<br>P.O. Box 20207<br>Nashville, TN 37202-0207 |
| Sandra J. Densham<br>Plunkett Cooney (Grand Rapids)<br>333 Bridge Street, NW, Ste. 530<br>Grand Rapids, MI 49504 | Thomas E. Anderson<br>1187 Old Hickory Blvd., Ste. 125<br>Brentwood, TN 37027 |
| Laura C. Baucus<br>Dykema Gossett PLLC (Bloomfield Hills)<br>39577 Woodward Avenue, Ste. 300<br>Bloomfield Hills, MI 48304 | Bret Chaness<br>Rubin Lublin, LLC<br>3145 Avalon Ridge Place, Ste 100<br>Peachtree Corners, GA 30071 |
| Benjamin E. Goldammer<br>Danica G Suedekum<br>Kay Griffin, PLLC<br>222 Second Avenue North, Suite 340-M<br>Nashville, TN 37201 | Michael L. Gutierrez<br>Tyler A. Burk<br>Butzel Long PC (GR)<br>300 Ottawa Avenue, NW, Ste. 620<br>Grand Rapids, MI 49503 |
| Dawn Nicole Williams<br>Dykema Gossett PLLC (Lansing)<br>Capitol View Bldg.<br>201 Townsend Street, Ste. 900<br>Lansing, MI 48933 | |

                                          s/ Anica C. Jones<br>
                                          ANICA C. JONES<br>
                                          Assistant United States Attorney