# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JEFFREY RYAN FENTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:24-cv-01282** |
| **v.** | ) | **JUDGE WILLIAM L. CAMPBELL, JR.** |
| | ) | **Magistrate Judge Barbara D. Holmes** |
| **VIRGINIA LEE STORY,** *et al.*, | ) | |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT CADENCE BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS ALL OF PLAINTIFF'S CLAIMS AGAINST IT

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ........................................................................................................... 1

BACKGROUND .............................................................................................................. 1

I.     Williamson County Divorce Proceeding .............................................................. 1

II.    The Present Litigation ........................................................................................... 2

LEGAL STANDARD ...................................................................................................... 3

ARGUMENT ................................................................................................................... 4

I.     Fenton's Claims Are Time-Barred........................................................................ 4

II.    All of Fenton's Claims Fail Because He Fails To Distinguish Between Cadence Bank and the Co-Defendants. ............................................................... 6

III.   Fenton's Claims Also Fail For Claim-Specific Reasons. ..................................... 7

      A.    Fenton fails to state an intentional or negligent infliction of emotional distress claim against Cadence Bank. ................................................. 7

             1.    Fenton fails to state an intentional infliction of emotional distress claim.................................................................................... 8

             2.    Fenton fails to state a negligent infliction of emotional distress claim.................................................................................... 11

      B.    Fenton fails to state fraud or fraudulent concealment claims against Cadence Bank. ............................................................................. 13

             1.    Fenton fails to state a fraud claim against Cadence Bank because he does not plead his claim with particularity. ........................ 13

             2.    Fenton fails to state a fraudulent concealment claim against Cadence Bank. .................................................................... 15

      C.    Fenton fails to state a conspiracy claim against Cadence Bank........................... 16

CONCLUSION................................................................................................................ 19

**Page(s)**

**Cases**

*Aaron v. Durrani*,
No. 1:13-cv-202, 1:13-cv-214, 2014 WL 996471 (S.D. Ohio Mar. 13, 2014)........................7

*AccuImage Diagnostics Corp v. Terarecon, Inc.*,
260 F. Supp. 2d 941 (N.D. Cal. 2003) ...................................................................................19

*Afshari v. Montana Black Gold*,
No. 20-5362, 2020 WL 9217980 (6th Cir. Dec. 17, 2020).....................................................14

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009)...........................................................................................................3, 7

*B&L Mgmt. Grp., LLC v. Adair*,
No. 17-2197, 2019 WL 3459244 (W.D. Tenn. July 31, 2019)..............................................17

*Barmapov v. Amuial*,
No. 9:18-CV-80390-WPD, 2019 WL 11639545 (S.D. Fla. May 24, 2019)...........................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................7, 17

*Billiter v. SP Plus Corp.*,
329 F. Supp. 3d 459 (M.D. Tenn. 2018).........................................................................8, 11

*Brown v. Regions Bank*,
No. 2:19-CV-2356-JPM-TMP, 2019 WL 13297196 (W.D. Tenn. Nov. 14,
2019) ...............................................................................................................................12, 13

*Cash v. Country Tr. Bank*,
No. 17-CV-2611, 2018 WL 3371122 (W.D. Tenn. July 10, 2018)........................................12

*City of Pontiac Police & Fire Ret. Sys. v. Jamison*,
No. 3:20-cv-00874, 2022 WL 884618 (M.D. Tenn. Mar. 24, 2022).......................................6

*Cossairt v. Jarrett Builders, Inc.*,
292 F. Supp. 3d 779 (M.D. Tenn. 2018)...............................................................................10

*Doe v. Belmont Univ.*,
334 F. Supp. 3d 877 (M.D. Tenn. 2018)..................................................................................8

*Doe v. Belmont Univ.*,
367 F. Supp. 3d 732 (M.D. Tenn. 2019)................................................................................12

*Doe v. New Aspen Mgmt. LLC*,
　　No. 3:20-CV-00125, 2021 WL 5054107 (M.D. Tenn. Nov. 1, 2021) .....................................13

*Eberhard Architects, LLC v. Bogart Architecture, Inc.*,
　　No. 1:14-CV-1185, 2014 WL 4354561 (N.D. Ohio Aug. 29, 2014) ........................................7

*EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*,
　　398 F. Supp. 3d 258 (M.D. Tenn. 2019) ..........................................................................15, 16

*Evans v. Vanderbilt Univ. Sch. of Med.*,
　　589 F. Supp. 3d 870 (M.D. Tenn. 2022) ................................................................................12

*Finley v. Kelly*,
　　384 F. Supp. 3d 898 (M.D. Tenn. 2019) ...............................................................10, 11, 13

*Fisher v. Nissan N. Am., Inc.*,
　　951 F.3d 409 (6th Cir. 2020) .............................................................................................8, 10

*Freeman Mgmt. Corp. v. Shurgard Storage Ctrs., LLC*,
　　461 F. Supp. 2d 629 (M.D. Tenn. 2006) ...............................................................................17

*Gann v. Kolfage*,
　　No. 3:14-1609, 2016 WL 6127722 (M.D. Tenn. Sept. 30, 2016) ..........................................17

*Hale v. Woodward*,
　　No. 2:24-CV-00008, 2024 WL 1540220 (M.D. Tenn. Apr. 9, 2024) ........................13, 14, 15

*Berger ex rel. Income Opportunity Realty Invs., Inc. v. Transcon. Realty Invs., Inc.*,
　　No. 3:19-CV-00286-E, 2020 WL 1528994 (N.D. Tex. Mar. 31, 2020) .................................18

*Kerrigan v. ViSalus, Inc.*,
　　112 F. Supp. 3d 580 (E.D. Mich. 2015) ...........................................................................18, 19

*Klein v. ProNova Sols., LLC*,
　　No. 3:20-CV-393, 2023 WL 7201144 (E.D. Tenn. Oct. 20, 2023) ..........................................4

*Kolominsky v. Root, Inc.*,
　　100 F.4th 675 (6th Cir. 2024) ...............................................................................................14

*Malmquist v. Hearst Corp.*,
　　No. 209-CV-2416-JPM-CGC, 2010 WL 1257800 (W.D. Tenn. Mar. 26, 2010) ...................10

