IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY RYAN FENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:24-cv-01282 |
| v. | ) |
| | ) |
| VIRGINIA LEE STORY, ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
ELAINE BEELER'S MOTION TO DISMISS**

Defendant Elaine Beeler, by and through counsel, and pursuant to Rules 12(b)(5) and (b)(6) of the Federal Rules of Civil Procedure, files the instant Memorandum of Law in support of her Motion to Dismiss the claims raised against her in the Amended Complaint.[1]

**FACTS AND PROCEDURAL HISTORY**

Plaintiff filed this action against numerous Defendants, including real estate agents, banks, lawyers, court officials, and others he claims were involved in depriving him of his house in Williamson County, Tennessee. His claims against Elaine Beeler, the Clerk and Master of the Chancery Court in Williamson County, were first filed in the Western District of Michigan (Doc.1) and were then transferred to this Court. The Amended Complaint (Doc. 66) also names Ms. Beeler as a Defendant.

---

[1] Ms. Beeler filed a limited appearance in the Western District of Michigan for purposes of challenging venue and jurisdiction in that Court. In light of the Court's transfer of the claim to the appropriate venue, Ms. Beeler now challenges the Amended Complaint on the basis of Plaintiff's failure to serve her with process and failure to state a claim upon which relief can be granted. Ms. Beeler does not waive her objection to service of process by filing the instant motion.

1

The Amended Complaint purports to allege fourteen causes of action against various Defendants. While not a model of clarity, it appears that the causes of action that are intended to include Ms. Beeler are Count 2: Violation of Tenn. Code Ann. §39-16-507 (purportedly against Beeler and numerous other defendants); Count 3: Violation of Tenn. Code Ann. §39-15-510 (purportedly against Beeler and numerous other defendants); Count 6: Intentional/Negligent Infliction of Emotional Distress (purportedly against "all defendants"); Count 7: Fraudulent Concealment (purportedly against "all defendants" except two); Count 8: Civil Conspiracy (purportedly against "all defendants"); Count 10: RICO (purportedly against Beeler and numerous other Defendants); Count 12: Violation of Civil Rights (Section 1983 and 1985) (purportedly against Beeler and numerous other Defendants); Count 13: Violation of Constitutional Rights (purportedly against Beeler and numerous other Defendants); and Count 14: Americans with Disabilities Act (purportedly against Beeler and numerous other Defendants).

After Beeler made a limited appearance in the Michigan District Court for the purposes of challenging jurisdiction and venue (Doc. 78), the case was then transferred to this Court in lieu of dismissal. (Doc. 127). Defendant Beeler now moves for dismissal for failure to serve her with process and for failure to state a claim upon which relief can be granted.

## **STANDARD OF REVIEW**

Dismissal is proper under Rule 12(b)(5) based upon a plaintiff's failure to complete service of process. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). The party serving process has the burden of establishing it was proper. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). "[W]ithout proper service of

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King*, 694 F.3d at 655.

Even if the Court were not compelled to dismiss the claims against Beeler for lack of service of process, dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure where Plaintiff's factual allegations fail as a matter of law to state a claim upon which relief can be granted. Fed. R. Civ. P. Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The "district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). Nonetheless, some degree of specificity is required. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678-679. Dismissal with prejudice pursuant to Rule 12(b)(6) is appropriate with respect to the claims against Beeler.

**I.     This Court should dismiss the action as to Beeler because service of process is necessary for the Court to obtain jurisdiction, and Plaintiff has not achieved proper service.**

Federal Rule of Civil Procedure 4(m) requires that if a summons is not served within ninety (90) days after the complaint is filed, the Court must either dismiss the action or order that service be made within a specified time. Plaintiff has not served Ms. Beeler with either the original Complaint or the Amended Complaint – despite an order of the

3

Michigan Western District Court that he serve all Defendants with the original Complaint by no later than August 22, 2024. (Doc. 55).

