| | | |
|---|---|---|
| **JEFFREY RYAN FENTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-01282 |
| | ) | |
| **VIRGINIA LEE STORY, MICHAEL WEIMAR BINKLEY, KATHRYN LENN YARBROUGH, ELAINE BEATY BEELER, MARY ELIZABETH MANEY AUSBROOKS, ALEXANDER SERGEY KOVAL, HENRY EDWARD HILDEBRAND III, CHARLES M. WALKER, THOMAS EARL EUGENE ANDERSON, ROY PATRICK MARLIN, SAMUEL FORREST ANDERSON, JAMES MICHAEL HIVNER, JOHN BRANDON COKE, SANDRA JANE LEACH GARRETT,** Individually and in their official capacities, **FRANK GOAD CLEMENT JR., ANDY DWANE BENNETT, WILLIAM NEAL MCBRAYER,** In their official capacities, **STORY, BARNETT, & COBB, PLC, RUBIN LUBLIN TN, PLLC, BANK OF AMERICA CORPORATION, CADENCCE BANK, STATE OF TENNESSEE, COUNTY OF WILLIAMSON TENNESSEE, WILLIAMSON COUNTY SHERIFF'S OFFICE, CHANCERY COURT FOR WILLIAMSON COUNTY TENNESSEE, TENNESSEE COURT OF APPEALS MIDLLE DIVISION, SUPREME COURT OF THE STATE OF TENNESSE, BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TN, TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT HENRY E. HILDEBRAND, III's MOTION TO DISMISS UNDER FRCP 12(b)(6)**

1

Comes now Defendant Henry E. Hildebrand, III[1] (hereinafter "Defendant Hildebrand") by and through undersigned counsel and files this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Could be Granted, under Federal Rule of Civil Procedure 12(b)(6). Defendant Hildebrand would show unto this Honorable Court as follows:

**BACKGROUND**

On or about August 21, 2024, the Plaintiff filed an action in the U.S. District Court for the Western District of Michigan against approximately 34 Defendants, alleging 14 different charges against various groups of the Defendants. [Doc. 66]. Specifically, Plaintiff mentions Defendant Hildebrand in Counts 12 (Violations under §1983 and §1985) and 13 (Violation of Constitutional Rights, but excluding Defendant Hildebrand from Plaintiff's requested punitive damages). [Doc. 66 at PageID#4956, 4963, 4967-4968]. Upon information and belief, the Plaintiff's then-wife, Fawn Fenton, filed for bankruptcy, which ultimately resulted in the sale of their marital home, located at 1986 Sunny Side Drive in Brentwood, TN. [Doc. 66, PageID#: 4881]. According to Plaintiff's allegations, Defendant Hildebrand was the Chapter 13 Trustee assigned to this bankruptcy case. [Doc. 66, PageID#: 4880-4882]. Plaintiff alleges that Defendant Hildebrand is liable under Counts 12 & 13 of the Complaint for failing to "check[] the deed for the home," and "provid[e] notice of the bankruptcy to Plaintiff, which he did not do and thus violated due process." [Doc. 66, PageID# 4956, 4963].

On or about September 12, 2024, the Western District of Michigan entered a Notice of Intent to Transfer Action to the U.S. District Court for the Middle District of Tennessee, citing 28 U.S.C. §1391. [Doc. 72]. This Honorable Court now has jurisdiction over the pending matters.

---

[1] Defendant Henry E. Hildebrand III is incorrectly identified in the Complaint using the Tennessee BPR No. 032168, which actually belongs to Henry E. Hildebrand IV (a non-party to this case).

**LAW AND ARGUMENT**

1. **Standard of Law**

The legal standard for a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) is derived from the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure.

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

A Court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). As this Court has previously explained,

> Plaintiff need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," and the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Nevertheless, the allegations "must be enough to raise a right to relief above the speculative level," and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" In short, a complaint must state a plausible claim for relief to survive a motion to dismiss.

Austin v. Alexander, 439 F. Supp. 3d 1019, 1023 (M.D. Tenn. 2020)(internal citations omitted).

