UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JEFFREY RYAN FENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-01282 |
| ) | Jury Demanded |
| VIRGINIA LEE STORY, ET AL., ) | |
| ) | |
| Defendants. ) | |

### STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Jeffrey Ryan Fenton brings claims for fraud, conspiracy, and statutory and constitutional violations during his divorce and bankruptcy proceedings against (1) the State of Tennessee, the Tennessee Administrative Office of the Courts (AOC), the Tennessee Court of Appeals Middle Division, the Chancery Court for Williamson County, the Supreme Court of Tennessee, and the Board of Professional Responsibility; (2) Court of Appeals Judges Frank Clement, Andy Bennett, and William Neal McBrayer in their official capacities; and (3) Chancellor Michael Binkley, Appellate Court Clerk James Hivner, AOC General Counsel John Coke, and AOC Chief Disciplinary Officer Sandra Garrett in their individual and official capacities. Eleventh Amendment immunity, absolute judicial immunity, and the statute of limitations require dismissal of all claims against the State Defendants.

### ALLEGED FACTS AND PROCEDURAL HISTORY

Mr. Fenton and his ex-wife filed for divorce in June, 2019, in the Chancery Court for Williamson County, with Chancellor Michael Binkley presiding. (Dkt. 66, ¶ 12.) Fenton alleges that he was not provided with accommodations under the Americans with Disabilities Act (ADA)

1

for his mental disabilities, preventing him from adequately defending himself. (*See, e.g., id.* at ¶ 93, 287.) During the divorce proceedings, his ex-wife filed for bankruptcy. (*Id.* at 12.) The bankruptcy proceedings resulted in the sale of the marital home, requiring Mr. Fenton to vacate the premises. (*Id.* at ¶¶ 12-21, 56-57.) The divorce proceedings terminated in October 2019. (*Id.* at ¶ 111. Mr. Fenton filed an appeal in the Court of Appeals at Nashville, presided over by the Judges Clement, Bennett, and McBrayer. *Fenton v. Fenton*, No. M2019-02059-COA-R3-CV (Tenn. Ct. App. Nov. 19, 2020) (attached). The Court of Appeals dismissed the appeal because Mr. Fenton failed to timely file a brief. *Id.* Mr. Fenton petitioned for review by the Tennessee Supreme Court, and his application was denied in April 2021. *Fenton v. Fenton*, No. M2019-02059-SC-R11-CV (Tenn. Apr. 7, 2021) (attached).

Mr. Fenton filed this action in the U.S. District Court for the Western District of Michigan October 13, 2023, against the State Defendants and others, including real estate agents, banks, lawyers, court officials, and others he claims were involved in depriving him of his house. (Dkt. 1.) The State Defendants made a limited appearance in the Michigan District Court for the purposes of challenging jurisdiction and venue. (Dkt. 78.) The case was then transferred to this Court in lieu of dismissal. (Dkt. 127).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). But the complaint should contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must set forth some factual basis for the claims

2

of unconstitutional conduct. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly* at 570). Only a claim that states a plausible claim for relief survives a motion to dismiss. *Twombly* at 556.

## LAW AND ARGUMENT

### I. The Eleventh Amendment Bars Suit Against the State, Its Agencies, and State Officials Sued in Their Official Capacities.

Eleventh Amendment sovereign immunity bars suit against a state, a state agency, or a state official sued in their official capacity. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Ford Motor Co. v. Dept. Of Treasury*, 323 U.S. 459, 464 (1945); *Fiore v. Smith*, 2010 WL 2507050, at *4 (E.D. Tenn. June 17, 2010) (barring suit because "the state is the real party in interest in official-capacity suits."). There are two exceptions to Eleventh Amendment immunity from suits for monetary damages. The first exception is where Congress expressly abrogates the Eleventh Amendment in legislation. *Hoffman v. Connecticut Department of Income Maint.*, 492 U.S. 96, (1989). The second is where a state expressly waives immunity from suit for money damages in federal court. *Pennhurst State Sch. and Hospital v. Halderman*, 465 U.S. 89, 104 (1984).

