# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JEFFREY RYAN FENTON,

                         PLAINTIFF

      V.

VIRGINIA LEE STORY ET AL.,

               DEFENDANTS

**CASE NO. 3:24-cv-01282**

RECEIVED

MAR 0 7 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

## SECOND[1] MOTION TO EXTEND TIME AND ASSIST
## WITH PERFECTING SERVICE[2]

This testimony and motion is being brought pursuant to 28 U.S. Code § 1746; F.R.Civ.P. 4(c)(3),

4(e)(1), 4(h)(1)(A), 4(j)(2)(B), and Mich. Ct. R. 2.105, specifically including Mich. Ct. R. 2.105(K)(3);

F.R.Civ.P. 4(m) with *good cause*, Rule 9(2)(b), 11(b), 16, 46[3], 63[4], 83; U.S. Code § 455(a), (b)(1);

U.S. Const. amend V §§ 1, 5.1, 7.1, 7.9, 9.1, 9.10, 9.4, and amend XIV §§ 1.3, 1.5, 1.6, 1.8.12.3,

1.8.13.1; Case Law; and 18 U.S. Code § 4 - Misprision of felony.

---

[1]   A "MOTION TO EXTEND SERVICE DEADLINE EXPEDITED CONSIDERATION REQUESTED" was filed in MIWD on August 19, 2024, in DOC 61 and 61-1, PID 4740-4743.  |  https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf  |  61-1.pdf

[2]   This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

[3]   https://www.law.cornell.edu/rules/frcp/rule_46  |  "Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made."

[4]   https://www.law.cornell.edu/rules/frcp/rule_63

Initials:

## BACKGROUND

1.      On August 19, 2024, I filed a motion in MIWD titled, "MOTION TO EXTEND SERVICE DEADLINE EXPEDITED CONSIDERATION REQUESTED[5]" in DOC 61 and 61-1, PID 4740-4743, which I qualified for under the *good cause* provision of Fed. R. Civ. P. 4(m), requiring the court to "extend the time for service for an appropriate period[6]."

> "…But if the plaintiff shows *good cause* for the failure, the court *must* extend the time for service for an appropriate period[7]."

2.      This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, one county, three courts, with a total of five state government entities in Tennessee.

3.      Every individual BAR defendant being sued has exerted some effort (or some effort was exerted on their behalf) to dodge service and/or to obfuscate, defeat, deprive, deny the successful *confirmation of service* as required by the court's rules. (See "Exhibit-A[8]" filed on October 4, 2024, in DOC 96-1, PID 5265-5285.)

4.      Many of the defendants have gone out of their way to make service more difficult and costly for me, as an out of state litigant, by playing games, refusing to sign for registered and certified mail, leaving the service unclaimed at their post offices for weeks and months, and even returning it to the post office as "refused" weeks after they had accepted the delivery.

---

[5]   DOC 61, PID 4740-4741 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf
      DOC 61-1, PID 4742-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61-1.pdf

[6]   Fed. R. Civ. P. 4(m) | https://www.law.cornell.edu/rules/frcp/rule_4

[7]   Fed. R. Civ. P. 4(m) | https://www.law.cornell.edu/rules/frcp/rule_4

[8]   DOC 96-1, PID 5265-5285 | https://rico.jefffenton.com/3-24-cv-01282/doc/96-1.pdf

Initials: _____

5.      As a geographically displaced, indigent litigant, solely due to the crimes committed against my family by the defendants in this lawsuit, I have had to borrow over *six-thousand dollars* from my family, simply to serve the defendants, while many of them still cry foul and wrongfully claim that service was defective, incomplete, untimely, etc… in an effort to thwart lawful accountability, at seemingly any cost.

6.      Regardless of what anyone claims about service, I have done everything reasonably within my power, knowledge, and means, to serve the defendants as quickly, efficiently, and fully as I have been physically capable of, under the circumstances.

7.      To date, no court has assisted me with service nor timely answered my motions regarding service[9], so that I could protect my interests while responding to the defendant's evasive misconduct, allowing me to ensure that service, reasonable under the circumstances and satisfactory to the court, was perfected to each and every defendant before moving forward to address other issues.

8.      I have had to produce and have served roughly **sixty-nine**[10] *lawsuit service packages*[11] to date, weighing about 3.875 lbs. each, and costing approximately $100 per package for raw materials, including paper, ink, labels, flash drives, and postage; without counting time or labor, which were significant.

