UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JEFFREY RYAN FENTON, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 3:24-CV-01282 |
| vs. | ) JUDGE PATRICIA A. GAUGHAN |
| | ) |
| VIRGINIA LEE STORY, ET AL., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**DEFENDANT HOSTETTLER, NEUHOFF & DAVIS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL**

Pursuant to Local Rule 7.01, Defendant Hostettler, Neuhoff & Davis, LLC ("HND") files this Response in Opposition to Plaintiff Jeffrey Ryan Fenton's Rule 59 Motion to Alter Judgment or for New Trial.

**I.   Introduction**

On March 26, 2025, this Court entered judgment in favor of Defendants and dismissed Plaintiff's action pursuant to Fed. R. Civ. P. 12.[1] Following the Court's Judgment, Plaintiff filed an "OBJECTION TO MEMORANDUM OF OPINION AND ORDER, AND JUDGMENT ENTRY, WITH DECLARATION AND RULE 59 MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL" ("Motion").[2] Without citation or analysis of any relevant and controlling legal authority, Plaintiff expresses general dissatisfaction and disagreement with the Court's Judgment.

Plaintiff's Motion should be denied for multiple reasons. First, Plaintiff's Motion does not comply with the length requirements set forth in Local Rule 7.01(a)(2), and Plaintiff did not request

---

[1] D.E. 236, 237.
[2] D.E. 238.

1

leave of the Court before violating the rule.³ Second, despite the excessive length of his Motion, Plaintiff fails to present a single, legally cognizable basis to grant the requested relief. It is clear that Plaintiff merely seeks to relitigate the Court's Judgment against him, but his dissatisfaction with the outcome of this action does not implicate Fed. R. Civ. P. 59.

**II.     Law and Argument**

   **A.     Plaintiff's Motion Should Be Denied Because It Violates The Local Rules Of Procedure.**

The local rules are not merely a suggestion that a litigant, including one proceeding *pro se*, may ignore. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that federal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). "To the contrary, it is incumbent upon litigants, even those proceeding *pro se*, to follow the … rules of procedure, and this includes local and state court rules." *Matthews v. Copeland*, 286 F. Supp. 3d 912, 915 (M.D. Tenn. 2017) (internal quotation marks omitted). When a litigant ignores the local rules, he does so at his own peril. *See id.* at 916 (finding the magistrate judge did not err in recommending dismissal when a *pro se* litigant failed to comply with the local rules).

Here, Plaintiff completely disregarded the rules and procedures set forth by this Court when filing his Motion. In no uncertain terms, Local Rule 7.01 provides that, as to the length of all motions and supporting memorandums, "No memorandum shall exceed twenty-five (25) pages without leave of Court." *See* L.R. 7.01(a)(2). Plaintiff's Motion alone significantly exceeds this

---

³ Because Plaintiff did not file a separate memorandum of law in support of his Motion, HND presumes that his Motion incorporates the memorandum. To the extent his Motion does not incorporate the memorandum, Plaintiff has violated Local Rule 7.01, which clearly states: "[E]very motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities[.]" *See* L.R. 7.01(a)(2).

2

limit, totaling 64 pages.[4] Plaintiff filed this Motion in excess of the 25-page limit without first requesting leave from the Court.[5] Without obtaining such leave, Plaintiff's Motion is subject to denial. *See Brown v. Woodbury Auto Grp.*, 2022 U.S. Dist. LEXIS 101447, *3 (M.D. Tenn. June 7, 2022).

Proceeding as a *pro se* litigant does not excuse Plaintiff's conduct. *See Matthews*, 286 F. Supp. 3d at 915-916. His failure to comply with Local Rule 7.01 is a sufficient basis to deny Plaintiff's Motion. *See Lancer Ins. Co. v. Shenji Liu*, 2024 U.S. Dist. LEXIS 226359, *40 (M.D. Tenn. Nov. 14, 2024). Throughout these proceedings, Plaintiff has filed excessive motions, briefs, and exhibits without regard to word and page limits. When these limits are not enforced against *pro se* litigants, like Plaintiff, the Court and opposing parties are "left to decipher lengthy filings that are, at worst, unintelligible." *see Greene v. Frost Brown Todd, LLC*, 856 F.3d 438, 439 (6th Cir. 2017). As such, Plaintiff's Motion should be denied for exceeding the page limits set forth in Local Rule 7.01.