*Montesi v. Nationwide Mut. Ins. Co.*,
　　No. 2:12-CV-02399-JTF, 2013 WL 6080046 (W.D. Tenn. Nov. 18, 2013) .............................5

*Mount Hopewell Missionary Baptist Church v. Found. Cap. Res., Inc.*,
   No. M2020-00107-COA-R3-CV, 2021 WL 352019 (Tenn. Ct. App. Feb. 2,
   2021) ......................................................................................................................14, 15

*Nolan v. Detroit Edison Co.*,
   991 F.3d 697 (6th Cir. 2021) ...........................................................................................4

*Pagliara v. Moses*,
   605 S.W.3d 619 (Tenn. Ct. App. 2020)..........................................................................10

*Polk v. Gen. Motors Corp.*,
   No. 3:05-CV-00335, 2006 WL 1806016 (M.D. Tenn. June 28, 2006) ..............................5

*Redwing v. Cath. Bishop for Diocese of Memphis*,
   363 S.W.3d 436 (Tenn. 2012).........................................................................................4

*Rhodes v. R&L Carriers, Inc.*,
   491 F. App'x 579 (6th Cir. 2012) ....................................................................................6

*RN Ent., LLC v. Clement*,
   380 F. Supp. 3d 711 (M.D. Tenn. 2019)....................................................................17, 18

*Sills v. S. Baptist Convention*,
   No. 3:23-CV-00478, 2024 WL 1020569 (M.D. Tenn. Mar. 8, 2024) .................................6, 7

*Solis v. Emery Fed. Credit Union*,
   459 F. Supp. 3d 981 (S.D. Ohio 2020) ...........................................................................16

*Stinnett v. United States*,
   891 F. Supp. 2d 858 (M.D. Tenn. 2012)..........................................................................16

*Theile v. Michigan*,
   891 F.3d 240 (6th Cir. 2018) ...........................................................................................3

*United Data Techs., Inc. v. Byers*,
   No. 3:16-cv-00139, 2018 WL 11411600 (M.D. Tenn. June 29, 2018) ..........................17, 19

*Walker v. First State Bank*,
   849 S.W.2d 337 (Tenn. Ct. App. 1992)................................................................ *passim*

*Webster v. Sontara Old Hickory, Inc.*,
   No. 3:20-cv-00685, 2021 WL 1857344 (M.D. Tenn. May 10, 2021) ....................................5

*Wilson v. HSBC Bank, N.A.*,
   594 F. App'x 852, 858 (6th Cir. 2014) ...........................................................................14

*Z.J. v. Vanderbilt Univ.*,
   355 F. Supp. 3d 646 (M.D. Tenn. 2018)...........................................................................3

**Statutes**

Tᴇɴɴ. Cᴏᴅᴇ Aɴɴ. § 28-3-104(a)(1)...............................................................................................5

Tᴇɴɴ. Cᴏᴅᴇ Aɴɴ. § 28-3-105(1)..................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8............................................................................................................3, 7, 18

Fed. R. Civ. P. 9(b)................................................................................................................14

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 3

## INTRODUCTION

This case arises from Jeffrey Fenton ("Fenton" or "Plaintiff") attempting to overturn court orders related to divorce and bankruptcy proceedings initiated by his ex-wife. Fenton has alleged a variety of loosely connected tort and constitutional claims against thirty-four defendants, including Cadence Bank. Only three of the fourteen counts in the Amended Complaint are alleged against Cadence Bank—intentional/negligent infliction of emotional distress, fraud/concealment, and civil conspiracy. The applicable statute of limitations bars all of Fenton's claims against Cadence Bank. Moreover, even if they were not time-barred, Fenton's claims would fail on the merits because they do not allege any specific wrongdoing by Cadence Bank. Instead, Fenton attempts to hold Cadence Bank liable merely by association, and as a result, his allegations fail to state any claim against it. Additionally, Fenton's claims all fail because he fails to plausibly plead at least one element of each claim. For all of these reasons, the Court should dismiss Fenton's claims against Cadence Bank with prejudice.

## BACKGROUND

For purposes of this Motion to Dismiss, Cadence Bank assumes the facts alleged in the operative Amended Complaint to be true, as Federal Rule of Civil Procedure 12(b)(6) requires. In so doing, it reserves all rights to contest those facts at an appropriate point in the litigation. Based upon the Amended Complaint, the facts relevant to this Motion are as follows:

## I.     WILLIAMSON COUNTY DIVORCE PROCEEDING

Fenton was party to a divorce proceeding in Chancery Court for Williamson County, Tennessee, in 2019. Doc. No. 66 ("Am. Compl."),[1] ¶¶ 1, 11. Initiated by his ex-wife, Fawn Fenton,

---

[1] The Complaint and Amended Complaint, and exhibits thereto, were docketed as Entries 1 and 66 respectively in the United States District Court for the Western District of Michigan, but do not yet appear on the docket for the case in this Court.

the divorce proceeding was contentious. Relevant to this suit, the divorce proceeding resulted in an order granting the motion to sell the Fentons' marital residence (Doc. No. 1-35, PageID.1951), an order allowing Fawn Fenton to sign all necessary contracts to complete the sale of the marital home (*id.* at PageID.1971), a restraining order against Fenton (*id.* at PageID.1972), and an order instructing Fenton to vacate the marital home (*id.*).

During this time, Fawn Fenton initiated a bankruptcy proceeding in the United States Bankruptcy Court for the Middle District of Tennessee. Am. Compl. ¶¶ 13–14. During the marriage, the Fentons had obtained a home equity line of credit from Cadence Bank,[2] which was secured by the marital home. Doc. No. 1-8, PageID.107. The Bankruptcy Court ordered that Cadence Bank's lien would be satisfied after the marital home was sold. Am. Compl. ¶ 14. The marital home was sold, and the assets were distributed accordingly. *Id.* ¶¶ 67–72.

The Amended Complaint alleges that the divorce and bankruptcy proceedings were "fraudulent" and that the purpose of the proceedings was "to cheat Plaintiff out of his property interests." *Id.* ¶¶ 1, 13. Jeffrey Fenton alleges that there was a criminal conspiracy spanning state and federal courts designed to harm him. *Id.* ¶ 79. The Amended Complaint references no specific conduct by Cadence Bank regarding the alleged fraud. Though the Amended Complaint alleges generally that Defendants committed crimes and "trampled" the U.S. Constitution, the Amended Complaint identifies no specific conduct by Cadence Bank as wrongful. *Id.* ¶ 9.