Due process requires proper service of process in order for a court to have jurisdiction to adjudicate the rights of the parties. *See O. J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). The requirement for proper service of process is not a mere technicality. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). It is a plaintiff's responsibility to serve the summons and complaint in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4. Under Federal Rule of Civil Procedure 4(e)(1), service of process upon an individual may also be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made …" Fed. R. Civ. P. 4(e)(1).

The Complaint in this action was filed October 13, 2023 and the Amended Complaint was filed August 21, 2024. Beeler has not been served with process, and Plaintiff has failed to meet the service requirements of either Federal Rule of Civil Procedure 4 or Tennessee Rules of Civil Procedure 4. Thus, dismissal of the Amended Complaint against Beeler based upon insufficiency of service of process is appropriate.

## II. All of Plaintiff's claims against Beeler are barred by the statute of limitations.

The statute of limitations for a § 1983 or 1985 action for violation of civil rights or constitutional rights is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of*

4

*Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007); *Erwin v. Neal*, 494 F.2d 1351, 1352 (6th Cir.1974). The limitations period for both personal injury actions and § 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 23-3-104(a); *Porter v. Brown*, No. 07-6336, 289 F. App'x 114, 116 (6th Cir. Aug. 19, 2008). The statute of limitations for Americans with Disabilities Act cases in this jurisdiction is also one year. *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 771 (M.D. Tenn. 2009). As noted above, the statute of limitations for tort claims for personal injury is one year, thus barring Plaintiff's negligent and intentional infliction of emotional distress claims. Tenn. Code Ann. §23-3-104. Plaintiff's fraudulent concealment claims are, at best, subject to a three-year statute of limitations. Tenn. Code Ann. §28-3-105.[2] RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143 (1987). The original Complaint (ECF No. 1), naming Beeler, among others, as a Defendant, was filed in the Western District of Michigan on October 13, 2023. Accordingly, all claims other than fraud and RICO arising more than a year prior to the date of filing of the initial Complaint are barred by the statute of limitations. Any fraud claims arising prior to October 13, 2020, are barred, and any RICO claims filed before October 13, 2019 are barred. The allegations that have even a tangential relationship to Beeler appear to relate to events that occurred in 2018 and 2019. The latest date cited with relation to any allegation against Beeler is September 23, 2019 (Doc. 66, Para. 240), more than four years

---

[2] The statute of limitations for a conspiracy claim is governed by the underlying predicate tort, and if the underlying tort fails, the conspiracy claim also fails. *Levy v. Franks*, 159 S.W.3d 66 (Tenn. Ct. App. 2004). While it is unclear in this case what underlying predicate tort Beeler allegedly conspired to commit, since the one-year statute of limitations applies to the other allegations, the civil conspiracy claim would also fall within the one-year statute of limitations.

5

prior to the filing of the original complaint. The Complaint and Amended Complaint contain no allegations that occurred within the statute of limitations period, and all claims against Beeler should therefore be dismissed.

### III. The Amended Complaint fails to allege adequate facts to state a claim against Beeler.

Further, even if not barred by the statute of limitations, the claims outlined in the Amended Complaint must be dismissed where Plaintiff fails to plead facts sufficient to state a cause of action against Beeler. Other than his ADA allegations, which are barred by the statute of limitations as noted above and discussed in detail in Section IV below, Plaintiff makes no specific allegations related to Beeler's alleged conduct other than generalized allegations against multiple Defendants in which Beeler's individual conduct is not distinguished. The claims Plaintiff makes without any reference to particularized action by Beeler fall far short of the requirement that a plaintiff make factual allegations of wrongdoing specific to each defendant. *See, et., City of Pontiac Police & Fire Ret. Sys. V. Jamison,* 2022 U.S. Dist. LEXIS 53096 (M.D. Tenn. March 24, 2022).