## 2. **Plaintiff's Complaint Fails to State a Claim Against Hildebrand Because the Barton Doctrine Prohibits Lawsuits Against Court-Appointed Trustees.**

Plaintiff's limited allegations against Defendant Hildebrand fail to state a claim upon which relief can be granted because all alleged actions taken by Defendant Hildebrand were in the course and scope of his job as the Chapter 13 Trustee assigned to the underlying bankruptcy case. As the 6th Circuit Court of Appeals has explained,

> [u]nder the Barton rule, leave of the bankruptcy court "must be obtained by any party wishing to institute an action in [another] forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *Allard*, 991 F.2d at 1240 (discussing *Barton*); *see also Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012) (listing cases applying *Barton*). In other words, the question in such cases is whether the trustee was acting in his official capacity and within the scope of his authority.

Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie), 716 F.3d 404, 414 (6th Cir. 2013).

This doctrine originated in the U.S. Supreme Court case of Barton v. Barbour, 104 U.S. 126 (1881), but it has been reiterated and upheld as valid law within the 6th Circuit on many occasions since its announcement. As the 6th Circuit Court of Appeals recently explained,

> [t]his common-law "requirement enables the Bankruptcy Court to maintain better control over the administration of the estate." *In re DeLorean Motor Co.*, 991 F.2d at 1240. There is a limited statutory exception to the *Barton* doctrine: A plaintiff may sue a trustee without leave of the bankruptcy court "with respect to any of [the trustee's] acts or transactions in carrying on business connected with [the estate] property." 28 U.S.C. § 959(a). But "[t]his exception does not apply to suits against the trustee for actions taken while administering the estate." *In re DeLorean Motor Co.*, 991 F.2d at 1241. "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted.'" *Id.* (quoting *In re Campbell*, 13 B.R. 974, 976 (Bankr. D. Idaho 1981)).

Farrier v. Leicht, No. 20-3528, 2020 U.S. App. LEXIS 37100, at *7 (6th Cir. Nov. 24, 2020).

Plaintiff's allegations against Defendant Hildebrand are solely limited to the actions taken by Defendant Hildebrand while he was administering the estate of Plaintiff's now-ex-wife. There is no allegation that Defendant Hildebrand carried out any business connected with the estate property outside of his role at the Chapter 13 Trustee, and further, the Plaintiff has failed to show that he obtained consent from the Bankruptcy Court to file a lawsuit against Defendant Hildebrand in his official capacity as the Chapter 13 Bankruptcy Trustee for Fawn Fenton's bankruptcy petition. Therefore, Plaintiff's claims against Defendant Hildebrand should be dismissed due to Plaintiff's failure to abide by the Barton Doctrine.

   3. **Assuming Arguendo that the Complaint is Not Dismissed Based on the Barton Doctrine, Plaintiff's Complaint Should be Dismissed Because it Exceeds the Statute of Limitations.**

If Plaintiff is claiming that Defendant Hildebrand is liable to him for failing to provide notice of bankruptcy as it pertained to the sale of the home, the statute of limitations for bringing such an action should accrue and begin to run no later than the date that the home was sold. In Plaintiff's Complaint, he asserts Motion to Sell the Marital Residence was filed on or about July 17, 2019 in the Chancery Court for Williamson County. [Doc. 66, PageID: 4964]. Plaintiff states that he was aware of the legal machinations that sought to sell the residence, and furthermore, he states that he was ordered by Judge Binkley to sign a contract ostensibly for the sale of the home, on or about August 29, 2019. [Doc. 66, PageID: 4965]. Additionally, Plaintiff asserts that his damages for loss of equity should start as of September 2019, which ostensibly would suggest that Plaintiff had suffered the alleged deprivation of the residence by that time. [Doc. 66, PageID#: 4928]. By Plaintiff's own Complaint, the latest date for Plaintiff to have known that the residence was being sold was in October 2019, when Plaintiff alleges that he was "escorted off his own

5

property" because the house was being "stolen under false pretenses." [Doc. 66, PageID#: 4919-20].

As this Court's sister court has recently reiterated,

> [t]he statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Tennessee's statute of limitations for personal injury actions and actions brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a); *see also Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (citations omitted) ("Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the Court must look to state law to determine the appropriate limitations period. **Tennessee provides a one-year limitations period for civil rights actions under § 1983**"). While state law governs the duration of the limitations period, federal law governs when it begins to run. *Roberson*, 399 F.3d at 794 (citing *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003)); *Sevier v. Turner*, 742 F.2d 262, 272-73 (6th Cir. 1984). **Under federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action."** *Sevier*, 742 F.2d at 273 (citations omitted).