The Tennessee AOC, the Tennessee Court of Appeals Middle Division, the Chancery Court for Williamson County, the Supreme Court of Tennessee, and the Board of Professional Responsibility are all state entities. Mr. Fenton sued Judge Clement, Judge Bennett, Judge McBrayer, Chancellor Binkley, Mr. Hivner, Mr. Coke, and Ms. Garrett in their official capacities.

These defendants are all considered the State for purposes of Eleventh Amendment immunity. *Hans,* 134 U.S. at 10; *Pugh*, 438 U.S. at 782; *Ford Motor Co.*, 323 U.S. at 464; *Fiore*, 2010 WL 2507050 at *4.

The Supreme Court has held that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordon*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). And Tennessee has not waived its immunity under the Eleventh Amendment with respect to suits for relief under § 1983. *Am. Civil Liberties Union. Tennessee*, 496 F. Supp. 218 (M.D. Tenn. 1980). Because neither exception applies, Tennessee's sovereign immunity bars Mr. Fenton's suit against the State of Tennessee, its agencies, and its employees in their official capacities.

## II. Absolute Judicial Immunity Bars Plaintiff's Individual-Liability Claims Against Chancellor Binkley.

Generally, judicial officers who are performing their judicial actions are absolutely immune from civil suits for monetary damages under § 1983. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (internal citations omitted). Judicial immunity shields judicial officers not simply from damages—but also from the suit itself. *Id.* at 11. The doctrine applies even when a plaintiff alleges that the judge acted maliciously or violated constitutional rights. *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). And good policy supports this doctrine. Immunizing judges allows them to "exercise their functions with independence and without fear of consequence." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted).

But before absolute immunity can attach, a judge's action must be deemed judicial to ensure that "immunity is justified and defined by the *functions* it protects and serves, not by the

4

person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 224 (1988) (emphasis in original). The Supreme Court established a two-prong test to determine whether an act is judicial: (1) whether the function is one a judge normally performs; and (2) whether the parties dealt with the judge in his or her judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 362 (1978).

All of Fenton's allegations against Chancellor Binkley concern his conduct as a judge in Mr. Fenton's divorce proceedings. (Dkt. 66, ¶ ¶ 12, 20, 23-24, 32-33, 36, 43, 45, 48, 52, 54-57, 61-62, 95, 111.) For example, Mr. Fenton alleges that Chancellor Binkley wrongly prevented discovery for the divorce, deemed some documents Mr. Fenton presented inadmissible, refused to grant Mr. Fenton's attorney additional time to become familiar with the case, and blocked Mr. Fenton from participating in a hearing via telephone. (*Id.* at ¶ ¶ 20, 23-2, 45, 48, 52, 111.) Mr. Fenton further alleges that Chancellor Binkley acted corruptly in the hearing on August 29, 2019, by denying Mr. Fenton the ability to stay in his home and ordered the sale of his home in disregard of federal law. (*Id.* at ¶ ¶ 32-33, 54-57, 62, 91, 95.) All of Chancellor Binkley's alleged acts concerned traditional judicial functions, such as directing discovery, conducting hearings, and resolving disputes as to marital property. And Mr. Fenton only dealt with Chancellor Binkley in his judicial capacity. Thus, absolute judicial immunity shields him from suit in his individual capacity.

### III. Claims Against Hivner, Coke, and Garrett in their Individual Capacities Should Be Dismissed.

Mr. Fenton sued Appellate Court Clerk Hivner, AOC General Counsel Coke, and AOC Chief Disciplinary Officer Garrett in their individual capacities. While not a model of clarity, the Complaint purports to assert the following claims against Mr. Hivner, Mr. Coke, and Ms. Garrett:

Count 3: Violation of Tenn. Code Ann. § 39-15-510, Abuse of Elderly or Vulnerable Adult (Hivner and Coke); Count 6: Intentional/Negligent Infliction of Emotional Distress (all defendants); Count 7: Fraud/Concealment (all defendants); Count 8: Civil Conspiracy (all defendants); Count 12: Violation of Civil Rights under 42 U.S.C. § 1983 and § 1985 (Hivner, Coke, and Garrett); Count 13: Violation of Constitutional Rights (Hivner, Coke, and Garrett); and Count 14: Americans with Disabilities Act (Coke). (Dkt. 66, ¶ ¶ 133, 154, 176, 196, 233, 248, 273.)