---

[9]    DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf
       DOC 16-1, PID 2267-2330 | https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf
       DOC 35, PID 3392-3393 | https://rico.jefffenton.com/3-24-cv-01282/doc/35.pdf
       DOC 36, PID 3394-3396 | https://rico.jefffenton.com/3-24-cv-01282/doc/36.pdf
       DOC 36-1, PID 3397 | https://rico.jefffenton.com/3-24-cv-01282/doc/36-1.pdf
       DOC 61, PID 4740-4742 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf
       DOC 61-1, PID 4742-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61-1.pdf
[10]   https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-v-story-service-spreadsheet.pdf
[11]   DOC 69, PID 5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

Initials: _____

9.      I estimated service of the thirty-four defendants to cost between $3,000 - $5,000 and had secured a loan from family for that amount, yet those projections were dwarfed by the actual costs and time required to produce and attempt to serve literally twice as many *lawsuit service packages*[12] as there are defendants in this case. (See attached exhibits "A" through "A-2".)

10.     There are defendant(s) in this lawsuit who are represented by counsel who still claim that they have not been served[13] while asking the court to dismiss them from this lawsuit due to this alleged defect in service. This is deceptive atrocious gamesmanship[14], in bad faith by the powerful defendants and their counsel, unbecoming of any office or position of public service or trust, while many have daily lorded over the lives of other litigants held to a far stricter standard.

11.     This is frankly shameful and should be disciplined by the court for wasting both the courts' and my critical time and resources on frivolous nonsense! (See attached exhibits "B" through "B-9".)

12.     This lawsuit was served in compliance with F.R.Civ.P. 4(e)(1), F.R.Civ.P. 4(h)(1)(A), or F.R.Civ.P. 4(j)(2)(B), depending upon the entity type, and Mich. Ct. R. 2.105.

## MICH. CT. R. 2.105 (K) JURISDICTION; RANGE OF SERVICE; EFFECT OF IMPROPER SERVICE

"(3) An action shall **not** be dismissed for improper service of process unless the service failed to **inform** the defendant of the action within the time provided in these rules for service[15]" (emphasis added.)

---

[12]   DOC 69, PID 5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[13]   DOC 183, PID 327-330 | https://rico.jefffenton.com/3-24-cv-01282/doc/183.pdf
       DOC 184, PID 331-342 | https://rico.jefffenton.com/3-24-cv-01282/doc/184.pdf

[14]   DOC 114, PID 5623-5632 | https://rico.jefffenton.com/3-24-cv-01282/ecf/114.pdf
       https://rico.jefffenton.com/evidence/2025-01-17_email-service-of-elaine-beeler-via-lisa-carson.pdf

[15]   https://casetext.com/rule/michigan-court-rules/michigan-court-rules/chapter-2-civil-procedure/subchapter-2100-commencement-of-action-service-of-process-pleadings-motions/rule-2105-process-manner-of-service

13.    Upon information and belief, every defendant in this lawsuit received service which at the very least **informed** them about this lawsuit **during the period of time designated by MIWD for me to serve**, or shortly thereafter, during an extension of time to serve, which I both motioned the court for[16] and qualified for under the *good cause* provision of Fed. R. Civ. P. 4(m), requiring the court to "extend the time for service for an appropriate period[17]."

14.    Yet frivolous pleadings and misconduct persists by the defendants, as their counsel has filed motions, including a motion for an "emergency" hearing, seeking to have defendants expeditiously dismissed from this lawsuit and/or granted summary judgments, while largely ignoring the critical constitutional merits and justice interests in this lawsuit.  Accepting no responsibility for the damage the defendants clearly collectively caused me, without any language committed to working toward a meaningful remedy, compromise, or cure of any kind.

15.    Upon information and belief, I don't know of a single defendant to date who has honestly answered my sworn and verified complaint in this lawsuit.

16.    Upon information and belief, I don't know of a single responsive pleading filed by the defendants or their counsel, which honestly complies with F.R.Civ.P. Rule 11(b), despite the fact that **every** filing by officers of the court is supposed to be honest, accurate, and true, "after [performing] an inquiry reasonable under the circumstances[18]", in compliance with F.R.Civ.P. Rule 11(b).

---

[16]    DOC 61, PID 4740-4741 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf
DOC 61-1, PID 4742-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61-1.pdf

[17]    Fed. R. Civ. P. 4(m) | https://www.law.cornell.edu/rules/frcp/rule_4

[18]    "…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…" F.R.Civ.P. Rule 11(b) | https://www.law.cornell.edu/rules/frcp/rule_11

"**Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.** They should not raise barriers which prevent the achievement of that end. Proper pleading is important, <u>but its importance consists in its effectiveness as a means to accomplish the end of a **just** judgment</u>." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938) (emphasis added).

"The federal rules reject the approach *that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome* **and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.**" The court also cited Rule 8(f) [8(e)] FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957) (emphasis added).