> **B.     Plaintiff's Motion Should Be Denied Because He Fails To Present The Requisite Factors To Obtain Relief Under Fed. R. Civ. P. 59.**

Notwithstanding his blatant disregard for the local rules, Plaintiff's Motion is devoid of any factual or legal basis to grant his requested relief. Plaintiff appears to move this court to alter its Order and Judgment that dismissed Plaintiff's action or for a new trial.[6] However, in the 64 pages of Motion filed by Plaintiff, he never addressed the standards or factors considered for ruling on motions under Fed. R. Civ. P. 59.[7] This failure is detrimental to Plaintiff's Motion.

---

[4] *See generally* D.E. 238.
[5] *See generally* D.E. 236-38.
[6] *See* D.E. 238 at 58-59.
[7] *See generally id.* at 1-64.

3

### i. Plaintiff Seeks To Relitigate The Court's Order And Judgment Dismissing This Action.

To succeed on his motion to alter the Court's Judgment, Plaintiff must show there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Courts rarely grant motions under Fed. R. Civ. P. 59(e) because such motions are "extraordinary" and "contradict notions of finality and repose." *Downs v. McDonough*, 2025 U.S. Dist. LEXIS 7826, *2 (M.D. Tenn. Jan. 15, 2025). "Moving parties are exhorted to state with clarity the basis for their Rule 59(e) motions." *Intera Corp.*, 428 F.3d at 621.

Addressing the second and third factors for ruling on motions to alter or amend, Plaintiff presents neither newly discovered evidence nor an intervening change in controlling law. To the contrary, Plaintiff's Motion is based substantially on the same facts and legal authority he presented in his prior filings.[8] Thus, those factors do not apply to this matter and weigh against altering the Court's Judgment under Fed. R. Civ. P. 59. *See e.g.*, *Johnson v. Bobby*, 2022 U.S. Dist. LEXIS 93571, *26 (S.D. Ohio Mar. 24, 2022) (denying Fed. R. Civ. P. 59(e) motion when the party simply "regurgitate[d] his previous arguments").

At no point does Plaintiff claim "clear error" or "manifest injustice," nor does he provide any citation to authority to support such claims.[9] Plaintiff generally takes issue with the Court's characterization of his pleadings and briefs, making conclusory arguments that he has been mistreated and has valid claims.[10] As this Court recently stated when denying a *pro se* litigant's motion to alter and amend the grant of summary judgment:

---

[8] *Compare* D.E. 238; *with* D.E. 1, 66, 211, and 222.
[9] *See generally* D.E. 238.
[10] *See id*.

4

> Although the Court does not require, from a pro se litigant like Plaintiff, all the metaphorical bells and whistles and formalities expected from attorneys, Plaintiff still must meet the substantive requirements for the extraordinary remedy he seeks, and also convince the Court to exercise its discretion to grant that remedy.

*Downs*, 2025 U.S. Dist. LEXIS 7826 at *2-3. The Court's Judgment cannot be altered based on clear error without a "definite and firm conviction that a mistake has been committed" or based on manifest injustice without "a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Id.* at *3-5.

Plaintiff fails to show any mistake or flaw committed by this Court when it entered a judgment in Defendants' favor. The Court properly dismissed Plaintiff's action, in part, because his claims were insufficient as a matter of law even under the liberal construction permitted for *pro se* plaintiffs, and his claims were time-barred.[11] Plaintiff's Motion does not demonstrate how his claims are sufficiently or timely-pled.[12] Rather, he argues that the Court misconstrued his pleadings and the procedural requirements should not apply to him as a *pro se* litigant.[13] This contention ignores that the Court is not required to "conjure allegations" on Plaintiff's behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Further, Plaintiff's disagreement with the Court's construction of his pleadings does not support a motion under Fed. R. Civ. P. 59(e). *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