## II.     THE PRESENT LITIGATION

On October 13, 2023, Fenton sued thirty-four parties, including Cadence Bank, in relation

---

[2] Cadence Bancorporation, Inc. was previously dissolved into Cadence Bank, N.A., which in October 2021 merged into BancorpSouth Bank. Upon completion of the merger, BancorpSouth Bank was renamed Cadence Bank. As the Amended Complaint notes, BancorpSouth Bank was the entity holding the lien on the Fenton's home. Am. Compl. at 6 n.3.

to his divorce and bankruptcy proceedings.[3] Doc. No. 1. Although Fenton brought fourteen counts with claims ranging from violations of Tennessee state law to RICO violations, the allegedly fraudulent nature of the divorce and bankruptcy proceedings form the basis of all of Fenton's claims. Am. Compl. ¶ 13. Fenton alleges that these fraudulent proceedings resulted in the illegal seizure of his home and that this caused him emotional and financial injury. *Id.* ¶ 114. The only claims against Cadence Bank are in Counts Six, Seven, and Eight. *Id.* ¶¶ 153–200. As to each, Fenton seeks monetary damages from Cadence Bank. *Id.* ¶¶ 174, 194, 200.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "sufficient fact[s], accepted as true, to state a claim to relief that is plausible on its face." *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 658 (M.D. Tenn. 2018) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)); *see also* Fed. R. Civ. P. 8(a). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Dismissal is appropriate both when plaintiffs allege insufficient facts to "'nudge their claims across the line from conceivable to plausible'" and "where the complaint, however factually detailed, fails to state a claim as a matter of law." *Z.J.*, 355 F. Supp. 3d at 658 (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013)). Although courts accept all well-pleaded facts alleged in complaints as true and construe allegations in the light most favorable to the plaintiff, courts do not "accept as true . . . legal conclusions or unwarranted factual inferences." *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018). In ruling on a Rule 12(b)(6) motion, courts

---

[3] Fenton originally filed this action in the Western District of Michigan. The Michigan district court transferred the action to this Court by Order entered on October 25, 2024. Doc. No. 127.

may consider "documents attached to the complaint" and need not accept as true allegations that the document contradicts. *Nolan v. Detroit Edison Co.*, 991 F.3d 697, 707 (6th Cir. 2021).

<u>**ARGUMENT**</u>

## I.    FENTON'S CLAIMS ARE TIME-BARRED.

Fenton alleges that various Defendants perpetuated a fraudulent scheme against him throughout his 2019 divorce and bankruptcy proceedings. *See, e.g.*, Am. Compl. ¶ 79. This alleged fraudulent scheme is the foundation of Counts Six through Eight of the Amended Complaint, which include Fenton's claims against Cadence Bank for fraud, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and conspiracy. *See id.* ¶ 13.

Tennessee law requires a plaintiff alleging fraud to bring his claim within three years of the cause of action accruing. *See Klein v. ProNova Sols., LLC*, No. 3:20-CV-393, 2023 WL 7201144, at *2 (E.D. Tenn. Oct. 20, 2023); TENN. CODE ANN. § 28-3-105(1). A cause of action for fraud accrues "when the plaintiff has actual knowledge of a claim" or "when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct.'" *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012) (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)). Although fraudulent concealment can toll the statute of limitations, it does so only "until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the defendant's fraudulent concealment." *Redwing*, 363 S.W.3d at 463. The limitations period for a fraud claim begins once a "suspicion of wrongdoing" arises, not when a plaintiff has knowledge of all facts relating to the fraud claim. *Klein*, 2023 WL 7201144, at *2 (quoting *Gilmore v. Davis*, 185 F. App'x 476, 482 (6th Cir. 2006)).

Here, the Amended Complaint itself demonstrates that Fenton's fraud claim is untimely. In support of his fraud claim, Fenton identifies a series of alleged misrepresentations that occurred

in his presence during court proceedings in August 2019. *See* Am. Compl. ¶¶ 177–82, 185–88.[4] He alleges that the injury occurred almost immediately; according to the Amended Complaint and its exhibits, Fenton began losing income/employment as a result of these misrepresentations in September 2019 and lost his home on October 29, 2019. *See id.* ¶ 193; *see also id.* ¶ 112 (citing ECF 1-13, PageID.567). Thus, Fenton's claim accrued in September 2019 and certainly by October 29, 2019. To satisfy the statute of limitations, he was required to bring his fraud claim in 2022, yet he failed to do so until October 2023. As a result, his fraud claim is time-barred.

Fenton's IIED, NIED, and conspiracy claims are time-barred for the same reasons. A one-year statute of limitations applies to IIED, NIED, and conspiracy claims, which begins to accrue when the injury occurs. *See Webster v. Sontara Old Hickory, Inc.*, No. 3:20-cv-00685, 2021 WL 1857344, at *2 (M.D. Tenn. May 10, 2021); *Montesi v. Nationwide Mut. Ins. Co.*, No. 2:12-CV-02399-JTF, 2013 WL 6080046, at *7 (W.D. Tenn. Nov. 18, 2013); *Polk v. Gen. Motors Corp.*, No. 3:05-CV-00335, 2006 WL 1806016, at *3 (M.D. Tenn. June 28, 2006); Tenn. Code Ann. § 28-3-104(a)(1). The same alleged fraud during the 2019 court proceedings underlies the IIED, NIED, and conspiracy claims, and therefore, the injury occurred at the same time as for the fraud claim—*i.e.*, no later than October 29, 2019. Indeed, for the IIED and NIED claims, Fenton actually alleges that the injury occurred slightly *earlier*, in June 2019. *See* Am. Compl. ¶ 159. As a result, the one-year statute of limitations for these claims ran in 2020, and the IIED, NIED, and conspiracy claims are time-barred.