Plaintiff's conclusory assertions, without support of specific factual allegations, are not sufficient to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Amended Complaint does not set forth facts upon which Beeler can be found liable. *Iqbal* and *Twombly* require that to avoid dismissal for failure to state a claim, a complaint must contain more than "labels and conclusions," or "naked assertions devoid of further factual enhancement." The allegations against Beeler fall far short of the requirements of *Iqbal* and *Twombly*.

The Amended Complaint does not contain factual allegations supporting a claim against Beeler for any of the causes of action alleged, and therefore all counts of the

6

Amended Complaint directed to Beeler must be dismissed.

### IV. The Amended Complaint fails to state a claim against Beeler under the Americans with Disabilities Act.

Count 14 of the Amended Complaint fails to state a claim upon which relief can be granted against Beeler, as Title II claims under the Americans with Disabilities Act may only be brought against "the entity." Count 14 of the Amended Complaint alleges violation of the Americans with Disabilities Act. Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") prohibits public entities from discriminating against a qualified individual with a disability on account of that disability in the operation of services, programs, or activities. *Pa. Dep't of Corrs. V. Yeskey*, 524 U.S. 206, 210 (1998). The ADA is applicable to state and local government entities. *Id.* At 210. However, Title II of the ADA does not provide for suit against an official in his individual capacity. See, e.g., *Sullivan v. River Valley Sch. Dist.*, 197 F. 3d 804, 808 n.1 (6th Cir. 1999); *Wathen v. Gen. Elec. Co.*, 115 F. 3d 400, 404-05 n.6 (6th Cir. 1997); *Williams v. McLemore*, No. 05-2678, 247 F. App'x 1, 8 (6th Cir. June 19, 2007), *Garcia v. State Univ. of N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). Plaintiff's ADA claims against Beeler should therefore be dismissed.

### V. Plaintiff fails to state a claim for fraud.

Count 7 of the Amended Complaint asserts a claim of fraud and concealment against all Defendants. To establish cause of action for fraud, Plaintiff "must allege facts showing that: 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6)

7

plaintiff suffered damage as a result of the misrepresentation." *Great Am. Opportunities, Inc. v. Cherry Bros., LLC*, 2019 U.S. Dist. LEXIS 24358, at *16-17 (M.D. Tenn. Feb. 14, 2019) (citing *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008)); see also *Dell'Aquila v. LaPierre*, 491 F. Supp. 3d 320, 326 (M.D. Tenn. 2020).

A party alleging fraud must state with particularity the allegations constituting fraud by the Defendant. See Fed. R. Civ. P. 9(b). Plaintiff has not alleged specific acts of fraud by Beeler. Plaintiff's fraud claim does not meet the standard of Rule 9(b) and should be dismissed.

### VI. Plaintiff fails to state a claim against Beeler for infliction of emotional distress.

Plaintiff attempts to assert a claim for negligent and intentional infliction of emotional distress against Beeler. Plaintiff premises this claim upon his assertion that Beeler refused to provide him with some unidentified accommodation for his mental health disabilities (¶165), did not point him to certain court forms about which he inquired and refused to record a transcript of evidence as an official transcript (¶166). Plaintiff appears to acknowledge that he is not entitled to recover damages for these claims against Beeler (¶174), and his allegations clearly do not state a claim for any type of relief.

To state a claim for intentional infliction of emotional distress, a plaintiff must show that a defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff. *Akers v. Prime Succession of Tenn., Inc.*, 387 S.W. 3d 495, 502 (Tenn. 2012). Liability can only exist if the conduct "has been so outrageous in character and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious,

8

and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'" *Medlin v. Allied Inv. Co.*, 398 S. W. d 270, 274 (Tenn. 1996) (citing Restat 2d of Torts, § 46 (2d 1979)). Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* It is the determination of the court, initially, as "to whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery" *Kindred v. Nat'l College of Bus. & Tech., Inc.*, no. W2014-00413-COA-R3-CV, 2015 Tenn. App. LEXIS 124, *26 (Tenn. Ct. App. Mar. 19, 2015) (citing *Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App.2010) (citing Restatement (Second) of Torts § 46, cmt. h (1965)). None of the conduct alleged by Plaintiff against Beeler can be reasonably deemed extreme or outrageous enough to reach the high standard for stating a claim for intentional infliction of emotional distress.