Barnett v. Bonner, No. 2:21-cv-02068-SHL-atc, 2022 U.S. Dist. LEXIS 251553, at *6 (W.D. Tenn. May 23, 2022)(emphasis added).

Based on the assertions in his Complaint, Plaintiff is asserting a §1983 claim against Defendant Hildebrand for personal injury suffered as a result of an alleged failure to notify him of proceedings to sell the residence. Without some other pleading by Plaintiff of tolling or an alternative statute of limitations, it appears to this Defendant that the applicable statute of limitations in Tennessee for this §1983 claim would be one year. Moreover, by Plaintiff's own admissions about his knowledge of the sale of the home, he knew or should have known that he had a potential claim no later than October of 2019. However, Plaintiff's Complaint against Defendant Hildebrand was not filed until August 21, 2024, almost 4 years after the expiration of a one-year statute of limitations for §1983 claims.

It is appropriate for a Court to dismiss a Complaint which is time-barred by the statute of limitations. In determining whether to dismiss a claim that accrued in 2021 but was filed in 2024, the U.S. District Court for the Eastern District of Tennessee recently cited to 6th Circuit precedent to not only dismiss the claim, but to adjudge it as "frivolous".

> Plaintiff knew of, and had a complete cause of action for, these events in 2021. But he did not file the instant suit until, at earliest, when he signed it on November 1, 2024 [*Id.* at 5]. Therefore, Plaintiff's claims are time barred, and the Court will **DISMISS** Plaintiff's complaint as frivolous. *See In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 339-40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

<u>Gilliam v. Hawkins Cty. Facility Jail</u>, No. 3:24-CV-452-DCLC-JEM, 2024 U.S. Dist. LEXIS 207039, at *10-11 (E.D. Tenn. Nov. 14, 2024).

This Court similarly lacks the power to extend the statute of limitations on a §1983 claim against Defendant Hildebrand, and this Defendant respectfully requests this Court make the same finding of frivolity in regards to Plaintiff's untimely claim. Therefore, Plaintiff's Complaint against Defendant Hildebrand should be dismissed because it is time-barred on its face within the Plaintiff's Complaint.

## **CONCLUSION**

In conclusion, Defendant Hildebrand respectfully requests this Honorable Court DISMISS all pending claims in Plaintiff's lawsuit against Defendant Hildebrand, as being untimely and out of compliance with the Barton Doctrine.

7

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: /s/ Laura E. Bassett
    **Anthony M. Noel**
    BPRN 018828
    **Laura Bassett**
    BPRN 035936
    750 Old Hickory Boulevard
    Building One, Suite 200
    Brentwood, Tennessee 37027
    (615) 255-7722
    tony.noel@leitnerfirm.com
    laura.bassett@leitnerfirm.com

    *Attorneys for Defendant*
    *Henry Edward Hildebrand, III*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record, as well as sending a copy to the following address via USPS and/or electronic mail:

Jeffrey Ryan Fenton
17195 Silver Parkway, #150
Fenton, Michigan 48430-3426
contact@jefffenton.com
*Pro Se Plaintiff*

Megan R. Calme
Wilson Elser Moskowitz Edelman & Dicker, LLP
3102 West End Avenue
Suite 400
Nashville, Tennessee 37203

Sarah M. Mathews
Wilson Elser Moskowitz Edelman & Dicker, LLP
3102 West End Avenue
Suite 400
Nashville, Tennessee 37203

Peako Jenkins
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202-0207

Anica Clarissa Jones
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, Tennessee 37203

Sandra J. Densham
Plunkett Cooney
333 Bridge Street, NW, Suite 530
Grand Rapids, Michigan 49504

George H. Cate, III
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, Tennessee 37203

Kimberly Michelle Ingram-Hogan
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, Tennessee 37203

Erik Halvorson
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, Tennessee 37203

Laura C. Baucus
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

Bret Chaness
Rublin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071

Benjamin E. Goldammer
Danica G. Suedekum
Kay Griffin, PLLC
222 Second Avenue North
Suite 340-M
Nashville, Tennessee 37201

Dawn Nicole Williams
Dykema Gossett PLLC
Capitol View Building
201 Townsend Street, Suite 900
Lansing, Michigan 48933

This the 10th day of December, 2024.

By: <u>  */s/ Laura E. Bassett*  </u>
**Anthony M. Noel**
**Laura E. Bassett**