Tenn. Code Ann. § 39-15-510 makes it a criminal offense to abuse an elderly or vulnerable person. Criminal laws do not create a personal right of action. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Vick v. Core Civic*, 329 F. Supp. 3d 426, 454 (M.D. Tenn. 2018).

The statute of limitations bars the remaining civil claims. The statute of limitations for a § 1983 or 1985 action for violation of civil rights or constitutional rights is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007). A one-year limitation period applies to both personal injury actions and § 1983 actions arising in Tennessee. Tenn. Code Ann. § 23-3-104(a); *Porter v. Brown*, No. 07-6336, 289 F. App'x 114, 116 (6th Cir. Aug. 19, 2008). A one-year statute of limitations also applies to Americans with Disabilities Act cases. *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 771 (M.D. Tenn. 2009). Mr. Fenton's fraudulent concealment claims are, at best, subject to a three-year statute of limitations. Tenn. Code Ann. §28-3-105.

Mr. Fenton filed his complaint in the Western District of Michigan on October 13, 2023. (Dkt. 1.) The misconduct Mr. Fenton alleges against Mr. Hivner, Mr. Coke, and Ms. Garrett took place during Mr. Fenton's divorce proceedings, spanning from when his ex-wife filed for divorce

6

in June 2019 until the proceedings were terminated in October 2019. (Dkt. 66, ¶ ¶ 12, 133, 154, 176, 196, 233, 248, 273.) Mr. Fenton failed to allege misconduct within either a one-year or three-year statute of limitations, and thus his claims should be dismissed.

## CONCLUSION

Eleventh Amendment immunity bars suits against the State, state agencies, and state officials in their official capacity. Absolute judicial immunity shields Chancellor Binkley from suit. The claims against Mr. Hivner, Mr. Coke, and Ms. Garrett in their individual capacities should be dismissed because a criminal statute does not create a private right of action and the statute of limitations bars the remaining civil claims.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Peako Jenkins
PEAKO JENKINS, BPR #32190
Assistant Attorney General
Law Enforcement and Special
Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: 615-741-8059
Fax: 615-532-2541
Email: peako.jenkins@ag.tn.gov

## CERTIFICATE OF SERVICE

I certify a true and exact copy of the foregoing has been sent via U.S. Mail on **December 20, 2024**, to the following:

Jeffrey Ryan Fenton
17198 Silver Parkway, #150
Fenton, MI 48430-3426
615-837-1300
contact@jefffenton.com

I certify a true and exact copy of the foregoing has been forwarded via the Court's electronic filing system on **December 20, 2024**, to the following:

Lisa M. Parsons
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064

Sarah M. Mathews
Megan R. Calme
Wilson Elser
Moskowitz Edelman & Dicker, LLP
3102 West End Avenue, Suite 400
Nashville, TN 37203

Anica Clarissa Jones
U.S. Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203

Sandra J. Densham
Plunkett Cooney
333 Bridge Street, NW, Suite 530
Grand Rapids, MI 49504

Thomas Anderson
1187 Old Hickory Boulevard, Suite 125
Brentwood, TN 37027

Laura C. Baucus
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304

Bret Chaness
Rublin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Dawn Nicole Williams
Dykema Gossett PLLC
Capitol View Building
201 Townsend Street, Suite 900
Lansing, MI 48933
Benjamin E. Goldammer
Danica G. Suedekum
Kay Griffin, PLLC
222 Second Avenue North, Suite 340-M
Nashville, TN 37201

George H. Cate, III
Kimberly Michelle Ingram-Hogan
Erik Halvorson
Bradley Arant Boult Cummings, LLP
1221 Broadway, Suite 2400
Nashville, TN 37203

                                              /s/ Peako Jenkins
                                              PEAKO JENKINS
                                              Assistant Attorney General