17.     Upon information and belief, I don't know of a single defendant to date, who has honestly filed a pleading seeking **"to facilitate a proper decision on the merits[19]"** of this lawsuit, or who has used pleadings in this case so far, **"to serve as a means of arriving at fair and just settlements of controversies between litigants.[20]"** That is ground zero in this matter, and unfortunately we're still not there yet.

## THE TIMELINE FOR SERVICE IN THIS LAWSUIT

18.     I first obtained executed summonses by which I could **begin** service of this lawsuit on **August 21, 2024,** as recorded in the docket, stating "SUMMONS ISSUED…".

19.     Service began being sent on August 23, 2024, at 2:51 PM from the United States Postal Service in Linden, Michigan. Service was first sent to former Williamson County Chancery Court judge Michael Weimar Binkley[21], in Franklin, Tennessee.

---

[19]   *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

[20]   *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

[21]   DOC 118, PID 5658-5664 | https://rico.jefffenton.com/3-24-cv-01282/doc/118.pdf

Initials: _____

20.     In the NOTICE OF INTENT TO TRANSFER ACTION[22] by District Judge Paul L. Maloney dated September 12[23], 2024, he states at the end of section "A." at the top of page 2[24], **"Plaintiff continues his efforts to serve the defendants and no defendant has made an appearance in this lawsuit"** (emphasis added).

### THE INTERESTS OF JUSTICE

21.     To be clear, District Judge Maloney made the statement above, **twenty-one days after the August 22, 2024**, deadline for service to be completed by, according to the wrongful order[25] by the Magistrate Judge in DOC 55[26], PID 4383, which was afterwards justly ignored by District Judge Maloney.

22.     I have an exhaustive defense for the timeline of service based on the Federal Rules of Civil Procedure and judicial misconduct[27] in MIWD, which I have documented in the docket of this lawsuit. This should be clear by the simple fact that MIWD elected to transfer this lawsuit to TNMD in the *interests of justice* rather than dismissing it (as the Magistrate Judge had repeatedly voiced his intent to do) for being filed in what they claimed to be the "wrong venue" or for failure to timely serve as the defendants have erroneously yet repeatedly claimed.

---

[22]  DOC 72, PID 5046-5050 | https://rico.jefffenton.com/3-24-cv-01282/doc/72.pdf

[23]  Twenty-one days **after** the August 22, 2024, deadline for service wrongfully ordered by The Magistrate Judge in ECF 55, PID.4383.

[24]  ECF 72, PID.5047 | https://rico.jefffenton.com/3-24-cv-01282/doc/72.pdf

[25]  The Magistrate Judge's order was the product of judicial bias and misconduct, as I reasonably proved on August 19, 2024, in my "MOTION TO RECUSE" filed in DOC 60, PID 4736-4739, and my "OBJECTION TO THIS COURT'S "ORDER REGARDING SERVICE"" filed in DOC 62, PID 4744-4760.

[26]  DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[27]  DOC 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf
      DOC 62, PID 4744-4760 | https://rico.jefffenton.com/3-24-cv-01282/doc/62.pdf

23.     If the court is not satisfied with this explanation, I can provide much more detail while reviewing each motion for service[28] in MIWD and considering the corelating orders provided by that court.

24.     I am entitled to have a fair opportunity to serve my lawsuit, and whether anyone likes it or not, that opportunity realistically began on **August 21, 2024**, when I first received my summonses back from the court executed, after having originally brought them to the court for execution on January 19, 2024, in DOC 16 and 16-1.

25.     At which point the Magistrate Judge **went silent** and refused to make another appearance in this matter until July 8, 2024, *one hundred and seventy-one* days after I filed my motion regarding service[29] with "expedited consideration requested".

26.     The clerk of that court mistakenly filed my summonses in the docket as "proposed summonses[30]" in DOC 16-1, PID 2267-2330, rather than executing them as intended and returning them to me within days.  Once my summonses were docketed as "proposed summonses", the court refused to return the summonses to me until after the Magistrate Judge finally ruled on my motion regarding service[31], nearly six months later, at absolutely no fault of my own.

---

[28]  DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf
      DOC 16-1, PID 2267-2330 | https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf
      DOC 35, PID 3392-3393 | https://rico.jefffenton.com/3-24-cv-01282/doc/35.pdf
      DOC 36, PID 3394-3396 | https://rico.jefffenton.com/3-24-cv-01282/doc/36.pdf
      DOC 36-1, PID 3397 | https://rico.jefffenton.com/3-24-cv-01282/doc/36-1.pdf
[29]  DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf
[30]  DOC 16-1, PID 2267-2330 | https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf
[31]  DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf

Initials: _____

## THE DEFENDANTS ARE REPEATEDLY VIOLATING F.R.C.P. RULE 11(B)

27.     Many of the defendants in this lawsuit who have made an appearance to date have filed motions to dismiss citing even the most frivolous procedural defects when procedural defects (technicalities) are not allowed to rule over **merits** and **conduct** in lawsuits involving *pro se* litigants, especially while ignoring the critical constitutional merits of this lawsuit and the reprehensible misconduct by the courts and counsel in preceding matters (which has not been meaningfully disputed or denied by the defendants to date).