To the extent Plaintiff's Motion suggests the Court erred by dismissing this action without giving him an evidentiary hearing, such an argument is incorrect as a matter of law. Plaintiff is not entitled to a jury trial or evidentiary hearing if his pleadings fail to state a triable claim. *See Bartlett v. Pfizer, Inc.*, 2020 U.S. App. LEXIS 38272, at *4 (6th Cir. Dec. 8, 2020). Pretrial dispositions,

---

[11] *See* D.E. 236.
[12] *See generally* D.E. 238.
[13] *Id.*

5

such as dismissals under Fed. R. Civ. P. 12, are "specifically designed to weed out claims that lack merit as a matter of law." *Id*. (quoting *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Neither a jury nor this Court can address the merits of Plaintiff's Complaint, if he presents no legally cognizable claims. *See id*. at *5 (citing *Robberts v. Northville Township*, 22 F. App'x 527, 528 (6th Cir. 2001)).

There is no justification for altering or amending the Court's judgment, as no clear error of law, newly discovered evidence, intervening change in the controlling law, or need to prevent manifest injustice is at issue here. *See e.g., Downs*, 2025 U.S. Dist. LEXIS 7826 at *3-*7. Plaintiff merely reasserts arguments that he advanced unsuccessfully in his prior filings and disagrees with the Court's findings in its Memorandum and Order. As such, Plaintiff's Motion should be denied because he fails to "meaningfully argue that any ground existed upon which a court could grant such a motion" and seeks to relitigate the Court's Judgment. *See e.g.*, *Wei Qiu v. Bd. of Educ. of Nelson Cty.*, 2024 U.S. App. LEXIS 25727, *5 (6th Cir. Oct. 11, 2024).

### ii. Plaintiff Is Not Entitled To A New Trial.

To the extent Plaintiff moves this Court for a new trial pursuant to Fed. R. Civ. P. 59(a), such request is improper and should be denied because no trial occurred in this case. A motion for new trial may be granted: "(A) after a jury trial … or (B) after a nonjury trial[.]" Fed. R. Civ. P. 59(a). When the case is dismissed at the pleading stage and does not proceed to the point of considering the merits of the plaintiff's allegations, a motion for new trial is improper. *See e.g., Siegler v. Ohio State Univ.*, 2012 U.S. Dist. LEXIS 59006, *3 (S.D. Ohio Apr. 27, 2012).

This action never proceeded beyond the pleading stage, yet Plaintiff moves the Court for a new trial "because no court has yet to hear any portion of this lawsuit."[14] Plaintiff's Motion ignores

---

[14] *See id*. at 59.

6

the fact that the Court dismissed this action based on the procedural deficiencies in his pleadings.[15] The Court did not conduct a trial nor weigh any evidence because his pleadings were "unwieldy and rambling and virtually impossible to parse for cogent specific factual allegations of wrongdoing and claims against each of the 34 Defendants."[16] Plaintiff cannot be granted a "new trial" when no trial ever occurred. *See* Fed. R. Civ. P. 59(a); *see also Siegler*, 2012 U.S. Dist. LEXIS 59006 at *3.

### III. Conclusion

Based on the foregoing, Plaintiff's Rule 59 Motion to Alter Judgment or for a New Trial must be denied.

Respectfully submitted,

/s/ Benjamin E. Goldammer
Benjamin E. Goldammer (#26328)
Danica G. Suedekum (#36031)
KAY GRIFFIN, PLLC
222 Second Ave. North, Suite 340-M
Nashville, TN 37201
(615) 742-4800 (phone)
(615) 742-4801 (fax)
bg@kaygriffin.com
dgrosko@kaygriffin.com
*Attorneys for HND*

---

[15] *See* D.E. 236 at 12 ("Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and the Court's authority established in *Apple v. Glenn*.").
[16] *Id.* at 2.

7

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document was filed electronically via the Court's ECF system. Notice of this filing will be sent to all parties listed below by US Mail, and the Court's electronic filing system for those registered, on this the 7th day of May, 2025.

Jeffrey Ryan Fenton
17195 Silver Parkway #150
Fenton, MI 48430

Thomas E. Anderson
1187 Old Hickory Blvd. Ste. 125
Brentwood, TN 37027

                                                /s/ Benjamin E. Goldammer

8

Case 3:24-cv-01282   Document 240   Filed 05/07/25   Page 8 of 8 PageID #: 1810