Importantly, nothing in the Amended Complaint suggests that Fenton lacked immediate knowledge of his injury such that fraudulent concealment could toll the statute of limitations. On the contrary, the alleged misrepresentations were made in his presence and all concerned Fenton's

---

[4] As explained further below, none of these alleged statements were made by Cadence Bank.

own actions, so he would have immediately known them to be false when made. *See id.* ¶¶ 177–82, 185–88. Certainly, he would have been aware in 2019 that he had lost income and lost his home. In fact, the Amended Complaint states that, by July 2020, he was already referring to a "scam between the courts and its actors" to cheat him "out of his property interests." *See id.* ¶ 82. Thus, even if he could allege fraudulent concealment for *some* period, Fenton has conceded he had actual knowledge of his claims by July 2020. That knowledge would require him to bring the IIED, NIED, and conspiracy claims by July 2021 and his fraud claim by July 2023, at the very latest. Because he failed to bring his claims until October 2023, they are time-barred under any reasonable reading of the Amended Complaint.

## II. ALL OF FENTON'S CLAIMS FAIL BECAUSE HE FAILS TO DISTINGUISH BETWEEN CADENCE BANK AND THE CO-DEFENDANTS.

In the Amended Complaint, Fenton makes no effort to distinguish between Cadence Bank and the other thirty-three Defendants. Each claim against Cadence Bank is also asserted against other Defendants, and there are no factual allegations that Cadence Bank individually engaged in any specific wrongdoing. As explained below, this fails to satisfy the federal pleading standard.

To satisfy that standard, plaintiffs "must assert sufficient facts to provide the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Rhodes v. R&L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, plaintiffs must make defendant-specific allegations as to the wrongdoing alleged in support of each claim. *See, e.g.*, *Sills v. S. Baptist Convention*, No. 3:23-CV-00478, 2024 WL 1020569, at *11–12 (M.D. Tenn. Mar. 8, 2024) (Campbell, J.) (dismissing claims as to particular defendant where complaint referred to "defendants" generally but did not "specify[ ] what acts [that defendant] engaged in giving rise to the claims" and therefore provided inadequate notice of claims); *City of Pontiac Police & Fire Ret. Sys. v. Jamison*, No. 3:20-cv-

00874, 2022 WL 884618, at *18 (M.D. Tenn. Mar. 24, 2022) (holding "broad and conclusory allegations as to all Defendants" that failed to plead that "any one particular [defendant] intentionally made any false statement" did not suffice under *Iqbal* and *Twombly*); *Eberhard Architects, LLC v. Bogart Architecture, Inc.*, No. 1:14-CV-1185, 2014 WL 4354561, at *3 (N.D. Ohio Aug. 29, 2014) (holding allegation that "each and every" named defendant "continued to use/infringe upon the Copyright" did not state a claim for copyright infringement against specific defendants). Failure to do so violates Rule 8 because it "fails to give the *individual* Defendants proper notice of what they have allegedly done wrong." *Aaron v. Durrani*, No. 1:13-cv-202, 1:13-cv-214, 2014 WL 996471, at *3 (S.D. Ohio Mar. 13, 2014) (quotation omitted).

Here, Fenton never alleges that Cadence Bank took any specific actions that support his claims. Instead, he alleges wrongdoing by Cadence Bank only as part of a collective group of defendants without pointing to any specific actions of Cadence Bank. *See, e.g.*, Am. Compl. ¶ 161 ("[D]efendants acted with malice or reckless indifference and committed extreme and outrageous acts"); *id.* ¶ 193 ("Defendants" have committed fraud); *id.* ¶ 199 ("[D]efendants have . . . conspired to deprive Plaintiff of his real property"). Plaintiff's failure to allege specific wrongdoing by Cadence Bank is "fatal" to his claims because his allegations fail to provide Cadence Bank adequate notice of what it has allegedly done wrong. *Aaron*, 2014 WL 996471, at *3. The Court should dismiss Plaintiff's claims against Cadence Bank on this ground alone. *See Sills*, 2024 WL 1020569, at *11–12.

## III.   FENTON'S CLAIMS ALSO FAIL FOR CLAIM-SPECIFIC REASONS.

### A.   Fenton fails to state an intentional or negligent infliction of emotional distress claim against Cadence Bank.

Fenton alleges that Cadence Bank is liable for intentional infliction of emotional distress and negligent infliction of emotional distress. Am. Compl. ¶ 154. As explained below, the

Amended Complaint fails to state a claim for either cause of action.

1. *Fenton fails to state an intentional infliction of emotional distress claim.*

To state an IIED claim under Tennessee law, a plaintiff must plausibly allege that a defendant's conduct (1) was "intentional or reckless," (2) was "so outrageous that it is not tolerated by civilized society," and (3) "resulted in serious mental injury." *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 423 (6th Cir. 2020) (quoting *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012)). "Outrageous conduct" must be "atrocious," "utterly intolerable," and "beyond all bounds of decency." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 903 (M.D. Tenn. 2018) (quoting *Goldfarb v. Baker*, 547 S.W.2d 567, 569 (Tenn. 1977)). Recovery for intentional infliction of emotional distress is limited to mental stress which is so severe that "a reasonable person, normally constituted, would be unable to adequately cope." *Billiter v. SP Plus Corp.*, 329 F. Supp. 3d 459, 471 (M.D. Tenn. 2018) (citing *Rogers*, 367 S.W.3d at 208). Fenton fails to satisfy any of these elements.

***First***, Fenton does not plausibly plead outrageous conduct by Cadence Bank. Indeed, Fenton does not identify *any* specific conduct of Cadence Bank that supports his allegations, much less anything amounting to outrageous conduct. Instead, any wrongful conduct Fenton identifies in fact relates to alleged actions of *other* Defendants. *See* Am. Compl. ¶¶ 155–56, 159, 163–171. Specifically, Fenton alleges the following actions by "defendants" generally without plausibly suggesting that Cadence Bank was involved:

1. The Amended Complaint alleges that "defendants" created a "fraudulent order to sell the [marital] home" and entered an "order of protection against [Fenton]." *See id.* ¶ 158. Cadence Bank was not involved in any court action that led to these orders, and the Amended Complaint does not include any facts plausibly suggesting otherwise.

2. The Amended Complaint alleges that "defendants . . . lied repeatedly on and off the record (See Appendix 2)." *See id.* ¶ 161. Appendix 2 is a list of statements that

Fenton alleges Defendant Virginia Story made. Doc. No. 66-8, PageID.4988. None of those statements relate to Cadence Bank.