Nor can the claim for negligent infliction of emotional distress survive.[3] The Tennessee Supreme Court has ruled that, when a claim for negligent infliction of emotional distress is not accompanied by any physical harm or injury, "the law ought to provide a recovery only for 'serious' or 'severe' emotional injury." *Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn. 1996). Recovery is not permitted "for fright or fear alone," nor for "hurt feelings" or "temporary discomfort." *Ramsey v. Beavers*, 931 S.W.2d 527, 532 (Tenn. 1996). In order to succeed on such a claim, the serious or severe injury "must be supported by expert medical or scientific proof." *Camper*, 915 S.W.2d at 446.

---

[3] If immunity were removed for Williamson County, Ms. Beeler would not be subject to suit for negligent acts in the scope and course of her role as Clerk and Master. However, even assuming Ms. Beeler does not enjoy immunity because the County's immunity is preserved under the civil rights exception to the Governmental Tort Liability Act, the Amended Complaint nonetheless fails to state a claim.

9

Here the Amended Complaint does not allege any physical injury. As such, the requirements established in *Camper* apply. Nothing in the Amended Complaint alleges any sort of injury rising to this level.

**VII.     Counts Two and Three of the Amended Complaint must be dismissed where they do not state a cause of action.**

Counts Two and Three of the Amended Complaint rely upon alleged violations of criminal statutes by Beeler and other Defendants. The statutes upon which Plaintiff relies are criminal in nature and create no private civil cause of action. Accordingly, these claims should be dismissed.

For the foregoing reasons, Elaine Beeler respectfully requests that this Court dismiss all claims against her, with prejudice.

Respectfully submitted,

*/s/Lisa M. Carson*
Lisa M. Carson, BPR# 14782
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendants Williamson County, Tennessee and Williamson County Sheriff's Office*
4068 Rural Plains Circle, Suite 100
Franklin, TN  37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
Email: lcarson@buergerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been filed and delivered via U.S. Priority Mail on December 6, 2024, to the following:

Jeffrey Ryan Fenton
17198 Silver Parkway, #150
Fenton, MI 48430-3426
Pro Se

Thomas Anderson
1187 Old Hickory Boulevard, Suite 125
Brentwood, TN 37027
Pro Se

      I certify that a true and exact copy of the foregoing has been forwarded via the Court's electronic filing system on December 6, 2024, to the following:

Megan R. Calme
Wilson Elser Moskowitz Edelman & Dicker, LLP
3102 West End Avenue
Suite 400
Nashville, TN 37203

Sarah M. Mathews
Wilson Elser Moskowitz Edelman & Dicker, LLP
3102 West End Avenue
Suite 400
Nashville, TN 37203

Peako Jenkins
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207

Anthony M. Noel
Leitner, Williams, Dooley & Napolitan, PLLC
750 Old Hickory Blvd.
Building One, Suite 200
Brentwood, TN 37027

Anica Clarissa Jones
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, TN 37203

Sandra J. Densham
Plunkett Cooney
333 Bridge Street, NW, Suite 530
Grand Rapids, MI 49504


George H. Cate, III
Bradley Arant Boult Cummings, LLP

(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, TN 37203

Kimberly Michelle Ingram-Hogan
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, TN 37203

Erik Halvorson
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, TN 37203

Laura C. Baucus
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304

Bret Chaness
Rublin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Benjamin E. Goldammer
Danica G. Suedekum
Kay Griffin, PLLC
222 Second Avenue North
Suite 340-M
Nashville, TN 37201

Dawn Nicole Williams
Dykema Gossett PLLC
Capitol View Building
201 Townsend Street, Suite 900
Lansing, MI 48933

/s/Lisa M. Carson