28.     Since there is so much which must be quickly responded to in this lawsuit, with thirty-four powerful and well-funded defendants against one indigent *pro se* litigant, with significant communication disabilities, there is not time for me to possibly respond to every frivolous attempt to stymie and evade justice in this matter, especially not within the timelines provided in the federal rules.

### SERVICE OF PROCESS

29.     Before addressing motions by the defendants, I'm seeking to settle the last few outstanding issues related to service, some of which require the active participation of the court for me to complete.

30.     To date, no meaningful litigation has begun.  Therefore, any defendant claiming not to have received proper service so far can still be served by this court without suffering any prejudice in this lawsuit in any meaningful form or material fashion.

## MOTIONS REGARDING SERVICE

31.　　I move the court to enter an order extending the deadline for the completion of service, until my motions[32] involving service have been fairly heard and meaningfully addressed by this court, and I have had an opportunity to take appropriate actions based upon those orders.

32.　　This motion complies with the *good cause* provision in Fed. R. Civ. P. 4(m), which states in part, "But if the plaintiff shows *good cause* for the failure, the court **must** extend the time for service for an appropriate period" (emphasis added).

33.　　For more information about what caused the most significant delays in service of this lawsuit, and why that satisfies the provision for "good cause" provided in Fed. R. Civ. P. 4(m), please see my "SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE.[33]"

34.　　I move the court to enter an order granting my "MOTION FOR ALTERNATIVE SERVICE", filed in TNMD on November 25, 2024, in DOC 177, PID 234-250, for the reasons stated therein.

35.　　I move the court to examine the service of every defendant in this lawsuit and to enter an order stating that service has been successfully perfected to every defendant named in this lawsuit, within the time limits allowed—or was successfully completed based on reasonable efforts, under the circumstances.

---

[32]　DOC 61, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/61.htm
　　DOC 89, PID 5126-5146 | https://rico.jefffenton.com/3-24-cv-01282/89.htm
　　DOC 90, PID 5147-5189 | https://rico.jefffenton.com/3-24-cv-01282/90.htm
　　DOC 177, PID 234-250 | https://rico.jefffenton.com/3-24-cv-01282/177.htm
　　DOC 221, PID 1129-1163 | https://rico.jefffenton.com/3-24-cv-01282/221.htm

[33]　https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

36.     There have been some questions or concerns amongst clerks regarding the filing of summonses issued by MIWD in the TNMD case, due to procedural differences between Michigan and Tennessee district courts, different case numbers, etc.

37.     I move the court to examine the summonses returned executed on the docket, and determine if they are acceptable as filed, especially those most recently returned, after the case was transferred from MIWD to TNMD courts, or if there is reason to issue new summonses, executed by TNMD with the current case number, to any or all of the defendants.

38.     If the court determines that any or all of the summonses are defective in any way, or should be replaced, I move the court to issue new summonses using the printed summons forms which I am submitting simultaneously with this motion, for use as needed.

39.     Out of respect for the privacy of the defendants, due to concerns about home addresses being publicly disclosed, I filled out each summons with the party's name, addressed to the care of (C/O) their counsel of record in this matter. I provided three summons forms for each defendant, to be used however the court determines.

40.     In my mind the court could simply execute these and file them on the record, while notifying the defendant's counsel via PACER, where they could have instant access to the documents, with instructions for the defendant's counsel to download the Tennessee summonses and to provide them to their clients (the defendants). This seems like a relatively quick and easy way for the court to ensure that all related quibbling quickly ceases by the defendant's counsel, so that we can proceed with more important matters. The court could also mail these to the defendant's counsel or have them served to the defendant's via the United States Marshal Service if the court deems that appropriate.

41.     Should the court prefer that I resubmit the summonses with the defendant's home

and business addresses listed rather than in "care of" their counsel of record, I move the court to provide me notice so that I can quickly comply.

42.     Since no material matters have yet been heard by any court in this matter, no defendant would be prejudiced in any way by being issued new summonses or service by the court at this time, prior to proceeding.

43.     I move the court to provide me notice of any defendant(s) which the court requires a more detailed explanation of the efforts to serve.