3. The Amended Complaint alleges that "defendants . . . violated rules of procedure, judicial canons, rules of professional conduct, civil and criminal law, and/or the Constitution (See Appendix 3 and Count Thirteen)." *See* Am. Compl. ¶ 161. Appendix 3 is a list of statutes that "defendants" allegedly violated. Doc. No. 66-9, PageID.4990. There is no allegation specifically regarding Cadence Bank. Further, Cadence Bank is not a defendant named in Count Thirteen, which is the claim based on the alleged violation of Fenton's constitutional rights. *See* Am. Compl. ¶ 248.

4. The Amended Complaint alleges that "defendants . . . knew Plaintiff would be driven well into extreme poverty and be forced to be put on SNAP/food stamps and state medical assistance because of their actions." *See id.* ¶ 161. The citation for this allegation is a letter Fenton wrote to an unnamed case worker about his financial condition. Doc. No. 66-9, PageID.4990. The letter does not relate to Cadence Bank in any way, nor is there any allegation that Cadence Bank was aware of this letter or its contents.

5. The Amended Complaint alleges that "defendants . . . failed to intercede, report bad actors for wrongdoing, and/or perform their duties to assist litigants with disabilities." Am. Compl. ¶ 161. Fenton does not and cannot plausibly allege, however, that *Cadence Bank* had a duty to "intercede," "report bad actors," or "assist" him with litigation. There simply are no facts in the Amended Complaint suggesting that Cadence Bank had an opportunity to take any of those actions. On the contrary, the Amended Complaint as a whole suggests that the Defendants to whom Fenton refers here were those involved in the underlying court proceedings in 2019.

6. The Amended Complaint alleges that "defendants proceeded with wrongly seizing and selling the home anyway, or allowed it to happen, or did nothing remedial afterward." *See id.* ¶ 162. Fenton has not specifically alleged—and cannot plausibly allege—that Cadence Bank participated in a wrongful "seizure" of the home; that Cadence Bank "allowed" the home to be sold; or that Cadence Bank had any *right* or *duty* to *not* "allow" a sale to occur or take any "remedial action" after the sale.

Further, Fenton alleges that he "advised defendants and others at one time or another that the original offenders in the Chancery Court and in the bankruptcy court had violated rules of professional conduct, rules of civil procedure, due process, and civil and criminal law, yet none of them lifted a toxic finger to do anything corrective." *Id.* ¶ 157. Yet, later Fenton admits that he never made Cadence Bank aware that he believed the other Defendants were abridging his due

process rights. *See id.* ¶ 239. Cadence Bank therefore could not have committed the allegedly outrageous conduct of failing to lift a "toxic finger." *See id.* ¶ 157.

Even if Fenton had attempted to attribute this conduct to Cadence Bank, it is not plausible that the conduct was "outrageous" within the meaning of Tennessee law. *See Finley v. Kelly*, 384 F. Supp. 3d 898, 912 (M.D. Tenn. 2019). "[T]he standard for outrageous conduct is high, indeed," and very few cases have found that a defendant's conduct satisfied that standard. *Cossairt v. Jarrett Builders, Inc.*, 292 F. Supp. 3d 779, 789 (M.D. Tenn. 2018) (quoting *Levy v. Franks*, 159 S.W.3d 66, 85 (Tenn. Ct. App. 2004)) (collecting cases). "It has not been enough" to satisfy this element "that the defendant acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Malmquist v. Hearst Corp.*, No. 209-CV-2416-JPM-CGC, 2010 WL 1257800, at *5 (W.D. Tenn. Mar. 26, 2010) (quoting *Bain v. Wells*, 936 S.W.2d 618, 623 (Tenn. 1997)).

Fenton's allegations that unspecified Defendants wrongly seized and sold his home in his divorce proceeding do not rise to the level of outrageous conduct necessary to sustain an IIED claim against Cadence Bank. *See Malmquist*, 2010 WL 1257800, at *6. Indeed, even attempting to gain an advantage in a divorce action by suggesting that an action "might be criminal" and could be reported to law enforcement does not rise to the level of outrageous conduct required to state a claim. *Pagliara v. Moses*, 605 S.W.3d 619, 629 (Tenn. Ct. App. 2020). Certainly, Fenton's vague references do nothing to suggest that Cadence Bank did anything outrageous at all. Thus, Fenton fails to adequately allege the essential element of outrageous conduct as to Cadence Bank.

***Second***, Fenton has not plausibly alleged that Cadence Bank's conduct was intentional or reckless. *See Fisher*, 951 F.3d at 423. In fact, Fenton could not plausibly allege Cadence Bank's

mental state here; without even identifying Cadence Bank's specific alleged tortious actions, it is impossible to attribute a mental state to those actions. Thus, Fenton has failed to satisfy this element of his IIED claim as well.

**Third**, the Amended Complaint fails to adequately allege the final element of IIED: that the conduct caused a serious mental injury. Fenton alleges that "[a]s a direct and proximate result of the defendants' actions . . . Plaintiff has been negatively impacted with regard to standard of living, financial reserve, emotional distress, time expenditure, and mental/physical well-being." Am. Compl. ¶ 173. Such a conclusory statement does not suffice to plausibly allege this element. Fenton pleads no facts suggesting his injury was so severe that "a reasonable person, normally constituted, would be unable to adequately cope." *Billiter*, 329 F. Supp. 3d at 471.

Fenton does not allege any facts supporting any of the factors indicating severe emotional distress. He merely alleges that his "mental and physical health have worsened," pleading in conclusory fashion that his "mental [and] physical well-being" have been negatively impacted. Am. Compl. ¶¶ 172–73. Moreover, Fenton claims his distress, in part, is due to this litigation. *See id.* ¶¶ 158, 172. It is entirely unclear what distress Fenton allegedly suffers due to Cadence Bank's alleged conduct and what distress Fenton allegedly suffers as a result of participating in litigation he initiated, thus further undermining the plausibility of his claimed injuries. In *Finley*, this Court rejected even more detailed allegations of mental injury as "a formulaic recitation of the elements of [the] cause of action," which "will not do." 384 F. Supp. 3d at 915 (quoting *Twombly*, 550 U.S. at 557). The Court should do the same here.