44.     I move the court to provide me notice of any defendant(s) which the court finds service to have been insufficient, defective, or lacking along with an extension of time to cure such defects with the court's assistance prior to moving forward with this lawsuit.

45.     In any instance where the court finds that service was insufficient, lacking, or improperly executed, I move the court to enter an order to have the court re-serve those defendants per Fed. R. Civ. P. 4(c)(3), using the U.S. Marshals Service, and to compel them to make an appearance in this matter so that the court can begin to address the weighty merits in this lawsuit.

### FED. R. CIV. P. RULE 4 SUMMONS (C) SERVICE (3) BY A MARSHAL OR SOMEONE SPECIALLY APPOINTED

> "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.[34]"

46.     Service can be executed by the court at almost no cost using "alternative service[35]," since all the documents for service are digitally hosted on my website[36], saving

---

[34]   https://www.law.cornell.edu/rules/frcp/rule_4

[35]   DOC 177, PID 234-243 | https://rico.jefffenton.com/3-24-cv-01282/doc/177.pdf

Initials:

significantly on printing, paper, and production costs.

47.     I have put forth extraordinary efforts regarding service[37] of this lawsuit, while being actively fought by both the defendants and the Michigan Magistrate Judge[38], as is well documented in several filings in this matter.

48.     In an effort not to bloat the filings in this lawsuit with unnecessary redundancy, I will skip expounding further on the "good cause" substantiation for this motion and the requests herein.   However, if for any reason the court finds this explanation lacking in specificity, substance, or details, I move the court to provide me notice and I will devote more time and work to providing the court with a more robust pleading about the justice interests in this lawsuit, along with the individual obstacles to service I have experienced to date.

---

DOC 177-1, PID 244-250 | https://rico.jefffenton.com/3-24-cv-01282/doc/177-1.pdf

[36]   https://service.jefffenton.com
https://jefffenton.com/digital-service-package-for-lawsuit/
https://jefffenton.com/digital-service-package-for-lawsuit/defendant-summonses/
https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/
https://rico.jefffenton.com/3-24-cv-01282/

[37]   DOC 69, PID 5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf
DOC 65-3, PID 4822-4850 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-document-index.pdf
DOC 65-1, PID 4798 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-website-instructional-video.mp4
DOC 65, PID 4796 | https://rico.jefffenton.com/evidence/1-23-cv-01097_plaintiff-flash-drive-1.zip
DOC 65, PID 4794-4820 | https://rico.jefffenton.com/evidence/1-23-cv-01097_plaintiff-flash-drive-1-info.pdf
DOC 177, PID 234-250 | https://rico.jefffenton.com/3-24-cv-01282/177.htm
https://jefffenton.com/digital-service-package-for-lawsuit/ | https://service.jefffenton.com
https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/ | https://notice.jefffenton.com
https://rico.jefffenton.com/3-24-cv-01282/ | https://rico.jefffenton.com/1-23-cv-01097/download.htm
https://rico.jefffenton.com/1-23-cv-01097/audio.htm | https://rico.jefffenton.com/1-23-cv-01097/video.htm

[38]   See my "SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE"
https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

## ORDER REGARDING SERVICE, JULY 8, 2024, DOC 55, PID 4381
## BY THE MAGISTRATE JUDGE IN MICHIGAN

"In exercising its discretionary authority under Fed. R. Civ. P. 4(c)(3), the Court considers whether there is a sufficient reason to burden the USMS with serving plaintiff's initial pleading. The purpose of this rule "is to reduce the burden on the United States Marshal Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." Advisory Committee Notes for Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981). "[T]he plaintiff is expected **first** to seek service by private means whenever feasible rather than impose the burden on the Marshals Service" and "court orders directing service by marshal should not be issued *unless they really are necessary*." *Id.* "In short, the aim is to encourage use of methods that do not involve marshals." *Id.*" (Emphasis added.)

49.     The implication in the paragraph above, by the Michigan Magistrate Judge, is that a plaintiff would have more than *one* opportunity to request the court's assistance with service, (which is contingent upon the court timely responding to the plaintiff's motions regarding service, which has not been my experience yet, but remains an important need for due process.)

50.     The expectation set by the Magistrate Judge in the paragraph above was that the plaintiff should **first** attempt to serve their lawsuit on their own (which I have done), whenever possible, while deferring or reserving court ordered service by the USMS to those situations where their services "*really are necessary*" (which I have also done).

51.     Upon information and belief, I have done everything reasonably within my power, at my limited price point, to serve the defendants, while they have **all** been satisfactorily served per Michigan's Court Rules[39], some multiple times.