### 2.    *Fenton fails to state a negligent infliction of emotional distress claim.*

To prove NIED under Tennessee law, a plaintiff must "establish the elements of a general negligence claim: (1) duty, (2) breach of duty, (3) injury or loss, (4) causation in fact, and (5) proximate causation." *Id.* at 914. Additionally, the "plaintiff must prove that a defendant's conduct

caused a serious or severe emotional injury," which is an injury that occurs when "a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Doe v. Belmont Univ.*, 367 F. Supp. 3d 732, 765 (M.D. Tenn. 2019) (quoting *Rogers*, 367 S.W.3d at 210). Fenton's NIED claim fails for four reasons.

*First*, Fenton does not allege that Cadence Bank "owed him any duty," a required element of this claim. *See Evans v. Vanderbilt Univ. Sch. of Med.*, 589 F. Supp. 3d 870, 901 (M.D. Tenn. 2022). Nowhere in Fenton's Amended Complaint does he allege that Cadence Bank owed a duty of care towards him, much less the alleged source of that duty. *See Cash v. Country Tr. Bank*, No. 17-CV-2611, 2018 WL 3371122, at \*14 (W.D. Tenn. July 10, 2018) (dismissing NIED claim because no legal duty existed). Further, because Fenton has not identified the duty owed, he also has not alleged how that duty was breached. This alone is fatal to his claim.

*Second*, Fenton fails to allege that any supposed emotional injury was severe enough to state a NIED claim. For an NIED claim, a plaintiff must allege "that the defendant's negligence caused a serious or severe emotional injury," an element that "requires the same proof necessary to demonstrate the IIED element of 'severe mental distress.'" *Brown v. Regions Bank*, No. 2:19-CV-2356-JPM-TMP, 2019 WL 13297196, at \*4 (W.D. Tenn. Nov. 14, 2019) (internal quotations omitted). Fenton's allegations as to his emotional harm are the same for his NIED and IIED claims. *See* Am. Compl. ¶ 172–73. Therefore, for the same reasons he has failed to plausibly allege a serious mental injury for his IIED claim, he has also failed to plausibly allege a serious emotional injury for his NIED claim.

*Third*, Fenton has not alleged that Cadence Bank's conduct was outrageous, which is a requirement to state an NIED claim. Fenton "must prove that the conduct giving rise to his claim

was so extreme and outrageous that it would have caused a reasonable person to suffer serious or severe emotional injury." *Finley*, 384 F. Supp. 3d at 915–16 (quoting *Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 706 (Tenn. Ct. App. 2012)); *Brown*, 2019 WL 13297196, at *5 (holding that defendant's sexual harassment and discrimination was not outrageous conduct for the purposes of a NIED claim). As discussed above, Cadence Bank's alleged conduct was not outrageous within the meaning of Tennessee law and fails to meet the standard for an IIED claim. "[W]here conduct does not rise to the level required for severity or outrageousness in IIED claims, it similarly fails for NIED claims." *Doe v. New Aspen Mgmt. LLC*, No. 3:20-CV-00125, 2021 WL 5054107, at *10 (M.D. Tenn. Nov. 1, 2021).

**Fourth**, Fenton has not plausibly alleged that Cadence's conduct caused his injury at all. As described above, the Amended Complaint makes it difficult to understand what Fenton believes Cadence did wrong, and he certainly has not shown that Cadence caused his injuries in any way.

For all of these reasons, Fenton's NIED claim against Cadence Bank should be dismissed.

## B. Fenton fails to state fraud or fraudulent concealment claims against Cadence Bank.

Fenton asserts a cause of action for fraud and fraudulent concealment against nearly all Defendants, including Cadence Bank (Am. Compl. ¶¶ 175–194), but he fails to state a claim against Cadence Bank under either theory.

> *1. Fenton fails to state a fraud claim against Cadence Bank because he does not plead his claim with particularity.*

Under Tennessee law, the elements of a fraud claim are: "(1) an intentional misrepresentation of material fact; (2) the misrepresentation was made knowingly, without belief in its truth, or recklessly without regard to its truth or falsity; (3) the plaintiff reasonably relied on the misrepresentation and suffered damages; and (4) the misrepresentation relates to an existing or past fact." *Hale v. Woodward*, No. 2:24-CV-00008, 2024 WL 1540220, at *3 (M.D. Tenn. Apr. 9,

2024) (quoting *Power & Tel. Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006)). "Pleading fraud requires more than a short and plain statement requesting relief"; fraud claims "must be pled with particularity, meaning that the pleadings 'must state . . . the circumstances constituting fraud.'" *Kolominsky v. Root, Inc.*, 100 F.4th 675, 684 (6th Cir. 2024) (quoting Fed. R. Civ. P. 9(b)). Applying this standard, Fenton's fraud claim fails for at least three reasons.

**First**, Fenton fails to identify Cadence Bank as an actor in the alleged fraud. *See, e.g.*, *Mount Hopewell Missionary Baptist Church v. Found. Cap. Res., Inc.*, No. M2020-00107-COA-R3-CV, 2021 WL 352019, at *4 (Tenn. Ct. App. Feb. 2, 2021) ("[t]o pass the particularity test" for a fraud claim "the actors should be identified") (quoting *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 41 (Tenn. Ct. App. 2006)). Nowhere in the Amended Complaint does Fenton specifically identify Cadence Bank as a party allegedly perpetuating fraud. *See* Am. Compl. ¶¶ 175–94. Such identification is required; Rule 9(b) requires a pleading alleging fraud to "identify the speakers." *Afshari v. Montana Black Gold*, No. 20-5362, 2020 WL 9217980, at *4 (6th Cir. Dec. 17, 2020).

**Second**, and relatedly, Fenton fails to state his allegations against Cadence with the particularity that is required for fraud claims. *See* Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), Fenton must "allege the time, place and content of the misrepresentations; [Cadence Bank's] fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Hale*, 2024 WL 1540220, at *3 (quoting *SunTrust Banks*, 447 F.3d at 931). A fraud complaint is only sufficient where it "state[s] where and when the statements were made" and "explain[s] why the statements were fraudulent." *Wilson v. HSBC Bank, N.A.*, 594 F. App'x 852, 858 (6th Cir. 2014) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)). As to Cadence Bank, the allegations in the

Amended Complaint are only general. The Amended Complaint does not identify the "intentional misrepresentation of a material fact that" Cadence Bank allegedly made or precisely how it otherwise participated in any alleged scheme to defraud Fenton. *Mount Hopewell*, 2021 WL 352019, at *6.