---

[39]   https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-v-story-service-spreadsheet.pdf

52.     In my mind this issue boils down to how much of the defendant's shenanigans the court chooses to allow, entertain, or tolerate, while I am merely asking for the court's assistance in compensating for any defect in service thereby caused or claimed by the defendant's actions to intentionally dodge service and/or to deny, deprive, or interfere with the successful return of the "return receipt" which was requested and purchased from the USPS, as required by the court's rules, but was not correctly returned by a single individual BAR defendant in this matter[40]. Along with helping to compel four outstanding defendants who have been successfully served, to make an appearance in this matter. That seems like a very reasonable request, after having exhausted a significant amount of my family's resources toward service.

53.     Upon the satisfactory completion of all service-related matters herein, I move the court to enter an order that all service-related claims, complaints, and defenses by the defendants and their counsel are moot moving forward.

## COMPELLING CERTAIN DEFENDANTS TO MAKE AN APPEARANCE

54.     I move the court to compel the following four defendants, who have been served, to make an appearance in this matter:

1) Attorney Kathryn Lynn Yarbrough[41]  (BPR# 032789)
   Proofs of Service: DOC 95, PID 5213-5234; DOC 180, PID 281-296

   Confirmed Post Office Box:
   223 TOWN CENTER PKWY UNIT 1897
   SPRING HILL, TN  37174-3040

   Unconfirmed Home Address:
   408 PREAKNESS DR
   THOMPSONS STATION, TN  37179-5238

---

[40]   See "Exhibit-A" filed on October 4, 2024, in DOC 96-1, PID 5265-5285 | https://rico.jefffenton.com/3-24-01282/doc/96-1.pdf

[41]   DOC 95, PID 5213-5234 | https://rico.jefffenton.com/3-24-01282/doc/95.pdf
        DOC 180, PID 281-296 | https://rico.jefffenton.com/3-24-01282/doc/180.pdf

Initials: _____

2)  Bankers Title & Escrow Corporation[42]  (TN SOS Control #000259388)
    Proof of Service: DOC 201, PID 493-509
    Registered Agent: R L MOORE
    Address (Registered Agent & Principal):
    3310 WEST END AVE, STE 540
    NASHVILLE, TN 37203-6802

3)  Attorney Alexander Sergey Koval[43]  (BPR# 029541)
    Proof of Service: DOC 192, PID 379-408
    Confirmed Email: akoval@cw13.com

    Confirmed Work Address:
    CLARK & WASHINGTON, PC
    1321 MURFREESBORO PIKE
    STE 320
    NASHVILLE, TN  37217-2858
    (615) 251-9782

    > Unconfirmed Home Address:
    > 281 PARAGON MILLS RD
    > NASHVILLE TN 37211-4034

4)  Spragins, Barnett & Cobb, PLC[44]  (TN SOS Control #000334328)
    Proof of Service: DOC 221, PID 1129-1163
    Registered Agent Address:
    ALAN RHENEY
    312 E LAFAYETTE ST
    JACKSON, TN 38301-6220

    Principal Address
    SHELBY THOMAS
    312 E LAFAYETTE ST
    JACKSON, TN 38301-6220

---

[42]  DOC 201, PID 493-509 | https://rico.jefffenton.com/3-24-cv-01282/doc/201.pdf

[43]  DOC 192, PID 379-408 | https://rico.jefffenton.com/3-24-cv-01282/doc/192.pdf

[44]  DOC 221, PID 1129-1147 | https://rico.jefffenton.com/3-24-cv-01282/doc/221.pdf
      DOC 221-1, PID 1148-1163 | https://rico.jefffenton.com/3-24-cv-01282/doc/221-1.pdf

Initials: _____

## MY PREVIOUS MOTION TO EXTEND TIME FOR SERVICE

55.     On August 19, 2024, I filed a motion in MIWD titled, "MOTION TO EXTEND SERVICE DEADLINE EXPEDITED CONSIDERATION REQUESTED[45]" in DOC 61 and 61-1, PID 4740-4743.

56.     This motion was quickly drafted due to a mechanical failure with my laser printer, forcing me to wait on parts to be delivered to finish service.

57.     After addressing this mechanical failure (which only took a few days), there have been several other delays in service, caused by instances of misconduct by the defendants[46], their counsel, and MIWD, immediately prior to and after the transfer of this lawsuit from the Western District of Michigan to the Middle District of Tennessee, further exacerbated by the outstanding defendants dodging service and obfuscating/interfering with the successful confirmation of service as required by the court's rules[47], which I have mentioned in multiple filings.

58.     It should be noted that I did not file additional papers with the court, related to my previous motion, to substantiate further extending the time to serve, while itemizing each additional challenge I faced with service, after my printer was repaired.