**Third**, Fenton "fails to allege how []he detrimentally relied" on any representations by Cadence Bank. *Hale*, 2024 WL 1540220, at *4. The Amended Complaint does not allege that Cadence Bank made any representations; thus, it is impossible for Fenton to demonstrate that he detrimentally relied on Cadence Bank's statements. Fenton's allegations relate only to various *other* Defendants he alleges made false statements during his divorce proceeding. But nowhere in his Amended Complaint does Fenton allege that he relied upon these representations by other Defendants. To the contrary, Fenton believed that those Defendants' representations were "lies" and a "scam." Am. Compl. ¶ 82, 107, 177. While false statements during court proceedings certainly can be actionable, they are not actionable as fraud when the plaintiff does not believe them—and does not allege anyone else did either. In sum, Fenton "offers nothing more than vague, conclusory allegations of fraud," which are insufficient to state a claim for relief. *Hale*, 2024 WL 1540220, at *4.

### 2. Fenton fails to state a fraudulent concealment claim against Cadence Bank.

Under Tennessee law, fraudulent concealment occurs "when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury." *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 398 F. Supp. 3d 258, 269–70 (M.D. Tenn. 2019) (quoting *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003)). To state a claim for fraudulent concealment, there must be "a legal duty to disclose the fact at issue." *Id.* at 270. Similar to a fraud claim, "to escape dismissal, a plaintiff must plead the circumstances giving rise to fraudulent concealment

15

with particularity." *Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 993 (S.D. Ohio 2020). Fenton's claim for fraudulent concealment fails for at least two reasons.

**First**, Cadence Bank had no duty to disclose any "known fact or condition" to Fenton. *EPAC*, 398 F. Supp. 3d at 270 (quoting *Shah*, 338 F.3d at 571). There are only three circumstances where a duty to disclose arises: where there is a prior fiduciary relationship, where the parties are in a contract that expressly imposes trust, or where the contract is intrinsically fiduciary. *Id.* (quoting *Walker v. First State Bank*, 849 S.W.2d 337, 341 (Tenn. Ct. App. 1992)). The Amended Complaint does not allege that Cadence Bank and Fenton had a prior fiduciary relationship or that Cadence Bank's home equity loan to Fenton imposed a trust or was intrinsically fiduciary. As a result, Fenton has not alleged a relationship with Cadence Bank that would impose a duty to disclose any facts material to his claims.

**Second**, Fenton "does not allege that" Cadence Bank "was aware of facts it might have concealed." *Stinnett v. United States*, 891 F. Supp. 2d 858, 869 (M.D. Tenn. 2012). In other words, Fenton does not allege that Cadence had some knowledge of facts relevant to his claims that it was obligated to disclose but concealed from him. Fenton was "under an obligation to plead the essential details supporting his fraudulent concealment claim in more than conclusory terms." *Id.* Since Fenton has failed to allege both his fraud and fraudulent concealment claims with particularity as to Cadence Bank, those claims must be dismissed.

### C.   Fenton fails to state a conspiracy claim against Cadence Bank.

Finally, Fenton alleges that all Defendants conspired to "conceal the amount of the outstanding mortgages on the home" and "deprive Plaintiff of his real property." Am. Compl. ¶¶ 198–99. The elements of a conspiracy claim under Tennessee law are: "(1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury

to person or property resulting in attendant damage." *Freeman Mgmt. Corp. v. Shurgard Storage Ctrs., LLC*, 461 F. Supp. 2d 629, 642 (M.D. Tenn. 2006). In addition, "[c]ivil conspiracy . . . requires an underlying predicate tort allegedly committed pursuant to the conspiracy." *United Data Techs., Inc. v. Byers*, No. 3:16-cv-00139, 2018 WL 11411600, at *12 (M.D. Tenn. June 29, 2018) (quoting *Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 721 (E.D. Tenn. 2001)). Conspiracy "must be pled with some degree of specificity." *Gann v. Kolfage*, No. 3:14-1609, 2016 WL 6127722, at *4 (M.D. Tenn. Sept. 30, 2016) (citing *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002)). Fenton's civil conspiracy claim fails for at least three reasons.

*First*, Fenton fails to plausibly allege a common design between Cadence Bank and anyone else. *See Freeman Mgmt. Corp.*, 461 F. Supp. 2d at 642. As evidence of a common design, Fenton only alleges that Cadence Bank "conspired" with all other Defendants "to deprive Plaintiff of his real property." Am. Compl. ¶ 199. This is exactly the type of conclusory allegation that the Supreme Court rejected in *Twombly*. 550 U.S. at 565–66 (dismissing the plaintiff's conspiracy-based claims that the defendants "entered into a contract, combination, or conspiracy to prevent" competition because they did not give rise to "a plausible suggestion of conspiracy"). Thus, Fenton's claim against Cadence Bank fails because he does not adequately allege the first element of a civil conspiracy claim.

*Second*, Fenton fails to plausibly allege Cadence Bank had the requisite intent. "[U]nder Tennessee law, an actionable civil conspiracy is a combination of two or more persons who, ***each having the intent and knowledge of the other's intent***, accomplish by concert an unlawful purpose by unlawful means, which result[s] in damage to the plaintiff." *RN Ent., LLC v. Clement*, 380 F. Supp. 3d 711, 721–22 (M.D. Tenn. 2019) (emphasis added); *see also B&L Mgmt. Grp., LLC v.*

*Adair*, No. 17-2197, 2019 WL 3459244, at *10–11 (W.D. Tenn. July 31, 2019) ("The parties to a civil conspiracy must have a specific intent to accomplish the underlying tort.").

Fenton does not plausibly allege that Cadence Bank—or any person purporting to act for Cadence Bank—had the intent to defraud Fenton or knew of any such intent allegedly possessed by the other Defendants. Fenton simply lumps Cadence Bank in with the other Defendants when alleging that they "worked methodically and deliberately to remove Plaintiff from the home and sell it right out from under him." Am Compl. ¶ 199. This is not enough to allege Cadence Bank had "a specific intent" to defraud Fenton. *B&L Mgmt.*, 2019 WL 3459244, at *11. Thus, Fenton fails to establish the second element of his conspiracy claim.