59.     The reason I did not elaborate on the other delays in service after the printing problem was fixed, despite the fact that I believe they qualify for consideration under the *good cause* provision in F.R.Civ.P. Rule 4(m), for extensions of time as necessary to finish perfecting service, is because the court never ruled on my motion to extend time for service[48] filed on August 19, 2024.

---

[45]   DOC 61 and 61-1, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf | 3-24-cv-01282/doc/61-1.pdf

[46]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
       DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf

[47]   See "Exhibit-A" filed on October 4, 2024, in DOC 96-1, PID 5265-5285 | https://rico.jefffenton.com/3-24-cv-01282/doc/96-1.pdf

[48]   DOC 61 and 61-1, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf | 3-24-cv-01282/doc/61-1.pdf

60.     As such, based on my previous experience requesting an extension of time to serve[49] on January 19, 2024, in DOC 16, PID 2258-2266, which was not ruled on until July 8, 2024, in DOC 55, PID 4378-4384, where the court order took effect beginning as of the date the court finally ruled on it.

61.     It is therefore believed that the court counts days for an extension, beginning as of the date of the court order. So, until the court rules on my motion for "an additional thirty (30) days" to serve, it is believed that the additional need (caused by dodging, interference, or misconduct) would continue to be satisfied by the additional time required, while waiting for the court to respond to this motion and rule on it.

62.     I just want to clarify that the entire justification for the extension needed to complete the final aspects of perfecting service, wasn't due to my laser printing breaking down, though it certainly began that way and remains a pending motion before this court.

63.     It was likewise believed that with all the difficulty I have had trying to move the court for assistance, accommodations, and clarification related to the service of my lawsuit, and the subsequent wait times which followed, that I didn't have time for long-winded pleadings, I needed to concentrate all my time, money, and energy on completing service, as quickly as I physically could.

64.     That remained my primary focus until the misconduct and interference related to defendant Walker and the United States Attorney's Offices[50], both in Michigan and Tennessee highjacked my attention, demanding hundreds of hours of work for me to meaningfully remedy.

---

[49]   DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf

[50]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
      DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf
      DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"
      DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

## SUPPORTING CASE LAW

Society's commitment to institutional justice **requires that judges be solicitous of the rights of persons** who come before the court. *\*Geiler v. Commission on Judicial Qualifications*, (1973) 10 Cal.3d 270, 286 (emphasis added).

"***Pro se* pleadings are to be considered without regard to technicality**; *pro se* litigants' pleadings are not to be held to the same high standards of perfection as lawyers." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233 (emphasis added).

"Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... **the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law.**" *Roadway Express v. Pipe*, 447 U.S. 752 at 757 (1982) (emphasis added).

The Supreme Court has ruled and has reaffirmed the principle that "**justice must satisfy the appearance of justice**", *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954) (emphasis added).

This cannot be ignored its fact recorded! Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, **or acted in a manner inconsistent with due process**, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. *Const. Amend. 5 -Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985) (emphasis added).

**The Court Has a Responsibility to Correct a Void Judgment:** The statute of limitations **does not apply** to a suit in equity to vacate a void judgment. (*Cadenasso v. Bank of Italy*, p. 569; Estate of Pusey, 180 Cal. 368,374 [181 P. 648].) This rule holds as to all void judgments. In the other two cases cited, *People v. Massengale* and *In re Sandel*, the courts confirmed the judicial power and responsibility to correct void judgments (emphasis added).

When rule providing for relief from void judgments is applicable, **relief is not discretionary matter, but is mandatory.** *Omer. V. Shalala,* 30 F.3d 1307 (Colo. 1994) (emphasis added).

"The innocent individual who is harmed by an **abuse of governmental authority** is assured that he will be compensated for his injury." *Owen v. City of Independence,* 445 U.S. 622 (1980) (emphasis added).

## CONCLUSION

65.   I move the court to enter an order extending the deadline for the completion of service, until my motions[51] involving service have been fairly heard and meaningfully addressed by this court, and I have had an opportunity to take appropriate actions based upon those orders.

66.   I move the court to enter an order granting my "MOTION FOR ALTERNATIVE SERVICE", filed in TNMD on November 25, 2024, in DOC 177, PID 234-250, for the reasons stated therein.

67.   I move the court to examine the service of every defendant in this lawsuit and to enter an order stating that service has been successfully perfected to every defendant named in this lawsuit, within the time limits allowed—or was successfully completed based on reasonable efforts, under the circumstances.

68.   I move the court to examine the summonses returned executed on the docket, and determine if they are acceptable as filed, especially those most recently returned, after the case was transferred from MIWD to TNMD courts, or if there is reason to issue new summonses, executed by TNMD with the current case number, to any or all of the defendants.