**Third**, Fenton fails to plausibly allege an overt act by Cadence Bank in furtherance of the alleged conspiracy. Although the Sixth Circuit has not directly addressed whether a plaintiff must allege an overt act as to each alleged co-conspirator, the consensus among courts that have confronted this issue is that a plaintiff cannot satisfy Rule 8 pleading standards without alleging a specific overt act undertaken by each defendant in furtherance of the conspiracy. *See, e.g.*, *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 616 (E.D. Mich. 2015) (holding Plaintiffs' "group pleading problems," including their "failure to adequately plead the alleged underlying torts as to each Defendant, [were] fatal to their civil conspiracy claim"); *Berger ex rel. Income Opportunity Realty Invs., Inc. v. Transcon. Realty Invs., Inc.*, No. 3:19-CV-00286-E, 2020 WL 1528994, at *7 (N.D. Tex. Mar. 31, 2020) (holding plaintiff failed to state a plausible civil conspiracy claim when there were "no specific allegations regarding the unlawful overt acts each of the multiple Defendants took"); *Barmapov v. Amuial*, No. 9:18-CV-80390-WPD, 2019 WL 11639545, at *4 (S.D. Fla. May 24, 2019) (holding civil conspiracy claim failed because of "impermissible group pleading," including "fail[ing] to adequately plead what overt act each particular Defendant did in

18

pursuance of the conspiracy"); *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003) ("To successfully plead this cause of action, plaintiff must more clearly allege specific action on the part of each defendant that corresponds to the elements of a conspiracy cause of action.").

Here, Fenton alleges a civil conspiracy based on the underlying tort of fraud, Am. Compl. ¶ 13 (the predicate fraud "became the foundation for every other fraud"). However, Fenton does not plausibly allege any intentional misrepresentation of a material fact by Cadence Bank, *see supra* Part III.B, or that Cadence Bank committed any other overt act in furtherance of a conspiracy to defraud. Accordingly, Fenton's conspiracy claim against Cadence Bank fails on this ground. *See, e.g.*, *Kerrigan*, 112 F. Supp. 3d at 616.

***Finally***, regardless of whether Fenton's conspiracy claim against Cadence Bank would otherwise survive the grounds for dismissal discussed above, the Court should dismiss this claim if it dismisses the underlying tort claims against the remaining Defendants. When a court has dismissed all alleged claims that could be an "underlying predicate tort" for a civil conspiracy claim, it must also dismiss the civil conspiracy claim because a defendant cannot conspire with itself. *See United Data Techs.*, 2018 WL 11411600, at *13 (dismissing civil conspiracy claim where court had dismissed underlying tort claims against all but one defendant).

Thus, here, if the Court dismisses Fenton's claims against Cadence Bank's co-defendants, it should also dismiss the conspiracy claim against Cadence Bank for lack of an underlying predicate tort.

## **CONCLUSION**

Accordingly, because Fenton's claims are time-barred and Fenton fails to state any claim against Defendant Cadence Bank, all of his claims against Cadence Bank should be dismissed.

Dated: November 15, 2024

Respectfully submitted,

 /s/ Kimberly M. Ingram-Hogan

George H. Cate, III (BPR #12595)
Kimberly M. Ingram-Hogan (BPR #35191)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway
Suite 2400
Nashville, TN 37203
Telephone: (615) 244-2582
Facsimile: (615) 252-6380
gcate@bradley.com
kingram@bradley.com

*Attorneys for Defendant Cadence Bank*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and exact copy of DEFENDANT CADENCE BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS ALL OF PLAINTIFF'S CLAIMS AGAINST IT was served on the following via the following methods of service on November 15, 2024:

<u>*U.S. Mail, First Class, Postage Prepaid:*</u>

Jeffrey Ryan Fenton
17195 Silver Parkway #150
Fenton, MI 48430

*Pro se Plaintiff*

Thomas E. Anderson
1187 Old Hickory Blvd., Ste. 125
Brentwood, TN 37027

*Pro se Defendant*

<u>*Notification via the Court's electronic filing system:*</u>

Megan R. Calme
Sarah M. Mathews
Wilson Elser Moskowitz Edelman & Dicker, LLP
3102 West End Avenue
Suite 400
Nashville, TN 37203
megan.calme@wilsonelser.com
sarah.mathews@wilsonelser.com

*Counsel for Defendants Story; Story and Abernathy, PLLC*

Peako Andrea Jenkins
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207
(615) 741-8059
peako.jenkins@ag.tn.gov

*Counsel for Defendants Bennett; Binkley; Board of Professional Responsibility of the Supreme Court of TN; Chancery Court for Williamson County, TN; Clement; Coke;*

*Garrett; Hivner; McBrayer; State of TN; Supreme Court of the State of TN; TN Admin Office of the Courts; TN Court of Appeals Middle Division; Williamson County; Williamson County Sheriff's Office ("The Tennessee Defendants")*

Lisa M. Carson
Buerger, Moseley & Carson, PLC
4068 Rural Plains Circle
Suite 100
Franklin, TN 37064
lcarson@buergerlaw.com

*Counsel for Defendant Beeler*

Anica Clarissa Jones
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
anica.jones@usdoj.gov

*Counsel for Defendant Walker*

Sandra J. Densham (P69397)
PLUNKETT COONEY
333 Bridge St., NW, Ste. 530
Grand Rapids, MI 49504
sdensham@plunkettcooney.com

*Counsel for Defendants Marlin; McCarthur Sanders Real Estate*

Bret J. Chaness (720572)
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
bchaness@rlselaw.com

*Counsel for Defendant Rubin Lublin TN, PLLC*

Benjamin E. Goldammer
Danica G. Suedekum
Kay Griffin, PLLC

222 Second Avenue North
Suite 340-M
Nashville, TN 37201
bg@kaygriffin.com
dgrosko@kaygriffin.com

*Counsel for Defendant Hostettler, Neuhoff & Davis, LLC*

Erik Halvorson
Bradley Arant Boult Cummings LLP
1221 Broadway
Suite 2400
Nashville, TN 37203
Email: ehalvorson@bradley.com

*Counsel for Bank of America, N.A.*

*/s/ Kimberly M. Ingram-Hogan*
Kimberly M. Ingram-Hogan