---

[51]   DOC 61, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/61.htm
DOC 89, PID 5126-5146 | https://rico.jefffenton.com/3-24-cv-01282/89.htm
DOC 90, PID 5147-5189 | https://rico.jefffenton.com/3-24-cv-01282/90.htm
DOC 177, PID 234-250 | https://rico.jefffenton.com/3-24-cv-01282/177.htm
DOC 221, PID 1129-1163 | https://rico.jefffenton.com/3-24-cv-01282/221.htm

69. If the court determines that any or all of the summonses are defective in any way, or should be replaced, I move the court to issue new summonses using the printed summons forms which I am submitting simultaneously with this motion, for use as needed.

70. If the court wants me to resubmit the summons forms with the defendant's home or business addresses on the summonses (instead of addressing them "care of" their counsel of record), I move the court to provide me notice so that I can quickly comply.

71. I move the court to provide me notice of any defendant(s) which the court requires a more detailed explanation of the efforts to serve.

72. I move the court to provide me notice of any defendant(s) which the court finds service to have been insufficient, defective, or lacking along with an extension of time to cure such defects with the court's assistance prior to moving forward with this lawsuit.

73. In any instance where the court finds that service was insufficient, lacking, or improperly executed, I move the court to enter an order to have the court re-serve those defendants per Fed. R. Civ. P. 4(c)(3), using the U.S. Marshals Service, and to compel them to make an appearance in this matter, so that the court can begin to address the weighty merits in this lawsuit.

74. Upon the satisfactory completion of all service-related matters herein, I move the court to enter an order that all service-related claims, complaints, and defenses by the defendants and their counsel are moot moving forward.

75. I move the court to compel the following defendants, who have been served, to make an appearance in this matter: Attorney Kathryn Lynn Yarbrough, Attorney Alexander Sergey Koval, Bankers Title & Escrow Corporation, Spragins, Barnett & Cobb, PLC.

76.     I move the court to provide me notice and an opportunity to cure any defect in service before proceeding to address more substantive matters in this lawsuit.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on March 5, 2025.

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

*I'm a human being, not a corporation or property. Please treat my case accordingly.*

https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. SECOND MOTION TO EXTEND TIME AND ASSIST WITH PERFECTING SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on or before March 10, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

FENTON v. STORY et al.          Page 1 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 223    Filed 03/07/25    Page 23 of 27 PageID #: 1207

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN  37027-4248

FENTON v. STORY et al.          Page 2 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 223     Filed 03/07/25     Page 24 of 27 PageID #: 1238

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.                  Page 3 of 4                  CASE NO. 3:24-cv-01282

Case 3:24-cv-01282      Document 223      Filed 03/07/25      Page 25 of 27 PageID #: 3239

## ELECTRONIC SERVICE OPTIONS

Many of my filings in this lawsuit are also made publicly available on the Internet, through my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2]. I typically try to do this as quickly as I can after filing them in court, depending upon my workload. Not every filing warrants being electronically published in this manner, while my time is extremely limited, therefore I cannot provide any guarantees about which documents will or will not be made available online, or exactly when.

For those interested, these files are usually "true" digitally created PDF files, in full color, often with optical character recognition enabled, sometimes with electronic bookmarks, and occasionally with a built-in table of contents which is hyperlinked for easy and efficient referencing, in my largest and most significant documents, such as my amended complaint[3].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on March 5, 2025.

**JEFFREY RYAN FENTON, PRO SE**

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
      ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[3]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf



CERTIFIED MAIL

7020 3160 0002 3001 4018

Retail

U.S. POSTAGE PAID
PM
LINDEN, MI 48451
MAR 05, 2025

$15.25

S2324P501513-03

RDC 039



# PRIORITY MAIL

## UNITED STATES POSTAL SERVICE

Flat Rate Envelope

Visit us at usps.com

Schedule package pickup right from your home or office at usps.com/pickup
Print postage online

PLEASE PRESS FIRMLY

INTERNATIONAL RESTRICTIONS APPLY:

Customs forms are required. Consult the
International Mail Manual (IMM) at pe.usps.gov
or ask a retail associate for details.

From:/Expéditeur:

**17195 SILVER PKWY**
**PMB #150**
**FENTON, MI   48430-3426**

To:/Destinataire:

**UNITED STATES DISTRICT COURT**
**ATTN: CLERK OF THE COURT**
**719 CHURCH ST**
**NASHVILLE, TN    37203-6940**

  

Please
Recycle

P S 0 0 0 0 1 0 0 0 6 0

This Packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP14L © U.S. Postal Service; January 2011; All rights reserved.